1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
Cara David (admitted *pro hac vice*)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com
cdavid@pomlaw.com

*Lead Counsel for Plaintiffs*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE YAYYO, INC. SECURITIES LITIGATION** | Case No. 2:20-cv-02319-VAP-PJW <br><br> **PLAINTIFFS' *EX PARTE* APPLICATION FOR A PRESERVATION ORDER AS TO YAYYO AND THE INDIVIDUAL DEFENDANTS** <br><br> Filed Concurrently Herewith: <br> (1) Declaration of Cara David in support of this *Ex Parte* Application; <br> (2) [Proposed] Order |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Lead Plaintiff Bernard Bednarz and Plaintiff William Koch ("Plaintiffs"), by and through their counsel, hereby apply to the Court *ex parte* for a Preservation Order.

The name, address, and telephone number of counsel for all parties are as follows:


**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

Jeremy A. Lieberman (*pro hac vice* forthcoming)
Cara David (admitted *pro hac vice*)
600 Third Ave., 20th Fl.
New York, NY 10016
Telephone: (212) 661-1100
Email: jalieberman@pomlaw.com
Email: cdavid@pomlaw.com

*Lead Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

**RICHARDS CARRINGTON**

1

George B. Newhouse , Jr
545 S Figueroa St. 7th Floor
Los Angeles, CA 90071
Phone: 303-962-2690
Fax: 303-962-2691
Email: george@richardscarrington.com

*Attorneys for Defendants YayYo, Inc., Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, Harbant S. Sidhu, Paul Richter, Christopher Miglino, Jonathan Rosen*

**ARNOLD & PORTER KAYE SCHOLER LLP**
Aaron F. Miner (admitted *pro hac vice*)
Zheng (Jane) He (admitted *pro hac vice*)
250 West 55th Street
New York, NY 10019
Phone: +1 212.836.8000
Fax: +1 212.836.8689
Email: aaron.miner@arnoldporter.com
       jane.he@arnoldporter.com

Oscar Ramallo
777 South Figueroa Street
Los Angeles, CA 90017-5844
Phone: +1 213.243.4000
Fax: +1 213.243.4199
Email: oscar.ramallo@arnoldporter.com

*Attorneys for Defendant Aegis Capital Corp.*

**WESTPARK CAPITAL**
Julie E. Kamps
General Counsel
WestPark Capital Financial Services, LLC
1900 Avenue of the Stars, Suite 310
Los Angeles, California 90067
Tel. 310-203-2942

*Attorneys for Defendant WestPark Capital, Inc.*

2

1       Counsel for Defendants received notice of this *ex parte* application on May

2

3  14, 2021.   *See* Declaration of Cara David ("David Dec."), filed concurrently

4  herein, ¶ 16.

5

6  DATED: May 16, 2021           Respectfully submitted,

7

8                         **POMERANTZ LLP**

9                         */s/ Cara David*

10                        Cara David (admitted *pro hac vice*)

11                        600 Third Avenue, Floor 20
                       New York, NY 10016

12                        Phone: 212-661-1100
                       Email: cdavid@pomlaw.com

13

14                        **POMERANTZ LLP**

15                        Jennifer Pafiti
                       1100 Glendon Avenue

16                        15th Floor
                       Los Angeles, CA 90024

17                        Phone: 310-405-7190

18                        Email: jpafiti@pomlaw.com

19                        *Attorneys for Plaintiffs*

20

21                        **BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

22                        Peretz Bronstein

23                        60 East 42nd Street, Suite 4600
                       New York, NY 10165

24                        Phone: 212-697-6484

25                        Email: peretz@bgandg.com

26                        *Additional Counsel for Plaintiffs*

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

As detailed in the accompanying David Dec., Lead Plaintiff Bernard Bednarz and Plaintiff William Koch (collectively "Plaintiffs") seek a Preservation Order so that Plaintiffs can ensure documents belonging to Defendants YayYo and the Individual Defendants (the "Newhouse Defendants") are being retained.

### II.    *EX PARTE* RELIEF IS APPROPRIATE AND NECESSARY

*Ex parte* relief is appropriate where the moving party seeks relief that cannot be addressed by a regularly-noticed motion, and will face prejudice if its application is denied, provided that the party is without fault in creating the problem at issue. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Here there is an immediate risk of continued spoliation.

Plaintiffs will suffer prejudice if the instant application is not granted.  Plaintiffs are currently worried that the Newhouse Defendants do not have appropriate information retention policies in place.  Plaintiffs can later in the litigation, if spoliation is discovered, seek sanctions and an adverse inference, but that will not recover documents that are deleted.  *See, e.g., Mahboob v. Educ. Credit Mgmt. Corp.*, No. 15-CV-0628-TWR-AGS, 2021 WL 818971, at *3 (S.D. Cal. Mar. 2, 2021); *Holloway v. County of Orange*, No. SA CV 19-01514-DOC (DFMx), 2021 US Dist Lexis 31681 (C.D. Cal. Jan. 20, 2021).  Plaintiffs want to ensure, as best

they can at this juncture, that they have the documents necessary to prosecute their case.

