**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for Plaintiffs*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## CENTRAL OF CALIFORNIA

| | |
|---|---|
| IN RE YAYYO, INC. SECURITIES LITIGATION | Case No. 2:20-cv-08235-SVW-AFM |
| | **DECLARATION OF CARA DAVID IN SUPPORT OF A PRESERVATION ORDER** |

DECLARATION OF CARA DAVID IN SUPPORT OF A PRESERVATION ORDER
Case No. 2:20-cv-08235-SVW-AFM

I, Cara David, hereby declare as follows:

1.     I am Of Counsel at the law firm of Pomerantz LLP ("Pomerantz"), counsel for Lead Plaintiff Bernard Bednarz and Plaintiff William Koch (collectively "Plaintiffs"), and have personal knowledge of the facts set forth herein.  I make this Declaration in support of the instant application for a preservation order applicable to YayYo and the Individual Defendants (collectively, the "Newhouse Defendants").[1]

2.     On April 8, 2021, upon application by the parties, the Court issued an order adjourning all deadlines pending early mediation (the "Order").  (ECF No. 68.)

3.     Under the Order, if the mediation proved unsuccessful, Plaintiffs were to "promptly schedule Rule 26(f) conferences with the remaining Defendants and proceed expeditiously with the litigation."  (*Id.*)  The wording of this Order was approved by all parties when it was submitted as a draft order.

4.     The mediation, which took place on Thursday, April 29, 2021, was unsuccessful.  The following day, I reached out to counsel for YayYo and the Individual Defendants, George Newhouse of Richards Carrington, and WestPark Capital, Inc., Julie E. Kamps, to schedule the Rule 26(f) conference.  (The other

---

[1] The Individual Defendants are Ramy El-Batrawi, Jonathan Rosen, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Harbant S. Sidhu and Paul Richter.

1

DECLARATION OF CARA DAVID IN SUPPORT OF A PRESERVATION ORDER
Case No. 2:20-cv-08235-SVW-AFM

Defendant in this litigation, Aegis Capital Corporation, currently has a motion to dismiss pending.)

5.    The Rule 26(f) conference took place on May 11, 2021.  I attended on behalf of Plaintiffs and was very concerned with what I heard, which is why I seek extraordinary relief from this Court.

6.    While the Order adjourned current deadlines, a trial is still on the Court's calendar for July 27, 2021.   Therefore, discovery must commence immediately.

7.    Mr. Newhouse arrived at the Rule 26(f) conference completely unprepared to discuss any discovery issues.  He stated his position that any merits discovery was premature pending a class certification decision,[2] however he had no proposal as to what would be part of a so-called class certification phase of discovery.   (Ms. Kamps stated that she would not engage in a dispute about discovery and would produce documents in a timely matter pending a discovery request. She indicated that she had already gathered relevant documents.)

8.    Mr. Newhouse had done no research on his clients' document systems or sources.  He said he had not "dug into it."  He did not even know which of the Individual Defendants had company email addresses beyond Mr. El-Batrawi.

---

[2] Plaintiffs strongly disagree with this position. Pursuant to Local Rule 37-2, we intend to submit a stipulation regarding this dispute.  We would like to get that in front of the Court with due speed, but did not believe it required the extraordinary relief that is warranted by the instant application.

2

DECLARATION OF CARA DAVID IN SUPPORT OF A PRESERVATION ORDER
Case No. 2:20-cv-08235-SVW-AFM

9.     Mr. Newhouse asked what information I expected any of the Individual Defendants to possess.  I noted that it was standard to request relevant documents from each Defendant.  I said he would know what his clients possessed better than I would, but I understood from others that at least Mr. El-Batrawi conducted business via text message.  I asked whether those phones were in the possession of YayYo or Mr. El-Batrawi.  This is when Mr. Newhouse's statements caused tremendous spoliation concerns.

10.     Mr. Newhouse stated, in the case of text messages, it was a default policy, "generally in business at least" for them to be automatically deleted in 30 days.  He stated that relevant text messages would likely be gone.  I then mentioned the litigation hold that I presumed was in place.  He quickly said we would talk about that at another time.  He would not confirm there was a hold in place.

11.     As this Court is aware, parties are required to retain documents once litigation is reasonably anticipated.  This is the first time in my experience that counsel has refused to say whether his clients were indeed retaining documents.

12.     Mr. Newhouse later confirmed it was "fair" to say that he did not know anything about his own clients' stored information.  He only knew Mr. El-Batrawi, at one point, had a Company email address.

13.     I incorrectly assumed Mr. Newhouse would, following our call, confer with his clients about document retention.  I gave him 48 hours at which point I emailed him asking him to confirm there were litigation holds in place.  (That

3

email, sent May 13, is the start of the chain that is attached to this declaration as Exhibit A. For the convenience of the Court, rather than attach each email as separate exhibits, Exhibit A contains all emails referred to in this declaration.)

14.    Mr. Newhouse responded later that day that we could "discuss [it] another day" and "[i]t is premature now."  I quickly responded stating my belief that the discussion was not "premature." I explained:  "Your obligation to preserve documents is long-standing. I'm not sure what there is to discuss. Have your clients been retaining documents or not? If you do not want to answer now, I will go to the court, but I do not believe that should be necessary. This is something you should be able to, and willing to, answer."

15.    I received no response from Mr. Newhouse.  I emailed later that day to clarify that I was not currently asking for the specifics of any litigation hold or anything that would be arguably considered privileged – I was simply concerned about spoliation.  I tried to explain why discussion of retention policies is of immediate concern.  I wrote: "I am currently concerned relevant documents could be being destroyed, either intentionally or unintentionally, as I write this. For example, if a device has a default deletion policy that lasts a year, today documents were destroyed from a year ago. This raises obvious, and immediate, concerns as we continue this litigation. I am asking you in good faith for a representation that there is a hold in place and documents are not currently being destroyed." I asked that such representation be made by 5pm EST on May 14.

DECLARATION OF CARA DAVID IN SUPPORT OF A PRESERVATION ORDER
Case No. 2:20-cv-08235-SVW-AFM

16.     Again, I received no response.  After 5pm EST on May 14, I emailed Mr. Newhouse, with all Defendants CCed, to inform him that I would be seeking this Ex Parte application for a preservation order.  In the email I stated that I was doing this as a last resort.  I had hoped he would respond assuring me that his clients were preserving documents, but, again, I received no response.

17.     I have concerns that no document preservation protocols are in place with regard to Mr. Newhouse's clients.  Mr. Newhouse himself raised spoliation when he noted text messages might be automatically deleted.  The fact that he could tell me absolutely nothing about sources of information (during a Rule 26(f) conference that he should have prepared for) and his later unwillingness to confirm that retention policies exist, further heightens my concerns.

18.     This is a situation that calls for extraordinary, and immediate, relief. While Plaintiffs can seek sanctions and adverse inferences at a later stage in the litigation, if spoliation is uncovered, that will not recover documents that are destroyed.  All Plaintiffs are requesting is a preservation order to ensure the Newhouse Defendants preserve documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

Executed on May 16, 2021, at New York, New York.

*/s/ Cara David*
Cara David

5
DECLARATION OF CARA DAVID IN SUPPORT OF A PRESERVATION ORDER
Case No. 2:20-cv-08235-SVW-AFM

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2021, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Cara David*
Cara David

6
DECLARATION OF CARA DAVID IN SUPPORT OF A PRESERVATION ORDER
Case No.  2:20-cv-08235-SVW-AFM