George B Newhouse, Jr. (SBN 107036)
**RICHARDS CARRINGTON**
545 S. Figueroa Street, 7th Floor
Los Angeles, CA 90071
Tele: (213) 348-9016
Fax:  (213) 348-9017
Email: george@richardscarrington.com

Attorneys for Defendants, Yayyo, Inc., Ramy El-Batrawi,
Kevin F. Pickard, Jeffrey J. Guzy, Douglas Mox, Christopher Miglino,
John P. O'Neill, Paul Richter, Stephen Sanchez, and Harbant S. Sidhu

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE YAYYO, INC. SECURITIES LITIGATION | **No. 2:20-cv-08235- SVW (AFMx)**<br><br>**YAYYO DEFENDANTS OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A PRESERVATION ORDER; DECLARATION OF GEORGE B. NEWHOUSE, JR.** |

Defendants Yayyo, Inc., Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, Douglas Mox, Christopher Miglino, John P. O'Neill, Paul Richter, Stephen Sanchez, and Harbant S. Sidhu (collectively, "Defendants"), by and through their counsel of record, hereby oppose Plaintiff's *ex parte* application for an order "preserving documents" should be denied, as no showing has been made that documents are likely to be destroyed or not preserved. Moreover, Plaintiffs have filed this *ex parte* application in violation of this Court's Local Rules and the Court's standing order as

///

///

///

///

regards ex parte application and discovery disputes.

Dated: May 17, 2021                    Respectfully submitted,

                                       By: /s/ George B. Newhouse, Jr
                                       George B. Newhouse, Jr.
                                       Attorneys for Defendants

## DECLARATION OF GEORGE B. NEWHOUSE, JR.

I, George B. Newhouse, Jr., hereby declare as follows:

1.    I am an attorney at law duly licensed to practice in the Central District of California and before the courts in the State of California.  I am counsel of record for Defendants YayYo, Inc., Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, Douglas Mox, Christopher Miglino, John P. O'Neill, Paul Richter, Stephen Sanchez, and Harbant S. Sidhu (collectively YayYo "Defendants").  I have personal knowledge of the following facts and could testify competently concerning these facts if called to do so.

2.    The Amended Complaint ("AC") which was filed in this action was on February 8, 2021, is a purported class action on behalf the purchasers of the common stock of YayYo, Inc. (now known as "Rideshare Rental, Inc." or "YayYo") for alleged false statements and/or material omissions "traceable to the registration statement and related prospectuses . . . issued in connection  with  YayYo's November  13,  2019  initial  public  offering  (the  'IPO'),  in violation of the Securities Act of 1933" and purchasers of YayYo stock during the period from November 13, 2029 until April 28, 2020 under "under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5. Amended Complaint, ¶1.

3.    To date no class has been certified, and we respectfully submit, there is good reason to  believe that a class will not be certified.

4.    To date, no requests for discovery have been propounded from any party.  It is unclear what the scope of discovery will actually be.

5.    Indeed, there are serious deficiencies in both the pleading, the AC, and in the proof of the claims set forth in the AC should the court certify a class, as the price of the YayYo stock has not only recovered from a brief but temporarily significant drop in price since the Company announced in March 2020 that it was voluntarily delisting its stock from public trading on NASDAQ.

3

6.     Aegis Capital Corp. has a motion pending to dismiss the complaint pursuant to Rule 12(b)(6) and the YayYo Defendants intend on filing a parallel motion for judgment on the pleadings pursuant to Rule 12(c) which would be noticed to be heard on June 14, 2021, concurrently with Aegis' motion to dismiss.

7.     On the merits of this application (or lack of merit), Counsel for Plaintiffs misstates and misconstrues a discussion we had on May 11th, during the Rule 26(f) conference.  Since the Rule 26(a) disclosures have not been made – we agreed to make such disclosures on or before May 25 -- and since no discovery has been propounded in this case, there was no particular topic about discovery that needed to be discussed during the conference.  I certainly did not tell Ms. Cara David that my clients were not "preserving" documents, and gave her no indication during the conference that my clients would not abide by their discovery obligations, if and when legitimate discovery requests were made.

8.      At no point during our brief telephone conference did Ms. David inform me that Plaintiff's intended to apply for an emergency preservation order or ask to schedule a Rule 7-3 meet and confer relative this this application as required by the Local Rules.  Nor was I ever asked about our "position" with respect to this ex parte application.

9.      I have been out of the office since May 12, 2021, visiting family members residing on the East Coast so I have not been able to respond to emails as quickly as I would like.  I would however have agreed to schedule hold a Rule 7-3 conference had counsel has asked for one so our opposition to this non-meritorious *ex parte* application could be communicated to counsel.  Nor has Plaintiff's counsel complied, or attempted to comply with L.R. 7-19.1(b) (moving party must "advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."

10.     As the court is well aware *ex parte* applications are not intended to be a substitute for a discovery motion but rather are limited to "extraordinary relief".

4

"Counsel are advised that this Court allows ex parte applications solely for extraordinary relief - sanctions may be imposed for misuse of ex parte applications. **See In Re: Intermagnetics America, Inc.**, 101 Bankr. 191 (C.D. Cal. 1989)."

11.    Since the instant application appears to be an incipient dispute about discovery – assuming that discovery is propounded – the application also violates paragraph 2 of the Court's local rules which provide that " Discovery motions are to be calendared before the magistrate judge.

12.    For the foregoing reasons, the instant ex parte application should be denied.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.   Executed on May 17, 2021.

/s/ *George B. Newhouse, Jr.*
George B. Newhouse, Jr.

5