George B. Newhouse, Esq. (State Bar No. 107036)
RICHARDS CARRINGTON LLC
545 S. Figueroa Street, 7th Fl.
Los Angeles, California 90071
george@richardscarrington.com
Telephone: (213) 348-9016
Facsimile: (213) 348-9017

Attorneys for Defendants, YayYo, Inc.,
Ramy El-Batrawi, Kevin F. Pickard,
Jeffrey J. Guzy, Christopher Miglino,
Jon Rosen, Paul Richter, and
Harbant S. Sidhu ("Individual Defendants")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE YAYYO, INC. SECURITIES LITIGATION<br><br>. | Case No. 2:20-cv-08235-SVW-AFM<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADING ON BEHALF OF DEFENDANTS YAYYO, INC., AND INDIVIDUAL DEFENDANTS PURSUANT TO FED.R.CIV.P. 12(C)**<br><br>DATE:        JUNE 14, 2021<br>TIME:        1:30 P.M.<br>LOCATION:   COURTROOM 10A<br>JUDGE:       HON. STEPHEN V. WILSON<br>TRIAL DATE: JULY 27, 2021 |

# REPLY MEMORANDUM

## I.   INTRODUCTION

In opposing Defendants'[1] motion for judgment on the pleading pursuant to Fed.R.Civ.P. 12(c) and Fed.R.Civ.P. 9(b), Plaintiffs Bernard Benarz and William Koch[2] would impose both procedural and technical hurdles to prevent this Court from granting the motion concurrently with a ruling on Aegis' motion to dismiss – a motion that has clear merit, as does Moving Defendants' motion for judgment on the pleadings. This reply will address several key weaknesses in Plaintiff's opposition – any arguments we do not expressly rebut, however,  should not be construed as a concession.  Moving Defendants hereby adopt and endorse the positions taken in Aegis recently filed Reply to Plaintiff's Opposition to 12(b)(6) motion.[3]

The issue over whether Plaintiffs' Amended Complaint ("AC") "sounds in fraud" for purposes of  Rule 9(b)'s (and the PSLRA) particularity requirements as opposed to Rule 8(a)'s more general "notice pleading" requirements (*see* Defendants' Opp. at pp. 4-7) is beside the point.  Plaintiff's fallback position is that they only needed to plead "negligence" under Section 11 in order to establish a basis for their securities claims.  Plaintiffs argue that they "are not required to establish that Defendants 'knew about and endorsed, at least by their inaction, the purported fraudulent scheme.'"  (Opp. at 5) They argue  "[g]enerally, a plaintiff pursuing a claim under Section 11 'need not prove ... that the defendant acted with any intent to deceive

---

[1] Defendants moving for Judgment on the Pleadings include Defendants YayYo, Inc. (now knows as EvMo, Inc.), Westpark Capital Corp., Ramy El-Batrawi and the other individual defendants named in the amended complaint: Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Jonathan Rosen, Paul Richter, shall be jointly identified herein as "Individual Defendants."  Plaintiffs correctly point out that Douglas Mox, John P. O'Neill and Stephen Sanchez are not named as defendants in the Amended Complaint, and have not moved to intervene.  These persons should be disregarded, and are not "moving parties" in this action or for purposes of this motion.
[2] Plaintiffs' Opposition to Select Defendants' Improper Rule 12(c) Motion on the Pleadings, ECF no. 81, is cited herein either as "Opposition" or "Opp." followed by a page citation.
[3] Defendant Aegis Capital Corp. Reply Memorandum In Further Support Of Its Motion To Dismiss The Amended Class Action Complaint (ECF No.. 84)

or defraud,'" and even a "claim under Section 11 that is 'grounded in fraud' [need only] be pled with particularity."  Opp. at 7; citing *In re LendingClub Sec. Litig.*, 254 F. Supp. 3d 1107, 1114 (N.D. Cal. 2017) (*citing Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 175 (2015).  There are at least three problems with Plaintiff's argument.

First, Plaintiff lose sight of the fact that they failed to plead, with particularity, facts that would support even a finding of *negligence*, no less establish that "omissions" were made when the Offering documents were presented to the public in the form of the Registration Statement and other related filings. Leaving aside the laughable contention that the SRAX debt was understated by $90,000 or that the Company's terminated former executive, Davis' right to stock options (which expired without his ever exercising them) were "omitted" from disclosure. These are immaterial disputes.  It is clear, as we noted in our Opening Brief, the gravamen of the *omission* appears to be the contention that Mr. El-Batrawi failed to reveal his "true" intent of failing to comply with NASDAQ's listing requirements.  This would be not just an omission but outright fraud – akin to a person entering into a contract without the intent of abiding by its terms.  Why would Mr. El-Batrawi do that?  The complaint does not say.  It was clearly not in Mr. El-Batrawi's interest as a stockholder to do anything that might cause NASDAQ to delist the stock.

