## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08235-SVW-AFM | Date | July 2, 2021 |
| Title | *In re YayYo, Inc. Securities Litigation* | | |

**Present: The Honorable**   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| | |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER DENYING [78] MOTION FOR JUDGMENT ON THE PLEADINGS.

Before the Court is a motion for judgment on the pleadings filed by Defendants YayYo, Inc., Westpark Capital Corp., Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Jonathan Rosen, and Paul Richter (collectively "Defendants"). Dkt. 78. For the below reasons, the motion is DENIED.

First, the Court finds that the Rule 9 pleading standard applies to the Section 11 claims against YayYo and the Individual Defendants. Although Section 11 claims do not contain an element of fraud, Rule 9's heightened pleading applies when the Section 11 claims "sound in fraud." *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 885 (9th Cir. 2012). While Plaintiffs disclaim fraud in their Section 11 allegations, they allege a "unified course of fraudulent conduct" against Individual Defendants and YayYo. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). Where, as here, a complaint employs the same factual allegations to allege violations of section 11 as it uses to allege fraud under section 10(b) of the Exchange Act,[1] courts assume that it sounds in fraud. *In re Daou Sys., Inc.*, 411 F.3d 1006, 1028 (9th Cir. 2005). Accordingly, the Rule 9 pleading standard applies to the Section 11 claims against YayYo and the Individual Defendants.[2]

---

[1] Although the misrepresentations underlying the Section 10(b) claim were technically made in a different document, the misrepresentations themselves were the same as those in the Registration Statement.

[2] The Court finds that Rule 8 applies to the claims against Westpark, because no fraud claims are brought against Westpark. *In re CytRx Corp. Sec. Litig.*, No. CV141956GHKPJWX, 2015 WL 5031232, at *13 (C.D. Cal. July 13, 2015). Regardless,

| | |
|---|---|
| | : |
| Initials of Preparer | |
| | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-08235-SVW-AFM | Date | July 2, 2021 |
|---|---|---|---|
| Title | *In re YayYo, Inc. Securities Litigation* | | |

Second, the Court finds that the complaint states sufficient factual allegations to satisfy the Rule 9 pleading standard. Under Rule 9, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9. In other words, the complaint must identify the statements at issue, what is false or misleading about them, and why they were false or misleading at the time they were made. *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d at 885. The Rule 9 pleading standard can be met for Section 11 claims when the complaint points to inconsistent contemporaneous statements or information which were made by or available to the defendants. *Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009).

Here, the Court finds that the complaint sufficiently alleged facts to satisfy the Rule 9 standard. For example, Plaintiffs allege that Defendant El-Batrawi did not relinquish his active role in the company or sell his shares while the Registration Statement plainly asserted otherwise. Dkt. 49, ¶¶ 126-130. Moreover, the plaintiffs alleged with sufficient particularity that Defendants understated debts owed, including approximate amount understated, dates of transactions, and names of parties. Dkt. 49, ¶¶ 139-143; *see also In re Daou Sys., Inc.*, 411 F.3d at 1028 (holding that complaint satisfied Rule 9 by alleging overstatement of revenue and including names, dates, and approximate amount of overstatement in complaint).[3]

For the foregoing reasons, the motion for judgment on the pleadings is DENIED.

**IT IS SO ORDERED.**

---

the claims against Westpark would satisfy even the Rule 9 pleading standard.

[3] For the same reasons, the Court finds that Westpark is not entitled to judgment on the pleadings.

|  |  | : |
|---|---|---|
| | Initials of Preparer | |
| | | PMC |