Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
R.C. Harlan (SBN 234279)
*rharlan@larsonllp.com*
Paul A. Rigali (SBN 262948)
*prigali@larsonllp.com*
Daniel R. Lahana (SBN 305664)
*dlahana@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Tel.:(213) 436-4888 / Fax: (213) 623-2000

Attorneys for Defendants EvMo, Inc.
(formerly known as YayYo, Inc.)

George B. Newhouse, Esq. (SBN 107036)
*george@richardscarrington.com*
**RICHARDS CARRINGTON LLC**
545 S. Figueroa Street, 7th Fl.
Los Angeles, California 90071
Tel.: (213) 348-9016 / F: (213) 348-9017

Attorney for Defendants EvMo, Inc.
(formerly known as YayYo, Inc.), Ramy
El-Batrawi, Kevin F. Pickard, Jeffrey J.
Guzy, Christopher Miglino, Jon Rosen,
Paul Richter, and Harbant S. Sidhu

Julie E. Kamps, Esq. (SBN 282536)
*jkamps@wpcfs.com*
**WESTPARK CAPITAL, INC.**
1900 Ave. of the Stars, Suite 310
Los Angeles, CA 92620
Tel.: (310) 203-2942 / F: (310) 843-9304
Attorney for Defendant
WestPark Capital, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE YAYYO INC. SECURITIES LITIGATION, | Case No. 2:20-cv-08235-SVW (AFMx) [Assigned to the Honorable Stephen V. Wilson] |
| | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| | [*Filed concurrently with Opposition to Motion for Class Certification*] |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Date: August 2, 2021
Time: 1:30 p.m.
Dept.: 10A

Trial Date: October 5. 2021

Defendants hereby request pursuant to Rule 201 of the Federal Rules of Evidence that the Court take judicial notice of the following documents:

1.      Attached hereto as **Exhibit 1** is a true and correct copy of the Complaint filed in Los Angeles Superior Court on January 24, 2020, entitled *YayYo, Inc. v. Ramy El-Batrawi*, Case No. 20STCP00309.

2.       Attached hereto as **Exhibit 2** is a true and correct copy of the Declaration of Jonathan Rosen filed in Support of Plaintiff YayYo, Inc.'s Motion for a Preliminary Injunction and Application for a Temporary Restraining Order in Los Angeles Superior Court on January 24, 2020, Case No. 20STCP00309.

3.      Attached hereto as **Exhibit 3** is a true and correct copy of a chart from Yahoo Finance showing YayYo's publicly traded stock price from the IPO until the date of the filing of the instant Opposition, accessed at https://finance.yahoo.com/quote/YAYO/, on July 19, 2021.

## I.      THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1, 2, AND 3

Courts may take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Exhibits 1 and 2 should be judicially noticed because they are part of the judicial proceedings in Los Angeles Superior Court. "It is well established that [the Court] may take judicial notice of judicial proceedings in other courts." *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014). This includes judicial notice

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

of "the existence of another court's opinion or of the filing of pleadings in related proceedings," so long as the court does not accept "as true the facts found or alleged in such documents." *Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1158 (C.D. Cal. 2011).

Exhibit 3 should also be judicially noticed because it shows the public price of YayYo's stock from IPO through the filing of Defendants' Opposition. The Court may take judicial notice of stock prices. *Ravens v. Iftikar*, 174 F.R.D. 651, 661 (N.D. Cal. 1997) ("The court also takes judicial notice of the performance of the NASDAQ Composite Index, reflecting general market conditions during the same period…"); *see also S.E.C. v. Bilzerian*, 814 F. Supp. 116, 123, n. 21 (D.D.C. 1993), *aff'd* 29 F.3d 689 (D.C. Cir. 1994) ("The Court may take judicial notice of closing stock prices pursuant to Federal Rule of Evidence 201").

Dated:  July 19, 2021

LARSON LLP

By:    /s/ Stephen G. Larson
       Stephen G. Larson
       R.C. Harlan
       Daniel R. Lahana
Attorneys for Defendants, EvMo, Inc. (formerly known as YayYo, Inc.)

RICHARDS CARRINGTON LLC

By:    /s/ George B. Newhouse
       George B. Newhouse
Attorney for Defendants, EvMo, Inc. (formerly known as YayYo, Inc.) and Ramy El-Batrawi, et al.

WESTPARK CAPITAL, INC.

By:    /s/ Julie E. Kamps
       Julie E. Kamps

Attorneys for Defendant WestPark Capital, Inc.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# EXHIBIT 1

**FILED**
Superior Court of California
County of Los Angeles

**JAN 24 2020**

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Cristina Grijalva

LAW OFFICES OF GUGLIOTTA & PONZINI
John C. Gugliotta, SB# 177918
901 Dove Street, Suite 120
Newport Beach, CA 92660
914-813-1700
Gugliottalaw@optonline.net

*Attorneys for Plaintiff YayYo, Inc.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**

| | |
|---|---|
| YAYYO, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAMY EL-BATRAWI<br><br>Defendant. | Case No. **20STCP00309**<br><br>**COMPLAINT FOR:**<br><br>1. **DECLARATORY JUDGMENT**<br>2. **PERMANENT INJUNCTION** |

Plaintiff YayYo, Inc. ("YayYo" or the "Company"), by and through their attorneys, allege for their Complaint against Defendant Ramy El-Batrawi ("El-Batrawi") as follows:

## I. INTRODUCTION

1. This is an action for declaratory and injunctive relief arising from Defendant El-Batrawi's continuing wrongful conduct in connection with his actions purportedly on behalf of Plaintiff YayYo, Inc. Plaintiff seeks to enjoin Defendant's wrongful conduct in misrepresenting his position in, association with, and authority on behalf of YayYo.

