**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
Cara David (admitted *pro hac vice*)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com
cdavid@pomlaw.com

*Lead Counsel for Plaintiffs*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE YAYYO, INC. SECURITIES LITIGATION** | Case No. 2:20-cv-08235-SVW-AFM <br><br> **PLAINTIFFS' *EX PARTE* APPLICATION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION** <br><br> Filed Concurrently Herewith: <br> (1) Declaration of Cara David in support of this *Ex Parte* Application; <br> (2) [Proposed] Order <br><br> This Application Will Be OPPOSED |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Lead Plaintiff Bernard Bednarz and Plaintiff William Koch ("Plaintiffs"), by and through their counsel, hereby apply to the Court *ex parte* for an order to compel production of documents and information from certain defendants.

The name, address, and telephone number of counsel for all parties are as follows:

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

Jeremy A. Lieberman (*pro hac vice* forthcoming)
Cara David (admitted *pro hac vice*)
600 Third Ave., 20th Fl.
New York, NY 10016
Telephone: (212) 661-1100
Email: jalieberman@pomlaw.com
Email: cdavid@pomlaw.com

*Lead Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

1

*EX PARTE* APPLICATION TO COMPEL PRODUCTION    Case No. 2:20-cv-02319-VAP-PJW

**LARSON LLP**
Stephen G. Larson
R.C. Harlan
Paul A. Rigali
Daniel R. Lahana
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
Phone: 213.436.4888
Fax: 213.623.2000
*Attorneys for Defendants* RideShare Rental, Inc. (also known as *YayYo, Inc.* and Evmo, Inc.)


**RICHARDS CARRINGTON**
George B. Newhouse , Jr
545 S Figueroa St. 7th Floor
Los Angeles, CA 90071
Phone: 303-962-2690
Fax: 303-962-2691
Email: george@richardscarrington.com


*Attorneys for Defendants RideShare Rental, Inc. (also known as YayYo, Inc. and Evmo, Inc.), Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, Harbant S. Sidhu, Paul Richter, Christopher Miglino, Jonathan Rosen*

**ARNOLD & PORTER KAYE SCHOLER LLP**
Aaron F. Miner (admitted *pro hac vice*)
Zheng (Jane) He (admitted *pro hac vice*)
250 West 55th Street
New York, NY 10019
Phone: +1 212.836.8000
Fax: +1 212.836.8689
Email: aaron.miner@arnoldporter.com
         jane.he@arnoldporter.com

Oscar Ramallo
777 South Figueroa Street
Los Angeles, CA 90017-5844
Phone: +1 213.243.4000
Fax: +1 213.243.4199

2

*EX PARTE* APPLICATION TO COMPEL PRODUCTION   Case No. 2:20-cv-02319-VAP-PJW

Email: oscar.ramallo@arnoldporter.com

*Attorneys for Defendant Aegis Capital Corp.*

**WESTPARK CAPITAL**
Julie E. Kamps
General Counsel
WestPark Capital Financial Services, LLC
1900 Avenue of the Stars, Suite 310
Los Angeles, California 90067
Tel. 310-203-2942

*Attorneys for Defendant WestPark Capital, Inc.*

Counsel for the YayYo Defendants received notice of this application. *See* Declaration of Cara David ("David Dec."), filed concurrently herein, ¶¶ 34-35. As noted in the caption, this application will be opposed. *Id.*

DATED: July 27, 2021          Respectfully submitted,

**POMERANTZ LLP**

*/s/ Cara David*
———————————————
Cara David (admitted *pro hac vice*)
600 Third Avenue, Floor 20
New York, NY 10016
Phone: 212-661-1100
Email: cdavid@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti
1100 Glendon Avenue
15th Floor
Los Angeles, CA 90024
Phone: 310-405-7190
Email: jpafiti@pomlaw.com

3

*EX PARTE* APPLICATION TO COMPEL PRODUCTION    Case No. 2:20-cv-02319-VAP-PJW

*Attorneys for Plaintiffs*

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Phone: 212-697-6484
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

As detailed in the accompanying "David Dec.," Lead Plaintiff Bernard Bednarz and Plaintiff William Koch (collectively "Plaintiffs") seek an Order so that Plaintiffs can ensure YayYo, Inc./RideShare Rental, Inc. (now known as EVmo, Inc., "YayYo"), Ramy El-Batrawi, Jonathan Rosen, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Harbant S. Sidhu and Paul Richter (the "YayYo Defendants") begin producing documents and provide necessary information so that discovery may continue.[1]

### II.  *EX PARTE* RELIEF IS APPROPRIATE AND NECESSARY

*Ex parte* relief is appropriate where the moving party seeks relief that cannot be addressed by a regularly-noticed motion, and will face prejudice if its application is denied, provided that the party is without fault in creating the problem at issue. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  A trial date has been set for October 5, 2021.  Plaintiffs are being prejudiced now by the YayYo Defendants' failure to timely produce documents or provide necessary information regarding service of discovery on parties under their control.

---

[1]  "David Decl." refers to the Declaration of Cara David in Support of Plaintiffs' Ex Parte Application to Compel Production of Documents and Information.

Plaintiffs will suffer prejudice if the instant application is not granted. Plaintiffs issued Requests for Production ("RFPs") in May 2021. Under an agreement between the parties, the YayYo Defendants were expected to make a significant production of documents on July 16, 2021. David Dec. at ¶16. They still have not produced a single document. A trial date is set for October 5, 2021 in this action. Plaintiffs need documents from the YayYo Defendants now so that they can compel additional follow-up written discovery on these defendants and other third parties and so that they can begin taking depositions. Plaintiffs have offered to meet and confer and have been as patient and cooperative as possible. The YayYo Defendants simply have failed to comply with their obligations and refused to make diligent efforts.

