**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for Plaintiffs*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## CENTRAL OF CALIFORNIA

| | |
|---|---|
| IN RE YAYYO, INC. SECURITIES LITIGATION | **Case No. 2:20-cv-08235-SVW-AFM**<br><br>**DECLARATION OF CARA DAVID IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION** |

I, Cara David, hereby declare as follows:

1.       I am Of Counsel at the law firm of Pomerantz LLP ("Pomerantz"), counsel for Lead Plaintiff Bernard Bednarz and Plaintiff William Koch (collectively "Plaintiffs"), and have personal knowledge of the facts set forth herein.  I make this Declaration in support of the instant application for a preservation order applicable to RideShare Rental, Inc. (previously known as YayYo, Inc. and now known as EvMo, Inc., "YayYo") and the Individual Defendants (collectively, the "YayYo Defendants," with WestPark Capital, "Defendants").[1]

2.       On January 8, 2021, Judge Wilson set a trial date of July 27, 2021. However, at the request of Defendants, the parties applied for a temporary stay pending an early mediation. On April 8, 2021, upon application by the parties, the Court issued an order adjourning all deadlines pending early mediation (the "Order").  (ECF No. 68.)

3.       Under the Order, if the mediation proved unsuccessful, Plaintiffs were to "promptly schedule Rule 26(f) conferences with the remaining Defendants and proceed expeditiously with the litigation."  (*Id.*)

4.       The mediation, which took place on Thursday, April 29, 2021, was unsuccessful.  The following day, I reached out to then counsel for YayYo and the Individual Defendants, George Newhouse of Richards Carrington, and WestPark Capital,

---

[1] The Individual Defendants are Ramy El-Batrawi, Jonathan Rosen, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Harbant S. Sidhu and Paul Richter.

1

DECLARATION OF CARA DAVID IN SUPPORT OF APPLICATION TO COMPEL
Case No.  2:20-cv-08235-SVW-AFM

Inc., Julie E. Kamps, to schedule the Rule 26(f) conference. (Plaintiffs are in the process of settling the case with the other Defendant in this litigation, Aegis Capital Corporation.)

5. The Rule 26(f) conference took place on May 11, 2021. As detailed in Plaintiffs' Ex Parte Application for Preservation Order as to YayYo and the Individual Defendants (ECF No. 76), I wanted to discuss "any issues about disclosure, discovery, or preservation of electronically stored information[.]" However, Mr. Newhouse (then sole counsel for YayYo and the individuals named in the action) represented that he could not discuss any discovery issues. He represented that this was because he had done no research on his clients' document systems or sources. He said he had not "dug into it." He did not even know which of the Individual Defendants had company email addresses beyond Mr. El-Batrawi.

6. On May 25, 2021, the parties filed a Joint Report Pursuant to FRCP 26(f) (the "Joint Report"). Because of the upcoming trial date, the proposed deadlines and dates were extremely ambitious.

7. Plaintiffs served their first Request for Production of Documents on May 26, 2021. Because of a numbering problem, an identical, though re-numbered, revised set was served May 27, 2021. Defendants' responses and objections were due on June 26, 2021 (the "Responses").

8. On May 27, 2021, Judge Wilson reset the trial date in this action until October 5, 2021.

9.      During a June 2 meet and confer, Mr. Newhouse informed me that Larson LLP had been retained to co-represent the Company with him because they were better able to "handle discovery" in the matter.

10.     On this meet and confer, Mr. Newhouse asked if I would be amenable to an extension of Defendants' deadline to serve Responses because of Defendants' pending FRCP 12(c) Motion on the Pleadings.  (Mr. Newhouse was hoping he would win all or part of Defendants' motion, thereby at least narrowing the case.)  I told him I would consider his proposal and get back to him.

11.     The following day, I emailed him to tell him and Ms. Kamps to tell them that Plaintiffs would be amenable to waiting until two weeks after the Court's decision on the YayYo Defendants' FRCP 12(c) motion under certain conditions, including that they "make a good faith effort to begin a significant rolling production in conjunction with your responses/objections[.]"

12.      Mr. Newhouse never confirmed the arrangement.

13.     On June 21, 2021, I had my first meet and confer with a representative from Larson LLP, R.C. Harlan.  Mr. Newhouse was also on the meet and confer.  Mr. Harlan asked if we would be amenable to an extension on the Responses and we discussed my prior proposal.  Mr. Newhouse said he would agree to it.  Mr. Harlan stated he would confer with his client and get back to me.

