# EXHIBIT A

## Cara David

**From:** Cara David
**Sent:** Thursday, July 22, 2021 9:55 PM
**To:** George B. Newhouse, Jr.; R.C. Harlan; Julie Kamps; Daniel  R. Lahana
**Cc:** Stephen G. Larson
**Subject:** RE: YayYo Meet and Confer follow-up

RC and George,

We have a trial date, set by the Court, of October 5. I have attempted multiple times to meet and confer and gain information with regard to your clients. My clients are being prejudiced by your failure to comply with your discovery obligations. By end of day tomorrow please do the following:

1) Inform me of whether I can expect to see a significant production from each of your clients by July 28. You previously committed to making a good faith effort to provide a significant production by July 16. On last Friday's meet and confer, RC, you said on behalf of the Company you expected to make a production early this week. I have not received anything.
2) If you are not making a production by July 28, please inform me of the date you intend to begin producing documents. Additionally, please let me know the date you believe your production will be completed.
3) RC, please let me know the custodians which you propose seeking responsive information from. This is information you said last Friday you would send me later that afternoon. I still do not have this information.
4) Please let me know whether there is any issue with regard to the preservation of requested information during the relevant time period requested in the RFPs. This is information that I attempted to obtain during the 26(f) conference in May. Part of 26(f) calls for the parties to discuss "***any issues about disclosure, discovery, preservation of electronically stored information***[.]" We were unable to have that discussion during the 26(f) conference in May or last Friday because of your lack of knowledge about your clients. I am still waiting for responses.
5) Please let me know correct contact information for all individuals listed on your Initial Disclosures, issued in May. RC, I know you represented you were trying to confirm with the shareholders if you could accept service. If not, please provide their contact information and we will attempt to serve them personally. (We of course reserve our rights regarding any prejudice the delay of not having their correct contact information in May may have caused or will cause.)

There are other outstanding issues, but these are the most time sensitive. I have been proceeding in good faith. WestPark has been the only party on the other side that has been providing necessary documents and information. If we do not receive documents and information from your clients, we will seek court intervention as soon as practicable. I continue to hope that we can work out these issues amongst ourselves, but I am losing faith in that regard.

Thank you,

Cara

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044

cdavid@pomlaw.com

---

**From:** Cara David
**Sent:** Wednesday, July 21, 2021 3:24 PM
**To:** George B. Newhouse, Jr. <george@richardscarrington.com>; R.C. Harlan <rcharlan@larsonllp.com>; Julie Kamps <jkamps@wpcfs.com>; Daniel R. Lahana <dlahana@larsonllp.com>
**Cc:** Stephen G. Larson <slarson@larsonllp.com>
**Subject:** RE: YayYo Meet and Confer follow-up

Before we go on, I've corrected my typo below. And I also want to ask – does anyone (other than Julie) have answers to any of my other questions?

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

---

**From:** Cara David
**Sent:** Wednesday, July 21, 2021 3:22 PM
**To:** George B. Newhouse, Jr. <george@richardscarrington.com>; R.C. Harlan <rcharlan@larsonllp.com>; Julie Kamps <jkamps@wpcfs.com>; Daniel R. Lahana <dlahana@larsonllp.com>
**Cc:** Stephen G. Larson <slarson@larsonllp.com>
**Subject:** RE: YayYo Meet and Confer follow-up

George – these are basic questions that are asked during a 26(f) conference and prior to discovery. We are already in the midst of discovery. If you do not want to answer basic questions, I will serve interrogatories this week with regard to document systems.

I believe you have already responded to the RFPs, as those responses were due. So I'm not sure what you are saying here?

In response to your question – because I do answer questions when they are asked – you indicated in the initial disclosures that they are to be contacted through you and you provide ONLY the EvMo address for them. With Initial Disclosures you are required to provide an address and telephone number of each person that will have discoverable information. If you read notes on this – and court opinions – you will find that it was done so a party could seek out that information. The address you provided to contact them at was EvMo but now I'm hearing they may not be able to be contacted at EvMo but you provided no other information as to them.

