George B Newhouse, Jr. (SBN 107036)
**RICHARDS CARRINGTON**
545 S. Figueroa Street, 7th Floor
Los Angeles, CA 90071
Tele: (213) 348-9016
Fax:  (213) 348-9017
Email: george@richardscarrington.com

Attorneys for Defendants, Yayyo, Inc., Ramy El-Batrawi,
Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino,
Paul Richter, and Harbant S. Sidhu

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE YAYYO, INC. SECURITIES LITIGATION | **No. 2:20-cv-08235- SVW (AFMx)**<br><br>**DEFENDANTS OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO COMPEL PRODUCTION OF DOCUMENTS; DECLARATION OF GEORGE B. NEWHOUSE, JR.** |

Defendants Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Paul Richter, and Harbant S. Sidhu (collectively, "Individual Defendants"), by and through their counsel of record, hereby oppose Plaintiff's *ex parte* application for an order  to compel production of documents and information.  Defendants submit that the *ex parte* application is both unnecessary and in violation of the Local Rules that expressly provide a procedure (Local Rule 37) to resolve discovery disputes, which rules Plaintiffs have flouted here by filing this application without cause or supporting exigency.  This is nothing more or less, than a discovery motion, and an unnecessary one at that.  The *ex parte* application should be denied and the Court should impress upon Plaintiff's counsel that the Local Rules need to be followed.  This opposition is comprised of the attached Declaration of George B. Newhouse, Jr. and the opposition to be filed by YayYo, Inc., in which we join.

Dated: July 28, 2021

Respectfully submitted,

By: /s/ *George B. Newhouse, Jr*

George B. Newhouse, Jr.
Attorneys for Defendants

**<u>DECLARATION OF GEORGE B. NEWHOUSE, JR.</u>**

I, George B. Newhouse, Jr., hereby declare as follows:

1.      I am an attorney at law duly licensed to practice in the Central District of California and before the courts in the State of California.  I was counsel of record for Defendants YayYo, Inc. (now known as "EvMo") and continue to represent the individual defendants, Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Paul Richter, and Harbant S. Sidhu (collectively "Individual Defendants").  I have personal knowledge of the following facts and could testify competently concerning these facts if called to do so.

2.      The Amended Complaint ("AC") which was filed on February 8, 2021, is a purported class action on behalf the purchasers of the common stock of YayYo, Inc. (now known as "EvMo" or "YayYo") for alleged false statements and/or material omissions "traceable to the registration statement and related prospectuses . . . issued in connection with YayYo's November 13, 2019 initial public offering (the 'IPO'),  in violation of the Securities Act of 1933" and purchasers of YayYo stock during the period from November 13, 2029 until April 28, 2020 under "under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5.  Amended Complaint, ¶1.

3.      Discovery commenced on or about May 28, 2021 – only weeks ago.

4.      There are a number of false statement in the Declaration of Cara David filed in support of the *ex parte* application.  I will not detail all of them there, as most of the misstatement are not relevant to the discovery dispute and would otherwise prove to be a needless distraction.  It is untrue, however, that during the Rule 26(f) conference that took place on May 11, 2021, I refused to discuss "any discovery issue" or that I stated I had done no "research on my clients' document systems or sources."  The only issue that we discussed, to the best of my recollection, was whether my individual clients were likely to still have access to text messages (going back to the IPO in November 2019) as most smart phone texting systems are set for

automatic deletion after 30 days.  That led to counsel's first *ex parte* application for immediate issuance of a preservation order which the district court did not grant.

5.     Plaintiffs served their first Request for Production of documents on May 27, 2021, and at that juncture I advised my corporate client, EvMo, Inc., to engage the services a larger and well-respected law firm, Larson LLP, to come in so additional resources could be brought to bear in responding to a very large and overbroad set of discovery requests.  The Larson firm was engaged at some point in June 2021, and there was of course some "startup" time.

6.     Plaintiff's motion for class certification was filed on July 2, 2021, and is being opposed by Defendants.  The court has set a hearing date on the motion for class certification for August 16, 2021.

7.     The court has set a trial date of October 5, 2021, but counsel for the Defendants have repeatedly assured Plaintiff's that we will not oppose an application to continue the trial so an orderly discovery process may be completed.  We have also commenced the process of searching for and reviewing discovery on behalf of my various clients.  Contacting far flung individuals and coordinating their response in these times of Covid-19 involves complications and delays. These efforts, while made in good faith, will require some time to complete.  We have held numerous conferences with Plaintiff's counsel to discuss such issues.  Until I was notified of this ECF filing on July 27, 2021, however, I had no idea that there was even a discovery dispute with plaintiff's counsel.  No idea.

8.     At no point did opposing counsel contact me to schedule or hold a Rule 7-3 conference in order to discuss Plaintiff's concerns over the progress of discovery, a conference which I am confident would have obviated the inconvenience of getting the Court involved at all.

9.     As the Court is well aware *ex parte* applications are not intended to be a substitute for a discovery motions, itself governed by Local Rule 37, but rather are limited to "extraordinary relief."  All counsel practicing law in this district know "that

4

this Court allows *ex parte* applications solely for extraordinary relief" and that sanctions may be imposed for misuse of *ex parte* applications. *See In Re: Intermagnetics America, Inc.*, 101 Bankr. 191 (C.D. Cal. 1989)."

10.     For the foregoing reasons, the instant *ex parte* application should be denied.  Plaintiff's counsel should be encouraged to follow the Local Rules even if they find such rules inconvenient or cumbersome.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.   Executed on July 28, 2021.

*/s/ George B. Newhouse, Jr.*
George B. Newhouse, Jr.