Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
R.C. Harlan (SBN 234279)
*rharlan@larsonllp.com*
Paul A. Rigali (SBN 262948)
*prigali@larsonllp.com*
Daniel R. Lahana (SBN 305664)
*dlahana@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Tel.:(213) 436-4888 / Fax: (213) 623-2000

Attorneys for Defendants EvMo, Inc.
(formerly known as YayYo, Inc.)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE YAYYO INC. SECURITIES LITIGATION, | Case No. 2:20-cv-08235-SVW (AFMx) [Assigned to the Honorable Stephen V. Wilson] |
| | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION** |
| | Trial Date: October 5. 2021 |

## I.    **INTRODUCTION**

Plaintiffs Bernard Bednarz and William Koch's ("Plaintiffs") *Ex Parte* Application to Compel Production of Documents and Information should be denied because Plaintiffs failed to adequately meet and confer, they violated the Local Rules, their arguments lack merit, and is a waste of the Court's time and resources. Plaintiffs argue Defendants should be compelled to immediately produce documents in response to their broad document demands in the instant pending securities class action, despite Defendants having informed Plaintiffs that Defendants are in the process of compiling and reviewing the very documents they seek.  Plaintiffs are apparently upset because all documents have not yet been produced, despite discovery only having been open in this matter for the last eight weeks.  Plaintiffs' *ex parte* application is simply a discovery motion in disguise—a minor one to boot—which is improper under the Local Rules and Judge Wilson and Judge MacKinnon's posted procedures, which explicitly state *ex parte* applications are only for extraordinary relief—not an avoidable discovery issue where Plaintiffs utterly failed to meaningfully meet and confer.  Plaintiffs' manufactured emergency does not warrant extraordinary *ex parte* relief.

As to the substance, discovery in this action began only eight weeks ago. Defendants responded to Plaintiffs' initial discovery requests less than two weeks ago. In that time, Defendants provided substantive responses, informed Plaintiffs on multiple occasions regarding the status of Defendants' collection and review of information relevant to discovery, and updated Plaintiffs regarding Defendants' document production per the parties' agreement that Defendants would be producing documents on a rolling basis. Considering the scope of Plaintiffs' document requests, Defendants have been working diligently and in good faith to comply with their discovery obligations.  Plaintiffs point to the October 5 trial date as the reason for the emergency, but there is no discovery cutoff in this matter, and while time is clearly of the essence, Defendants are working as diligently as they

1

can to produce responsive, non-privileged documents to Plaintiffs as soon as possible.  If those documents are fully produced by the end of August—which Defendants are working diligently to accomplish—Defendants will have taken only three months to collect, review, and produce documents in response to broad discovery requests in a federal securities class action.  Such a feat would be unprecedented.  Given these efforts of Defendants, there is simply no emergency here, and Plaintiffs' *ex parte* application should be denied.

## II.    ARGUMENT

### A.    Plaintiffs' Failed to Adequately Meet and Confer

Plaintiffs provided notice of their intention to file their *ex parte* application via phone call two hours before filing. During the call, Plaintiffs' counsel did not specify the discovery issues Plaintiffs want Defendants to address—other than Plaintiffs want documents produced now—which prevented Defendants' counsel from meaningfully responding to Plaintiffs' purported issues. Harlan Decl. ¶ 5. Defendants' counsel informed Plaintiffs that Defendants were preparing a written letter response to Plaintiffs' recent email inquiries, which Defendants' counsel sent that same day. *Id.* ¶ 10. Defendants' counsel requested that Plaintiffs' counsel not file the *ex parte* application until Plaintiffs' counsel reviewed Defendants' letter, but Plaintiffs still filed their *ex parte* application. *Id.* ¶ 11.

Plaintiffs' *ex parte* application violates Local Rule 37-1, which sets forth the procedure for "filing any motion relating to discovery under F.Rs.Civ.P. 26-37" and requires the parties to "confer in a good-faith effort to eliminate the necessity for hearing the motion." C.D. Cal. Local Rule 37-1 In fact, Local Rule 37-1 requires a meet and confer letter be sent identifying each issue or discovery request in dispute. *Id.* ("The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.")

Here, no such letter was provided and Plaintiffs' failure to even adequately explain to Defendants the purported dispute over the phone denied Defendants the opportunity to "confer in a good-faith effort to eliminate the necessity for hearing the motion" prior to Plaintiffs' filing. *Id.*

Moreover, Plaintiffs' actions demonstrate they are not acting in good faith, as there is not even a discovery "dispute."  Plaintiffs are not quibbling with any of Defendants' substantive discovery responses.  Instead, Plaintiffs merely seek immediate production of documents, which is not realistic given the scope of their requests and the number of documents involved. Rather, Plaintiffs seek to drive up Defendants' costs by forcing Defendants to respond to frivolous motions. Had Plaintiffs proceeded in good faith and fulfilled their obligations under the Local Rules, Defendants could have responded accordingly and engaged in a meaningful discovery conference with Judge MacKinnon rather than the instant unnecessary *ex parte* application which wastes the Court's time.

### B.    Plaintiffs Ignored the Local Rules and the Judges' Posted Procedures Governing *Ex Parte* Applications

Plaintiffs' *ex parte* application violates not only the Local Rules governing such applications but also Judge MacKinnon's and Judge Wilson's posted procedures regulating *ex parte* applications.

