Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
R.C. Harlan (SBN 234279)
*rharlan@larsonllp.com*
Paul A. Rigali (SBN 262948)
*prigali@larsonllp.com*
Daniel R. Lahana (SBN 305664)
*dlahana@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Tel.:(213) 436-4888 / Fax: (213) 623-2000

Attorneys for Defendants EvMo, Inc.
(formerly known as YayYo, Inc.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE YAYYO, INC. SECURITIES LITIGATION | Case No. 2:20-cv-08235-SVW-AFM |
| | **DECLARATION OF R.C. HARLAN IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO COMPEL PRODUCTION OF DOCUMENTS** |
| | Judge:  Hon. Stephen V. Wilson |
| | Trial Date:  October 5. 2021 |

DECLARATION OF R.C. HARLAN IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO COMPEL PRODUCTION OF DOCUMENTS

# DECLARATION OF R.C. HARLAN

I, R. C. Harlan, declare as follows:

1.    I am a partner with Larson LLP, attorneys of record for Defendant YayYo, Inc.  I have personal knowledge of the facts set forth herein.  If called as a witness, I could and would competently testify to the matters stated herein.  I make this declaration in support of Defendant's Opposition to Plaintiffs' Ex Parte Application to Compel Production of Documents.

2.    I am informed and believe that Plaintiffs served its Requests for Production on May 27, 2021.

3.    My firm, Larson LLP, was first retained in this matter in late June, 2021.

4.    My office first appeared as counsel for YayYo in this matter on July 7, 2021—three weeks ago.

5.    Since then, and while simultaneously opposing Plaintiffs' July 2, 2021 Motion for Class Certification, which Defendants' filed on July 19, 2021, my office has worked tirelessly to respond to Plaintiffs' discovery requests.

6.    On July 16, 2021—9 days after first appearing and the business day before the deadline to oppose Plaintiffs' Motion for Class Certification—my office provided substantive responses to Plaintiffs' Requests for Production.  A true and correct copy of Defendants' responses are attached hereto as **Exhibit 1**.  At no point since then—including during Plaintiffs' purported meet and confer call two days ago—have Plaintiffs identified the issues they have with Defendants' responses (other than they want documents produced immediately).  In fact, Plaintiffs did not even attach their discovery requests or Defendants' responses to their *ex parte* application.  Plaintiffs' failure to specify its issues with Defendants' responses has prevented my office from meaningfully responding to these purported issues.

7.    Further, Paragraph 16 of Ms. David's declaration cites an email she sent where she stated she would like YayYo to make a good faith effort to begin

1

rolling productions along with its responses by July 16, 2021. Defendants agreed to provide responses—which they did—but did not agree or represent that they would be able to produce documents on that same day. Defendants agreed to make a good faith and effort, and that is exactly what has occurred. A true and correct copy of the email chain is attached hereto as **Exhibit 2**.

8. In addition, and as I have informed Plaintiffs' counsel in a lengthy meet and confer call on July 16, 2021—just 11 days ago—Defendants are in the process of compiling and reviewing documents to produce in response to Plaintiffs' Requests for Production. YayYo has retained a third-party e-discovery vendor to streamline this process. On YayYo's end, its technology administrator is working with the third-party vendor to access and upload various custodial email accounts for review, which are hosted by a third party cloud service, further complicating efforts. YayYo is also searching for "loose" files that are potentially responsive to Plaintiffs' discovery requests, which will also be produced as they are reviewed. This process is complicated by the fact that numerous former employees are no longer employed by the company, and most of these individuals maintained their records and emails on personal devices. My office has also informed Plaintiffs' counsel that Defendants are authorized to accept service as to two of YayYo's shareholders, and are in the process of contacting other major shareholders to confirm authorization to accept service of subpoenas.

9. As noted, all of this has occurred in the three weeks my office has appeared in this case, and only eight weeks after discovery was first opened in this matter.

10. Until Plaintiffs' counsel called on July 27, 2021, just two hours before filing their improper *ex parte* application, I was unaware that there was an active discovery dispute other than Plaintiffs' request that documents be produced as soon as possible. In fact, in the multiple emails and phone calls, some of which are attached to Plaintiffs' Counsel's declaration, a discovery motion was never

2

discussed, let alone an *ex parte* application.  During the phone call in which Plaintiffs' counsel first informed me that she was filing an *ex parte* application, I told Plaintiffs' counsel that Defendants were in the process of preparing a written response to Plaintiffs' recent email inquiries and requested that Plaintiffs wait to file their *Ex Parte* Application until they reviewed Defendants' letter.  Notwithstanding my request, Plaintiffs filed their *Ex Parte* Application just two hours after I spoke with Plaintiffs' counsel, before my office sent the aforementioned letter.  A true and correct copy of Defendants' letter is attached hereto as **Exhibit 3**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 29th day of July, 2021, at Los Angeles, California.

/s/ R.C. Harlan
R.C. Harlan

LARSON LLP
LOS ANGELES

DECLARATION OF R.C. HARLAN IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO COMPEL PRODUCTION OF DOCUMENTS

# EXHIBIT 1

Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
R. C. Harlan (SBN 234279)
*rharlan@larsonllp.com*
Daniel R. Lahana (SBN 305664)
*dlahana@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendant
EvMo, Inc. (formerly known as YayYo, Inc.)

George B. Newhouse, Esq. (SBN 107036)
*george@richardscarrington.com*
**RICHARDS CARRINGTON LLC**
545 S. Figueroa Street, 7th Fl.
Los Angeles, California 90071
Telephone: (213) 348-9016
Facsimile: (213) 348-9017

Attorney for Defendants
EvMo, Inc. (formerly known as YayYo, Inc.), Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Jon Rosen, Paul Richter, and Harbant S. Sidhu

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE YAYYO, INC. SECURITIES LITIGATION | Case No. 2:20-cv-08235-SVW-AFM |
| | **DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| | Judge:      Hon. Stephen V. Wilson |
| | Trial Date:     October 5. 2021 |

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

PROPOUNDING PARTY:  PLAINTIFFS, BERNARD BEDNARZ AND WILLIAM KOCH

RESPONDING PARTY:   DEFENDANTS, YAYYO, INC., RAMY EL-BATRAWI, KEVIN F. PICKARD, JEFFREY J. GUZY, CHRISTOPHER MIGLINO, JON ROSEN, PAUL RICHTER, AND HARBANT S. SIDHU

SET NO.:            ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") Responding Parties YayYo, Inc, Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Jon Rosen, Paul Richter, and Harbant S. Sidhu hereby submit the following objections and responses to Plaintiffs Bernard Bednarz and William Koch's ("Plaintiffs") First Set of Requests for Production.

## GENERAL RESPONSES

The following general responses are applicable to all of Responding Party's responses to the Requests and are incorporated into each specific response below:

1.     The following responses ("Responses") are based upon the facts, documents, and information presently known and available to Responding Party. Responding Party has not completed its investigation of the facts relating to this case, discovery, or preparation for trial.  As such, without obligating itself to do so, Responding Party reserves the right to change and/or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions, or legal theories.

2.     Responding Party's Responses are made solely for the purpose of, and in relation to, this action.  In answering these Requests, Responding Party has conducted a reasonable inquiry into information available to Responding Party as required by the FRCP.

3.     Responding Party's Responses to the Requests, notwithstanding the objectionable nature of any of the definitions or the Requests themselves, should not

be construed as: (i) a stipulation that the information is relevant or admissible, (ii) a waiver of Responding Party's objections asserted in response to specific Requests, or (iii) an agreement that Requests for similar information will be treated in a similar manner.

## GENERAL OBJECTIONS

The following General Objections are incorporated in each of the Responses to the Requests set forth herein below. The failure to mention any of the following objections in the specific Responses set forth below shall not be deemed a waiver of such objection or qualification.

1.      Responding Party objects to all individual Requests to the extent that they call for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection.  To the extent that the Requests call for information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, Responding Party hereby claims such privilege and invokes such protection.  The fact that Responding Party does not specifically object to an individual Request on the ground that it seeks such privileged or protected information shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection.

2.      Responding Party objects to the Requests as a whole, and in combination with the other written discovery requests served simultaneously on Responding Party, in that they are repetitive, overbroad, unduly burdensome, and oppressive, and are intended to harass and annoy.

3.      Responding Party objects to each and every Request that is vague or ambiguous.

4.      Responding Party objects to these requests insofar as they seek knowledge of third parties.

///

LARSON LLP
LOS ANGELES

3

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

5.	Responding Party objects to these Requests insofar as they call for improper legal conclusions.

6.	Responding Party objects to these Requests insofar as they are compound, conjunctive, or disjunctive.

7.	Responding Party objects to each and every Request on the ground that the information requested is not specified with sufficient particularity.

8.	Responding Party objects to each and every Request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence, nor is the information requested relevant to the claims, defenses, and subject matter of the instant action.

9.	Responding Party objects to each and every Request on the ground that the information requested is equally available to the Propounding Party.

10.	Each of the following Responses is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections and grounds that would require the exclusion of any evidence, document, or statement therein if the objection were made at trial, all of which objections and grounds are reserved and may be offered at the time of trial.

11.	Responding Party objects to each and every Request on the ground that the information requested is overbroad as to time.  The Requests seek information dating back to January 1, 2016, while the IPO did not occur until November 2019.

### OBJECTIONS TO DEFINITIONS

Responding Party generally objects to the definitions set forth in Plaintiff's first set of discovery on the following grounds, each of which is expressly incorporated by reference in the responses to the individual requests below.  The failure to mention any of the following objections in the specific Responses set forth below shall not be deemed a waiver of such objection or qualification.

1.	Responding Party objects to the defined term "document" to the extent it seeks to create a definition beyond that otherwise defined by the Federal Rules of

LARSON_LLP_
LOS ANGELES

4

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Civil Procedure, the Local Civil Rules of the United States District Court for the Central District of California, or applicable case law.

2.     Responding Party objects to the defined term "Relevant Time Period" on the basis that the definition is overbroad as to time, and is thus burdensome, harassing, and oppressive.  The defined "Relevant Time Period" extends from January 1, 2016 through the date of production, whereas the relevant IPO did not occur until November 2019.  Accordingly, the defined "Relevant Time Period" is overbroad and also not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications concerning the IPO and the Offering Documents, including, but not limited to, copies of the Offering Documents and all drafts thereof and communications with the SEC and/or the NASDAQ concerning the IPO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects to this request on the basis that it is vague, ambiguous, and overbroad, and impermissibly seeks "all" documents.  Responding Party further objects to this request on the basis that it is unduly burdensome and to the extent the request is not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to the extent that the request contemplates the disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 2:**

All minutes, handouts, agendas, presentations, notes, or other Documents distributed at, in advance of, or in connection with any Board meeting in which the Offering Documents or an IPO by YayYo was reviewed, discussed, or considered by the Board.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to this request on the basis that it is overbroad, unduly burdensome, harassing, and oppressive, and impermissibly seeks "all" documents. Responding Party objects to this request on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications with counsel for YayYo or any other party to the action or any D&O Carrier concerning the YayYo/El-Batrawi Action, the Davis Action, the FirstFire Action, the SRAX Action and/or the Uptick Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to this request on the basis that it is overbroad, unduly burdensome, harassing, and oppressive, and impermissibly seeks "all" documents. Responding Party objects to the extent the request seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

LARSON_LLP
LOS ANGELES

Responding Party objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning the purchase or ownership of YayYo common stock or other investments in YayYo by Acuitas, Bellridge Capital, FirstFire, John Gray, the Gray Mars Venus Trust, SRAX, the Trust, the Voting Trust Agreement, X, LLC, the investors who purchased the YayYo shares in the sales referenced at ¶¶ 101 and 115 of the Complaint, the notes detailed at ¶66 of the Complaint and the loans made by El-Batrawi to YayYo referenced at ¶100 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to this request on the basis that it is overbroad, unduly burdensome, harassing, compound, and oppressive, and impermissibly seeks "all" documents.  Responding Party objects to this request on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to the extent that the request contemplates disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and to the extent that the request contemplates the disclosure of confidential and/or proprietary information.  Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications evidencing the sale, transfer or any contemplated change of title of the Private Shares by El-Batrawi prior to the IPO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party specifically objects to this request on the basis that it is vague, ambiguous, and overbroad as to the terms "sale, transfer or any contemplated change of title," and impermissibly seeks "all" documents. Responding Party objects to this request on the basis that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request as overbroad as to time, unduly burdensome, harassing, and oppressive. Responding Party objects to the extent that the request contemplates the disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information. Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning communications with the NASDAQ or the OTC Market Group concerning the listing of YayYo common stock to trade.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party specifically objects to this request on the basis that it is vague, ambiguous, and overbroad as to the terms "concerning the listing" and "common stock," and impermissibly seeks "all" documents. Responding Party objects to this request on the basis that it is unduly burdensome, harassing, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the extent that the request contemplates the

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

LARSON LLP
LOS ANGELES

disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information.  Responding Party further objects to the extent that the request is duplicative of RFP No. 1.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications exchanged between or amongst You and any of the Underwriter Defendants and/or any investment bank concerning the IPO or any financing alternatives for YayYo, including, but not limited to, the selection of the underwriters for the IPO, the "underwriting agreement" as that term is used on page 36 of the Prospectus), due diligence for the IPO (e.g., due diligence requests, due diligence investigations, due diligence questionnaires and responses thereto, due diligence interviews, due diligence checklists and procedure manuals, due diligence and bring-down due diligence files, due diligence findings, or the contents of any due diligence data room(s)), the valuation of YayYo or any assets or businesses of YayYo, and/or the pricing of the IPO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party specifically objects to this request on the basis that it is vague, ambiguous, and overbroad as to the terms "exchanged," "any financing alternatives," "valuation," "any assets or businesses," and "pricing."  Responding Party objects to this request on the basis that it is unduly burdensome, oppressive, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this request as overbroad as to time, and impermissibly seeks "all" documents.  Responding Party objects to the extent that the request contemplates the disclosure of information protected by the

attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information.  Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 8:**

All Road Show presentations, videos, scripts, talking points, itineraries and any drafts of the foregoing related to the IPO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to this request on the basis that it is vague, ambiguous, and overbroad, and impermissibly seeks "all" documents.  Responding Party objects to this request on the basis that it is unduly burdensome, oppressive, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to the extent that the request contemplates the disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information.  Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

///

LARSON LLP

LOS ANGELES

10

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications you sent to, or received from, any securities analysts concerning the IPO, or YayYo's business or future prospects, including, but not limited to, any correspondence or other communications, press releases, financial statements or reports, analyst reports, documents filed or to be filed with the SEC, and newspaper articles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party specifically objects to this request on the basis that it is vague, ambiguous, and overbroad as to the terms "any securities analysts" and "business or future prospects." Responding Party objects to this request on the basis that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request as overbroad as to time, burdensome, and oppressive, and impermissibly seeks "all" documents. Responding Party objects to the extent that the request contemplates the disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information. Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning any Financial Statements, financial results, financial reports, forecasts, financial projections, valuations, models, analyses, appraisals, calculations, discussions, or evaluations concerning YayYo or any assets or businesses of YayYo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to this request on the basis that it is vague, ambiguous, and overbroad, and impermissibly seeks "all" documents.  Responding Party objects to this request on the basis that it is unduly burdensome, harassing, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to the extent that the request contemplates the disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information.  Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications concerning El-Batrawi's involvement in marketing the IPO, including a list of all persons or entities he communicated with about the IPO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to this request on the basis that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this request as burdensome, harassing, and oppressive because the request seeks information dating back to 2016, when the relevant IPO did not occur until late 2019, and impermissibly seeks "all" documents.  Responding Party objects to the extent that the request contemplates the disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the

request contemplates the disclosure of confidential and/or proprietary information. Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 12 [Incorrectly Numbered NO. 13]:**

All Documents and Communications concerning any other Defendants' efforts to market the IPO, including a list of all persons or entities they communicated with about the IPO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party specifically objects to this request on the basis that it is vague, ambiguous, and overbroad as to the terms "efforts to market" and "a list of all persons or entities," and impermissibly seeks "all" documents. Responding Party objects to this request on the basis that it is unduly burdensome, harassing, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the extent that the request contemplates the disclosure of information protected by the attorney-client privilege and/or attorney-work product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information. Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

///

**REQUEST FOR PRODUCTION NO. 13 [Incorrectly Numbered NO. 14]:**

All Documents and Communications concerning purchasers in or traceable to the IPO including their names, the number of shares purchased, the price, the date and from whom they purchased.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party specifically objects to this request on the basis that it is overbroad as to the terms "purchasers in or traceable to."  Responding Party objects to this request on the basis that it is unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and impermissibly seeks "all" documents.  Responding Party objects to the extent that the request contemplates the disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information.  Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 14 [Incorrectly Numbered Duplicate NO. 14]:**

All Documents and Communications evidencing any commissions or fees paid to any Underwriter Defendant, any Individual Defendant or any other person or entity related to selling shares of YayYo common stock in the IPO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to this request on the basis that it is vague, ambiguous, and overbroad, and impermissibly seeks "all" documents.  Responding Party objects to the extent that the request contemplates the disclosure of

LARSON LLP
LOS ANGELES

14

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information.  Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications concerning the actual, contemplated or anticipated purchase of any Fleet with IPO funds, including but not limited to any analysis done with regard to the use of IPO funds to purchase Fleet and any communications with dealership, broker, manufacturer and other entity or person concerning purchasing Fleet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party specifically objects to this request on the basis that it is vague, ambiguous, and overbroad as to the terms "actual, contemplated or anticipated purchase," "IPO funds," "any analysis done," and "dealership, broker, manufacturer and other entity or person."  Responding Party objects to this request on the basis that it is unduly burdensome, harassing, and oppressive, and impermissibly seeks "all" documents.  Responding Party objects to the extent that the request contemplates the disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information. Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

///

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 16 [Incorrectly Numbered Duplicate NO. 6]:**

A copy of any insurance policy that may provide coverage for the claims asserted in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to and without waiving the general objections above, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 17 [Incorrectly Numbered Duplicate NO. 12]:**

All Documents concerning YayYo's, Aegis's and/or WestPark's policies or practices, if any, regarding the retention or destruction of documents and files, including e-mails, e-mail backup or archive tapes, hard drives and corporate storage, including, without limitation, any changes or modifications to such policies or practices during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this request on the basis that it is vague, ambiguous, and overbroad. Responding Party objects to this request on the basis that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request as overbroad as to time, burdensome, harassing, and oppressive, impermissibly seeks documents from other parties, and impermissibly seeks "all" documents. Responding Party objects to the extent that the request contemplates the disclosure

of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 18 [Incorrectly Numbered Duplicate NO. 8]:**

All Documents and Communications each of the Individual Defendants reviewed in considering whether to sign each of the Offering Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party specifically objects to this request on the basis that it is vague, ambiguous, and overbroad as to the phrase "reviewed in considering. . . ." Responding Party objects to this request on the basis that it is unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and impermissibly seeks "all" documents.  Responding Party objects to the extent that the request contemplates the disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information. Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged, non-objected to, responsive documents, to the extent they exist, in Responding Party's custody, possession, or control, discovered after a diligent search and reasonable inquiry has been made.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications related to the internal controls in place at YayYo or WestPark during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party specifically objects to this request on the basis that it is vague and ambiguous as to the phrase "internal controls."  Responding Party objects

to this request on the basis that it is unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and impermissibly seeks "all" documents.  Responding Party objects to the extent that the request contemplates the disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information.  Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

**REQUEST FOR PRODUCTION NO. 20:**

To the extent not produced in response to other Requests, all Documents concerning any of the allegations in the Complaint, Your answer to the Complaint and/or any affirmative defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party objects to this request on the basis that it is vague, ambiguous, and overbroad.  Responding Party objects to this request on the basis that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this request as overbroad as to time, burdensome, harassing, and oppressive.  Responding Party objects to the extent that the request contemplates the disclosure of information protected by the attorney-client privilege and/or attorney work-product doctrine, and on the basis that the request contemplates the disclosure of confidential and/or proprietary information.  Responding Party further objects to the extent that the request contemplates the disclosure of information protected by the privacy rights of third parties.

Dated:  July 15, 2021                LARSON LLP


By: _____
     Stephen G. Larson
     R. C. Harlan
     Daniel R. Lahana
Attorneys for Defendants, EvMo, Inc. (formerly known as YayYo, Inc.)


By: /s/George B. Newhouse
     _____
     George B. Newhouse
Attorney for Defendants, EvMo, Inc. (formerly known as YayYo, Inc.) and Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Jon Rosen, Paul Richter, and Harbant S. Sidhu

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 555 South Flower Street, Suite 4400, Los Angeles, CA 90071.

On July 16, 2021, I served true copies of the following document(s) described as **DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

### **SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jneal@larsonllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 16, 2021, at Los Angeles, California.

_____
Jacqueline S. Neal

LARSON LLP
LOS ANGELES

**SERVICE LIST**

Jennifer Pafiti, Esq.                                    Counsel for Plaintiffs
POMERANTZ LLP
1100 Glendon Avenue
15th Floor
Los Angeles, CA 90024
Telephone: 310-405-7190
Email: jpafiti@pomlaw.com

Cara David, Esq.
POMERANTZ LLP                                            Counsel for Plaintiffs
600 Third Avenue, Floor 20
New York, NY 10016
Telephone: 212-661-1100
Email: cdavid@pomlaw.com

Julie E. Kamps, Esq.
WESTPARK CAPITAL FINANCIAL                               Attorney for Westpark Capital, Inc.
SERVICES, LLC
1900 Avenue of the Stars, Suite 310
Los Angeles, California 90067
Telephone: 310-203-2942
Email: jkamps@wpcfs.com

George B. Newhouse, Jr., Esq.
RICHARDS CARRINGTON, LLC                                 Attorneys for Defendants Ramy El-
545 S. Figueroa Street, Seventh Floor                    Batrawi, Kevin F. Pickard, Jeffrey J.
Los Angeles, California 90012                            Guzy, Christopher Miglino, Jon
Telephone: 213-348-9016                                  Rosen, Paul Richter, Harbant S.
Email: george@richardscarrington.com                     Sidhu, and Westpark Capital, Inc.

# EXHIBIT 2

| | |
|---|---|
| **From:** | R.C. Harlan |
| **Sent:** | Thursday, June 24, 2021 9:52 AM |
| **To:** | Cara David; George B. Newhouse, Jr. |
| **Cc:** | Daniel  R. Lahana; Jacqueline S. Neal; Stephen G. Larson |
| **Subject:** | RE: YayYo Protective Order |

Cara,

Just confirming our agreement below in writing.

Best,

R.C.

**R.C. Harlan**

Partner

…………………………...

**LARSON** LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
213.436.4868 Direct
213.436.4888 Office
213.623.2000 Fax
rcharlan@larsonllp.com

Los Angeles | Orange County | Washington, D.C.

…………………………….

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Cara David <cdavid@pomlaw.com>
**Sent:** Monday, June 21, 2021 10:42 AM
**To:** R.C. Harlan <rcharlan@larsonllp.com>; George B. Newhouse, Jr. <george@richardscarrington.com>
**Subject:** FW: YayYo Protective Order

[EXTERNAL EMAIL]

Cara David
**POMERANTZLLP**
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

1

**From:** Cara David
**Sent:** Thursday, June 3, 2021 3:56 PM
**To:** George B. Newhouse, Jr. <george@richardscarrington.com>
**Cc:** Julie Kamps <jkamps@wpcfs.com>; Jeremy Lieberman <jalieberman@pomlaw.com>
**Subject:** RE: YayYo Protective Order

Happy to get on the phone anytime tomorrow to discuss, but we're generally okay with waiting until 2 weeks after the 12(b)/12(c) decision in return for avoiding motion practice on this issue under the conditions that:
A) you make a good faith effort to begin a significant rolling production in conjunction with your responses/objections;
B) no party discovery is required during this period (though parties are free to produce documents during this period if they wish); and
C) we revisit this on July 6, assuming there is no decision yet.

In terms of "A," I know you believe the requests to be overbroad, so I'm happy to meet and confer on that in advance. That said, if you are taking the position that the decision is needed to meet and confer, I believe there are a core set of documents that we can agree are directly relevant that you can begin production with.

In terms of "C," that will be during class certification when I know you will want discovery as well. So it makes sense to revisit this, given the trial schedule, if the decision does not come in in a timely manner.

As I wrote, I'm pretty open tomorrow if you want to discuss.

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

**From:** George B. Newhouse, Jr. <george@richardscarrington.com>
**Sent:** Tuesday, June 1, 2021 7:50 PM
**To:** Cara David <cdavid@pomlaw.com>
**Cc:** Julie Kamps <jkamps@wpcfs.com>; Jeremy Lieberman <jalieberman@pomlaw.com>
**Subject:** RE: YayYo Protective Order

Thanks, and confirmed.  Please use my conference line
515-604-9397
Access Code 737802

**From:** Cara David <cdavid@pomlaw.com>
**Sent:** Tuesday, June 1, 2021 4:46 PM
**To:** George B. Newhouse, Jr. <george@richardscarrington.com>
**Cc:** Julie Kamps <jkamps@wpcfs.com>; Jeremy Lieberman <jalieberman@pomlaw.com>
**Subject:** Re: YayYo Protective Order

5pm EST is fine. It is just 1:30pm EST that wasn't fine.

As I've said before, if there is recent securities case law on this issue that you think might help avoid motion practice, I'm happy to read it (either before or after tomorrow's meet and confer).

2

On Jun 1, 2021, at 7:38 PM, George B. Newhouse, Jr. <george@richardscarrington.com> wrote:

We don't have a call tomorrow, then? When is your next respective availability for a quick meet and confer regarding discovery?

---

**From:** Cara David <cdavid@pomlaw.com>
**Sent:** Tuesday, June 1, 2021 3:59 PM
**To:** Julie Kamps <jkamps@wpcfs.com>
**Cc:** George B. Newhouse, Jr. <george@richardscarrington.com>; Jeremy Lieberman <jalieberman@pomlaw.com>
**Subject:** Re: YayYo Protective Order

I continue to be available anytime 3pm EST on.

On Jun 1, 2021, at 6:56 PM, Julie Kamps <jkamps@wpcfs.com> wrote:

I have a call 10-11 pst but am otherwise available

---

**From:** Cara David <cdavid@pomlaw.com>
**Sent:** Tuesday, June 1, 2021 3:53 PM
**To:** Julie Kamps <jkamps@wpcfs.com>
**Cc:** George B. Newhouse, Jr. <george@richardscarrington.com>; Jeremy Lieberman <jalieberman@pomlaw.com>
**Subject:** Re: YayYo Protective Order

**EXTERNAL SENDER**
I never heard back, so "no" on my end.

On Jun 1, 2021, at 6:50 PM, Julie Kamps <jkamps@wpcfs.com> wrote:

Do we have a time to talk tomorrow?

---

**From:** Cara David <cdavid@pomlaw.com>
**Sent:** Monday, May 31, 2021 4:57 PM
**To:** George B. Newhouse, Jr. <george@richardscarrington.com>
**Cc:** Julie Kamps <jkamps@wpcfs.com>; Jeremy Lieberman <jalieberman@pomlaw.com>
**Subject:** RE: YayYo Protective Order

**EXTERNAL SENDER**
I wrote: "Any time after 3pm EST." I can't do 1:30pm EST.

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor

3

New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

---

**From:** George B. Newhouse, Jr. <george@richardscarrington.com>
**Sent:** Monday, May 31, 2021 7:56 PM
**To:** Cara David <cdavid@pomlaw.com>
**Cc:** Julie Kamps <jkamps@wpcfs.com>; Jeremy Lieberman <jalieberman@pomlaw.com>
**Subject:** RE: YayYo Protective Order

Wednesday it is.
Shall we say 1:30 Eastern/10:30 Pacific time?

Please use my conference line 515-604-9397
Access code  737802

---

**From:** Cara David <cdavid@pomlaw.com>
**Sent:** Monday, May 31, 2021 3:43 PM
**To:** George B. Newhouse, Jr. <george@richardscarrington.com>
**Cc:** Julie Kamps <jkamps@wpcfs.com>; Jeremy Lieberman <jalieberman@pomlaw.com>
**Subject:** RE: YayYo Protective Order

Wednesday is preferable for me. Any time after 3pm EST.

Cara David
**POMERANTZLLP**
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

---

**From:** George B. Newhouse, Jr. <george@richardscarrington.com>
**Sent:** Monday, May 31, 2021 1:59 AM
**To:** Cara David <cdavid@pomlaw.com>
**Cc:** Julie Kamps <jkamps@wpcfs.com>; Jeremy Lieberman <jalieberman@pomlaw.com>
**Subject:** Re: YayYo Protective Order

Sorry the call tomorrow will not work as it appears to be a holiday. What time on Tuesday works for you, and I will circulate my conference line. Julie let me know what works for you as well on Tuesday. Thanks and enjoy the holiday

Best, George Newhouse

4

Sent by iPhone (pls excuse the typos)
213.709.6387 (cell)

On May 27, 2021, at 7:32 PM, Cara David <cdavid@pomlaw.com> wrote:

Happy to meet and confer, as I said. I can do Monday from 10am to 3pm.

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

**From:** George B. Newhouse, Jr. <george@richardscarrington.com>
**Sent:** Thursday, May 27, 2021 10:30 PM
**To:** Cara David <cdavid@pomlaw.com>
**Cc:** Julie Kamps <jkamps@wpcfs.com>; Jeremy Lieberman <jalieberman@pomlaw.com>
**Subject:** Re: YayYo Protective Order

I understand but we disagree.  Pls give me your earliest availability for a meet and confer next week on our application to stay discovery.  By the way the request that you submitted was very jumbled up and misnumbered so i suggest that you review that and consider resubmitting.  But we will talk.

Best regards,
George Newhouse

213.709.6387 (cell phone)
Sent from my iPad

On May 27, 2021, at 5:11 PM, Cara David <cdavid@pomlaw.com> wrote:

We will not agree to stay or bifurcate discovery. We still do not have much time. Your proposal would have us not starting merits discovery until late July/early August at the earliest for a trial date of October 5. That is not acceptable to Plaintiffs.

5

Happy to meet and confer on whatever motion you would like to bring. I am extremely swamped tomorrow, but am open much of next week and am even working Monday if you want to schedule for then.

Cara David
**POMERANTZLLP**
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial: 646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

---

**From:** George B. Newhouse, Jr. <george@richardscarrington.com>
**Sent:** Thursday, May 27, 2021 7:28 PM
**To:** Cara David <cdavid@pomlaw.com>; Julie Kamps <jkamps@wpcfs.com>
**Cc:** Jeremy Lieberman <jalieberman@pomlaw.com>
**Subject:** RE: YayYo Protective Order

I will look at the protective order and I am sure we can quickly agree. And I agree as well that having some breathing room on the trial date invites some changes in the 26(f) report. Also, I did receive your discovery request, in light of the courts moving he trial out, I would suggest that we agree to stay discovery (at least non-class related discovery) until the class certification issue is decided. Would you consider that? If not we need to move the court for such and order and thus need to meet and confer on this issue. Are you available next week to discuss.

Thanks

---

**From:** Cara David <cdavid@pomlaw.com>
**Sent:** Thursday, May 27, 2021 4:08 PM
**To:** George B. Newhouse, Jr.

6

<george@richardscarrington.com>;
Julie Kamps <jkamps@wpcfs.com>
**Cc:** Jeremy Lieberman
<jalieberman@pomlaw.com>
**Subject:** YayYo Protective Order

George & Julie,

Our magistrate judge has a model protective order. I'm attaching it. Plaintiffs are okay with it without modification. If you are, I can have someone add in the relevant information (the action name, parties, etc).

Additionally, in light of the court's order today it obviously makes sense to move some of the dates in the 26(f) order (even the ones that were not moved by the court). I'm happy to circulate those early next week for your consideration, but, certainly, if you have come up with your own proposal, please forward it on.

Thanks,

Cara

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial: 646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

Please be advised that calls to and from WestPark Capital, Inc. may be monitored or recorded. WestPark Capital, Inc., member of the FINRA/SIPC. The above communication, the attachments and/or hyperlinks provided are intended for informational purposes only. and are not to be interpreted by the recipient as a solicitation to participate in any securities offerings. Investments referenced may not be suitable for all investors and may not be permissible in certain jurisdictions. The information contained in this message is legally privileged and confidential for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any release, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this

communication in error, please notify the author immediately by replying to this message and delete the original message.

Please be advised that calls to and from WestPark Capital, Inc. may be monitored or recorded. WestPark Capital, Inc., member of the FINRA/SIPC. The above communication, the attachments and/or hyperlinks provided are intended for informational purposes only. and are not to be interpreted by the recipient as a solicitation to participate in any securities offerings. Investments referenced may not be suitable for all investors and may not be permissible in certain jurisdictions. The information contained in this message is legally privileged and confidential for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any release, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the author immediately by replying to this message and delete the original message.

# EXHIBIT 3

# LARSON LLP

555 South Flower Street, Suite 4400
Los Angeles, CA 90071
**P** 213.436.4888  **F** 213.623.2000
larsonllp.com

R. C. Harlan
Direct: 213.436.4868
rharlan@larsonllp.com

July 27, 2021

**<u>VIA ELECTRONIC MAIL ONLY</u>**
Cara David, Esq.
Pomerantz LLP
600 3rd Avenue
New York, NY 10016
E-Mail: cdavid@pomlaw.com

Re:     *YayYo Securities Litigation Case No. 2:20-cv-08235- SVW (AFMx)*

Dear Ms. David:

As we discussed, your *ex parte* application to compel production is completely unmerited, in violation of the local rules, and is a waste of the Court's time and resources.

First, we are in the process of compiling and reviewing documents and will hopefully be producing documents soon.  On that front, we have arranged with the technology administrator at YayYo, Henrich Bari, who is currently working with our discovery coordinator to access and upload the various email accounts of the following YayYo custodians:

- Stephen Sanchez, current CEO
- Ryan Saathoff, CFO;
- Cheri White, office administrator;
- Henrich Bari, technology administrator;
- Jon Rosen, former CEO;
- Kevin Pickard, former CFO
- Ramy El-Batrawi, former CEO, Chairman and Founder;

Additionally, the Company is searching for "loose" files that are responsive to Plaintiff's discovery requests, which will be produced shortly.

Moreover, we are authorized to accept service for shareholders David Haley and Douglas Mox. We are still reaching out to the other shareholders identified in our disclosures as to whether we can also accept service on their behalf.  We will advise you accordingly.

**Los Angeles | Orange County | Washington, D.C.**

LARSON<sub>LLP</sub>

Obviously, all of this takes some time, especially given discovery was only just served 2 months ago.  In those two months, we have already provided substantive responses, and have informed you on multiple occasions we are in the process of collecting and reviewing information, and that production of documents would be forthcoming on a rolling basis.  Moreover, this process was occurring at the same time as we were brought on as new counsel, and were forced to prepare and file our Opposition to Plaintiffs' Motion for Class Certification, during which you refused our request for an extension beyond one week, while demanding an additional two weeks to prepare your Reply.  This is all to say that the Company is working diligently to comply with its discovery obligations, obviating the need for court intervention.

Further, your *ex parte* application, which is essentially a discovery motion, fails to comply with the Local Rules.  Local Rule 37-3 states that "no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice…"  You have made no showing of irreparable injury or prejudice, especially here, where there is no discovery cutoff set by the Court, just a complaint that you have not received documents fast enough—despite discovery requests being served a mere 8 weeks ago.  You should also be aware that Local Rule 37-4 states that counsel's failure to comply with the local rules may subject him or her to sanctions.

There is simply no emergency here.  Your manufactured urgency is both unnecessary and unappreciated given that discovery has only been open for 8 weeks.  We have acted in good faith throughout this lawsuit, but compiling and reviewing documents takes time.  But in order to assuage any concerns regarding potential prejudice to plaintiffs (and Defendants), we will agree to a reasonable continuance of the October 2021 trial date.

In the meantime, we will file an opposition to your improper *ex parte* application, and unless you withdraw your application, will seek all applicable sanctions.

Sincerely,

R.C. Harlan