

Cara David
Of Counsel

July 28, 2021

**<u>Via Email</u>**

R.C. Harlan
Larson LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
Email: rcharlan@larsonllp.com

RE:  *In re YayYo, Inc. Securities Litigation*, No. 2:20-cv-08235-SVW-AFM

Dear R.C.:

I write in response your July 27, 2021 letter.  As I detailed in my *ex parte* application, and our phone conversation yesterday, Plaintiffs are being unquestionably prejudiced by the YayYo Defendants' failure to produce any documents or provide basic information.  This case is set for trial on October 5 and yet the YayYo Defendants have failed to produce *a single document*.

During the May 11 FRCP 26(f) conference, the YayYo Defendants could not provide basic information about document systems or retention.  This is the type of information counsel are typically prepared to discuss at a FRCP 26(f) conference.  On July 16, over two months later, you could still not answer questions about whether any automatic deletion policies were in place during the relevant time period.  You stated you would provide the information early last week – you did not.  You also falsely represented that no employee used text messages to communicate about YayYo.

Additionally:
- After purported consultation with your client, you agreed to make a good faith effort to produce documents on July 16.  You made no production.  You also did not inform Plaintiffs that you would not be making any production until explicitly asked late in the day on July 16.  You then stated you had not even received documents from your client.
- On July 16, you stated you would be sending over proposed custodians that day.  You did not.
- On July 16, you stated that, while you were not producing documents right then, you expected to begin your rolling production the following week.  You did not.
- On July 19, I requested a meet and confer with you.  You did not respond.
- On July 19, I asked for proposed deposition dates for the YayYo Defendants.  You did not respond.

---

New York          Chicago          Los Angeles          Paris          www.PomerantzLaw.com

Letter to R.C. Harlan
Page 2

In your letter, you still do not provide a date certain as to when you will begin production, nor when it will be complete. This after *the parties agreed* – in May – that fact discovery would be complete by July 19. *See* ECF No. 82. WestPark has been able to produce documents. Two non-parties, who received requests for documents after the YayYo Defendants, have produced documents. You have produced not one.[1]

Your letter – with its failure to set definite discovery deadlines or properly justify your repeated misrepresentations – provides proof of the exigency of my *ex parte* application. Indeed, your list of custodians does not even include all the employees/former employees that YayYo itself identified in its Initial Disclosures as having discoverable information.

I truly wish we did not have to file an application with the Court – I sent repeated emails, and patiently gave you extra time, to avoid having to do so. Unfortunately, you chose not to reply, let alone provide documents or information.

If you include your letter, in whole or in part, in any opposition you file with the Court, I request that you please provide our response.

Respectfully,

Cara David

cc: counsel for all parties (by email)

---

[1] Plaintiffs are sympathetic that you were not brought into this case until early June, but YayYo's original counsel remains on as counsel for the Company and the Individual Defendants, and, regardless, Plaintiffs should not be penalized for the Company bringing on additional counsel.

Additionally, your statement about class certification is both irrelevant and false. On June 18, Plaintiffs proposed a schedule for our class certification motion. You refused to agree to those dates or propose any dates of your own. On July 5, you proposed dates completely incompatible with the October 5 trial date set by the Court – your preferred schedule preposterously set a September 20 hearing date on class certification. On a July 6 meet-and-confer, you agreed to the proposed schedule we had originally sent you on June 18. You did not inform me that the YayYo Defendants could not both comply with your discovery obligations and oppose class certification. Nor did you raise any concerns with the time I had proposed for Plaintiffs' Reply.