**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
Cara David (*pro hac vice*)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com
cdavid@pomlaw.com

*Lead Counsel for Plaintiffs*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| | Case Number: 2:20-cv-08235-SVW-AFM |
| IN RE YAYYO, INC. SECURITIES LITIGATION | **REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| | JUDGE: HON. STEPHEN V. WILSON<br>HEARING DATE: AUGUST 16, 2021<br>HEARING TIME: 1:30pm<br>COURTOOM: 10A<br>TRIAL DATE: OCTOBER 5, 2021 |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ......................................................................................1

ARGUMENT ...............................................................................................................2

    A.   The Proposed Securities Act Classes Satisfy Rule 23(a) ............................2

    B.   The Securities Act Class and the Securities Act Subclass Should Be Certified ...................................................................................................5

        a.   Individual Issues of Knowledge Do Not Predominate .......................6

        b.   The Securities Act Classes Have Clearly Sustained Damages ...........7

    C.   A Class Action is Superior to Separate Individual Actions ........................12

CONCLUSION ............................................................................................................14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Evans v. Linden Rsch., Inc.*, No. C 11-01078 DMR,
  2012 WL 5877579 (N.D. Cal. Nov. 20, 2012) ......................................................4

*Garcia v. J2 Glob., Inc.*, No. 2:20-CV-06096-FLA (MAAx),
  2021 WL 1558331 (C.D. Cal. Mar. 5, 2021)........................................................13

*Grodzitsky v. Am. Honda Motor Co*,
  957 F.3d 979 (9th Cir. 2020) ................................................................................3

*In re Broderbund/Learning Co. Sec. Litig.*,
  294 F.3d 1201 (9th Cir. 2002) ..............................................................................8

*In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*, No. CV 11-2768 PSG,
  2013 U.S. Dist. LEXIS 155091 (C.D. Cal. Oct. 25, 2013) ................................10

*In re Coinstar Int'l Inc. Sec. Litig.*,
  585 F.3d 774 (3d Cir. 2009) ..................................................................................8

*In re Diasonics Sec. Litig.*,
  599 F. Supp. 447 (N.D.Cal.1984)..........................................................................4

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*,
  529 F. Supp. 2d 644 (S.D. Tex. 2006)..................................................................10

*In re Facebook, Inc. Sec. Litig.*,
  405 F. Supp. 3d 809 (N.D. Cal. 2019)..................................................................13

*In re IndyMac Mortg.-Backed Sec. Litig.*,
  286 F.R.D. 226 (S.D.N.Y. 2012)...........................................................................7

*In re Lyft Inc. Sec. Litig.*,
  484 F. Supp. 3d 758 (N.D. Cal. 2020)...................................................................2

*In re Oppenheimer Rochester Funds Grp. Sec. Litig.*,
  318 F.R.D. 435 (D. Colo. 2015) ..........................................................................10

*In re POM Wonderful LLC*, No. ML 10-02199 DDP RZX,
  2014 WL 1225184 (C.D. Cal. Mar. 25, 2014).......................................................9

*In re Snap Inc. Sec. Litig.*,
   334 F.R.D. 209 (C.D. Cal. 2019) (Wilson, J.) ................................................9, 14

*In re Teva Sec. Litig.*, No. 3:17-cv-558 (SRU),
   2021 WL 872156 (D. Conn. Mar. 9, 2021) ..........................................................8

*In re Ubiquiti Networks. Inc. Securities Ligation*,
   669 Fed. Appx. 878 (9th Cir. 2016) .....................................................................7

*Katz v. China Century Dragon Media, Inc.*,
   287 F.R.D. 575 (C.D. Cal. 2012) ..........................................................................7

*Lambert v. Nutraceutical Corp.*,
   870 F.3d 1170 (9th Cir. 2017),
   *rev'd and remanded on other grounds*, 139 S. Ct. 710,
   203 L. Ed. 2d 43 (2019) ......................................................................................10

*Leyva v. Medline Industries, Inc.*,
   716 F.3d 510 (9th Cir.2013) ...............................................................................10

*Loritz v. Exide Techs.*, No. 2:213-CV-02607-SVW-E,
   2015 WL 6790247 (C.D. Cal. July 21, 2015).................................................10, 11

*Luna v. Marvell Tech. Grp., Ltd.*, No. C 15-05447 WHA,
   2017 WL 4865559 ...........................................................................................9, 10

*McMahan & Co. v. Wherehouse Entm't, Inc.*,
   65 F.3d 1044 (2d Cir. 1995) ..................................................................................8

*Metzler Investment GMBH v. Corinthian Colleges, Inc.*,
   540 F.3d 1049 (9th Cir. 2008) .............................................................................13

*Milbeck v. TrueCar, Inc.*, No. 218CV02612SVWAGR,
   2019 WL 2353010 (C.D. Cal. May 24, 2019) (Wilson, J.) .............................9, 11

*New Jersey Carpenters Health Fund v. Rali Series 2006-QOI Tr.*,
   477 F App'x 809 (2nd Cir. 2021) ..........................................................................6

*New Jersey Carpenters Health Fund v. Residential Cap., LLC*,
   272 F.R.D. 160 (S.D.N.Y. 2011),
   *aff'd sub nom. New Jersey Carpenters Health Fund v. Rali Series 2006-QO1 Tr.*,
   477 F. App'x 809 (2d Cir. 2012)............................................................................6

*New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp.*, PLC,
    No. 08-CV-5310 (DAB),
    2016 WL 7409840 (S.D.N.Y. Nov. 4, 2016)......................................................10

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
    993 F.3d 774 (9th Cir. 2021),
    *reh'g en banc granted*, No. 19-56514,
    2021 WL 3355496 (9th Cir. Aug. 3, 2021) ...............................................11, 12

*Pub. Emps. Ret. Sys. of Miss. v. Merrill Lynch & Co.*,
    277 F.R.D. 97 (S.D.N.Y. 2011) ..........................................................................5

*Sali v. Corona Reg'l Med. Ctr.*,
    909 F.3d 996 (9th Cir. 2018) .......................................................................3, 13

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021)........................................................................................4

*Valentino v. Carter-Wallace, Inc.*,
    97 F.3d 1227 (9th Cir. 1996) ............................................................................14

*Vasquez v. Superior Court of San Joaquin Cty.*,
    4 Cal. 3d 800 (1971) ...........................................................................................5

*William Koch v. YayYo, Inc. et al*, No. 2:20-cv-08591
    (C.D. Cal. Sep 18, 2020), ECF No. 1-1, 1-2.................................................3, 13

## Statutes

15 U.S.C. § 77I(a)(2) .................................................................................................8

15 U.S.C. § 77I(b)......................................................................................................8

15 U.S.C. § 77k(e) .....................................................................................................8

15 U.S.C. § 77z-1(a)(2)......................................................................................*passim*

## Rules

Fed. R. Civ. P. 23...............................................................................................*passim*

Fed. R. Evid. 201(b)(2) ............................................................................................13

## **PRELIMINARY STATEMENT**

The Securities Act Classes should be certified.[1] Instead of facing head on the obvious damages caused by their omissions and misstatements, Defendants resort to irrelevant and incorrect arguments in a desperate effort to stave off class certification. All of these arguments should fail.

As to Rule 23(a), Defendants concede that numerosity, commonality or adequacy of representation have been shown, but argue Plaintiffs do not satisfy the typicality requirement. Defendants dispute Plaintiffs' typicality not because of Plaintiffs' purchases and sales, but, rather, they completely ignore Plaintiffs' prior sworn statements with respect to those purchases and sales and claim to have no knowledge of them. According to Defendants, Plaintiffs never made those statements. This argument can be rejected out-of-hand – Plaintiffs have unambiguously pleaded their transactions in the very specific form prescribed by the federal securities laws. They have standing and their claims and defenses are typical of the proposed Classes.

Defendants' arguments regarding the predominance requirement under Rule 26(b)(3) fare no better. They argue that individual knowledge predominates and weighs against class certification of the Securities Act Classes, but they make no attempt to proffer what actual knowledge *any class member* may have had of any omitted fact, much less Plaintiffs. It is clear from reading Defendants' Opposition that they believe no securities class action should ever be certified. They use a now-vacated Ninth Circuit decision on an antitrust action about the distribution of canned tuna to argue that if a stock price ever rises, even slightly, from its low point, that a class action should

---

[1] In the interest of judicial economy and streamlining class and notice issues before the Court, especially with the October 5 trial date quickly approaching, Plaintiffs are withdrawing the portion of Plaintiffs' Motion for Class Certification (ECF No. 91, the "Motion") which seeks certification of the Exchange Act Class. Since the market price of YayYo common stock never traded above the IPO price during any time relevant to this action, all class members' losses will be covered by the Securities Act claims.

1

not be certified without an affirmative showing focusing on the amount of uninjured class members. And then they assert that individual actions are superior to this class action for no legitimate reason associated with the case at hand.

Unfortunately for Defendants, but fortunately for the defrauded investors of YayYo, the law favors certifying class actions in cases such as this. Here, Defendants omitted the truth from investors in order to sell them stock at an artificially inflated value, and a high volume of innocent stockholders were damaged as the market became wise to the truth. As the Motion established, and this Reply further supports, the Securities Act Classes should be certified.

## ARGUMENT

### A.    The Proposed Securities Act Classes Satisfy Rule 23(a)

As established by the Motion at 7-11, a proposed class must satisfy the four elements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Defendants concede numerosity, commonality and adequacy of representation, yet they make the specious argument that Plaintiffs' claims are atypical and, in fact, that Plaintiffs lack standing. (Opp. at 6-8.) This argument is based on Defendants' failure to properly review prior Court filings. Plaintiffs have standing and have already demonstrated that to this Court. *See* "Order Appointing Lead Plaintiff and Approving Selection of Counsel" entered herein on Dec. 1, 2020, ECF No. 33 ("Bednarz satisfies the requirements for Lead Plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 ('PSLRA')."); *see also* 15 U.S.C. § 77z-1(a)(2)(A) ("***Each plaintiff*** seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that-- . . . . (iv) sets forth ***all of the transactions of the plaintiff*** in the security that is the subject of the complaint during the class period specified in the complaint"); *In re Lyft Inc. Sec.*

2

*Litig.*, 484 F. Supp. 3d 758, 764 (N.D. Cal. 2020) ("The Private Securities Litigation Reform Act ('PSLRA') requires a plaintiff's certification to be filed with the complaint **to establish standing** to bring a suit under Section 11, 15 U.S.C. § 77z-1(a)(2), and thus the Amended Certification is appropriately considered 'part of the complaint,' such that the incorporation by reference doctrine applies.").

Defendants incorrectly assert that "Plaintiffs did not even submit declarations in support" of Mr. Bednarz's Motion for Appointment as Lead Plaintiff. (Opp. at 7-8, n.1; *see also* Opp. at 2-3.) That is plainly false. Defendants ignore the "Declaration of Jennifer Pafiti in Support of Motion of Bernard Bednarz for Appointment as Lead Plaintiff and Approval of Class Counsel." ECF No. 28. That declaration attached a detailed chart of Mr. Bednarz's financial stake in this litigation. ECF No. 28-1. It also attached a sworn certification from Mr. Bednarz with a list of his purchases and sales. ECF No. 28-3. Likewise, Mr. Koch previously submitted a sworn certification listing his purchase of YayYo stock. *See William Koch v. YayYo, Inc. et al*, Docket No. 2:20-cv-08591 (C.D. Cal. Sep 18, 2020), ECF No. 1-1, 1-2. He had no sales to report. *Id.* (The *Koch* action was consolidated with this one on November 2, 2020. ECF No. 22.)

Given that Plaintiffs have each already made sworn statements related to their holdings, which establish their damages, it is unclear what more would "prove" to Defendants that Plaintiffs have standing.[2] Defendants cite not one case requiring any

---

[2] Defendants repeatedly state that only admissible evidence should be considered at the class certification phase. (*See, e.g.,* Opp. at 1, 5-6, 7, 8, 9, 14.) In the Ninth Circuit, fact evidence need not be admissible at trial to be considered at the class certification phase, though expert evidence must meet the *Daubert* standard for admissibility. *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1005 (9th Cir. 2018) ("Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. . . The court's consideration should not be limited to only admissible evidence."); *Grodzitsky v. Am. Honda Motor Co* , 957 F.3d 979, 984 (9th Cir. 2020) ("[I]n evaluating challenged expert testimony in support of class certification, a district court should evaluate admissibility under the standard set forth in Daubert"). Defendants ignore the fact evidence aspect of Ninth Circuit precedent, which is the only part applicable to the instant motion. Jack Lo, an employee of Pomerantz, is not held out to be an expert, nor is he offering any opinion. Mr. Lo simply pulled information from the Bloomberg Terminal, which is widely relied upon for accurate market data in the financial service

3

additional documentation from plaintiffs at the class certification phase – nor do they cite a single securities class action in which class certification has been denied on this basis.[3] Defendants' feigning concern about the appointment of class representatives here should be seen for exactly what it is: the proverbial fox purporting to guard the henhouse.[4]

Defendants' reliance on the recent Supreme Court decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), is wholly misplaced. (Opp. at 7.) That case dealt with standing when so-called "intangible" privacy harms were involved. *Ramirez*, 141 S. Ct. 2190. Here, Plaintiffs have testified they suffered monetary damages, a concrete, tangible harm.[5] Plaintiffs' counsel are collectively unaware of another evidentiary showing requirement or a single instance where class certification has been denied on

---

sector and other industries. His declaration serves as a tool for the Court and Defendants, walking through the steps he took to obtain the relevant information, so that his processes were capable of being verified by Defendants. The relevant facts are contained in the Exhibits accompanying Mr. Lo's declaration.

[3] Defendants never sought written discovery on this issue, never submitted a single Request for Admission nor a single Interrogatory. Indeed, Defendants never even picked up the phone and asked for further proof beyond Plaintiffs' prior sworn certifications. It is also Defendants—despite their misleading spin—who elected not to depose Plaintiffs, after refusing to schedule dates for class certification briefing in advance. Defendants have produced no arguments, much less contrary evidence, to draw Plaintiffs' sworn statements into question.

[4] *See In re Diasonics Sec. Litig.*, 599 F. Supp. 447, 451 (N.D.Cal.1984) (*quoting Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir.1981)):

As the Seventh Circuit has stated:

it is often the defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court in determining whether a putative class should be certified. When it comes, for instance, to determining whether the "representative parties will fairly and adequately protect the interests of the class," ... it is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house.

*Id.*

[5] This case is similarly distinguishable from *Evans v. Linden Rsch., Inc.*, No. C 11-01078 DMR, 2012 WL 5877579 (N.D. Cal. Nov. 20, 2012), Opp. at 7, in which no economic harm was established. That case involved plaintiffs seeking certification of a class under consumer and advertising laws, laws in which a plaintiff has to establish a theory of harm and cannot show concrete monetary damages. *Linden Rsch., Inc.*, 2012 WL 5877579 at *8. With claims under the securities laws, plaintiffs can attest to purchases and sales, which demonstrate concrete damages, as Plaintiffs here have done.

4

this basis. Accordingly, as Plaintiffs' Motion detailed, the case law addressing securities class actions is resolute that class certification is typically "routine." (Motion at 30-33 (citing cases)).

Defendants' only argument regarding typicality is their red herring argument about standing – they do not argue that Plaintiffs' claims are atypical of the Classes' claims in any other regard. They do not in any manner attempt to refute the statements Plaintiffs make in their Declarations supporting the Motion. ECF No. 91-4; 91-5. Therefore, there can be no question that Plaintiffs, and the proposed Classes, satisfy the elements of Rule 23(a).

## B.   The Securities Act Class and the Securities Act Subclass Should Be Certified

With regard to the Securities Act Classes, Defendants argue that individual issues of knowledge predominate and plaintiffs have not established class-wide damages. (Opp. at 9-10; 17-19.) Both of these arguments fail. Predominance under Rule 23(b)(3) is easily satisfied for Securities Act cases, such as this – in fact, it is often not even challenged in Securities Act cases. (Motion at 13.) "[S]uits alleging violations of the securities laws, particularly those brought pursuant to Sections 11 and l2(a)(2), are especially amenable to class action resolution…. [They] depend[], more than anything else, on establishing that certain statements and omissions common to all the offerings were material misrepresentations: a classic basis for a class action." *Pub. Emps. Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 277 F.R.D. 97, 101 (S.D.N.Y. 2011) (collecting cases); *accord Vasquez v. Superior Court of San Joaquin Cty.*, 4 Cal. 3d 800, 820, n. 17 (1971) (citing with approval "the numerous federal cases permitting class actions in securities . . . cases").

### a.    Individual Issues of Knowledge Do Not Predominate

Defendants argue – based on one single non-precedential, out-of-circuit case – that Plaintiffs' individual knowledge issues predominate in this case. (Opp. at 9-10.) Except they fail to argue what pre-IPO knowledge about the alleged omissions and misstatements any class member *could have* possibly had – much less *actually* had.

In *New Jersey Carpenters Health Fund v. Rali Series 2006-QOI Tr.*, 477 F App'x 809, 813 (2nd Cir. 2021)—the sole case Defendants' cite—the Second Circuit affirmed a district court's denial of class certification (applying an abuse of discretion standard) when the lower court was presented with evidence regarding individual class members' knowledge. *Id.* at 813.[6] There is no such evidence here, nor do Defendants bother to even make an argument as to knowledge. Defendants do not seriously contend that investors in YayYo stock had, prior to the IPO, actual knowledge of (i) El-Batrawi's lack of stock sales and ongoing influence over the Company; (ii) the true extent of sums owed to SRAX or Davis; (iii) the matters that FirstFire alleged in its complaint; or (iv) the true intended use of the IPO proceeds.

Judge Kronstadt of this District previously distinguished *N.J. Carpenters Health Fund* because defendants failed to present evidence as to differences in knowledge:

> A review of the district court's decision [in *N.J. Carpenters Health Fund*] shows that it considered a substantial amount of evidence, including that presented through expert and percipient witnesses, with respect to the knowledge of the proposed class members as to securities that they purchased. The subject securities were mortgage-backed securities formed from residential mortgages. They were sold in a series of offerings over a two-year period. The district court noted that defendants argued that certain

---

[6] To be sure, the *N.J. Carpenters* District Court had been presented with evidence "that certain purchasers had knowledge that the loan originators were 'loosening and lowering' underwriting guidelines" and "that broad knowledge of the alleged wrongful conduct existed 'throughout the community of market participants.'" *New Jersey Carpenters Health Fund v. Residential Cap., LLC*, 272 F.R.D. 160, 168-169 (S.D.N.Y. 2011), *aff'd sub nom. New Jersey Carpenters Health Fund v. Rali Series 2006-QOI Tr.*, 477 F. App'x 809 (2d Cir. 2012). No such similar evidence is presented here.

6

purchasers had knowledge that the loan originators were 'loosening and lowering' underwriting guidelines. This presents a serious challenge to class certification because it provides for unique defenses that require a great deal of individualized evidence. . . Defendants here have presented no similar evidence. There is simply no showing that those who purchased CDM shares had special access to information or special experience in connection with the purchase of securities from Chinese companies.

*Katz v. China Century Dragon Media, Inc.*, 287 F.R.D. 575, 588-589 (C.D. Cal. 2012) (internal quotations and citations omitted).

While "actual knowledge" is an affirmative defense to Section 11 claims and a defense to Section 12 claims, in order to defeat predominance at the class certification stage, "defendants must provide evidence that certain class members had differing levels of knowledge regarding the misleading nature of the statements or omissions when they invested sufficient to outweigh common issues." *In re IndyMac Mortg.-Backed Sec. Litig.*, 286 F.R.D. 226, 238 (S.D.N.Y. 2012).[7] Defendants in this case simply make no attempt to provide such evidence – and none exists.

### b.    The Securities Act Classes Have Clearly Sustained Damages

YayYo hit the market at $4 a share and closed at $0.285 per share on September 18, 2020, the date of the filing of the original complaint in this action. That represents a 92.88% decline in price. The stock was virtually worth nothing when this action was commenced.

Defendants do not—and cannot—contest that YayYo's stock price cratered. Instead, they argue that Plaintiffs have not established damages on a classwide basis because no damages model was presented with the Motion. (Opp. at 17-19.) However, "the measure of damages for violations of Sections 11 and 12(a)(2) of the Securities Act does not depend on a classwide method of measurement because the damages for

---

[7] Additionally, the Ninth Circuit has made clear that knowledge is to be measured under an objective "reasonable investor" standard that can be applied classwide. *See In re Ubiquiti Networks. Inc. Securities Ligation*, 669 Fed. Appx. 878, 879-880 (9th Cir. 2016).

those violations are specified by statute." *In re Teva Sec. Litig.*, No. 3:17-cv-558 (SRU), 2021 WL 872156, at *12 (D. Conn. Mar. 9, 2021); *see also In re Coinstar Int'l Inc. Sec. Litig.*, 585 F.3d 774, 785 (3d Cir. 2009) ("The formulaic nature of § 11 leaves defendants with little room to maneuver" in class certification oppositions). The statutory formula must be applied in every case. *See, e.g, McMahan & Co. v. Wherehouse Entm't, Inc.*, 65 F.3d 1044, 1048 (2d Cir. 1995) ("The plain language of section 11(e) prescribes the method of calculating damages, *see* 15 U.S.C. § 77k(e), and the court must apply that method in every case.").

> Section 11 states that class members:
>
> [M]ay be to recover such damages as shall represent the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof as of the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought[.]
>
> 15 U.S. Code § 77k(e).[8]

Under Section 12, class members can "recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security." 15 U.S.C. § 77l(a)(2). For both of these sections, Defendants' negative causation defense prevents recovery for losses that the defendant proves are not attributable to the alleged misrepresentation or omission in the registration statement. *See* 15 U.S.C. § 77k(e); 15

---

[8] In assessing value, courts typically use market value. *See McMahan & Co.*, 65 F.3d at 1049 ("when market value is available and reliable, 'market value will always be the primary gauge of an enterprise's worth.'") (*citing Mills v. Electric Auto— Lite Co.*, 552 F.2d 1239 , 1247 (7th Cir.), cert. denied, 434 U.S. 922 (1977)) (emphasis added); *see also In re Broderbund/Learning Co. Sec. Litig.*, 294 F.3d 1201, 1203 (9th Cir. 2002) (stating in dicta that the "value . . . as of the time such suit was brought" is established by the stock price on "the date the Section 11 claim was filed").

U.S.C. § 77I(b). Negative causation, if applicable, can be established by Defendants on a class-wide basis, but Defendants here make no attempt to even argue that it is applicable in this case.

The Supreme Court's decision in *Comcast*, an antitrust case, is inapposite. As this Court has explained:

> *Comcast* addressed a situation where the proposed damages model incorporated multiple theories of liability in its damage calculations, but the district court had only certified one of those theories for class-wide proof. This led the Supreme Court to conclude that the model could not satisfy the predominance requirement because its inclusion of invalid theories of liability meant plaintiffs had not established "that damages are capable of measurement on a classwide basis" as Rule 23(b)(3) requires.

*In re Snap Inc. Sec. Litig.*, 334 F.R.D. 209, 217 (C.D. Cal. 2019) (Wilson, J.); *see also Luna v. Marvell Tech. Grp., Ltd.*, No. C 15-05447 WHA, 2017 WL 4865559, at *6 (same and finding "[t]hat lead plaintiff has not yet provided a loss-causation model does not defeat predominance."). Here, there are not multiple theories of liability. Similar to *Snap*, the only theory of liability relevant to these claims is that Defendants made omissions and misstatements in the YayYo Registration Statement.[9] None of Plaintiffs' allegations of falsity have been dismissed. And this Court previously certified a Securities Act class where the relevant expert, who did not calculate class-wide damages, simply pointed out that Section 11 damages, and any negative causation, can be computed on a class-wide basis. *See Milbeck v. TrueCar, Inc.*, No. 218CV02612SVWAGR, 2019 WL 2353010, at *4–5 (C.D. Cal. May 24, 2019)

---

[9] Defendants' citation of a consumer class action case, *In re POM Wonderful LLC*, No. ML 10-02199 DDP RZX, 2014 WL 1225184, at *2 (C.D. Cal. Mar. 25, 2014), is similarly distinguishable. (Opp. at 17.) In that case, the court decertified a previously certified class after the close of discovery because neither proposed model was valid, as one did not account for any value class members received and the other could not be tied to Plaintiffs' theory of liability. *Id.* That argument is simply not applicable here, where damages for the Securities Act Classes will be defined by statutory formula. *See also Luna*, 2017 WL 4865559 at *6 (distinguishing on *Pom* on these same grounds).

(Wilson, J.). "[C]alculations [of Securities Act claims] are more mechanical in nature than those for 10(b) and should not preclude class certification." *In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 721 (S.D. Tex. 2006). *See also In re Oppenheimer Rochester Funds Grp. Sec. Litig.*, 318 F.R.D. 435, 447 (D. Colo. 2015) ("because Securities Act damages are calculated using a statutory formula, '[t]he means of determining them therefore would be common to all class members'"); *In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*, No. CV 11-2768 PSG (SSx), 2013 U.S. Dist. LEXIS 155091 at *16 (C.D. Cal. Oct. 25, 2013) (same).

And, even after *Comcast,* the Ninth Circuit has held that "the presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)," permitting District Courts in the Ninth Circuit to routinely certify securities class actions without class-wide damage models. *Leyva v. Medline Industries, Inc.*, 716 F.3d 510, 514 (9th Cir.2013); *see also Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1182 (9th Cir. 2017), *rev'd and remanded on other grounds*, 139 S. Ct. 710, 203 L. Ed. 2d 43 (2019)); *Luna v. Marvell Tech. Grp., Ltd.*, No. C 15-05447 WHA, 2017 WL 4865559, at *6 (N.D. Cal. Oct. 27, 2017) (citing cases).[10]

This case is distinguishable from this Court's decision in *Loritz v. Exide Techs.*, No. 2:213-CV-02607-SVW-E, 2015 WL 6790247, at *9 (C.D. Cal. July 21, 2015), on which Defendants primarily rely. With *Loritz*, the Court was faced with dueling expert reports and great debate over whether Plaintiffs could tie their damages to their theory of liability. *Id.* Most critically in *Loritz* (and not applicable here, where all of the Complaint's falsity allegations have been sustained), defendants had argued that the

---

[10] Many other districts, including the Southern District of New York, have also found *Comcast* inapplicable to securities cases. *See, e.g., New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp.*, PLC, No. 08-CV-5310 (DAB), 2016 WL 7409840, at *10 (S.D.N.Y. Nov. 4, 2016) (stating "numerous courts in [the Southern District of New York] have held that *Comcast* is simply inapposite in Section 11 actions, where damages reflect liability by statutory formula" (internal quotations and citations omitted)).

lack of a damage model was "particularly problematic in a case . . . where: . . . some of the allegedly concealed facts arose or were made known to the company (and thus for the first time could have been disclosed) during the class period." *Loritz*, 2015 WL 6790247, at *22. The Court declined to certify a damages class given the lack of a damages model in that specific factual scenario, but did not hold a class could never be certified without a damages model. *Id.* Indeed, this Court later certified another class action without being presented with a damages model. *See TrueCar, Inc.*, 2019 WL 2353010, at *4–5 ("[A]t this stage it is only required that plaintiffs 'be able to show that their damages stemmed from the defendant's actions that created the legal liability.'"). This case is not a complicated one – Plaintiffs' theory of liability is clear as are the damages alleged. Defendants have not – because they cannot – proffer a cogent argument that this securities class action (like most securities class actions) will present any level of difficulty in allocating damages on a classwide basis.

Defendants additionally regurgitate an argument they previously made before this Court in their argument for a Judgment on the Pleadings (*see* ECF No. 78 at 2) – that class members did not sustain harm because the stock briefly rebounded above the IPO price for a short period of time in 2021, well after this action was filed.[11] (Opp. at 19-20.) That is not relevant to the Court's inquiry here in any manner, nor does it comport with the relevant statutory formulas.[12] If a class member does not have damages under the prescribed formulas, the claim will be rejected.

---

[11] Indeed, as demonstrated by Exhibit 1 to the David Decl. (ECF No. 91-3, the Lo Decl.), at ¶¶5-6, Ex. A, between the November 13, 2019 date of YayYo's IPO at $4 per share and the September 9, 2020 date when this action was first filed and YayYo common stock was trading at $0.285 per share, *more than 91 million shares traded hands*. Since just 2.625 million shares were issued and sold in the IPO, *each* of those shares likely traded hands *more than 34 times* before this action was commenced demonstrating exceedingly low odds that any one of those shares sold at $4 in the IPO was still owned by the same purchaser in February 2021 who has somehow profited from an investment in YayYo.

[12] Defendants devote an entire section to a misguided attempt to argue that Plaintiffs cannot "demonstrate more than a *de minimis* number of putative class members suffered harm," Opp. at 19-20, relying primarily on the recent Ninth Circuit decision in *Olean Wholesale Grocery Coop., Inc. v.*

11

Because damages under these causes of action are statutorily defined, they are calculated using a common methodology which is easily linked to the only theory of liability in this case, that Defendants violated the Securities Act by issuing false and misleading statements. As such, these causes of action are ideal for class treatment. Individual issues of damages do not predominate.[13]

### C.    A Class Action is Superior to Separate Individual Actions

When it comes to the superiority inquiry, Defendants' make their most disingenuous arguments yet. They rely heavily on a pending state court action asserting a Section 11 claim to argue a risk of inconsistent adjudications (Opp. at 21), but they neglect to tell the Court that they had filed a stipulation asking the California State Court to stay that action (the "State Action") in favor of this one prior to filing their Opposition. *Vanbecelaere v. YayYo, Inc. et al.*, California State Superior Court, County of Los Angeles, Case No. 20STCV28066, filed July 12, 2021. (The California State Court ordered the State Action stayed on July 20, 2021.) As set forth in the Motion at 22-23, all four of the Rule 23(b) factors weigh in favor of a class action being superior to individual actions in this case.

---

*Bumble Bee Foods LLC*, 993 F.3d 774 (9th Cir. 2021), *reh'g en banc granted*, No. 19-56514, 2021 WL 3355496 (9th Cir. Aug. 3, 2021), an action addressing a price-fixing antitrust conspiracy in the tuna industry. *Olean* dealt with "whether a representative sample can establish classwide liability at the class certification phase." *Id.* at 786. The concern was whether uninjured individuals were being considered as part of a class due to possibly faulty modeling. *Id.* at 791-792. That concern is not applicable to this case, where a representative sample is not being used. Here, individuals or entities that purchased YayYo common stock prior to commencement of this Action will submit claim forms indicating the dates and prices of their purchases and, if or when those shares were sold. If some unknown investor cannot show a loss, that investor's claim would be rejected. Defendants cite not a single securities case in which class certification was defeated because a court concluded that some percentage of the proposed class was uninjured, nor are Plaintiffs' counsel aware of one. Regardless, the opinion in *Olean* itself was recently vacated. *Olean Wholesale Grocery Coop., Inc.*, 2021 WL 3355496, at *1. The case will be reheard *en banc*.

[13] The Court should also certify Plaintiffs' claim under Section 15 because it is derivative of Sections 11 and 12(a)(2) – it requires a Section 11/12(a)(2) violation and control of the violator. Section 15 turns on facts regarding control, facts that will be common to all class members – and facts Defendants do not contest.

12

As Defendants admit, courts in this circuit hold factor one of the inquiry weighs in favor of class certification when damages of "each putative class member are not large." Opp at 21 (*quoting Zinser v. Accuflix Research Inst. Inc.*, 253 F.3d 1180, 1190-91 (9th Circ. 2001). The YayYo IPO was relatively small: YayYo sold 2,625,000 shares of its common stock at $4.00 per share, for total gross proceeds of approximately $10,500,000. ¶ 124. Mr. Koch bought 500 shares in the IPO for a total expenditure of $2000. *See William Koch v. YayYo, Inc. et al*, ECF No. 1-2. Mr. Bednarz was appointed Lead Plaintiff with an expenditure of $77,584 on YayYo stock and an estimated loss of $44,376 in connection with his purchases of YayYo stock. ECF No. 28-1. This factor clearly favors class certification in this case. There was a high trading volume of the stock, furthering supporting the theory that there are a lot of holders with small losses. *See* Ex. B to the Lo Decl.[14]

All the remaining factors additionally favor certification. The State Action that Defendants rely on—which is stayed—only asserts Sections 11 and 15 claims, as

---

[14] As discussed *supra*, evidence of facts and need not to be admissible at trial to be considered at the class certification phase. *Sali*, 909 F.3d at 1005. Additionally, the Court can take judicial notice of stock information. This is information that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Metzler Investment GMBH v. Corinthian Colleges, Inc*., 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (noting the district court properly took judicial notice of the defendant's "reported stock price history and other publicly available financial documents"); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809 , 828 (N.D. Cal. 2019) ("Information about the stock price of publicly traded companies [is] the proper subject of judicial notice"); *Garcia v. J2 Glob., Inc.*, No. 2:20-CV-06096-FLA (MAAx), 2021 WL 1558331, at *9 (C.D. Cal. Mar. 5, 2021) (granting judicial notice of stock prices and other information "whose accuracy cannot be reasonably questioned"). Defendants themselves ask the Court to take judicial notice of stock information from Yahoo Finance, which includes volume and average volume figures. *See* ECF No. 100-2, Exhibit 3. While Plaintiffs are not opposing Defendants' Request for Judicial Notice, the first two exhibits are included solely for merits arguments, not relevant in class certification. (Defendants are seemingly attempting to reargue their failed Motion on the Pleadings in this Opposition.) The third exhibit is related to YayYo's stock, but is not what Defendants present it is to the Court – it does not show "the public price of YayYo's stock from the IPO through the filing of Defendants' Opposition," but rather shows the intraday price of YayYo stock on July 19, 2021, and various statistics about the stock, such as the trading volume and bid and ask spread.

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION FOR CLASS CERTIFICATION
CASE NO. 2:20-cv-08235-SVW-AFM

compared to this more inclusive action, which additionally asserts claims pursuant to Section 12 of the Securities Act. This case is set for trial on October 5, 2021, while the State Action might take years. And the class action is manageable – both currently pending actions asserted against the company related to their omissions and misstatements are class actions. In *Snap*, the court similarly certified a class when there was a stayed state action pending. *See In re Snap*, 334 F.R.D. at 220. This Court also held "[t]his Court does not need to consider "the manageability of a class action" in detail, because the alternative venue for these claims is also a class action. To this Court's knowledge, these are also the only two actions litigating the securities claims arising out of Snap's IPO, making consideration of individual interests in prosecuting these claims unnecessary." *Id.*

Here "classwide litigation of common issues will reduce litigation costs and promote greater efficiency[.]" *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). Defendants regurgitate prior arguments about individual issues of knowledge, but the Opposition is simply bereft of arguments regarding what individual issues exist in this case. (Opp. at 22-23.) A class action is clearly a superior way to adjudicate the Classes claims.

## CONCLUSION

For the foregoing reasons, and those set forth in the Motion, Plaintiffs respectfully requests entry of an order certifying this action as a class action as to the Securities Act Classes, appointing Plaintiffs as Class Representatives, and appointing Pomerantz LLP as Class Counsel.

Dated: August 5, 2021                Respectfully submitted,

                                     **POMERANTZ LLP**

                                     By: */s/ Cara David*
                                     Jeremy A. Lieberman (*pro hac vice* forthcoming)
                                     Cara David (*pro hac vice*)
                                     600 Third Avenue, 20th floor
                                     New York, New York 10016
                                     Telephone: (212) 661-1100
                                     Facsimile: (212) 661-8665
                                     Email: jalieberman@pomlaw.com
                                     cdavid@pomlaw.com

                                     **POMERANTZ LLP**
                                     Jennifer Pafiti (SBN 282790)
                                     1100 Glendon Avenue, 15th Floor
                                     Los Angeles, CA 90024
                                     Telephone: (310) 405-7190
                                     Email: jpafiti@pomlaw.com

                                     *Attorneys for Plaintiffs and
                                     the Proposed Class Counsel*

                                     **BRONSTEIN, GEWIRTZ &
                                     GROSSMAN, LLC**
                                     Peretz Bronstein (*pro hac vice* forthcoming)
                                     60 East 42nd Street, Suite 4600
                                     New York, New York 10165
                                     Telephone: (212) 697-6484
                                     Facsimile: (212) 697-7296
                                     Email: peretz@bgandg.com

                                     **JOHNSON FISTEL, LLP**
                                     Frank J. Johnson (SBN 174882)
                                     Chase M. Stern (SBN 290540)
                                     655 West Broadway, Suite 1400
                                     San Diego, CA 92101
                                     Telephone: 619/230-0063
                                     619/255-1856 (fax)

frankj@johnsonfistel.com
chases@johnsonfistel.com

**ROBBINS GELLER RUDMAN
  & DOWD LLP**
Samuel H. Rudman (*pro hac vice* forthcoming)
Mary K. Blasy (SBN 211262)
58 South Service Road, Suite 200
Melville, New York 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
mblasy@rgrdlaw.com

**ROBBINS GELLER RUDMAN
  & DOWD LLP**
James I. Jaconette (SBN 179565)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jamesj@rgrdlaw.com

***Additional Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Cara David
Cara David

17