UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION - LOS ANGELES)

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 2:20-CV-08235-SVW-AFM |
| | ) | |
| | ) | CIVIL |
| YAYYO, INC. | ) | |
| SECURITIES LITIGATION | ) | Los Angeles, California |
| | ) | |
| | ) | Friday, July 30, 2021 |
| | ) | |

TELEPHONE CONFERENCE RE

PLAINTIFF'S EX PARTE APPLICATION
TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION [DKT.NO.105]

BEFORE THE HONORABLE ALEXANDER F. MacKINNON,
UNITED STATES MAGISTRATE JUDGE

**APPEARANCES:**                    SEE PAGE 2

Court Reporter:              Recorded; AT&T Teleconference

Deputy Clerk:                Ilene Bernal

Transcriber:                 Exceptional Reporting Services, Inc.
                             P.O. Box 8365
                             Corpus Christi, TX 78468
                             361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

**APPEARANCES:**


For Plaintiff:           CARA DAVID, ESQ.
                         Pomerantz, LLP
                         600 Third Avenue
                         20th Floor
                         New York, NY 10016
                         212 661-1100


For Defendant:           GEORGE B. NEWHOUSE, JR., ESQ.
                         Richards Carrington, LLC
                         545 S. Figueroa Street
                         7th Floor
                         Los Angeles, CA 90017
                         213 348-9016

                         RICHARD C. HARLAN, ESQ.
                         Larson O'Brien, LLP
                         555 South Flower Street
                         Suite 4400
                         Los Angeles, CA 90071
                         213 436-4888


For Westpark Capital:    JULIE E. KAMPS, ESQ.
                         WestPark Capital Financial Services
                         1900 Avenue of the Stars
                         Suite 310
                         Los Angeles, CA 90067
                         310 203-2942

**<u>Los Angeles, California; Friday, July 30, 2021</u>**

**(Telephonic Hearing)**

**(Call to Order)**

**THE CLERK:**  Calling Case Number CV 20-08235-SVW-AFMx; *In re YayYo, Inc. Securities Litigation.*

Counsel, please make your appearances.

**MS. DAVID:**  On behalf of Plaintiff, this is Cara David, Pomerantz LLP.

**MR. HARLAN:**  On behalf of Defendant EVmo Inc., formally known as YayYo, Inc., this is R.C. Harlan of Larson LLP.

**MR. NEWHOUSE:**  On behalf of the individual Defendants, Your Honor, George Newhouse of Richards Carrington. Good morning.

**THE COURT:**  Okay.  Good morning, Counsel.  Is that --

**MS. KAMPS:**  Good morning.

**THE COURT:**  Is there another Counsel going to appear? Sorry.

**MS. KAMPS:**  Yes.  Good morning, Your Honor.  This is Julie Kamps on behalf of Westpark Capital.

**THE COURT:**  Okay.  Is that it?

Okay, good morning, Counsel.  This is Magistrate Judge MacKinnon.  We're here for a telephonic hearing regarding Plaintiff's ex parte application to compel production of documents and information from the YayYo Defendants, both

4

corporate and individual.

What I'm going to do on this call is, first, set out my thinking in what I think I would characterize as a tentative ruling.  And after I do that, I'll allow Counsel to provide further comments or arguments regarding what I've said.  And then I'll either modify or confirm that that's going to be my ruling today.

So in this application that's pending, the Plaintiffs argue that the Defendants should be ordered to produce documents and information pursuant to an ex parte application because the Defendants have failed to make these productions since late-May and a trial date has been set in this case for October 5, 2021.

The Defendants respond that this is an improper ex parte application on a discovery issue because there is no emergency.  They've agreed to produce documents in the near future.  There's no discovery cutoff.  And they are willing to stipulate to a continuance of the trial date.

Defendants are correct that ex parte applications should be limited to true emergencies in situations where a regularly noticed motion is not possible and the moving party would suffer irreparable injury without the requested relief and, in addition, the moving party has to be free from fault in causing the emergency.

The basic parameters of this are set out in the

**EXCEPTIONAL REPORTING SERVICES, INC**

Mission Power case, at 883 F. Supp. 488, Central District of California case from 1995.

It's also true that ex parte applications are rarely proper in discovery matters because of the opportunity to have briefing pursuant to Local Rule 37 in the joint stipulation process.

In the instant matter, I believe that a review of the case schedule and the status of discovery is necessary to determine whether the current request was properly brought as an ex parte application. As Plaintiffs point out, on May 27, 2021, the District Judge set a jury trial date for October 5, 2021 and a pretrial conference date for September 27, 2021. That's at ECF 83.

The District Judge had previously issued his new case order on September 21, I think, 2020, in which he set out his requirements for this case. That's ECF 13.

Paragraph 4 of that new case order discusses discovery. And the District Judge states there that all discovery disputes should be resolved at least three weeks before the scheduled trial date. It also states that the District Judge does not look favorably on delaying trial because of discovery disputes.

Although there wasn't a formal discovery cutoff in this case order, there was strong guidance from the District Judge that all discovery motions should be filed, briefed, and

resolved at least three weeks before the trial date.

I calculate three weeks before October 5th as approximately September 14th.  Using the joint stipulation process under Local Rule 37, from the start of the meet-and-confer process through a hearing on a discovery motion takes in the range of about 45 days.

Forty-five days before September 14th would be August 1st, which is essentially the date we're at.  And that would not leave any time for the Court to issue a further ruling or for the party who might be ordered to provide more discovery to actually go ahead and provide that discovery.

So it shows that we are at or beyond the point where a Rule 37-type joint stipulation process would get everything resolved before the three-week date that the District Judge said he wants all discovery motions completed.

In addition, paragraph 7 and 8 of the District Judge's order discusses continuances.  He sets out the standard there that he applies in determining whether he's going to grant a continuance.  Paragraph 7 of the order says that trial dates are firm and will not be changed without a showing of good cause.

Also relevant to the timing in this case is the date that has been set for the final pretrial conference.  That's September 27, 2021.

Under Local Rule 16, the meeting of Counsel

concerning preparation of the pretrial order must take place 40 days before that pretrial conference date.  I calculate that to be approximately Ap -- excuse me -- August 18, 2021.

At this meeting of Counsel for the pretrial conference, Counsel are required to disclose exhibits which necessarily assumes document production has taken place to allow exhibits to be selected.  So by August 18th, under the current schedule, documents should be exchanged and exhibits should be prepared to be disclosed at the meeting of Counsel.

Because of the need to get discovery disputes resolved at least three weeks before trial and because of a need to have documents produced in preparation of the pretrial conference, I conclude that Plaintiff has shown the existence of an emergency matter here and the possibility of irreparable harm if the release isn't obtained, this particularly regarding the production of documents.

And I also find that there's a practical inability to go through the Rule 37 process in a timely way that would address these issues.

Plaintiffs have also shown diligence in trying to get commitments on the production dates from Defendants without success.  And I find that the Plaintiffs are not the cause of the current emergency.

As to the Defendants' willingness to stipulate to an extension of the trial date, I must deal with discovery matters

raised before me based on the District Judge's firm trial date. I'm not going to pre-judge any request that might be made for a continuance.  But for purposes of managing discovery, I must manage it to meet the current dates.  I can't assume that those dates will be continued.

And I note there hasn't been any requests to my knowledge, as I checked the document this morning for any continuances.

As a result, I find that an ex parte application is appropriate here regarding the schedule for completion of document production by the Defendants.

Plaintiffs have requested a completion deadline for Defendant's document production of August 13, 2021.  The Court finds that to be reasonable in light of a number of factors.

First, the other dates on the case schedule, particularly the need to exchange exhibits in time for the final pretrial conference.

Second, the requests for document production were served at the end of May, which is, by the time April 13th comes around, would have been approximately two and a half months ago.

In addition, at the time the document requests were served, or shortly thereafter, the trial date of early October was known to the parties.  In addition, at least when this application was filed, it was represented to the Court that no

documents had been produced by the Defendants.

And finally, in the Defendants' submissions, I didn't see at least any proposed completion date for document production being set out.

All of these factors point me to the need for the Court to set a deadline for prompt completion of document production.  And the Court believes that August 13, 2021 is necessary.  This is a date for substantial completion of the Defendants' document production.

The Court expects document production actually to begin next week, but to be completed, substantially at least, by August 13th.

The Court also expects service of information known to Counsel -- service information known to Counsel for individuals on their initial disclosures to be provided next week as well.

I'm not going to issue -- although it was in the proposed order, I'm not going to make any order regarding document preservation.

The District Court issued an order regarding evidence preservation on May 19, 2021.  That's ECF 80.  And at least in the material I've received, the Plaintiffs have not shown good cause for any further orders on that subject.

So that's my, I would say, strong tentative views on the subject.  Given sort of what I've said, I'll ask for a

10

response from Counsel for the Defendants.

**MR. HARLAN:**  Thank you, Your Honor.  This is R.C. Harlan for the company.

With regard to, in our papers, whether we set out a date certain by which we would produce discovery, we did purport that it is our strong endeavor to complete this discovery by the end of August.

I understand that the case schedule -- and we have to take it as it lies right now -- of course, dependent on the motion for class certification, which is currently pending.

I understand the Court's concern.  I will try to -- I don't want to belabor the point.  But the Defendants have been working diligently.  This is a complicated process.  We're dealing with a few technical issues on our end that I don't want to belabor at this point.

But if -- by substantial completion, what did the Court have in mind there?  I just want to make sure I understand what we think on that point.  Because I think we can meet that requirement.  But there will be potentially other documents that come in later from former employees who we don't have this much control over as we would like.

**THE COURT:**  I think that falls within substantial.  I mean, I would say the bulk of it is another way to put it.  I don't -- I made that -- included that adjective because I understand that it's often not possible to get everything lined

up and done.

But most of it, you know, the bulk of it would be done.  And you're then sort of closing, you know, the loop on a number of maybe much smaller areas of production in order to finish the job.

**MR. HARLAN:**  Understood.  Understood.  You know, other than asking for a later date, Your Honor, I think we would be in agreement with the order.

I'd like to be able to come before you if there are other issues or something unexpected arises that, you know, may make things impossible that I don't understand right now with regard to the collection process.  I'm hopeful that we can -- is there a process by which we could request an informal discovery conference in order to avoid, you know, a further motion practice or ex parte?

**THE COURT:**  Yeah.  I was thinking about that as well. I'm not going to repeat everything I've said orally in a written order.  That's why I did it this way, so at least I could get it down quickly.

But I will do a short written order that sets out the deadline that includes the fact that it's a substantial completion.

And it will say that, if there are -- I don't know the exact verbiage -- but something like, unexpected and things that are out of your control to fix that you need to raise to

12

the Court's attention, we can do that through some form of informal conference call as soon as they come to your attention.

MR. HARLAN:  Okay.  Without speaking for the other Defendants, I think that the company, in light of the Court's view, will agree to try and complete substantial production by August 13th.

THE COURT:  Okay, thank you.

Okay, Mr. Newhouse?

MR. NEWHOUSE:  Your Honor, thank you for hearing us out.  And let me say, obviously, we appreciate the Court's direction and guidance, and we will do everything in our power to comply with it.

But just for the record, I would like to object to the order in the sense that, notwithstanding our good faith, if by -- in within two weeks, that two weeks from today, if we are unable to make a substantial production -- and I'm not sure what that means -- we will do everything we can.

But if we're unable, you know, I have to object on the basis that we really haven't had a full and fair opportunity to be heard.  There hasn't been -- frankly, there hasn't even been a meet-and-confer on these document issues that exist.  I represent seven individual clients, one of whom has done a good-faith search and has no documents.  So that's easy.

But as to the other six, there is -- could be a great volume of materials that, with the Court's order, in two weeks, it may be that we're in a position to produce materials that are otherwise subject to attorney-client privilege without being able to review those.

Now, is the Court -- as I understand it, the Court's ordering us to produce those materials by that date even if there are attorney-client privilege information.

And if so, we would like to -- it noted for the record that we will be reserving our right to claim that materials are subject to attorney-client privilege, and we simply did not have time to adequately review them.

That's the problem -- realistic problem from our end. And I don't think we can --

**THE COURT:** Yeah. I mean, just to be clear, I'm not saying anybody's waived any objections that you were going to assert, whether it be privilege or any other objection.

What I'm saying is the documents that you were prepared to produce, non-objectionable, responsive, you know, subject to proportionality, relevance, all the rest of the requirements for production would be produced in bulk -- in a substantial amount by August 13th.

I know that doesn't resolve everything. Because you might have privilege, things you're going to withhold that they might challenge. They may think you didn't produce enough

documents because you didn't search the right places.

I obviously haven't addressed any of that because it hasn't been presented to me. All I'm saying is everybody's coming -- moving forward on production. And I have to presume that this all -- this process started well before the ex parte application was filed.

And what I'm saying is, it needs to be completed substantially by August 13th. And I hope there aren't, but there could well be further disputes down the road that we're going to have to figure out how we resolve.

**MR. NEWHOUSE:** I hear the Court. I appreciate what the Court has said. And we will do everything in our power to comply. I just wanted the record to reflect that we respectfully do object to an order within that time frame. But we do our best to comply with it, obviously.

**THE COURT:** Okay, thank you.

Any other comment from Counsel for the Defendants?

Okay. From Plaintiffs' side, anything?

**MS. DAVID:** Thank you, Your Honor. No. We are good with the August 13th date.

Regards to the preservation, I am definitely willing to forego that until we actually get documents and see if there are any preservations and exfoliation issues.

I am concerned. Because as Mr. Newhouse said, one of the Defendants supposedly doesn't have documents. And

15

Mr. Newhouse has refused to tell me differing things about where documents are located, where they're being searched, et cetera. That was obvious in my Exhibit A in support of my application.

But hopefully we can work those out amongst ourselves and not bother the Court with them.

THE COURT: Okay. All right. So the only other thing I would say -- and I think I've mentioned -- kind of said this response to the question by Mr. Harlan. But if August 13th is approaching and, you know, one of the Defendants is having just an intractable problem that they can't resolve and it's just going to be a big issue, it's -- and I'm not getting out encouraging further hearings.

But I'd rather have somebody have a quick telephonic hearing with us, and then we can hear about the problem, rather than just let the date pass, and when challenged, say, "Oh, well, I had a problem." And, you know, that's not the way to do it. Because then you'd be technically probably in violation of the order. And we run into a whole set of other problems.

So I strongly -- you know, and the order basically orders everybody to substantially complete it. But if you have a problem, as soon as possible -- specific problem -- schedule a telephonic hearing, and we'll try to address that.

The goal, obviously, through all of this, is to get this -- everything on schedule so that if the trial date's

16

going to stick to where it is, everybody's ready to go.

Okay, anything further from either side, then?

**MS. DAVID:**  This is Ms. David on behalf of Plaintiffs.  Just one other note on Mr. Newhouse's note.

Certainly, if there's privileged documents produced, then I will abide by any sort of clawback.  I understand, when things are rushed, sometimes things get inadvertently produced.

And I just want to assure everyone, with the Court's permission, that I will abide by any clawback letter that comes my way.

**THE COURT:**  Okay, thank you.

All right.  Well, thanks everybody.  And we'll proceed on this basis and as I stated.

**MR. HARLAN:**  Thank you, Your Honor.

**MS. DAVID:**  Thank you, Your Honor.

**MS. KAMPS:**  Thank you, Your Honor.

**THE COURT:**  Okay, that's it everyone.

**THE CLERK:**  This hearing is now adjourned.

**(Proceeding adjourned)**

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          August 14, 2021

TONI HUDSON, TRANSCRIBER

EXCEPTIONAL REPORTING SERVICES, INC