**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
Cara David (admitted *pro hac vice*)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com
cdavid@pomlaw.com

*Lead Counsel for Plaintiffs*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE YAYYO, INC. SECURITIES LITIGATION** | Case No. 2:20-cv-08235-SVW-AFM<br><br>**PLAINTIFFS' REQUEST FOR FURTHER RELIEF**<br><br>Filed Concurrently Herewith: Declaration of Cara David in Support |

TABLE OF CONTENTS

I.    Introduction ................................................................................................. 1

II.   Background ................................................................................................. 1

III.  Defendant's Violation Of The Court's July 30 Order ................................. 5

      a.    Service Information for Individuals Identified on the Initial
            Disclosures ..................................................................................... 5

      b.    The Inadequate Document Production ............................................ 7

IV.   Further Necessary Relief ............................................................................ 14

      a.    The Court should set August 27 as the date for completion of all
            document discovery, including production of a privilege log. ......... 14

      b.    If the depositions proceed as scheduled, the Court should order those
            depositions to be kept open, and allow Plaintiffs to recall witnesses as
            necessary, for another full day, at the expense of YayYo. ................. 15

      c.    The Court should order YayYo to pay attorneys' fees associated
            with enforcing the Order. ................................................................ 15

      d.    The Court should order YayYo to provide details about
            preservation and retention of documents. ........................................ 17

      e.    Any other sanctions the Court finds appropriate, including
            contempt of court............................................................................ 19

V.    Conclusion................................................................................................. 20

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                     Case No. 2:20-cv-02319-VAP-PJW

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beebe v. NutriBullet, L.L.C.*,
2018 WL 8057889 (C.D. Cal. May 24, 2018)......................................................17

*Cannata v. Wyndham Worldwide Corporation*,
2011 WL 3495987 (D. Nev. Aug. 10, 2011).........................................................18

*Fischer v. Forrest*, No. 14CIV1304PAEAJP,
2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ........................................................11

*In re eBay Seller Antitrust Litig.*,
2007 WL 2852364 (N.D. Cal. Oct. 2, 2007) ........................................................18

*Lever Your Bus., Inc. v. Sacred Hoops & Hardwood, Inc.*,
2021 WL 2106484 (C.D. Cal. May 24, 2021).......................................................16

*Relman Colfax PLLC v. Fair Hous. Council of San Fernando Valley*,
2021 WL 1895905 (C.D. Cal. Mar. 16, 2021)......................................................16

*United Artists Corp. v. United Artist Studios LLC*,
2019 WL 9049050 (C.D. Cal. Oct. 7, 2019).........................................................11

*Zurich Am. Ins. Co. of Illinois v. World Priv. Sec., Inc.*,
2020 WL 8610839 (C.D. Cal. Nov. 23, 2020) .....................................................17

## Rules

Fed. R. Civ. P. 26(b)(2).............................................................................................18

Fed. R. Civ. P. 26(f)...........................................................................................10, 19

Fed. R. Civ. P. 34(b)(2)..........................................................................................5, 11

Fed. R. Civ. P. 37(b)(2)(C) .....................................................................................16

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Introduction

Lead Plaintiff Bernard Bednarz and Plaintiff William Koch (collectively "Plaintiffs") submit this brief in response to the Court's August 18, 2021 order. (ECF No. 125.)  Defendant YayYo, Inc./RideShare Rental, Inc. (now known as EVmo, Inc., "YayYo") has violated the Court's July 30 Order (ECF No. 114, the "Order") and—with depositions beginning next Thursday, August 26, 2021 and an October 5, 2021 trial date still set—Plaintiffs seek immediate further relief from the Court.[1]

## II.    Background

Plaintiffs will not repeat in depth the facts asserted in Plaintiffs' *Ex Parte* Application to Compel Production of Documents and Information.  (ECF No. 105.)  That application centered on the YayYo Defendants' failure, with an October 5, 2021 trial date, to produce a single document or agree to a document production start date.  (*Id*.)  After receiving opposition papers from YayYo and the Individual Defendants, the Court held a telephonic conference on July 30, 2021.  It was this conference that led to the Order.

---

[1] While Plaintiffs question the sufficiency of the production by Ramy El-Batrawi, Jonathan Rosen, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Harbant S. Sidhu and Paul Richter (the "Individual Defendants," together with YayYo, the "YayYo Defendants"), counsel for the Individual Defendants has represented it is complete.  Plaintiffs are currently accepting that representation, but reserve the right to challenge it should additional information become available.

1

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW

During the conference, the Court recognized that there were several discovery-related deadlines approaching given the September 27, 2021 pre-trial conference date and the October 5, 2021 trial date. (7/30/21 Tr. at 5:7-9:16.) The Court also stated: "Plaintiffs have also shown diligence in trying to get commitments on the production dates from Defendants without success. And I find that the Plaintiffs are not the cause of the current emergency." (7/30/21 Tr. 7:20-23.)

The Court instructed Defendants that it: "expects document production actually to begin next week, *but to be completed, substantially at least, by August 13th*." (7/30/21 Tr. 9:10-12 (emphasis added).) The Court generously offered a telephone conference if Defendants ran into any issues with substantial completion of discovery. (7/30/21 Tr. 15:14-18 ("I'd rather have somebody have a quick telephonic hearing with us, and then we can hear about the problem, rather than just let the date pass, and when challenged, say, 'Oh, well, I had a problem.' And, you know, that's not the way to do it. Because then you'd be technically probably in violation of the order.").)

The Order, issued later that day, read in relevant part:

> On or before August 13, 2021, the YayYo corporate and individual defendants shall substantially complete their production of documents in response to plaintiffs' first set of requests for production. . . In the event significant difficulties arise in meeting this deadline for a subset of requested documents or for a particular custodian, a defendant may set up a telephonic discovery conference with the Court to discuss the issue – if it cannot otherwise be resolved via discussions with plaintiffs' counsel. . . Also, service

2

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW

information known to counsel for individuals listed on initial disclosures shall be provided to opposing counsel within the next seven days.

ECF No. 114.

On August 6, 2021, the Individual Defendants produced 591 documents.[2] As detailed below, no information related to the Initial Disclosures was provided, in violation of the Order.

Plaintiffs first requested the August availability of Defendants for depositions on July 19, 2021.  As counsel for the Individual Defendants never provided that information—and had the preposterous idea that depositions could continue until September 16, 2021 (three weeks before the trial)—Plaintiffs noticed the depositions of the Individual Defendants on August 6.  The noticed deposition period spanned from August 25, 2021 to August 31, 2021.  As is typical, some of the noticed dates have been moved, but depositions are still currently scheduled to start on August 26, 2021.

On August 11, 2021, the parties finally met and conferred about Defendants' Responses to Plaintiffs' First Request for Production of Documents.  Plaintiffs had first requested this meet and confer on July 19, 2021.  Shortly before this conference, the Court issued an order moving the hearing on Class Certification from August 16, 2021 to September 13, 2021.  At the start of the

---

[2] These were processed by YayYo's vendor and possessed a Bates stamp as if produced by the Company, but Plaintiffs were later told that the production was solely a production of documents from the Individual Defendants.

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW

meet and confer, the parties discussed scheduling—with counsel for one defendant stating he would seek a 60 to 90 day adjournment and counsel for another defendant stating he would seek at least 90 days.  On behalf of Plaintiffs, I reiterated their position that the putative class deserves finality and the trial should proceed as expeditiously as possible, but I also recognized that some delay of the trial date would be necessary to give any potential class notice pre-trial.  I indicated that only an extra month would be needed because of the Court's adjournment of the Class Certification hearing date, but Plaintiffs might stipulate to 60 days if all parties could agree.  The proposal for a 90-day extension was rejected by me.  Counsel for Defendants could not all agree that 60 days would be adequate, so submitting a joint stipulation, with each parties' differing views, was recommended by counsel for the Individual Defendants.  I indicated that I could not agree to anything without consultation with Plaintiffs, but that we were generally in agreement in principal and I would review a proposed stipulation from counsel for Defendants.  (Two days later I was told that Defendants would circulate their half of a stipulation later that day, so that Plaintiffs could add to it prior to submission.  I still have not received anything, despite a Wednesday email saying the draft would be circulated "promptly."  (Ex. A at 3.[3])

During the meet and confer, we went through some of the YayYo Defendants' objections.  I was particularly concerned about the YayYo

---

[3]  "Ex." refers to exhibits attached to the Declaration of Cara David in Support of Plaintiffs' Request for Further Relief filed herewith.

4

Defendants' time period objection. In violation of Fed. R. Civ. P. 34(b)(2), the YayYo Defendants had objected to the time period but had not specified what was being withheld based on that objection. (This was also covered in letters sent before the meet and confer, Exs. C, D.) Counsel for YayYo stated that, while he believed the time period was overbroad, he was not withholding documents on the basis of that objection.

On August 13, 2021, YayYo produced 30,283 documents. Critically, there was no production at all for over half of the custodians agreed upon and no explanation as to why these omissions existed.

The trial remains set to start on October 5, 2021. There is no guarantee that the Court will grant any continuance.

## III. Defendant's Violation Of The Court's July 30 Order

### a. Service Information for Individuals Identified on the Initial Disclosures

Defendants served their Initial Disclosures on May 25, 2021. For the majority of people related to YayYo—including shareholders and some former employees—the Initial Disclosures stated they should be contacted through YayYo's counsel. As raised in the prior application (ECF No. 105), Plaintiffs later discovered that Company counsel had not verified with these individuals that Company counsel could accept service of subpoenas on behalf of these individuals. The Court ordered the YayYo Defendants to provide "service information known to counsel for individuals listed on initial disclosures" within

5

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW

seven days, therefore requiring this information to be provided no later than August 6, 2021. (ECF No. 114.) The information was extremely important to Plaintiffs given the quick discovery cut-off dates and the length of time often required to serve individuals.

On Saturday, August 7, 2021, Plaintiffs still had not received any additional service information for individuals listed on initial disclosures. The YayYo Defendants completely ignored the Order with regard to this information.

Realizing the need for this information as soon as possible, I emailed counsel for the YayYo Defendants on Saturday. Counsel for the Company replied later Saturday and said they would accept service on behalf of one additional individual and provided phone numbers—not addresses—for three significant shareholders. I quickly followed up asking for addresses and information about the former employees I had previously requested service information for. I sent multiple emails on Sunday as well seeking this same information. I received no response. (Ex. B.) It was not until late in the day on Monday when I received complete information. (I have since learned the address provided for John O'Hurley—a longtime shareholder who very recently worked with Defendant El-Batrawi on another project—was incorrect.)

Plaintiffs therefore waited until August 9, 2021 to receive information from the YayYo Defendants that was known or knowable to the YayYo Defendants prior to issuance of their Initial Disclosures on May 25, 2021. Plaintiffs sent

6

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW

subpoenas out for service promptly, but remain unsure if they will receive documents from these individuals in a timely manner. Every day matters when the discovery time period is so condensed and Plaintiffs were harmed by the YayYo Defendants' violation of the Order.

### b. **The Inadequate Document Production**

On August 13, 2021—less than two weeks before the start of depositions—YayYo produced its first documents of the litigation. It produced 30,283 documents. The Individual Defendants have additionally produced 591 documents.

Prior to the August 13 production, on the August 11, 2021 meet and confer, Plaintiffs were told that documents that were marked "potentially privileged" and documents from 2021 would need to be produced after August 13, 2021.[4] I was not told of any other problems with production. I specifically asked if documents were being withheld on any objection other than privilege and I was told they were not. (The possible exception being objections to one catch-all request.) We discussed the Company possibly using search terms for the 2021 documents and I agreed immediately to review promptly any proposed terms. I agreed with YayYo's counsel that 2021 documents were less important than documents from earlier years.

---

[4] YayYo used a common technique used in reviews – they separated out emails to/from certain parties for a privilege review. Counsel indicated that review had not yet started and would not start until this week. I did not raise concern with this approach.

7

After this conversation (and a subsequent conversation with YayYo's counsel), I was expecting the August 13 production to have documents through 2020 for each of the mutually agreed-upon custodians. That was in accordance with the Order and my conversations with opposing counsel.

It was not until the following evening I realized that was not true. According to an email from YayYo's counsel sent August 14, 2021—after the Court ordered "substantial completion" deadline—the production did not include documents prior to 2019. Defendants had reviewed at most half the documents they "processed." The relevance of documents from earlier than 2019 is unquestionable. For example, part of Plaintiffs' claims are based on Defendants' failure to disclose in YayYo's Registration Materials the full truth regarding a former executive, Anthony Davis, who was challenging the Company's SEC filings and statements about his compensation. Mr. Davis was hired in 2016 and, according to documents produced by him, was actively in contact with the Company in 2018, demanding additional compensation and noting the Company had filed false documents with the SEC. The agreements related to a payment dispute with the social media company SRAX, which forms the basis for another part of the Complaint, also date back prior to 2019. YayYo produced none of these documents. Additionally, in 2018, YayYo withdrew a prior IPO attempt, and third party documents contain statements from Defendant El-Batrawi made during that year indicating that NASDAQ would likely not approve the Company

8

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW

for public listing.  This also is important to Plaintiffs' case, as it was issues with meeting the NASDAQ listing requirements that caused the Company to quickly delist after it finally did make it on the exchange in 2019.

The YayYo Defendants will surely emphasize – as they have in multiple letters and emails – the significant number of documents they have "processed" since the Court's Order.  (*See* Ex. D: "In the past 10 days, Defendants have processed approximately 300,000 documents for review, and have over 10 attorneys reviewing documents"; Ex. A at 7, providing completely different numbers: "As you know, we received more than 230,000 documents from our client, which we have been diligently reviewing around the clock with 22 attorneys and paralegals.") Whether it is "approximately 300,000" or "more than 230,000" that is no doubt a significant amount of documents to review in two weeks. However, despite YayYo's quoting of large numbers to impress Plaintiffs and the Court, they *reviewed at most half of those documents and have produced a fraction of those documents*.  (Ex. A at 5-8.)

And the YayYo Defendants' shouting from the rooftop about the significant burden this accelerated review placed on them buries the truth in theatrics.  Plaintiffs are sympathetic to the situation the YayYo Defendants found themselves in.  But a look beyond Defendants' grandiose claims provides the full truth.  *First*, the reason YayYo's review was so accelerated is because they had done little to no work on discovery prior to the Court issuing the Order.  On a

9

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW

meet and confer in mid-July, counsel for YayYo told me he was just learning from the Company about their various document systems.[5]  This is information that is usually discussed at the Fed. R. Civ. P. 26(f) conference, which occurred all the way back in May.  Counsel for YayYo at the time (who represented the Company until August 2) simply did not investigate or do his due diligence.  ***Second***, it is YayYo who chose to not apply search terms to the documents.  I told YayYo's counsel repeatedly that I would promptly review search terms.  He never sent them.   Therefore, these problems are of YayYo's own making, so it is difficult to pity them.  When one hears of someone destroying a car in a crash, it elicits an immediate sympathetic reaction.  When one hears that same person was driving recklessly due to intoxication, the feeling changes.  YayYo was not able to drive the discovery process in an efficient manner.  They are responsible for the wreck that occurred.

Defendants assert that their August 13 production was "substantial production of documents during the relevant time period." (Ex D at 3.)  But there is a key issue with that assertion: Plaintiffs' RFPs defined the "relevant time period" as broader than 2019 and 2020 and, despite YayYo's objections to the broader time period, Plaintiffs were specifically informed that no documents were being withheld based on that objection.  (The objection itself should be deemed

---

[5] He also incorrectly asserted that employees did not use text messages to communicate about Company matters.  This is untrue, as third parties have produced text messages to/from three different company executives.  (Plaintiffs have yet to find a text message in the Company's production, but are not raising spoliation concerns with regard to text messages until the Company's production is complete.)

10

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW

waived because it violates the specificity requirements of Fed. R. Civ. P. 34(b)(2) regardless. *See United Artists Corp. v. United Artist Studios LLC*, No. 2:19-cv-00828-MWF-MAAx, 2019 WL 9049050, at \*4 (C.D. Cal. Oct. 7, 2019) (stating that non-specific objections "are without merit"); *Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at \*3 (S.D.N.Y. Feb. 28, 2017) ("From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)").) Therefore, YayYo's unilateral limitations of the Order, which called for substantial completion of document production, and was not specifically time limited, are wholly inappropriate at this late date.

After conducting a preliminary review of documents, I quickly realized that YayYo's production was also missing over half of the mutually agreed-upon custodians. The parties had previously agreed that YayYo would produce documents from the following custodians: Laurie DiGiovani, Boyd Bishop, Anthony Davis, Robert Vanech, Stephen Sanchez, Ryan Saathoff, Cheri White, Henrich Bari, Jonathon Rosen, Kevin Pickard and Ramy El-Batrawi. However, the August 13 production had custodian documents from less than half of these custodians. Laurie DiGiovani (YayYo's Chief Operating Officer until recently), Boyd Bishop (the President of YayYo during the Company's delisting from

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW

NASDAQ), Anthony Davis (YayYo's former CEO), Robert Vanech (YayYo's former CFO and director), Stephen Sanchez (YayYo's current CEO) and Ryan Saathoff (YayYo's current CFO)—six of the agreed upon eleven—were all missing as custodians. YayYo never raised to Plaintiffs in advance that there was any issue with these custodians. Mr. Davis and Mr. Vanech left the Company before 2019, so their absence is explained by the Company's failure to produce pre-2019 documents. Mr. Sanchez, a custodian suggested by YayYo who has been a board member since January 2020, might not have had a YayYo-related email address until 2021, when he became CEO, so its possible his absence from the pool results from timing as well. No such explanation exists for Laurie DiGiovani, Boyd Bishop and Ryan Saathoff. There are some documents to or from these individuals, but it appears their custodian files were not processed.[6]

On Monday, August 16, 2021, upon realizing this significant deficiency, I emailed YayYo's counsel immediately. I received no response. My follow-up email also went without response. It was not until I stated I thought we needed Court intervention, late the following night, that I finally heard from YayYo's counsel. Except that response failed to address the custodian question at all. (Ex. A at 1-3.)

---

[6] One could argue that it is possible that everything in their custodian files were duplicates of what was already produced (YayYo refused to enter into an ESI protocol which would have instructed custodian overlap information be provided), but that seems highly unlikely. If that was the case, one assumes YayYo would have responded as such.

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW

A week has since transpired after the substantial completion deadline and I still have no indication of what occurred with regard to the additional custodians. I still do not have proposed search terms for the other years. Plaintiffs are less than a week out from the start of depositions, as well as less than two months from the start of trial, and have no hope of getting all necessary documents in time. Defendants have not even responded to multiple meet and confer requests sent Wednesday. Time is of the essence, but clearly Defendants feel no pressure.

Additionally, Plaintiffs now have significant reason to question YayYo's retention policies. Some emails produced by third parties either to or from YayYo executives are missing from YayYo's production. One key executive—Defendant Rosen, who was CEO of the Company during the IPO—has less than 100 custodian documents overall, including the production from his personal files. During the month of February 2020—the month the Company chose to "voluntarily delist" from NASDAQ because of Defendant El-Batrawi's involvement with the Company—there is not a single intercompany email that discusses the delisting.[7] And, while over 30,000 documents is a significant amount of documents for a small company, at least 8,000 of them are nothing more than pictures of damaged cars, reports on accidents, individual car rental agreements and details of the promotional codes applied to individual renters.

---

[7] YayYo may claim these emails exist and are privileged, but Plaintiffs have no transparency into that. The parties discussed the date for a privilege log on the August 11 meet and confer, but Defendants were not willing to commit. I was supposed to check in this week to obtain a date certain, but given the significant gaps in production, I chose to deal with that issue first.

13

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW

(YayYo is in the car rental business.)  Plaintiffs have never been told—despite asking and Company counsel saying they would follow-up with a response—whether there was any automatic deletion policy in place.  We have also never been informed whether there were backup tapes or any sort of archive.  Given the gaping holes in the production, information on general preservation and litigation-related holds is now necessary.

## IV.  Further Necessary Relief

Plaintiffs remain significantly prejudiced by the YayYo Defendants' failure to diligently fulfill discovery obligations and meet deadlines.  In light of the damage the YayYo Defendants' have caused, Plaintiffs request the following relief:

### a.  The Court should set August 27 as the date for completion of all document discovery, including production of a privilege log.

The YayYo Defendants are apparently not capable of taking discovery seriously on their own.  It has been an entire workweek and I have yet to even hear a response with regard to the missing custodians.  Plaintiffs need documents now (in fact, they needed them already) or they cannot proceed with this case efficiently.  The YayYo Defendants have not been fulfilling their obligations, necessitating Plaintiffs seek Court intervention on three occasions now.  If the Court does not set a hard deadline, Plaintiffs anticipate that Defendants will drag the process out for as long as possible in order to pressure Plaintiffs into longer and longer continuance requests.

PLAINTIFFS' REQUEST FOR FURTHER RELIEF          Case No. 2:20-cv-02319-VAP-PJW

**b.** **If the depositions proceed as scheduled, the Court should order those depositions to be kept open, and allow Plaintiffs to recall witnesses as necessary, for another full day, at the expense of YayYo.**

Despite Defendants' bluster about seeking a continuance, they never have (nor have they even circulated the promised draft stipulation), and we are now approximately five weeks from the pre-trial conference. The only thing Defendants have ever been quick about confirming is the deposition schedule because they know Plaintiffs are commencing depositions at a disadvantage due to Defendants' production failures.[8] The Company produced documents on the last possible day under the Court order—and even that production was insufficient. Plaintiffs have not been provided any additional information regarding when additional documents would be produced and have not even provided search terms for the outstanding years. The putative class should not bear the cost related to the YayYo Defendants' bad acts.

**c.** **The Court should order YayYo to pay attorneys' fees associated with enforcing the Order.**

When a party fails to obey an order to provide discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

---

[8] Counsel for the Individual Defendants is also holding third party discovery hostage until the majority of depositions are over. Mr. Newhouse is representing a third party, Donohoe Advisory Associates. Donohoe Advisory Associates was commanded to produce documents on August 4, 2021. Mr. Newhouse never formally responded to the subpoena and on August 18, 2021, he told me that the review of documents would take another "10-14 days" and he could only say he "anticipate[d] having documents to produce to [me] before Labor Day." Ex. E at 3.

PLAINTIFFS' REQUEST FOR FURTHER RELIEF          Case No. 2:20-cv-02319-VAP-PJW

failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).  Plaintiffs have spent significant amounts of time—while diligently trying to review the documents already received (at the very last moment they possibly could have been)—enforcing an Order that should have simply been obeyed.  That cost should not be charged to class members, but rather should be the responsibility of YayYo.

There was no justification for YayYo's conduct – the parties spoke twice the week of the production.  There was ample opportunity to raise any issues with regard to the upcoming document production.  Raising these issues in advance would have been in accordance with this Court's instructions, which stressed that Defendants should raise any production issues before the August 13 deadline.  YayYo failed to disclose that its production would be incomplete or why – requiring that Plaintiffs just figure it out on their own.

There is likewise no justification for Defendants' simply ignoring the Court's order to provide information from the Initial Disclosures.

Courts in this district frequently award attorney's fees in the face of such misconduct.  *See, e.g.*, *Lever Your Bus., Inc. v. Sacred Hoops & Hardwood, Inc.*, No. EDCV 19-1530-CAS (KKx), 2021 WL 2106484, at *3 (C.D. Cal. May 24, 2021) (granting request for monetary sanctions when party "avoid[ed] compliance" with a discovery-related court order); *Relman Colfax PLLC v. Fair Hous. Council of San Fernando Valley*, No. CV 19-8612 PSG (JCX), 2021 WL

16

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW

1895905, at *4 (C.D. Cal. Mar. 16, 2021) (granting attorneys' fees when a party's discovery failures were "not substantially justified"); *Zurich Am. Ins. Co. of Illinois v. World Priv. Sec., Inc.*, No. CV 19-6595-MWF (KSX), 2020 WL 8610839, at *6 (C.D. Cal. Nov. 23, 2020) (granting monetary sanctions in light of "Defendant's flagrant discovery abuses"); *Beebe v. NutriBullet, L.L.C.*, No. CV1700828FMOAFMX, 2018 WL 8057889, at *3 (C.D. Cal. May 24, 2018) (MacKinnon, J.) (awarding monetary sanctions when defendant, *inter alia*, "fail[ed] to participate in the process for resolution of discovery disputes").

If the Court is inclined to grant this sanction, Plaintiffs' counsel will submit a supplementary declaration detailing the time expended enforcing the Order, including the time spent writing the instant brief.

### d.    The Court should order YayYo to provide details about preservation and retention of documents.

Plaintiffs are renewing this application after reviewing many of the documents produced by YayYo.  As detailed above, there are very few documents from a key custodian.  Additionally, documents produced by third parties that should have been provided by YayYo are noticeably absent in the Company's production.  Plaintiffs are not seeking attorney-client privileged information at this time.  They are seeking information regarding preservation prior to anticipation of litigation, including whether any automatic deletion policies were in place and whether there are backup systems.

17

With regard to any litigation hold, Plaintiffs are not currently seeking documentary proof of the hold itself, and therefore not asking the Court to delve into privilege issues.  Rather, courts often permit discovery of the date of issue, the recipients, and steps taken to preserve evidence.  *See Cannata v. Wyndham Worldwide Corporation,*  No. 2:10-cv-00068-PMP-VCF, 2011 WL 3495987, at *2 (D. Nev. Aug. 10, 2011) (Plaintiffs are entitled to know "what kinds and categories of ESI [defendant's] employees were instructed to preserve and collect, and what specific actions they were instructed to undertake to that end"); *In re eBay Seller Antitrust Litig.*, No. 07-cv-1882 JF (RS), 2007 WL 2852364 , *2-3 (N.D. Cal. Oct. 2, 2007) (holding while plaintiff may not probe into what the company's attorneys told its employees, plaintiff may discovery what employees were doing to preserve data).  Indeed, the Advisory Committee's comments to Fed. R. Civ. P. 26(b)(2) implicitly support the discoverability of this evidence by stating: "[t]he responding party must also identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing."  Plaintiffs simply want "the date of issue [of any litigation hold], the recipients, and steps taken to preserve evidence."  This could be accomplished by a simple affidavit by YayYo detailing i) preservation policies generally, including automatic deletion policies; ii) the existence of backup systems; and iii) what executives and employees were told to preserve, when and how.

18

Plaintiffs are aware they can call a 30(b)(6) witness on this topic (and still might), however, given the timing of the trial, it is important to have some of this information now. It will dictate the service of subpoenas on additional third parties. Plaintiffs could also serve interrogatories on these topics, but the response time would be too lengthy.[9]  (Plaintiffs previously requested documents concerning  the Company's "policies or practices, if any, regarding the retention or destruction of documents and files, including e-mails, e-mail backup or archive tapes, hard drives and corporate storage, including, without limitation, any changes or modifications to such policies or practices during the Relevant Time Period."  Defendants objected to this request on, *inter alia*, privilege grounds.)  Without a Court order Plaintiffs fear we will never receive this necessary information.

**e.      Any other sanctions the Court finds appropriate, including contempt of court.**

The YayYo Defendants are clearly manipulating the production of discovery hoping to run the clock out.  And they have seemingly succeeded – they have caused Plaintiffs to exert significant effort to receive what normally is simply provided.  In their bid for a long continuance, they made sure that they would make it impossible for the litigation to proceed on schedule, despite Plaintiffs' diligent attempts.  Plaintiffs requested a Fed. R. Civ. P. 26(f)

---

[9] Plaintiffs did serve somewhat related interrogatories—focusing on information sources being searched—on the Individual Defendants.  However, because the Company indicated they would provide this information, Plaintiffs did not serve similar interrogatories on the Company.

19

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW

conference the day after the early mediation between the parties failed. Plaintiffs have immediately responded to every letter and email. Defendants on the other hand have been purposely dilatory. The tone and tenor of the emails show it. (Exs. A, E-F.) Defendants noted that we could not possibly have a Local Rule 16-2 conference because depositions had not yet occurred, but the only reason depositions did not occur earlier is because of Defendants' disregard for their discovery obligations. In fact, after paying lip service to keeping their schedule open for the Local Rule 16-2 conference, when I went to schedule it or a meet and confer about the discovery received (which would have possibly mooted the need for this briefing), I received no response.[10] Two days of silence. (Ex. A.) YayYo has not even sent the search terms they repeatedly stated would come this week. Defendants should be sanctioned for their violations of the Order.

## V.    Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court issue the further relief sought.

---

[10] Plaintiffs are aware they should have likely sought relief from the Court prior to the Local Rule 16-2 conference deadline—and at one point intended to do so—but thought an overall stipulation (the same stipulation that Defendants have not yet produced) might moot the conference deadline.

20

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                Case No. 2:20-cv-02319-VAP-PJW

DATED: August 20, 2021

**POMERANTZ LLP**
By: */s/ Cara David*
Cara David
(admitted *pro hac vice*)
600 Third Ave., 20th Fl.
New York, NY 10016
(212) 661-1100
cdavid@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Lead Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (*pro hac vice* forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

21

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

> _/s/ Cara David_
> Cara David

22

PLAINTIFFS' REQUEST FOR FURTHER RELIEF                    Case No. 2:20-cv-02319-VAP-PJW