# EXHIBIT A

## Cara David

| | |
|---|---|
| **From:** | Cara David |
| **Sent:** | Wednesday, August 18, 2021 1:17 PM |
| **To:** | Daniel  R. Lahana; R.C. Harlan |
| **Cc:** | George B. Newhouse, Jr.; Chad Weaver; Paul A. Rigali; Jacqueline S. Neal; Mary Blasy; Chase M. Stern; Jeremy Lieberman |
| **Subject:** | RE: YayYo Litigation - Document Production |

Counsel,

I still have yet to hear from you on the meet and confer.

I have emailed you my concerns, you have failed to respond substantively. We had a meet and confer in which R.C. represented the production would be substantially complete without mentioning the time period issues you now raise or any custodian issues. These were all supposed to be raised ahead of Friday.

This is *at least* the second time I have been told something on a meet and confer that has turned out not to be true with regard to discovery – as you may remember, I had to go to the Court previously because your firm represented, *inter alia*, we would receive 'loose documents' and proposed custodian information that we had not received over a week later.

You violated the July 30 Court order by not providing Initial Disclosure information on time. You violated Judge MacKinnon's verbal instructions regarding production when the Company failed to produce a single document prior to August 13. And now I believe the Company, in violation of the Court order, has not substantially completed its document production.

I would love to discuss these things "informally and amicably" – we had a long meet and confer last week and I had a subsequent call with R.C. in which we did discuss things informally. Unfortunately, these efforts have not resulted in full disclosure from the Company. We currently have a trial date of October 5. Even if we submit a stipulation, there is no guarantee regarding the length of extension (if any) we receive. Indeed, at the start of this case, we submitted a briefing stipulation that Judge Wilson rejected in favor of a more accelerated schedule.

I feel now I have no choice but to go the Court. I will submit this email chain. If Judge MacKinnon does not want to schedule a teleconference in light of the fact that we have not had another meet and confer, that is certainly in his discretion.

Cara David
**POMERANTZLLP**
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

---

**From:** Cara David
**Sent:** Wednesday, August 18, 2021 12:33 PM
**To:** Daniel R. Lahana <dlahana@larsonllp.com>; R.C. Harlan <rcharlan@larsonllp.com>

1

**Cc:** George B. Newhouse, Jr. <george@richardscarrington.com>; Chad Weaver <cweaver@fmglaw.com>; Paul A. Rigali <prigali@larsonllp.com>; Jacqueline S. Neal <jneal@larsonllp.com>; Mary Blasy <MBlasy@rgrdlaw.com>; Chase M. Stern <chases@johnsonfistel.com>
**Subject:** RE: YayYo Litigation - Document Production

I seem to be the only one on the line. Is 10am more convenient for you?

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

---

**From:** Cara David
**Sent:** Wednesday, August 18, 2021 12:20 PM
**To:** Daniel R. Lahana <dlahana@larsonllp.com>; R.C. Harlan <rcharlan@larsonllp.com>
**Cc:** George B. Newhouse, Jr. <george@richardscarrington.com>; Chad Weaver <cweaver@fmglaw.com>; Paul A. Rigali <prigali@larsonllp.com>; Jacqueline S. Neal <jneal@larsonllp.com>; Mary Blasy <MBlasy@rgrdlaw.com>; Chase M. Stern <chases@johnsonfistel.com>
**Subject:** RE: YayYo Litigation - Document Production

Daniel,

R.C. represented on last Wednesday's meet and confer that you were on target to be substantially complete by Friday, you were not withholding documents based on your objections (the possible exception being Request 20), and that there would only be limited production afterward Friday. He referenced documents that were marked potentially privileged as being the main source of future documents. We were told of no other issues on the last meet and confer.

You have answered none of my questions. For example, you do not even reference in your email how we have no custodian documents from over half the agreed-upon custodians (some of which were at the Company in 2019 and 2020). Happy to have a meet and confer right now – how about at 9:30am your time? We do not have more time to waste.

We can use my dial-in:

1-646-581-9990

Code: 1-209-153-3585

And, for the record, the Court's rescheduling of class certification would result in only a month delay. Any acknowledgement from Plaintiffs that we need additional time beyond that month is solely because of Defendants' discovery failures.

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100

Direct Dial: 646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

---

**From:** Daniel R. Lahana <dlahana@larsonllp.com>
**Sent:** Wednesday, August 18, 2021 12:09 PM
**To:** Cara David <cdavid@pomlaw.com>; R.C. Harlan <rcharlan@larsonllp.com>
**Cc:** George B. Newhouse, Jr. <george@richardscarrington.com>; Chad Weaver <cweaver@fmglaw.com>; Paul A. Rigali <prigali@larsonllp.com>; Jacqueline S. Neal <jneal@larsonllp.com>; Mary Blasy <MBlasy@rgrdlaw.com>; Chase M. Stern <chases@johnsonfistel.com>
**Subject:** RE: YayYo Litigation - Document Production

Cara:

We previously explained to you, multiple times, that the document review focused on the relevant time period of 2019 and 2020.  You also acknowledged you would be willing to apply search terms, which we propose using for documents outside 2019 and 2020, as reviewing each document outside that time period creates an undue burden and is not proportionate to the needs and merits of the case.

You also acknowledged you are now just in the "preliminary stages" of reviewing the 25,000+ documents we produced.  Arranging a discovery conference at this stage, before you have even reviewed documents produced and before we can agree to search terms for the other documents, is an unnecessary waste the Court's limited resources.

As we have told you before, we are continuing to review and produce documents (last week was the substantial production of documents during the relevant time period).  As for the documents outside the relevant time period, we will send you a list of search terms this week we can hopefully agree to and proceed with search terms as to the other documents.  During our last meet and confer phone call, the parties agreed to stipulate to continue the October 2021 trial date and we will be circulating the proposed stipulation promptly.  This agreement arose principally from the continued hearing date on plaintiff's motion for class certification—not defendant's diligent efforts to comply with discovery.

If you have discrete discovery issues that Plaintiffs have identified in your preliminary review of the documents, we invite you to send us a meet and confer letter or schedule a meet and confer call to begin addressing them informally and amicably before needlessly involving the Court.  Thanks. –Daniel

**Daniel  R. Lahana**
Associate
....................................

**LARSON** LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
213.436.4878 Direct
213.436.4888 Office
213.623.2000 Fax
dlahana@larsonllp.com

Los Angeles | Orange County | Washington, D.C.

....................................
CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Cara David <cdavid@pomlaw.com>
**Sent:** Tuesday, August 17, 2021 20:59
**To:** R.C. Harlan <rcharlan@larsonllp.com>
**Cc:** George B. Newhouse, Jr. <george@richardscarrington.com>; Chad Weaver <cweaver@fmglaw.com>; Paul A. Rigali <prigali@larsonllp.com>; Daniel R. Lahana <dlahana@larsonllp.com>; Jacqueline S. Neal <jneal@larsonllp.com>; Mary Blasy <MBlasy@rgrdlaw.com>; Chase M. Stern <chases@johnsonfistel.com>
**Subject:** RE: YayYo Litigation - Document Production

[EXTERNAL EMAIL]

Counsel,

Right now, we have a court date of October 5. (I believe your firm was supposed to be sending me defendants' side of a continuance-related stipulation, which I will add to, but that has not occurred, and the Court has certainly not considered such an application, so, right now, we move ahead.) Given the timing, and your lack of response in the past 31 hours, I think it's important to discuss with the Court the status of production. I plan on asking for a telephonic conference by email tomorrow.

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

**From:** Cara David
**Sent:** Tuesday, August 17, 2021 3:34 PM
**To:** R.C. Harlan <rcharlan@larsonllp.com>
**Cc:** George B. Newhouse, Jr. <george@richardscarrington.com>; Chad Weaver <cweaver@fmglaw.com>; Paul A. Rigali <prigali@larsonllp.com>; Daniel R. Lahana <dlahana@larsonllp.com>; Jacqueline S. Neal <jneal@larsonllp.com>; Mary Blasy <MBlasy@rgrdlaw.com>; Chase M. Stern <chases@johnsonfistel.com>
**Subject:** RE: YayYo Litigation - Document Production

I am checking in on this again. I realize R.C. is away, but, Daniel and/or Paul, please weigh in.

As you may be aware, Judge MacKinnon stated during the July 30, 2021 conference: "I'd rather have somebody have a quick telephonic hearing with us, and then we can hear about the problem, rather than just let the date pass, and when challenged, say, "Oh, well, I had a problem." And, you know, that's not the way to do it. Because then you'd be technically probably in violation of the order. And we run into a whole set of other problems. So I strongly -- you know, and the order basically orders everybody to substantially complete it. But if you have a problem, as soon as possible -- specific problem -- schedule a telephonic hearing, and we'll try to address that."

I was not notified of any problems before last Friday, nor was the Court. Yet your production seems to be deficient. As I highlighted, in addition to other problems, you seem to have produced not a single document from files of over half of the approved custodians. I realize that with Davis and Vanech that may be related to your failure to produce pre-2019 documents, but I can think of no explanation for the other omissions.

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor

4

New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

---

**From:** Cara David
**Sent:** Monday, August 16, 2021 4:36 PM
**To:** R.C. Harlan <rcharlan@larsonllp.com>
**Cc:** George B. Newhouse, Jr. <george@richardscarrington.com>; Chad Weaver <cweaver@fmglaw.com>; Paul A. Rigali <prigali@larsonllp.com>; Daniel R. Lahana <dlahana@larsonllp.com>; Jacqueline S. Neal <jneal@larsonllp.com>; Mary Blasy <MBlasy@rgrdlaw.com>; Chase M. Stern <chases@johnsonfistel.com>
**Subject:** RE: YayYo Litigation - Document Production

Counsel,

We are in the preliminary stages of reviewing your production. Because of the time sensitive nature, I wanted to raise some preliminary issues with you.

While you have stated your belief your production is "substantially complete," there do not seem to be any documents from six approved custodians: Laurie DiGiovani, Boyd Bishop, Anthony Davis, Robert Vanech, Stephen Sanchez and Ryan Saathoff. Can you please explain why not?

Additionally, some of the major custodians seem to have very few custodian documents. For example, Jon Rosen has less than 100 custodian documents, including his 'individual defendant' production. I have repeatedly asked about any issues with retention or preservation. If there is anything you want to discuss on that point now, please let me know.

Thank you,

Cara


Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

---

**From:** Cara David
**Sent:** Saturday, August 14, 2021 8:40 PM
**To:** R.C. Harlan <rcharlan@larsonllp.com>
**Cc:** George B. Newhouse, Jr. <george@richardscarrington.com>; Chad Weaver <cweaver@fmglaw.com>; Paul A. Rigali <prigali@larsonllp.com>; Daniel R. Lahana <dlahana@larsonllp.com>; Jacqueline S. Neal <jneal@larsonllp.com>; Mary Blasy <MBlasy@rgrdlaw.com>; Chase M. Stern <chases@johnsonfistel.com>
**Subject:** Re: YayYo Litigation - Document Production

You said on our call "prior to 2021" and stated 2021 was the missing year. Now what you are saying is all the years prior to 2019 are missing—for a Company that had an aborted public offering in 2018 (and, as we have already seen from Davis' production, many relevant documents as to him would be from that year, and prior).

5

I have always been willing to have you apply search terms — and we first discussed you sending them last month — but I don't see how this production is "substantially complete" based on the figures you've provided.

I also note you did not answer my question about "non-objected documents."

On Aug 14, 2021, at 8:20 PM, R.C. Harlan <rcharlan@larsonllp.com> wrote:

As I said on our call, we have focused on 2019-2020.  We segregated these documents because those are the relevant time periods. We have substantially completed production because we have reviewed and produced almost all documents from the relevant time frame. The remaining few documents from this time period will be produced in the coming days.

We are offering to also potentially review documents from outside the relevant time frame assuming we can agree on search terms and the burden is proportionate. If we cannot come to an agreement, we will stand on our objections and potentially seek the court's assistance in determining how best to address the documents from outside the relevant time period.

I will be offline for the next few days, so please keep the cc's the same so nothing slips through the cracks.

RC

**R.C. Harlan**
Partner
………………………………..

**LARSON** LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
213.436.4868 Direct
213.436.4888 Office
213.623.2000 Fax
rcharlan@larsonllp.com

Los Angeles | Orange County | Washington, D.C.
……………………………..

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

On Aug 14, 2021, at 4:59 PM, Cara David <cdavid@pomlaw.com> wrote:

**[EXTERNAL EMAIL]**

As I've said to you, I have always been happy for you to use search terms to cull documents. I will review the list when you send it and try to get back to you as soon as possible.

I do have a couple of questions however to clarify. Does this mean last night's production was only 2019 and 2020? (They are not processed yet, so I cannot check myself. Apologies.)

6

If it is 230,000ish documents from your client (not 300k) and you have looked through 100kish, how is the production substantially complete? (I say this because, as we discussed on the meet and confer, you are not withholding documents based on your time period objection. So the remainder would have to be reviewed, with search terms or without. Therefore it seems less than half the documents are reviewed, unless I'm misunderstanding.)

Additionally, when you say "responsive and non-objected documents," I'm not sure what that means given our meet and confer conversation about you not withholding documents based on objections other than privilege. Are you just referring to privilege there?

Thanks,

Cara

> On Aug 14, 2021, at 7:39 PM, R.C. Harlan <rcharlan@larsonllp.com> wrote:
>
>
> Dear Cara:
>
> Yesterday, Defendants made a second production of more than 25,000 documents. We have now produced the responsive and non-objected documents from the individual defendants' personal devices, along with the vast majority of potentially responsive documents from 2019 and 2020 collected from the company. We will continue to review and produce the 2019 and 2020 responsive documents over the coming days.
>
> As you know, we received more than 230,000 documents from our client, which we have been diligently reviewing around the clock with 22 attorneys and paralegals. This has obviously come at a substantial financial cost for our client. During our meet and confer on Wednesday, you acknowledged Defendants had to review huge number of documents (you stated it was the largest you have seen). While we sorted the documents by years, 2019 and 2020, even then, the number of documents during that time period has been voluminous (over 100,000 documents). The burden on our client has been substantial given the time and expenses of compiling and reviewing these documents.
>
> Accordingly, we would like to address the years outside of 2019 and 2020, as we believe they are less likely to be responsive, and the burden to review those voluminous documents (an additional 100,000+ documents) is not proportionate to the merits or needs of the case under FRCP 26. As such, going forward, and without waiving our objections as to time period, we propose using search terms as to documents outside the 2019 and 2020 years. We will send a list of proposed search terms this coming week for us to come to agreement on.

7

Have a great weekend.

Best,

R.C.


**R.C. Harlan**

Partner

...................................

**LARSON** LLP

555 South Flower Street, Suite 4400
Los Angeles, CA 90071
213.436.4868 Direct
213.436.4888 Office
213.623.2000 Fax
rcharlan@larsonllp.com

Los Angeles | Orange County | Washington, D.C.

...................................

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in e
distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its
computer system. We do not waive attorney-client or work product privilege by the transmission of this message.