# EXHIBIT C



Cara David
*Of Counsel*

August 9, 2021

**Via Email**

R.C. Harlan
Larson LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
Email: rcharlan@larsonllp.com

RE: *In re YayYo, Inc. Securities Litigation*, No. 2:20-cv-08235-SVW-AFM

Dear R.C.:

I write in response to your letter of August 9, 2021, which completely ignores your violation of the July 30 Court order and does not even apologize for your deficiencies.

You write: "If there are any other witnesses identified in Defendants' initial disclosures for which you have questions regarding whether or not we will be accepting service on their behalf, please identify them immediately." On August 2, I request information regarding the service of Laurie DiGiovani and Boyd Bishop. You still have not provided that information. Please do so. Additionally, please confirm: (i) you will accept subpoenas on behalf of all current employees, which you previously represented you would; and (ii) you are making an affirmative representation that the Company has no address information for James Malakowski and John O'Hurley. Please do this in the next two hours, as, again, we should have had this information by latest Friday.

In terms of your production, the instructions contained in the RFPs read as follows:

> 1.      All documents shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.
> 2.      If a document was prepared in several copies, or if additional copies were subsequently made, and any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, handwritten notations on the front or back of the document, all such non-identical copies shall be produced.

New York          Chicago          Los Angeles          Paris          www.PomerantzLaw.com

Letter to Harlan
Page 2

3.      Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession they were found, and the business address of each document's custodian(s).

4.      Documents attached to each other should not be separated and should be produced contiguously as one document.

5.      The Request call for the production of Documents that are within Your possession, custody, or control, wherever located, regardless of whether they are possessed directly by You, or by Your predecessors, successors, current or former directors, officers, partners, members, employees, advisors, agents, representatives, subsidiaries, managing agents, affiliates, attorneys, accountants, auditors, investigators, or other persons acting or purporting to act on behalf of any of the foregoing.

6.      The fact that a document has been or will be produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical in all respects.

7.      You shall produce a copy of the original of each document described below and all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

8.      In responding to these Requests, you shall produce separately all documents available at the time of responding or which can be located or discovered by reasonably diligent efforts, including documents in the possession of your agents and representatives.

9.      References to an individual, partnership, limited liability company, or corporation include any and all agents, employees, representatives, attorneys, and all other persons or entities acting on their behalf or under their control.

10.      If any documents fall within the scope of any request but are not being produced, or are being produced with portions redacted, pursuant to any claim of privilege or confidentiality, please provide a log in conformity with FRCP 26(b)(5).

11.      In the event that any document called for by these requests has been destroyed or discarded, that document is to be identified by stating:

(a)      the nature of the document;

(b)      the names of any addressor or addressee;

(c)      if there are any indicated or blind copies;

(d)      the document's date, subject matter, number of pages, and attachments or appendices;

(e)      all persons to whom the document was distributed, shown or explained;

---

Letter to Harlan
Page 3

(f)      the date of destruction or discard, manner of destruction or discard;

(g)      the persons authorizing or carrying out such destruction or discard; and

(h)      the reason the document was destroyed or discarded.

12.      With respect to any documents which you contend would be in some way "burdensome" or "oppressive" to produce, please state with particularity the factual basis for that objection.

13.      If you object to part of any request, please furnish documents responsive to the remainder of the request.

14.      Each request refers to all documents that are either known by you to exist or that can be located or discovered by you through reasonably diligent efforts.

15.      The documents produced in response to this request shall include all attachments and enclosures.

16.      The instructions contained herein shall not be read as limiting your obligations under FRCP 26(b)(1) and 34.

1. **PRODUCTION OF HARD COPY DOCUMENTS – FORMAT**

Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat). The database load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME" and "CUSTODIAN."  The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.  If an original document contains color, and the color is necessary to understand the meaning or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting as to not degrade the original image.  Multi-page OCR text for each Document should also be provided.  The OCR software shall maximize text quality.  Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

2. **PRODUCTION OF ELECTRONICALLY STORED INFORMATION ("ESI")**

Defendants are unwilling to enter into an ESI Protocol at this time. For the purpose of this request, Plaintiffs instruct that, in accordance with standard protocols, document image file shall be named with a unique Bates Number (e.g. the unique Bates Number of the page of the document in question, followed by the extension "TIF" or "PDF"). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file

Letter to Harlan
Page 4

is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. Defendants shall produce their information in the following format: single page images and associated multi-page text files containing extracted text or with appropriate software load files containing all requisite information for use with standard document management systems. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original existed.    each party shall produce the following metadata associated with ESI to the extent reasonably accessible: (a) the author(s) of the ESI; (b) the recipient(s) of the ESI; (c) the date the ESI was created; and (d) the source from which the ESI was produced. The "source" of ESI shall be the name of the person who was the custodian of the ESI or, if the name of a person is not available, the storage location (e.g., "Regulatory Shared Drive–Wayne, PA"). This information will be included in the "Author," "Recipient," "Date," and "Source" fields (respectively) for each document in the load file associated with the .TIF images. (To the extent an ESI Protocol is agreed to or ordered prior to the completion of production, the terms of that ESI Protocol will dictate.)

Your production did not comport with those instructions. Indeed, as I noted this weekend, there was not even custodian information. If you want to send a short declaration from your vendor explaining how the production was in compliance with these instructions, I will consider it. If not, please reproduce your production in accordance with the RFP Instructions.

Looking forward to hearing from you.

Respectfully,

Cara David

cc: counsel for all parties (by email)

New York          Chicago          Los Angeles          Paris          www.PomerantzLaw.com