### III.  ISSUANCE OF SUCH A PRESERVATION ORDER IS WITHIN THE COURT'S POWER

"[T]here is a legitimate concern for the continuing existence and maintenance of the integrity of the evidence in question absent an order preserving the evidence."  *Tracfone Wireless, Inc. v. King Trading, Inc.*, No. 3-08-CV-0398-B, 2008 WL 918243, at *1 (N.D. Tex. Mar. 13, 2008) (granting an emergency motion to preserve evidence).

While counsel for the Newhouse Defendants, Mr. George Newhouse, claim that discussion of retention of documents is "premature," that is far from the case. (David Dec. at ¶ 14.)  Parties have a duty to preserve documents when they reasonably anticipate litigation.  *See In re Napster, Inc. Copyright Litig.*, 462 F.Supp.2d 1060 (N.D. Cal. 2006); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003).  The first federal securities action related to this docket was filed on September 9, 2020.  A somewhat similar state action was filed even before this one, on July 22, 2020.  Therefore, Defendants have had long-standing retention obligations.  (This is not to mention the fact that other, earlier, active litigations are referenced in the Complaint, and litigation holds should have been in place for the documents relevant to those actions.)

5

Courts have it in their discretion to order preservation of documents when there is a risk of spoliation.  *See King Trading, Inc.*, 2008 WL 918243, at *1; *Zaccone v. Ford Motor Co.,* No. 2:15-CV-287-FTM-38CM, 2016 WL 2744837, at *2 (M.D. Fla. May 11, 2016) (granting a motion to preserve evidence); *Al Otro Lado, Inc. v. Nielsen*, 328 F.R.D. 408, 426 (S.D. Cal. 2018) (granting a protective order so that documents would be retained); *Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645 (D. Minn. 2002) (granting plaintiff's motion for entry of a preservation order, even though no discovery had yet been propounded); *Propath Servs., L.L.P. v. Ameripath, Inc.*, 2004 WL 2389214 (N.D. Tex. Oct. 21, 2004) (entering a preliminary injunction prohibiting the defendants from, among other things, deleting, destroying, or altering any document); *Kadant v. Seeley Mach., Inc.*, 244 F. Supp. 2d 19 (N.D.N.Y. 2003) (the plaintiff's motion for preliminary injunction was granted and defendants were enjoined from damaging documents relevant to plaintiffs' case).  In fact, the Manual for Complex Litigation states: "Before discovery starts . . . the court should consider whether to enter an order requiring the parties to preserve and retain documents, files, data and records that may be relevant to the litigation."  Manual for Complex Litig. § 11.442 (4th ed. 2004).

Many courts have adopted a 3-prong test to decide whether a preservation order is necessary.  This requires courts analyze:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm

6

likely to result to the party seeking the preservation of evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

*See, e.g., Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429 , 431 , 433-34 (W.D. Pa. 2004) (laying out the test but ultimately denying the preservation order because no factor weighed in favor of granting it).  Here, each factors weighs in favor of the Court granting a preservation order.  Plaintiffs are extremely concerned about the maintenance of documents absent court order.  Mr. Newhouse has repeatedly refused to confirm that his clients are maintaining relevant documents.  (David Dec. at ¶¶ 8-9, 14-16.)  It is Mr. Newhouse who implied automatic deletion policies, if any exist, would still be in place, despite the litigation.  (David Dec. at ¶ 10.)  Plaintiffs will suffer irreparable harm if documents are not maintained – securities actions tend to be document-heavy cases.  For example, for Plaintiffs' 10(b) case, Plaintiffs need to establish intent.  This often is supported by stored information—information that could currently be being erased, either manually or by automatic process.  In terms of the third factor, the Newhouse Defendants have not claimed there are any physical, spatial and financial burdens that would be created by ordering evidence preservation.  Indeed, Mr. Newhouse claimed to know nothing about the policies in place.  (David Dec. at ¶¶ 8, 12.)  Plaintiffs are not asking for excessive

7

maintenance of millions of video files.  Plaintiffs are asking for basic retention—

this is what the Newhouse Defendants are already obligated to do under relevant

law, but, because Mr. Newhouse refuses to confirm compliance with relevant law,

Plaintiffs are being forced to see court intervention.

Plaintiffs have narrowly tailored this request to apply to only the Newhouse

Defendants, as they have no reason to believe the other Defendants do not have

litigation holds in place.  In fact, counsel for WestPark said she had already

gathered and would produce relevant documents.  (David Dec. at ¶ 7.)

## IV.    NOTICE OF THIS APPLICATION WAS PROVIDED

As set forth in the attached David Dec., prior to filing the instant application

with the Court, Plaintiffs' counsel contacted Defendants' counsel about the

requested relief.  (David Dec. ¶ 16.)  Plaintiffs received no response from the

Newhouse Defendants.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue a

preservation order.

DATED: May 16, 2021          **POMERANTZ LLP**
                              By: */s/ Cara David*
                              Cara David
                              (admitted *pro hac vice*)
                              600 Third Ave., 20th Fl.
                              New York, NY 10016
                              (212) 661-1100
                              cdavid@pomlaw.com

8

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Lead Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

*EX PARTE* APPLICATION FOR A PRESERVATION ORDER          Case No. 2:20-cv-02319-VAP-PJW