Alternatively, the implicit premise of the Amended Complaint's section 11 claims is that it was "negligent" for the company to fail to predict the business struggles over management that developed months later in early 2020, which ultimately led to what the Plaintiff's call the "El-Batrawi lawsuit" in which Mr. Rosen alleged that Mr. El-Batrawi was interfering with management.  These are classic *after-the-fact* allegations, totally irrelevant  to any credible pleading that it was negligent to fail to predict and disclose such business vagaries in advance.  The securities laws do

not require clairvoyance – only honest disclosure of reasonably known or anticipated facts.  Hindsight might be everything, but it not required in doing an IPO.

Second, Plaintiffs in drafting their Amended Complaint invited the higher burden of pleading by including fraud claims in Complaint, and by making the essence of the violations "omissions" which imply, if not entail, fraud.  Plaintiffs included purported claims under the Exchange Act (§ 10(b)(5) -- claims in which they rely on "fraud-on-the-market doctrine"  and charge outright fraud and malice (*see* AC ¶200, ¶¶ 204-210), in which scienter is required but not furnished by the allegations in the Complaint, except perhaps in the most conclusory (and legally insufficient manner).

Third, and most importantly, Section 11 is not an invitation or excuse for clumsy and ill-founded pleading. Plaintiffs argue that they have satisfied the pleading requirements because the AC charges that the "'Registration Statement was ***negligently prepared*** and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading[.]" (Opp. at 5, AC ¶¶ 125, 130, 132, 141, 148.) Despite Plaintiff's argument, however, saying something is "negligent" should not be enough.  The pleading must allege ***facts*** that are negligent and explain *why*, for example, a failure to disclose any particular fact, amounted to negligent.

## II.   ARGUMENT

### A. The Motion for Judgment on the Pleadings Is Timely Under Rule 12(c)

Plaintiffs initially argue that this motion is premature claiming that a "vast majority" of courts – most of which are out-of-circuit authorities[4]  -- have so held. They argue, disingenuously, that "except in unusual circumstances not applicable here,

---

[4] See Opp. at  8:  *Johnson v. Dodson Pub. Sch.*, Dist. No. 2-A(C), 463 F. Supp. 2d 1151, 1156 (D. Mont. 2006, *Habeeba's Dance of the Arts, Ltd. v. Knoblauch*, No. 2:05-CV-926, 2006 WL 968642, at *2 (S.D. Ohio Apr. 10, 2006) (collecting cases); *Dunn-Mason v. JP Morgan Chase Bank Nat. Ass'n*, No. 11-CV-13419, 2013 WL 4084676, at *4 (E.D. Mich. Aug. 13, 2013); *Johnston v. Irontown House. Co.*, No. 13-CV-0523 W BLM, 2013 WL 3776946, at *2 (S.D. Cal. July 17, 2013)).

the pleadings are not closed until all defendants have answered" and thus a motion for 12(c ) cannot be filed.  (Opp. at 8)   Since Moving Defendants have filed answers – all apparently except for Jonathan Rosen, an oversight on our part -- the pleadings are closed as to them.  Our response to that argument, to which Plaintiffs have no answer is that whether the court elects to follow judicial economy and efficiency at this juncture and allow the motion or deny the motion on procedural grounds, rests within the sound discretion of the district court.  Plaintiffs express no reason *why* this Court should not adopt the rationale of the district court in *Noel v. Hart*, No. CV99-649-AS, 2005 WL 2007876, at *1 (D. Or. Aug. 16, 2005)(in a case where other defendants had not yet filed answers, it is well within the discretion of the district court to accept a 12 (c) motion in the interests of justice).  As the district court stated in *Noel*, by allowing the 12(c) motion to be heard despite the technical objection, "courts have exercised their discretion to permit a motion on the pleadings before all defendants have filed an answer where no prejudice to any party would result."  See also *Moran v. Peralta Community College Dist.*, 825 F.Supp. 891 (ND CA 1993) (considering Rule 12(c) motion even though all defendants had not yet answered because otherwise plaintiff could avoid Rule 12(c) motion simply by not serving one defendant); *Jung v. Ass'n of Am. Med. Coll.*, 339 F.Supp.2d 26, 35–36 (D.D.C.2004) (multiple defendants brought a motion under Rule 12(c) but not all had filed answers, court considered the motion under Rule 12(c) for defendants who had answered and under Rule 12(b)(6) for defendants who had not).

In sum, Plaintiffs articulate no prejudice to them should the Court elect to allow the motion at this time.

## B. Plaintiffs Amended Complaint Cannot Satisfy the Heightened Pleading Requirements in Rule 9(b) or the PSLRA.

Defendants maintain their argument that whether evaluating a claim of false statements or omissions in the offering documents pursuant to either Sections 11 or

- 4 -

12(a)(2) of the Securities Act, or the anti-fraud sections of the Exchange Act, the pleading must be specific and articulate "facts" that establish the wrongdoing without relying on conclusory allegations or contentions that are illogical and/or bereft of factual support.  This complaint, however, relies almost exclusively either on public documents (the SEC filings like the Registration Statement, which obviously no one disputes) or serial cut-and-paste jobs from other complaints.  This is like multiple hearsay – each time the allegations get  repeated— it become less direct and more conclusory, and less worthy of any weight.  As we argued in the motion, and as Aegis puts it well, this is the quintessence of "hind-sight pleading" which should not suffice in this or any other case.

Plaintiffs attack this position, nonetheless, arguing that  while "Moving Defendants would like to characterize the allegations made in the El-Batrawi Action as 'unsubstantiated' and 'unproven,' *it bears repeating to the Court that the El-Batrawi Action was brought by the Company itself*."  Opp. at 10 (Emphasis added).  This is a revealing position as the natural inference the Court might draw runs counter to Plaintiff's invitation to jump to a specious conclusion.

Allegations lifted from another lawsuit are by their nature conclusory and unreliable.  If one were to consider Rule 11's requirements about appropriate "due diligence" before bring the heavy weight of a lawsuit, this would be Exhibit "A."  What Plaintiffs overlook, moreover, is that this allegation, made by the <u>Company against its former founder, former Chairman of the board, and former CEO</u>  -- that Mr. El-Batrawi was acting, in effect, as a renegade corporate actor in January 2020 and refusing to keep out of the company's business -- squarely refutes the contentions they make in this lawsuit: namely that El-Batrawi had somehow, some way secretly involved himself in YayYo management and that should have been disclosed to the public when the IPO went forward.  (*See* AC ¶¶ 72 – 80).  If Mr. El-Batrawi had secretly kept all this power and control over the corporation, how and why would he

have allowed YayYo – a corporation the Amended Complaint posits he controls – sue him in January 2020, and cause such emotional and financial hardship?  The answer concisely rebuts the conclusory allegations in the complaint and support this motion.

The so-called "El-Batrawi action" is alleged by Plaintiffs here as consisting of conduct inconsistent with the inferences the Amended Complaint would like the court to draw, namely that Mr. El-Batrawi kept his control over YayYo a secret from the public at the time of the IPO.  The Amended Complaint thus alleges:

> Despite **leaving the Company following concerns from NASDAQ** regarding his involvement in the day-to-day operations of YayYo in September 2019, Defendant [El-Batrawi] has engaged in a continuous course of actions misrepresenting himself as affiliated with, speaking on behalf of, and authorized or empowered by YayYo. In so doing, Defendant [El-Batrawi] has purported to bind the Company to contracts, direct its employees, change its website, and even attempted to sell the Company to its competitors.

(AC ¶ 73; Emphasis in original deleted and new emphasis supplied.)

The bottom line is that alleging facts and events that occurred *after the fact*, here nearly three months after the Registration Statement and assorted public disclosures were made, in order to show that the statements made in the offering documents were false, fraudulent or misleading does not suffice under applicable pleading standards.   It falls far short.  This point was emphasized by the district court in *Miyahira v. Vitacost.com, Inc.*, 2012 WL 12895513, at *5 (S.D. Fla. June 28, 2012), *aff'd*, 715 F.3d 1257 (11th Cir. 2013): "Plaintiffs cannot meet their pleading burden by pointing to post-IPO events to support their claim that statements in the prospectus were materially misleading when made."

///

///

///

- 6 -

## III.   CONCLUSION

For the foregoing reasons, and as expressed in Aegis brief in support of its motion to dismiss pursuant to Rule 12(b)(6), in which the Moving Defendants adopt and join fully, we submit that the Court should grant their motion for judgment on the pleadings.

Dated: May 31, 2021

**RICHARDS CARRINGTON**
By: /s/ *George B. Newhouse, Jr.*
 *Attorneys for Defendant*
 *YayYo, Inc. and Individual Defendants*