2. Despite leaving the Company following concerns from NASDAQ regarding his involvement in the day-to-day operations of YayYo in September 2019, Defendant has engaged in a continuous course of actions misrepresenting himself as affiliated with, speaking on behalf of, and authorized or empowered by YayYo. In doing so, Defendant has purported to bind the Company to contracts, direct its employees, change its website, and even to attempted to sell the Company to its competitors.

COMPLAINT

1

## II. PARTIES

3.  Plaintiff YayYo, Inc. is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business located at 433 North Camden Drive, Suite 600, Beverly Hills, California 90210.

4.  Defendant El-Batrawi is an individual and domiciliary of the State of California, residing at 2635 Astral Drive, Hollywood, California 90046.

## III. JURISDICTION AND VENUE

5.  This Court has specific jurisdiction, under California Code of Procedure § 410.10, over Defendant as this is the County where he resides and where Plaintiff maintains its principal place of business.

6.  Venue in this County is proper under California Code of Procedure § 395 as this is the County where Defendant resides and Plaintiff maintains its principal place of business.

## IV. FACTUAL ALLEGATIONS

### A. Background

7.  YayYo is a holding company with a primary corporate focus the transportation/rideshare industry. On September 19, 2019, Defendant El-Batrawi resigned from the YayYo Board of Directors and from all of his other positions with YayYo, including those as a consultant. As such, he has had no authority or legal right to direct any YayYo employees, to bind the Company to any obligations, or to meddle in its operations, finances or otherwise. However, El-Batrawi has done just those things – and has otherwise engaged in other wrongful acts against YayYo to disrupt and harm YayYo's business.

8.  El-Batrawi, a former founder, CEO, and *inter alia*, consultant for YayYo, relinquished all formal and informal association with the Company following the receipt of concerns, from NASDAQ, regarding Defendant's involvement with the Company's day-to-day operations in or around September 30, 2019.

COMPLAINT

2

**B. El-Batrawi Leaves YayYo**

9. On September 19, 2019, Defendant El-Batrawi tendered his resignation from the Board of Directors of YayYo to Jonathan Rosen, Chief Executive Officer ("CEO") of YayYo, via letter (the "Resignation Letter"). Therein, Defendant "also resign[ed] from any and all positions with the Company and any of its subsidiaries." Further, Defendant "acknowledge[d] the termination of [his] consulting agreement with the Company, effective as of September 1, 2019." A true and correct copy of the Resignation Letter is annexed hereto as Exhibit A.

10. On September 26, 2019, Defendant El-Batrawi executed a certification that he "resigned from the Company's Board of Directors and resigned from any and all positions with the Company and any of its subsidiaries," "was terminated as a consultant for the Company, effective as of September 1, 2019," and "after the sale of 12,525,000 shares of the Company's common stock, *there will be no formal or informal affiliation between the Company and [El-Batrawi]*, expect for [his] minority shareholder ownership (less than 10%) in the Company" (the "El-Batrawi Certificate") (emphasis added). (*See* Ex. A).

11. Further evidencing his departure from any and all positions of authority with YayYo, Mr. Rosen sent, and Defendant acknowledged and accepted by signature, a "Termination of Consulting Agreement" letter on September 27, 2019 (the "Termination Letter"). The Termination Letter "confirms prior discussions with [Defendant El-Batrawi] and serves as formal notice that the [Consulting] Agreement was terminated effective September 1, 2019." (*See* Ex. A).

12. Finally memorializing all of the above, on September 27, 2019, the CEO of YayYo, Mr. Rosen, certified in his capacity that "Ramy El-Batrawi has resigned from the Company's Board of Directors and resigned from any and all positions with the Company and any of its subsidiaries" and "Mr. El-Batrawi was terminated as a consultant for the Company, effective as of September 1, 2019" (the "Officer's Certificate") (*See* Ex. A).

13. Although Defendant El-Batrawi did in fact resign from any and all positions by September 26, 2019 and agreed to not be involved in the day-to-day operations of YayYo, Defendant refused to abide by the terms of his agreements. He instead continues to operate and

hold himself out as if a director or officer of YayYo, or as an otherwise authorized representative of same.

14. Further, Defendant El-Batrawi has failed and/or refused to sell his shares of stock in the Company and has thereby damaged, and continues to damage, the Company as a result.

## C. El-Batrawi Meddles and Interferes with YayYo's Business

15. Since his resignation and termination, Defendant El-Batrawi has engaged in a continuous and escalating pattern of behavior destructive to YayYo and in violation of the Certificate.

16. Defendant has made contact with YayYo competitors, representing himself as the Company, and negotiated terms of purchase of YayYo with said competitors on at least two occasions.

17. Defendant has purported to negotiate these purchases through, upon information and belief, meeting face-to-face with prospective financiers.

18. Defendant has purported to hire a public relations company on behalf of the Company and had same unilaterally produce unauthorized press releases on behalf of the Company, later unsuccessfully attempting to induce YayYo's internal public relations team to publish same.

19. Defendant purported to produce and broadcast a television ad on behalf of YayYo.

20. Defendant purchased air time on Fox Business Channel and aired the commercials as if they came from the Company.

21. Nobody at YayYo authorized said commercials, nor was it known to YayYo that said commercials were produced and would be broadcast until the commercial were indeed broadcast.

22. Defendant has burst into YayYo offices on multiple occasions.

23. Defendant has purported to direct YayYo staff in their roles and job duties without authorization on multiple occasions.

24. Defendant has called numerous vendors and suppliers of YayYo without authorization.

**COMPLAINT**

4

25. Defendant has engaged in discussions with vendors and suppliers of YayYo as if he were a representative of the Company.

26. Defendant has attempted to change agreements YayYo has with its vendors and suppliers.

27. Defendant has, without authorization, recruited executives to work for the Company.

28. Defendant has called multiple investment firms, purporting to represent the Company, in order to set up meetings with them to promote the acquisition of new financing for the Company.

29. Defendant has purchased presentation time at an investment show and made a presentation, purportedly on behalf of the Company, without authorization.

30. Defendant has called at least two (2) marketing companies and attempted to retain their service on behalf of the Company, without authorization.

31. Defendant has repeated called multiple employees in an attempt to garner information about the day-to-day operations of the Company and to redirect their work.

32. YayYo adapted its Company Code of Conduct in response to and directly in order to prohibit Defendant's behavior.

33. Defendant has called the Company's web developer, based in India, and directed same to make changes to the Company website, <www.yayyo.com>.

34. Defendant's proposed changes to the Company website were in fact made and Company was compelled to immediately remove and remediate the breach of the Company's website and its contract with the web developer.

**D. YayYo Suffers Irreparable Harm**

35. In the absence of a preliminary injunction and TRO, YayYo has, and will continue to, suffer serious irreparable harm that would far outweigh any purported harm that Defendant would potentially suffer as a result of the grant of the injunction.

COMPLAINT

5

36. In the absence of an injunction, YayYo will continue to suffer substantial damages to its business reputation and to its ability to function. Indeed, left unchecked, Defendant will continue to improperly assert authority to act for YayYo and interfered with YayYo's relationships with investors, financiers, vendors, suppliers and potential business partners. This will cause substantial harm to YayYo's reputation and will significantly impair its ability to effectively operate because investors, financiers, vendors, suppliers and potential business partners will be, at the very least, reluctant to enter into business relationships with YayYo while Defendant asserts his non-existent authority and the legitimacy of YayYo's dealings are called into question.

37. YayYo has already realized certain harm from the foregoing. For instance, Defendant has already interfered, or attempted to interfere, with the YayYo's direction of its employees and its contacts and agreements with vendors and suppliers. Defendant, claiming that he had authority to act for YayYo, has attempted to retain various firms and professionals on behalf of the Company. Defendant has attempted to direct the work of employees, which if directed per Defendant's wishes, would have a devastating impact on YayYo's business. The damage caused to YayYo's business by the confusion caused by Defendant's acts and misrepresentation cannot be compensated in money damages, and would likely result in the destruction of YayYo.

38. Moreover, if Defendant is not enjoined from holding himself out as having authority to act on behalf of YayYo, he will likely cause serious harm by causing YayYo to take actions to its detriment that may not be able to be reversed. By claiming to have authority to act on speak on behalf of YayYo, Defendant will likely cause irreparable damage to the Company's contractual and business relationships with its financiers, investors, vendors, suppliers and potential business partners.

39. Additionally, as discussed above, El-Batrawi has improperly purported to enter into contacts and agreements on behalf of YayYo. Indeed, among other things, Batrawi has purported to retain a PR firm to issue press releases and financiers to facilitate the sale of YayYo to its competitors, and to modify YayYo's existing agreements with vendors and suppliers. In the

absence of injunctive relief, YayYo will likely attempt to continue such improper purported contracting causing irreparable harm to YayYo.

40. Defendant, on the other hand, will not suffer any real harm if the Court grants the preliminary injunctive relief requested herein. Rather, he will merely be prevented from interfering with YayYo's business relationships and will be enjoined from holding himself out as an individual with an affiliation with or authority granted by YayYo.

41. El-Batrawi's misconduct has caused significant damage to YayYo.

## V. CAUSES OF ACTION
## AS AND FOR A FIRST CAUSE OF ACTION
(Declaratory Judgment)

42. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as if set forth fully herein.

43. As alleged above, El-Batrawi signed a Certification on September 19, 2019 whereby he acknowledged that he no longer held any position in or with YayYo and that he no longer had any formal or informal affiliation with YayYo.

44. El-Batrawi also tendered his resignation from the Board of Directors on September 19, 2019.

45. El-Batrawi acknowledged and accepted YayYo's termination of his consulting agreement by letter on September 27, 2019.

46. As also alleged above, El-Batrawi is no longer an employee, executive, officer, director, or agent of YayYo and had no authority to take any action on behalf of YayYo, including his purported retention of various professionals on the Company's behalf or his purported negotiation of purchase of the Company.

47. El-Batrawi represents that he has authority to act on behalf of YayYo and purports to act as if this is correct.

48. As a result of the foregoing, there is a real and justiciable controversy between the parties.

49. Plaintiff does not have an adequate remedy at law.

COMPLAINT

7

50. Based upon the foregoing, YayYo are entitled to a judgment declaring that: (a) El-Batrawi is not a member of the board of directors and is not an officer of YayYo; (b) El-Batrawi was not authorized to take any action on behalf of YayYo; and (c) that any action purportedly taken by El-Batrawi on behalf of YayYo was without authority, and null and void.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Permanent Injunction)

51. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as if set forth fully herein.

52. As set forth above, El-Batrawi is not an employee, consultant, officer, director or agent of YayYo, and has no authority to act on its behalf. El-Batrawi nevertheless continues to hold himself out as being authorized by or speaking on behalf of YayYo.

53. Further, El-Batrawi had no authority to retain the public relations firm to produce press releases on behalf of YayYo, or to direct the web designer to make changes to the YayYo website, or to direct YayYo employees in the completion of their work duties.

54. Additionally, Defendants has and, upon information and belief, continues to interfere with YayYo's business and its current and prospective business relationships by, inter alia, purporting to modify YayYo's agreement with vendors and suppliers and by soliciting meetings with financiers to ostensibly sell YayYo to its competitors.

55. Pursuant to Cal. Civ. Code §§ 3420 and 3422, preventive relief is granted by injunction, provisional or final, and a final injunction may be granted to prevent the breach of an obligation existing in favor of the applicant where pecuniary compensation would not afford adequate relief or where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief.

56. Plaintiff has no adequate remedy at law and will suffer irreparable injury to its business if Defendant's wrongful actions are not permanently stopped.

57. Damage to YayYo's business flowing from Defendant's continued bad acts would be extremely difficult to ascertain in an amount providing adequate relief.

COMPLAINT

8

58. By reason of the foregoing, Plaintiff is entitled to a permanent injunction as follows: (a) from holding himself out as an officer or director of YayYo, Inc.; (b) from contacting, or interfering with YayYo's relationships with, its vendors, investors, contractors, prospective business partners and/or agents; (c) from purporting to take any action on behalf of Plaintiff; (d) from transferring, assigning, hypothecating or encumbering any assets of YayYo; and (e) from destroying, interfering with, accessing, changing, disrupting or taking any action with respect to YayYo's website, i.e. <www.yayyo.com>.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

i. On the First Cause of Action, declaring that: (a) El-Batrawi is not a member of the board of directors and is not an officer of YayYo; (b) El-Batrawi was not authorized to take any action on behalf of YayYo; and (c) that any action purportedly taken by El-Batrawi on behalf of YayYo was without authority, and null and void.

ii. On the Second Cause of Action, permanently enjoining (a) from holding himself out as an officer or director of YayYo, Inc.; (b) from contacting, or interfering with YayYo's relationships with, its vendors, investors, contractors, prospective business partners and/or agents; (c) from purporting to take any action on behalf of Plaintiff; (d) from transferring, assigning, hypothecating or encumbering any assets of YayYo; and (e) from destroying, interfering with, accessing, changing, disrupting or taking any action with respect to YayYo's website, i.e. <www.yayyo.com>.

iii. For their costs and disbursements, including their reasonable attorneys' fees; and

iv. For such other and further relief as the Court deems just, equitable and proper.

Dated: January 23, 2020

LAW OFFICES OF GUGLIOTTA & PONZINI

By: _____
     John C. Gugliotta, SB# 177918
     901 Dove Street, Suite 120

COMPLAINT

9

Newport Beach, CA 92660
914-813-1700
Gugliottalaw@optonline.net

*Attorneys for Plaintiff YayYo, Inc.*

**COMPLAINT**

10

# EXHIBIT

# A

**Ramy El-Batrawi**

September 19, 2019

Jonathan Rosen
Chief Executive Officer
YayYo, Inc.
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

Re: <u>Resignation from the YayYo. Inc.</u>

Dear Jonathan,

I am writing to tender my resignation from the Board of Directors of YayYo, Inc. (the "Company"), effective immediately. I also resign from any and all positions with the Company and any of its subsidiaries. I further acknowledge the termination of my consulting agreement with the Company, effective as of September 1, 2019.

My decision to resign from the Board is not the result of any disagreement with the Company's operations, policies or procedures.

I have appreciated the opportunity to serve the Company and wish you and the Company the best as you continue to move forward.

Best regards,

Ramy El-Batrawi

## CERTIFICATE

The undersigned, Ramy El-Batrawi, does hereby certify that:

1.      I resigned from the Company's Board of Directors and resigned from any and all positions with the Company and any of its subsidiaries.

2.      I was terminated as a consultant for the Company, effective as of September 1, 2019.

3.      After the sale of 12,525,000 shares of the Company's common stock, there will be no formal or informal affiliation between the Company and me, except for my minority shareholder ownership (less than 10%) in the Company.

IN WITNESS WHEREOF, the undersigned has executed this Certificate on this 26th day of September, 2019.

_____
Ramy El-Batrawi

LEGAL\31259049\1



September 27, 2019

Ramy El-Batrawi

Re:     Termination of Consulting Agreement

Dear Ramy:

Reference is hereby made to that certain Consulting Agreement, dated February 1, 2019 (the "Agreement"), by and between YayYo, Inc. (the "Company") and you.

This letter confirms prior discussions with you and serves as formal notice that the Agreement was terminated effective September 1, 2019.

As the Agreement has been terminated, the Company has no further obligations thereunder.

Thank you for your service.

Sincerely,

Jonathan Rosen
Chief Executive Officer

Acknowledged and accepted

Ramy El-Batrawi

## OFFICER'S CERTIFICATE

The undersigned, as the Chief Executive Officer of YayYo, Inc. (the "Company"), does hereby certify, in his capacity as the Chief Executive Officer, that:

1. Ramy El-Batrawi has resigned from the Company's Board of Directors and resigned from any and all positions with the Company and any of its subsidiaries.

2. Mr. El-Batrawi was terminated as a consultant for the Company, effective as of September 1, 2019.

3. After the sale of 12,525,000 shares of the Company's common stock, there will be no formal or informal affiliation between the Company and Mr. El-Batrawi, except for his minority shareholder ownership (less than 10%) in the Company.

IN WITNESS WHEREOF, the undersigned has executed this Certificate on behalf of the Company this 27th day of September, 2019.

Jonathan Rosen
Chief Executive Officer

# EXHIBIT 2

FILED
Superior Court of California
County of Los Angeles

JAN 24 2020

Sherri R. Carter, Executive Officer/Cler
By_____, Depur
Jennifer De Luna

LAW OFFICES OF GUGLIOTTA & PONZINI
John C. Gugliotta, SB# 177918
901 Dove Street, Suite 120
Newport Beach, CA 92660
914-813-1700
Gugliottalaw@optonline.net

*Attorneys for Plaintiffs YayYo, Inc.*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| YAYYO, INC., a Delaware Corporation, | Case No. **20STCP00309** |
| Plaintiff, | DECLARATION OF JONATHAN ROSEN IN SUPPORT OF PLAINTIFF YAYYO, INC.'S MOTION FOR A PRELIMINARY INJUNCTION AND APPLICIATION FOR A TEMPORARY RESTRAINING ORDER |
| v. | |
| RAMY EL-BATRAWI | |
| Defendant. | |

JONATHAN ROSEN, declares under penalty of perjury as follows:

1.     I am Chief Executive Officer of YayYo, Inc. ("YayYo" or the "Company"), plaintiff in the above-captioned action.  I make this Declaration in support of Plaintiff's motion for: (i) a preliminary injunction, enjoining and restraining Defendant Ramy El-Batrawi ("El-Batrawi"), during the pendency of this action, from: (a) from holding himself out as an officer or director of YayYo, Inc.; (b) from contacting, or interfering with YayYo's relationships with, its vendors, investors, contractors, prospective business partners and/or agents; (c) from purporting to take any action on behalf of Plaintiff; (d) from transferring, assigning, hypothecating or encumbering any assets of YayYo; and (e) from destroying, interfering with, accessing, changing, disrupting or taking any action with respect to YayYo's website, i.e. <www.yayyo.com>.

2.     This Declaration is also submitted in support of YayYo's application for (ii) a temporary restraining order ("TRO"), restraining and enjoining Defendant: (a) from holding

DECLARATION OF JONATHAN ROSEN IN SUPPORT OF PLAINTIFF YAYYO, INC.'S MOTION FOR A
FPRELIMINARY INJUNCTION AND FOR A TRO

1

himself out as an officer or director of YayYo, Inc.; (b) from contacting, or interfering with YayYo's relationships with, its vendors, investors, contractors, prospective business partners and/or agents; (c) from purporting to take any action on behalf of Plaintiff; (d) from transferring, assigning, hypothecating or encumbering any assets of YayYo; and (e) from destroying, interfering with, accessing, changing, disrupting or taking any action with respect to YayYo's website, i.e. <www.yayyo.com>.

3.      I am fully familiar with the facts set forth herein, except where stated upon information and belief, and as to those matters, I believe them to be true.  The basis of my information and belief is a review of documents maintained by YayYo.

### A.     **Background**

4.      This is an action injunctive relief arising from Defendant El-Batrawi's continuing wrongful conduct in connection with his actions purportedly on behalf of Plaintiff YayYo, Inc. The instant motion seeks a preliminary injunction and TRO to enjoin Defendant's wrongful conduct in misrepresenting his position in, association with, and authority on behalf of YayYo.

5.      YayYo is a holding company with a primary corporate focus the transportation/rideshare industry.  On September 19, 2019, Defendant El-Batrawi resigned from the YayYo Board of Directors and from all of his other positions with YayYo, including those as a consultant.  As such, he has had no authority or legal right to direct any YayYo employees, to bind the Company to any obligations, or to meddle in its operations, finances or otherwise. However, El-Batrawi has done just those things – and has otherwise engaged in other wrongful acts against YayYo to disrupt and harm YayYo's business.

6.      El-Batrawi, a former founder, CEO, and *inter alia*, consultant for YayYo, relinquished all formal and informal association with the Company following the receipt of concerns, from NASDAQ, regarding Defendant's involvement with the Company's day-to-day operations in or around September 30, 2019.

**DECLARATION OF JONATHAN ROSEN IN SUPPORT OF PLAINTIFF YAYYO, INC.'S MOTION FOR A FPRELIMINARY INJUNCTION AND FOR A TRO**

2

### B. El-Batrawi Leaves YayYo

7. On September 26, 2019, Defendant El-Batrawi executed a certification that he "resigned from the Company's Board of Directors and resigned from any and all positions with the Company and any of its subsidiaries," "was terminated as a consultant for the Company, effective as of September 1, 2019," and "after the sale of 12,525,000 shares of the Company's common stock, *there will be no formal or informal affiliation between the Company and [El-Batrawi]*, expect for [his] minority shareholder ownership (less than 10%) in the Company" (emphasis added). A true and correct copy of the Certificate is annexed hereto as Exhibit A.

8. Defendant El-Batrawi has, however, refused to abide by the terms of the Certificate. He instead continues to operate and hold himself out as if a director or officer of YayYo, or as an otherwise authorized representative of same.

9. Further, Defendant El-Batrawi has failed and/or refused to sell his shares of stock in the Company and has thereby damaged, and continues to damage, the Company as a result.

### C. El-Batrawi Meddles and Interferes with YayYo's Business

10. Since the execution of the Certificate, Defendant El-Batrawi has engaged in a continuous and escalating pattern of behavior destructive to YayYo and in violation of the Certificate.

11. Defendant has made contact with YayYo competitors, representing himself as the Company, and negotiated terms of purchase of YayYo with said competitors on at least two occasions.

12. Defendant has purported to negotiate these purchases through, upon information and belief, meeting face-to-face with prospective financiers.

13. Defendant has purported to hire a public relations company on behalf of the Company and had same unilaterally produce unauthorized press releases on behalf of the Company, later unsuccessfully attempting to induce YayYo's internal public relations team to publish same.

14. Defendant purported to produce and broadcast a television ad on behalf of YayYo.

**DECLARATION OF JONATHAN ROSEN IN SUPPORT OF PLAINTIFF YAYYO, INC.'S MOTION FOR A FPRELIMINARY INJUNCTION AND FOR A TRO**

3

15. Defendant purchased air time on Fox Business Channel and aired the commercials as if they came from the Company.

16. Nobody at YayYo authorized said commercials, nor was it known to YayYo that said commercials were produced and would be broadcast until the commercial were indeed broadcast.

17. Defendant has burst into YayYo offices on multiple occasions.

18. Defendant has purported to direct YayYo staff in their roles and job duties without authorization on multiple occasions.

19. Defendant has called numerous vendors and suppliers of YayYo without authorization.

20. Defendant has engaged in discussions with vendors and suppliers of YayYo as if he were a representative of the Company.

21. Defendant has attempted to change agreements YayYo has with its vendors and suppliers.

22. Defendant has, without authorization, recruited executives to work for the Company.

23. Defendant has called multiple investment firms, purporting to represent the Company, in order to set up meetings with them to promote the acquisition of new financing for the Company.

24. Defendant has purchased presentation time at an investment show and made a presentation, purportedly on behalf of the Company, without authorization.

25. Defendant has called at least two (2) marketing companies and attempted to retain their service on behalf of the Company, without authorization.

26. Defendant has repeated called multiple employees in an attempt to garner information about the day-to-day operations of the Company and to redirect their work.

27. YayYo adapted its Company Code of Conduct in response to and directly in order to prohibit Defendant's behavior.

**DECLARATION OF JONATHAN ROSEN IN SUPPORT OF PLAINTIFF YAYYO, INC.'S MOTION FOR A FPRELIMINARY INJUNCTION AND FOR A TRO**

4

28. Defendant has called the Company's web developer, based in India, and directed same to make changes to the Company website, <www.yayyo.com>.

29. Defendant's proposed changes to the Company website were in fact made and Company was compelled to immediately remove and remediate the breach of the Company's website and its contract with the web developer.

**D.  Likelihood of Success**

30. ` As set forth above, and in Plaintiff's Memorandum of Points and Authorities, YayYo is likely to succeed on the merits of its claims for a declaratory judgment and for a permanent injunction.

**E.  YayYo Will Suffer Significant Irreparable Harm in the Absence of a Preliminary Injunction**

31. In the absence of a preliminary injunction and TRO, YayYo has, and will continue to, suffer serious irreparable harm that would far outweigh any purported harm that Defendant would potentially suffer as a result of the grant of the injunction.

32. In the absence of an injunction, YayYo will continue to suffer substantial damages to its business reputation and to its ability to function. Indeed, left unchecked, Defendant will continue to improperly assert authority to act for YayYo and interfered with YayYo's relationships with investors, financiers, vendors, suppliers and potential business partners. This will cause substantial harm to YayYo's reputation and will significantly impair its ability to effectively operate because investors, financiers, vendors, suppliers and potential business partners will be, at the very least, reluctant to enter into business relationships with YayYo while Defendant asserts his non-existent authority and the legitimacy of YayYo's dealings are called into question.

33. YayYo has already realized certain harm from the foregoing. For instance, Defendant has already interfered, or attempted to interfere, with the YayYo's direction of its employees and its contacts and agreements with vendors and suppliers. Defendant, claiming that he had authority to act for YayYo, has attempted to retain various firms and professionals on behalf of the Company. Defendant has attempted to direct the work of employees, which if directed per Defendant's wishes, would have a devastating impact on YayYo's business. The damage caused

**DECLARATION OF JONATHAN ROSEN IN SUPPORT OF PLAINTIFF YAYYO, INC.'S MOTION FOR A FPRELIMINARY INJUNCTION AND FOR A TRO**

5

to YayYo's business by the confusion caused by Defendant's acts and misrepresentation cannot be compensated in money damages, and would likely result in the destruction of YayYo.

34. Moreover, if Defendant is not enjoined from holding himself out as having authority to act on behalf of YayYo, he will likely cause serious harm by causing YayYo to take actions to its detriment that may not be able to be reversed. By claiming to have authority to act on speak on behalf of YayYo, Defendant will likely cause irreparable damage to the Company's contractual and business relationships with its financiers, investors, vendors, suppliers and potential business partners.

35. Additionally, as discussed above, El-Batrawi has improperly purported to enter into contacts and agreements on behalf of YayYo. Indeed, among other things, Batrawi has purported to retain a PR firm to issue press releases and financiers to facilitate the sale of YayYo to its competitors, and to modify YayYo's existing agreements with vendors and suppliers. In the absence of injunctive relief, YayYo will likely attempt to continue such improper purported contracting causing irreparable harm to YayYo.

36. Defendant, on the other hand, will not suffer any real harm if the Court grants the preliminary injunctive relief requested herein. Rather, he will merely be prevented from interfering with YayYo's business relationships and will be enjoined from holding himself out as an individual with an affiliation with or authority granted by YayYo.

WHEREFORE, Plaintiff respectfully requests that this Court issue an Order as follows: (1) a preliminary injunction and TRO, enjoining and restraining Defendants, during the pendency of this action, from: (a) holding himself out as an officer or director of YayYo, Inc.; (b) contacting, or interfering with YayYo's relationships with, its vendors, investors, contractors, prospective business partners and/or agents; (c) purporting to take any corporate action on behalf of YayYo; (d) selling, transferring, assigning, hypothecating, encumbering or destroying in any way any assets of YayYo; (e) destroying, interfering with, accessing, changing, disrupting or taking any action with respect to YayYo's website, i.e., <www.yayyo.com>; and (2) for such other and further relief as the Court deems just, equitable and proper.

**DECLARATION OF JONATHAN ROSEN IN SUPPORT OF PLAINTIFF YAYYO, INC.'S MOTION FOR A FPRELIMINARY INJUNCTION AND FOR A TRO**

6

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: January 22, 2020

_____

JONATHAN ROSEN

**EXHIBIT A**

# EXHIBIT

# A

**Ramy El-Batrawi**

September 19, 2019

Jonathan Rosen
Chief Executive Officer
YayYo, Inc.
433 N. Camden Drive, Suite 600
Beverly Hills, California 90210

Re: Resignation from the YayYo. Inc.

Dear Jonathan,

I am writing to tender my resignation from the Board of Directors of YayYo, Inc. (the "Company"), effective immediately. I also resign from any and all positions with the Company and any of its subsidiaries. I further acknowledge the termination of my consulting agreement with the Company, effective as of September 1, 2019.

My decision to resign from the Board is not the result of any disagreement with the Company's operations, policies or procedures.

I have appreciated the opportunity to serve the Company and wish you and the Company the best as you continue to move forward.

Best regards,

Ramy El-Batrawi

## CERTIFICATE

The undersigned, Ramy El-Batrawi, does hereby certify that:

1.      I resigned from the Company's Board of Directors and resigned from any and all positions with the Company and any of its subsidiaries.

2.      I was terminated as a consultant for the Company, effective as of September 1, 2019.

3.      After the sale of 12,525,000 shares of the Company's common stock, there will be no formal or informal affiliation between the Company and me, except for my minority shareholder ownership (less than 10%) in the Company.

IN WITNESS WHEREOF, the undersigned has executed this Certificate on this 26th day of September, 2019.

_____
Ramy El-Batrawi

2



September 27, 2019

Ramy El-Batrawi

Re: Termination of Consulting Agreement

Dear Ramy:

  Reference is hereby made to that certain Consulting Agreement, dated February 1, 2019 (the "Agreement"), by and between YayYo, Inc. (the "Company") and you.

  This letter confirms prior discussions with you and serves as formal notice that the Agreement was terminated effective September 1, 2019.

  As the Agreement has been terminated, the Company has no further obligations thereunder.

  Thank you for your service.

Sincerely,

Jonathan Rosen
Chief Executive Officer

Acknowledged and accepted

_____
Ramy El-Batrawi

**OFFICER'S CERTIFICATE**

The undersigned, as the Chief Executive Officer of YayYo, Inc. (the "Company"), does hereby certify, in his capacity as the Chief Executive Officer, that:

1.　Ramy El-Batrawi has resigned from the Company's Board of Directors and resigned from any and all positions with the Company and any of its subsidiaries.

2.　Mr. El-Batrawi was terminated as a consultant for the Company, effective as of September 1, 2019.

3.　After the sale of 12,525,000 shares of the Company's common stock, there will be no formal or informal affiliation between the Company and Mr. El-Batrawi, except for his minority shareholder ownership (less than 10%) in the Company.

IN WITNESS WHEREOF, the undersigned has executed this Certificate on behalf of the Company this 27th day of September, 2019.

Jonathan Rosen
Chief Executive Officer

# EXHIBIT 3

## EVmo, Inc. (YAYO)

Other OTC - Other OTC Delayed Price. Currency in USD

☆ Add to watchlist    👥 Visitors trend  2W ↑  10W ↑  9M ↑

Quote Lookup

## 1.8000  -0.0600 (-3.23%)

At close: 3:57PM EDT

**Summary**    Company Outlook ✪    Chart    Conversations    Statistics    Historical Data    Profile    Financials    Analysis    Options    Holders    Sustainability

**1D** 5D 1M 6M YTD 1Y 5Y Max  📈                    ↗ Full screen



Trade prices are not sourced from all markets

**Chart Events** ⓘ ✪

**Neutral** *pattern detected*

🔒 View all chart patterns

**Performance Outlook**

| Short Term 2W - 6W | Mid Term 6W - 9M | Long Term 9M+ |
| --- | --- | --- |
| 🔴↓ | →➡ | →➡ |

| | | | | |
| --- | --- | --- | --- | --- |
| Previous Close | **1.8600** | Market Cap | 63.668M | |
| Open | **1.8900** | Beta (5Y Monthly) | N/A | |
| Bid | **0.0000 x 800** | PE Ratio (TTM) | N/A | |
| Ask | **0.0000 x 1200** | EPS (TTM) | -0.1920 | |
| Day's Range | **1.7500 - 1.8900** | Earnings Date | Aug 04, 2021 - Aug 09, 2021 | |
| 52 Week Range | **0.2000 - 6.0000** | Forward Dividend & Yield | N/A (N/A) | |
| Volume | **176,552** | Ex-Dividend Date | N/A | |
| Avg. Volume | **166,965** | 1y Target Est | N/A | |

**Fair Value** ⓘ ✪

**XX.XX**
Overvalued

🔒 View details

**Related Research** ⓘ ✪

📄 Daily – Vickers Top Buyers & Sellers for 07/15/2021

📄 Daily – Vickers Top Insider Picks for 04/19/2021

🔒 View more

**All**  |  News  |  Press Releases  |  Research Reports ✪



GlobeNewswire • 7 days ago

### EVmo Announces Closing of $15 Million Debt Financing to Drive Fleet and Market Expansion

⬆

Financing is a significant step towards 10,000 car and van expansion; $200 million revenue at scale with 25% EBITDA marginLOS ANGELES,…



**Ad**  Stansberry Research    ⋯

### One BIG Problem Could Stop Electric Vehicles

Materials for E.V. batteries are running low. Now billions are being spent to fix this problem. This $4 stock could be the biggest winner.

GlobeNewswire • 2 months ago



yahoo!⁺ finance
**Stay ahead of the market**
Try it free*

**People Also Watch**

| Symbol | Last Price | Change | % Change |
| --- | --- | --- | --- |
| **LGIQ** Logiq, Inc. | 2.3300 | -0.0500 | -2.10% |
| **EVBG** Everbridge, Inc. | 133.73 | +4.21 | +3.25% |
| **RAYT** Rayont Inc. | 2.9700 | 0.0000 | 0.00% |
| **OBLG** Oblong Inc. | 2.4700 | +0.0300 | +1.23% |
| **INTV** Integrated Ventures, Inc. | 0.1550 | -0.0020 | -1.27% |

**Broker Center**    yahoo!finance

Choose the best stock broker for you by comparing what the top brokers offer.

View Broker Center

10,000 car and van expansion; $200 million revenue at scale with 25% EBITDA margin Company to host conference call to discuss Q1 results...



ACCESSWIRE • 2 months ago

## YayYo Inc to Host Earnings Call

NEW YORK, NY / ACCESSWIRE / May 18, 2021 / YayYo Inc (OTC PINK:YAYO) will be discussing their earnings results in their 2021 First Quarter Earnings call to be held on May 18, 2021 at 4:30 PM Eastern Time.To listen to the event live or access a replay of the call - visit https://www.

**Forget The 30yr Mortgage If You Owe Less Than $365K. (Do This Instead)**

GlobeNewswire • 2 months ago

## EVmo to Host First Quarter 2021 Financial Results Call on May 18 at 4:30 p.m. ET

LOS ANGELES, May 13, 2021 (GLOBE NEWSWIRE) -- EVmo, Inc. (OTC: YAYO), a leading provider of vehicles to the rideshare and delivery gig...



Guiding investors through change for over 80 years.
Together, we can help you achieve your retirement goals.
See How
T. Rowe Price®

GlobeNewswire • 3 months ago

## EVmo, Inc. Interview to Air on Bloomberg Television U.S. on the RedChip Money Report

LOS ANGELES, April 09, 2021 (GLOBE NEWSWIRE) -- EVmo, Inc. (OTC: YAYO), a leading provider of vehicles to the rideshare and delivery gig...

Ad  The Penny Hoarder

**If You Have $1,000 in the Bank, Make These 6 Moves**

If you've got more than $1,000 in your checking account, you need to make these moves as fast as possible.

Advertise with us

Data Disclaimer  Help  Suggestions
Do Not Sell My Personal Information ⟩

Privacy (Updated)  About Our Ads  Terms (Updated)  Sitemap

🐦  f  in
© 2021 Verizon Media. All rights reserved.

GlobeNewswire • 3 months ago

## EVmo, Inc. Announces 2020 Results with Record Revenue

The Company plans for exponential revenue and EBITDA growth in 2021 and beyond Management will host a conference call and webca...

GlobeNewswire • 4 months ago

## EVmo, Inc Announces Delivery of its first Fleet of Tesla Vehicles Under Its Fleet Partnership with Tesla

Telsa Fleet Partnership is part of Strategy to become the first U.S. Ride Share Company with an all-EV Fleet.Ahead of Schedule in Converting...

GlobeNewswire • 4 months ago

## UPDATE: EVmo, Inc (formerly YayYo, Inc.) Becomes a Tesla Fleet Partner

EVmo, Inc to Go All Electric by the End of 2021BEVERLY HILLS, Calif., March 10, 2021 (GLOBE NEWSWIRE) -- EVmo, Inc, formerly YayYo, Inc...

GlobeNewswire • 4 months ago

## EVmo, Inc formerly YayYo, Inc, announces a Fleet Acquisition of Tesla Vehicles

EVmo, Inc to go all electric by the end of 2021 BEVERLY HILLS, Calif., March 10, 2021 (GLOBE NEWSWIRE) -- EVmo, Inc, formerly YayYo, Inc...

Ad  True Market Insiders

**Insider Predicts Massive Stock Market Event**

Biggest stock market event in 20 years is almost here. And the next 2 months could decide your wealth in 2021. Here's what to do now.

GlobeNewswire • 5 months ago

### EVmo, Inc., Formerly YayYo, Inc., Announces that Acuitas Group Holdings, LLC, has closed the...

Terren Peizer, Sole Owner of Acuitas Group Holdings, LLC, is now Executive Chairman of the Board of Directors Stephen M. Sanchez, is...