## III.   ISSUANCE OF SUCH AN ORDER IS WITHIN THE COURT'S POWER

Courts in this Circuit frequently compel production of documents and information when parties fail to provide them. *See, e.g, Obeng-Amponsah v. Don Miguel Apartments*, No. 5:16-cv-01054-PA (AFMx), 2021 Us Dist Lexis 137850 (C.D. Cal. July 22, 2021); *Hem & Thread, Inc. v Wholesalefashionsquare.com, Inc.*, No. 2:19-cv-00283 CBM (AFMx), 2020 US Dist LEXIS 248472 (C.D. Cal. July 31, 2020); *Hinrichs v. Allstate Ins. Co.*, No. 2:21-cv-00080-RAJ-BAT, 2021 Us Dist Lexis 135229 (W.D. Wash. July 20, 2021); *United States ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675 (E.D. Cal. 2006).

*EX PARTE* APPLICATION TO COMPEL PRODUCTION    Case No. 2:20-cv-02319-VAP-PJW

Plaintiffs issued their initial RFPs on May 27, 2021.  Plaintiffs have diligently

been trying to prepare this case for a timely trial.  Defendants have done nothing

but delay.  This is clearly inconsistent with their obligations under the Federal

Rules of Civil Procedure.

As this Court has stated:

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, a court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). In response to requests for production, a party has an obligation under Fed. R. Civ. P. 34 to produce non-objectionable, response documents within the party's possession custody or control. Further, the Federal Rules of Civil Procedure must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

2. Federal Rule of Civil Procedure 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: [...] (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents [...] as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

*Wholesalefashionsquare.com, Inc.*, 2020 US Dist LEXIS 248472, at *3-5.

Here, the YayYo Defendants have simply failed to provide any requested documents or information.   Therefore, Plaintiffs are abiding by the rules (including all relevant Local Rules) in asking this Court to order the YayYo Defendants to fulfill their discovery obligations.

"Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance.  In turn, the party opposing discovery has the burden of showing that discovery should not be allowed[.]"  *United States v. McGraw-Hill Cos.*, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations omitted). Here, the YayYo Defendants cannot meet that burden.  They have never stated that discovery of the requested documents and information should not be allowed – they have simply not provided it.

Despite the impending October 5 trial date, Plaintiffs agreed in good faith, and in the spirit of compromise, to provide Defendants extra time to respond to the RFPs.  The parties in this Action entered into an agreement by which Defendants could respond two weeks after the Court's decision on Defendants' then-pending FRCP 12(c) motion under certain conditions, including that they "make a good faith effort to begin a significant rolling production in conjunction with your responses/objections[.]"  David Dec. at ¶¶10-16.  The Court denied the FRCP

8

12(c) motion in its entirety on July 2, 2021. WestPark is the only defendant who made any production of documents on July 16, 2021.

During a July 16, 2021 meet-and-confer, counsel for YayYo stated he expected to have documents to Plaintiffs the following week. Those documents never arrived and repeated requests for updates have been ignored. David Dec. at ¶¶10-16.

Similarly, the YayYo Defendants have not provided requested information. They have (i) not informed Plaintiffs whether they are permitted to accept service on behalf of certain individuals identified on their May 25 Initial Disclosures as being individuals that must be contacted through YayYo defense counsel; (ii) failed to provide custodian information, despite stating they would provide that information on July 16, 2021; and (iii) have not provided requested information regarding the preservation of documents. Moreover, as detailed in the David Decl. at ¶¶25-29, 33, Plaintiffs have real concerns about when and how the efforts to preserve documents were undertaken, especially with counsel for Defendants having already advised counsel for Plaintiffs that a member of the YayYo Board of Directors at the time of the IPO has looked and simply has not a single document relevant to Plaintiffs' claims.

In order for this case to proceed to trial on October 5, 2021—the date set by Judge Wilson—Plaintiffs proposed pre-trial deadlines to Defendants. The YayYo Defendants have refused to agree to the dates. Nevertheless, knowing that an

9

August end to fact discovery is necessary given the time needed for follow-up writtten discovery, depositions and then any summary judgment motion, Plaintiffs have been diligently forging ahead.  They have been frequently attempting to gain information from Defendants.  They have been serving all third-party discovery possible without first hearing from Defendants.

Plaintiffs are fulfilling their obligations and operating in good faith.  It is unfortunate, but necessary, that it will take a Court order for Defendants to do the same.

## IV.    **NOTICE OF THIS APPLICATION WAS PROVIDED**

As set forth in the attached David Dec., prior to filing the instant application with the Court, Plaintiffs' counsel contacted Defendants' counsel about the requested relief.  (David Dec. ¶¶ 34-36.)  Counsel for YayYo has informed me he will be opposing this application.

## V.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order compelling the production of document and information, as requested.

DATED: July 27, 2021

**POMERANTZ LLP**
By: */s/ Cara David*
Cara David
(admitted *pro hac vice*)
600 Third Ave., 20th Fl.
New York, NY 10016
(212) 661-1100
cdavid@pomlaw.com

10

*EX PARTE* APPLICATION TO COMPEL PRODUCTION    Case No. 2:20-cv-02319-VAP-PJW

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Lead Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

11