14.     It is my understanding that Mr. Newhouse represents the Individual Defendants.  Larson LLP is head counsel for YayYo, but Mr. Newhouse continues to co-represent the Company.

15.     We also discussed proposed new pre-trial deadlines that I had previously sent to Defendants.  Plaintiffs developed these in light of the new October 5, 2021 trial date.  The dates included a fact discovery cutoff date of August 20, which would allow time for summary judgment briefing.  Mr. Harlan told me he would get back to me, but that Defendants planned to move the Court for a later trial.  Defendants never filed that motion, but have continued to refuse to set pre-trial deadlines.

16.     On June 24, 2021, Mr. Harlan confirmed the agreement between the parties that, in return for an extension on the due date of the Responses, YayYo would "make a good faith effort to begin a significant rolling production in conjunction with your responses/objections[.]"

17.     On July 2, 2021, the Court denied Defendants' FRCP 12(c) motion in its entirety.  Therefore, the Responses were due on July 16, 2021.  Along with the Responses, Defendants were to make a good faith effort to make a significant production on that date.

18.     Neither Mr. Harlan nor Mr. Newhouse told me in advance of July 16, 2021 that they would be making no production on that day.  This was true even though I sent multiple emails indicating Plaintiffs were expecting the rolling production to commence on that day.

19. On a meet and confer on July 16, 2021, Mr. Harlan told me he had not obtained documents for production yet, but was working with the client to make a production early the following week. Mr. Newhouse had not gathered documents and would not confirm when any of the Individual Defendants would be producing documents.

20. During this meet and confer, Mr. Harlan made a good faith attempt to inform me to the best of his knowledge about YayYo's document systems. He stated he had yet to learn everything, but provided what information he said he did know. Mr. Newhouse would tell me nothing about the Individual Defendants' documents. I reiterated the same questions I had asked on May 11 at the Rule 26(f) conference – questions about sources of information and retention of documents. Mr. Newhouse still provided no information with regards to his clients.

21. Mr. Harlan informed me that he would send over proposed custodians later that afternoon. We also discussed search terms and we agreed he would get back to me when he saw the volume of documents and whether search terms would even be required in their review.

22. Additionally, we discussed whether Mr. Harlan or Mr. Newhouse would accept service via email for certain people identified on Defendants' Initial Disclosures, served May 25, 2021. YayYo had stated that these individuals were to be contacted through YayYo counsel and provided EvMo, Inc. (which is the new name of YayYo) as their addresses and phone numbers. I had previously tried to obtain this information via

email.  Plaintiffs have drafted subpoenas duces tecum for these individuals – some of whom we have what we believe are current addresses for – but once we are told to contact them through counsel, we believe the ethical thing to do is that.

23.    During the course of the conversation, it became clear that neither Mr. Harlan nor Mr. Newhouse (who was sole counsel for YayYo and the Individual Defendants when the Initial Disclosures were issued) had asked those individuals about service.  Mr. Newhouse said he would get back to me.

24.    Later on July 16, 2021, Plaintiffs received documents from WestPark along with WestPark's objections and responses.  Since then, I have had meaningful discussions with WestPark's counsel about custodians, search terms and productions.

25.    On July 16, 2021, Defendants only served the Responses and did not make any production.  On Monday July 19, 2021, I wrote to Defendants about the many items that needed follow-up after our call the prior Friday.  I included in that email that Mr. Harlan was (i) supposed to supply custodians and documents; and (ii) let me know whether there was any automatic deletion policy that would impact YayYo's production. I also included requests that Mr. Newhouse (i) follow-up with me by Wednesday as to whether individuals listed in Defendants' Initial Disclosures could indeed be contacted and served via YayYo counsel; and (ii) provide information with regard to the Individual Defendants electronic document sources.  *See* Exhibit A.

26.    Mr. Newhouse responded refusing to provide detailed information about the Individual Defendants' document sources.  (Plaintiffs have since served interrogatories on this topic.)

27.    Mr. Harlan responded on Wednesday, July 21, 2021, that they were in "the process of contacting" individuals identified on the Initial Disclosures as needing to be contacted through YayYo counsel to see if those individuals would allow them to accept service of the third party subpoenas.  He stated he would update me as soon as he heard from them.  I have heard nothing further.

28.    I also never received any production.  I never received any custodian information.

29.    In order to avoid burdening the Court, I emailed Defendants again Thursday night, July 22, 2021, providing Defendants another 24 hours to inform me of certain time sensitive matters. I reminded Defendants of the upcoming trial date and asked them to do the following:

1)  Inform me of whether I can expect to see a significant production from each of your clients by July 28. You previously committed to making a good faith effort to provide a significant production by July 16. On last Friday's meet and confer, RC, you said on behalf of the Company you expected to make a production early this week. I have not received anything.

2)  If you are not making a production by July 28, please inform me of the date you intend to begin producing

documents. Additionally, please let me know the date you believe your production will be completed.

3) RC, please let me know the custodians which you propose seeking responsive information from. This is information you said last Friday you would send me later that afternoon. I still do not have this information.

4) Please let me know whether there is any issue with regard to the preservation of requested information during the relevant time period requested in the RFPs. This is information that I attempted to obtain during the 26(f) conference in May. Part of 26(f) calls for the parties to discuss "***any issues about disclosure, discovery, preservation of electronically stored information***[.]" We were unable to have that discussion during the 26(f) conference in May or last Friday because of your lack of knowledge about your clients. I am still waiting for responses.

5) Please let me know correct contact information for all individuals listed on your Initial Disclosures, issued in May. RC, I know you represented you were trying to confirm with the shareholders if you could accept service. If not, please provide their contact information and we will attempt to serve them personally. (We of course reserve our rights regarding any prejudice the delay of not having their correct contact information in May may have caused or will cause.)

*See* Exhibit A.

30.    I noted that there were more outstanding issues, but these were the ones we truly needed answers to promptly.  I informed Defendants that we may need to seek relief from the Court if they did not respond.  I received no response.

31.    Plaintiffs have been diligently trying to proceed with this litigation.  We have requested meet and confers.  We have kept in touch with Defendants.  We have served all the third-party discovery we can without hearing from Defendants – approximately ten third party subpoenas have gone out for service.

32.    Defendants have simply not been complying with their discovery obligations.  For a trial that is just over two months away, they have produced no documents to in response to our RFPs served on them months ago, nor have they given set dates in which they will begin and end production.  Indeed, the dates they previously agreed to begin their production have since transpired with not a single document having yet been produced.

33.    On July 26, 2021, I received an email from Mr. Newhouse that he was hoping to begin a rolling production from the Individual Defendants this week, though claiming to have heard from one of the outside directors who is a member of the YayYo Board of Directors (and was also a member of the Board of Directors during the time of its IPO) that he had not a single document pertinent to this lawsuit.

34.    When I called to orally notify Mr. Harlan of this application, as required under the Local Rules, he told me that he was planning on emailing later today and beginning production of documents this week.  I reminded him that he told me on July

16, 2021 that we would be getting documents early the following week and custodian information that very day.  He said he knew, but assured me he would send me an emailing later today and did not believe this application was necessary.  He would not agree to set even a soft date as to when document discovery will be completed.  He will be opposing this application.

35.    I called Mr. Newhouse, but received a message stating his voicemail box was full. I followed up by email before filing this application.

36.    I do not have faith without a Court order we will receive the necessary information in a timely manner.  The YayYo Defendants have again and again agreed to things that they have not followed through on.  It is nearing the end of July and we have not one document from the company at the center of this litigation.

37.    Plaintiffs are completely paralyzed by Defendants' failure to comply with their obligations.  The YayYo Defendants have expressed to me multiple times their intent to delay the trial, but have never motioned the Court for that relief.  (Plaintiffs would oppose such a motion.)  To accomplish that goal, they seem to have taken it upon themselves to delay their discovery obligations.  Not only have the YayYo Defendants not produced a single document – despite agreeing to make a good faith attempt to make a significant rolling production by July 16, 2021 and then later stating I could expect some documents early last week – but they are also limiting our ability to serve third party subpoenas on individuals identified on their Initial Disclosures.

38.    This is a situation that calls for extraordinary, and immediate, relief. Plaintiffs have been asking the YayYo Defendants about documents since May. The YayYo Defendants know that a trial date is set and discovery must commence, but they simply are flouting their obligations. Plaintiffs are being significantly prejudiced. This is not a motion that can occur with a stipulation on a normal motion schedule – with the looming trial deadline, the YayYo Defendants must begin complying with their discovery obligations immediately.

39.    Plaintiffs are asking the Court to order the YayYo Defendants produce documents and information in accordance with a planned August end date for fact discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

Executed on July 27, 2021, at New York, New York.

*/s/ Cara David*
Cara David

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 27, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Cara David*
Cara David