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

2

**From:** George B. Newhouse, Jr. <george@richardscarrington.com>
**Sent:** Wednesday, July 21, 2021 3:13 PM
**To:** Cara David <cdavid@pomlaw.com>; R.C. Harlan <rcharlan@larsonllp.com>; Julie Kamps <jkamps@wpcfs.com>; Daniel R. Lahana <dlahana@larsonllp.com>
**Cc:** Stephen G. Larson <slarson@larsonllp.com>
**Subject:** RE: YayYo Meet and Confer follow-up

Counsel.  This is not a game of 20 questions.  I have responded, in good faith, to your questions and have provided an assurance that my individual clients are working on producing relevant documents in their possession, custody and control, subject to the objections that Company counsel made on each party's behalf.  When I have answers and/or specific responses to the RFP's to provide, that will happen.  We are dealing with seven individuals (not businesses) located in diverse portions of the USA during times of Covid-19.  The clients will respond as quickly and as completely as they can.  That is all I have to say at the moment.

I do have a question regarding your assertion that "[YayYo's] Initial Disclosures stated that several shareholders should be served c/o of Evmo and contacted through counsel."  You are correct that we asked that such persons be "contacted through counsel" as it would be an ethical violation to contact an employee or representative of a client who is represented by counsel and that is why we asked that you "contact such persons through counsel."  Nowhere in the Initial Disclosures, however, is there any indication that the shareholders can be served through counsel.  Am I missing something?  Please advise the basis of this statement.

Thanks

_____
George B. Newhouse, Jr.
**RICHARDS CARRINGTON, LLC**
545 S. Figueroa Street, Seventh Floor
Los Angeles, California 90012
P. 213-348-9016
www.richardscarrington.com



Confidentiality Notice and Disclaimer: The information contained in this email may contain privileged and/or confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or other use of this email is strictly prohibited. If you have received it in error, please immediately inform the sender and delete this message. Although this email and any attachments are believed to be free of any virus or other defect that might adversely affect the recipient computer system, it is the responsibility of the recipient to ensure it is virus free and no responsibility is accepted by Richards Carrington LLC for any loss or damage arising in any way from its use.

**From:** Cara David <cdavid@pomlaw.com>
**Sent:** Wednesday, July 21, 2021 11:45 AM
**To:** George B. Newhouse, Jr. <george@richardscarrington.com>; R.C. Harlan <rcharlan@larsonllp.com>; Julie Kamps <jkamps@wpcfs.com>
**Subject:** RE: YayYo Meet and Confer follow-up

Thanks, George.

RC—The Company and all the Individuals and WestPark served initial disclosures on May 25 (attached for reference) that were signed by George on behalf of: "Defendants YayYo, Inc. (now known as EvMo, Inc.), Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, Douglas Mox, Christopher Miglino, Jonathan Rosen, John P. O'Neill, Paul Richter, Stephen Sanchez. Jointly served on behalf of WestPark Capital, Inc. with authorization of Counsel for Westpark"

Those Initial Disclosures stated that several shareholders should be served c/o of Evmo and contacted through counsel. On Friday's meet and confer I was told that George was following up, now I am being told that you are following up. Can you please update me on this information?

With regard to #4, George, you have still not provided any information with regard to computer systems, text messages, etc. You will note RC and Julie have answered these questions with respect to their clients. Will you provide the information I asked for both verbally and in the originally email?

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

---

**From:** George B. Newhouse, Jr. <george@richardscarrington.com>
**Sent:** Wednesday, July 21, 2021 2:37 PM
**To:** Cara David <cdavid@pomlaw.com>; R.C. Harlan <rcharlan@larsonllp.com>; Julie Kamps <jkamps@wpcfs.com>
**Subject:** RE: YayYo Meet and Confer follow-up

Good morning.  Here is what I have with respect to Nos. 3 & 4:

3.  RC will have to respond to this request, as he represents the company going forward.  The "shareholders" who were listed in the 26(a) Disclosures are not my clients, and I do not have authority to accept service on their behalf.  They are not parties to the case.
4.  I disagree with you about your characterization of our Rule 26(f) conference.  I have reached out to all of my  "individual" clients and advised them of the document requests, and each is working on it now.  I do not have  a precise date when we will be able to begin producing documents but it will be on a rolling basis.  Each of my clients has been advised regarding their duty to preserve  documents or other items that may be responsive to the RFP's.  At this juncture I have no obligation to advise you about my client's "computer systems".  These are individuals, not businesses per se and it is unclear what information you seek from my clients in that regard, and for that matter your authority underlying such requests.

_____
George B. Newhouse, Jr.
**RICHARDS CARRINGTON, LLC**
545 S. Figueroa Street, Seventh Floor
Los Angeles, California 90012

P. 213-348-9016
www.richardscarrington.com



Confidentiality Notice and Disclaimer: The information contained in this email may contain privileged and/or confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or other use of this email is strictly prohibited. If you have received it in error, please immediately inform the sender and delete this message. Although this email and any attachments are believed to be free of any virus or other defect that might adversely affect the recipient computer system, it is the responsibility of the recipient to ensure it is virus free and no responsibility is accepted by Richards Carrington LLC for any loss or damage arising in any way from its use.

**From:** Cara David <cdavid@pomlaw.com>
**Sent:** Wednesday, July 21, 2021 10:59 AM
**To:** R.C. Harlan <rcharlan@larsonllp.com>; Julie Kamps <jkamps@wpcfs.com>; George B. Newhouse, Jr. <george@richardscarrington.com>
**Subject:** RE: YayYo Meet and Confer follow-up

Checking in on any of the below.

With regard to 3&4, these are outstanding issues since May. Under the federal rules Company counsel signed the Initial Disclosures certifying that the information was complete and correct and issued after a reasonable inquiry. Those Disclosures stated the shareholders could be contacted through Company counsel. Please confirm this is still true or update your Initial Disclosures. Our clients are being prejudiced by this delay and you have offered no excuse for it.

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

**From:** Cara David
**Sent:** Monday, July 19, 2021 4:39 PM
**To:** R.C. Harlan <rcharlan@larsonllp.com>; Julie Kamps <jkamps@wpcfs.com>; george@richardscarrington.com
**Subject:** YayYo Meet and Confer follow-up

RC, George and Julie,

Understanding you have a filing today, and might not review this until tomorrow, I send you some follow-up from our call on Friday.

1) I'm attaching a draft e-discovery protocol. As I noted on the phone, in my career when there has not been an ESI protocol, it caused a good amount of dispute. So I hope we can get a protocol entered into. That said, as long as you produce documents with metadata intact as kept in the ordinary course, we can hopefully avoid motion practice. I'm of course reserving our rights in that regard. (Julie, I have yet to review the documents you sent over, but I'll call you if there is anything to discuss on that front.)

5

2) RC, you are getting back to me (after you see what the 3rd party provider has provided) on whether there was any automatic deletion policy in place or whether there are documents retained for the full time period. You're also sending over documents, custodians and, thereafter, search terms.

3) George, you are confirming for me, as you previously reported in the Initial Disclosures in May, that the shareholders named in the Initial Disclosures can indeed be contacted through Company counsel. For each person who cannot be contact through Company counsel, I reiterate my request that you provide updated contact information by Wednesday.

4) George, additionally, you still did not have complete information about your clients' document systems. I first asked about this on our 26(f) conference on May 11. For each of the individual defendants, please let me know, for the time period covered by the RFPs, (i) any email addresses they used to conduct any YayYo-related business, (ii) any computer or computer system that might contain YayYo-related documents, (iii) whether they ever used text messages to conduct YayYo-related business, and (iv) whether they ever used a messaging system to communicate about YayYo-related business. Please confirm that each of these sources of information is being preserved and will be searched for responsive documents. If these sources of information have not been preserved, please inform me. Additionally, if they have not been preserved, please tell me when you have documents from and until. For example, if Harbant Sidhu used text messages and only has his text messages from August 2020 to now, please inform me of that. These are all things you should have been ready to discuss at our 26(f) conference, as I noted then. Please provide all relevant information by Wednesday.

Topics not discussed on our call on Friday that I want to raise:

1) RC—As I noted late on Friday, I believe you responded to an outdated version of the RFPs. There was a problem with numbering due to inconsistent automatic coding (technology gone awry) and we reissued them. Julie responded to the correct version. I do not believe you did. I believe the only change made upon that reissue was the request numbering, but you may want to verify.

2) I'd like to meet and confer with regard to the YayYo Defendants responses and objections to the RFPs. I'm mostly available Wednesday and early next week if you want to throw out some times. (Julie, I'm going to review your documents first.)

3) We need to start noticing depositions for August. Can you get me some availability for all your clients? If we could have some ranges of availability for each client that would be helpful. Vacations often make scheduling such things in August difficult, so I want to be sure each of them have some availability, so we can coordinate around each other if necessary.

Thank you,

Cara

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

6