First, Local Rule 37-3 states that "no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice . . . ." C.D. Cal. Local Rule 37-3. Plaintiffs have made no showing of irreparable injury or prejudice, especially here, where there is no discovery cutoff set by the Court. Plaintiffs' chief complaint is that they have not received documents fast enough— despite their broad discovery requests having been served just weeks ago, and despite Defendants' frequent communications to Plaintiffs regarding the status of Defendants' document collection, review, and production. Harlan Decl. ¶¶ 8-10.

Second, Plaintiffs' *ex parte* application wholly ignores Judge MacKinnon's

and Judge Wilson's posted procedures. *See* U.S. Dist. Court Cent. Dist. Cal., *Honorable Alexander F. MacKinnon*, https://www.cacd.uscourts.gov/honorable-alexander-f-mackinnon ("Absent an emergency, ex parte applications are not an acceptable method of bringing a discovery dispute to the attention of the Court"); U.S. Dist. Court Cent. Dist. Cal., *Honorable Stephen V. Wilson*, https://www.cacd.uscourts.gov/honorable-stephen-v-wilson ("Counsel are advised that this Court allows ex parte applications solely for extraordinary relief - sanctions may be imposed for misuse of ex parte applications" (citing In re Intermagnetics Am., Inc., 101 B.R. 191 (C.D. Cal. 1989)). The Judges' posted procedures make clear that Plaintiffs' *ex parte* application to compel production of documents fails to show any emergency or extraordinary circumstances, and thus constitutes a misuse of the *ex parte* procedure, and warrants sanctions. Given Plaintiffs' blatant improper use of the *ex parte* process, Defendants request sanctions as set forth under C.D. Cal. Local Rule 37-4.

> **C.      Plaintiffs Failed to Demonstrate an Emergency Warranting *Ex Parte* Relief**

Even if Plaintiffs had complied with the Local Rules and meaningfully met and conferred, Plaintiffs have still failed to allege an emergency situation necessitating *ex parte* intervention by the Court. Plaintiffs fail to demonstrate why their minor discovery quibble is an emergency that allows them to "go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).

The only relevant deadline set by the Court in this case is the October 5, 2021 trial date. The Court has not set a discovery cutoff deadline, nor has the Court established any deadlines for summary judgment motions. Thus, aside from the trial date—there are no impending deadlines in this case that would require *ex parte* relief. This is especially true in light of the broad document demands Plaintiffs propounded just eight weeks ago.  Plaintiffs' counsel's own declaration makes clear

4

that this is nothing more than a manufactured emergency:  the sole exhibit to the declaration is an email chain beginning on July 19 and ending on July 22 (last week).  David Decl. ¶¶ 27-29.  Such delay would hardly require a discovery motion, let alone *ex parte* relief.  Plaintiffs' manufactured urgency for immediate production is further improper given that compiling, reviewing, and producing such documents quite simply takes time.

Next, Defendants have informed Plaintiffs that Defendants are in the process of compiling and reviewing documents to produce. Harlan Decl. ¶ 8.  Specifically, Defendant YayYo's technology administrator, Henrich Bari, is currently working with Defendants' third-party discovery vendor to access and upload the various email accounts of multiple YayYo custodians. *Id*. YayYo is also searching for "loose" files that may be responsive to Plaintiffs' discovery requests, which will be produced as soon as they have been reviewed. *Id.* Defendants have also informed Plaintiffs that they are authorized to accept service as to two of the shareholders identified by Plaintiffs as being potential targets of third party subpoenas. *Id.* All of the above occurred while Defendants' counsel, Larson LLP, was recently retained in late June and simultaneously prepared an Opposition to Plaintiffs' Motion for Class Certification—which Plaintiffs refused any extension of beyond one week, despite demanding two additional weeks to prepare their Reply. *Id.*

Plaintiffs' application falsely claims that Defendants agreed to produce documents by July 16, 2021, and cites to Plaintiffs' counsel's own email. David Decl. ¶ 16. Not so. Defendants agreed to provide their responses by that date— which they did—but they did not agree or represent that they could provide documents that same date, just that they would make a good faith effort to do so. Harlan Decl. ¶ 7.  And that is exactly what has occurred; Defendants have been working diligently and in good faith in order to comply with Plaintiffs' document demands. But compiling and reviewing documents, especially to Plaintiffs' broad document demands in the instant securities class action, is not instantaneous. While

5

LARSON LLP
LOS ANGELES

Defendants will continue to diligently compile, review, and produce documents, Plaintiffs' manufactured urgency to drive up Defendants' costs and waste the Court's limited resources, should not be condoned.

## III.    **CONCLUSION**

Plaintiffs failed to meet and confer in good faith and failed to comply with the Local Rules regarding both discovery disputes and *ex parte* applications. But even taking Plaintiffs' application on its merits, there is simply no discovery dispute, let alone an emergency requiring *ex parte* relief. Accordingly, Defendants respectfully request that the Court deny Plaintiffs' *ex parte* application, and issue sanctions for Plaintiffs' clear misuse of the *ex parte* process.

Dated: July 29, 2021                      LARSON LLP

By:  /s/ Stephen G. Larson
Stephen G. Larson
R.C. Harlan
Daniel R. Lahana
Attorneys for Defendants, EvMo, Inc. (formerly known as YayYo, Inc.)

LARSON LLP
LOS ANGELES

DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION