# EXHIBIT D

# LARSON LLP

555 South Flower Street, Suite 4400
Los Angeles, CA 90071
**P** 213.436.4888  **F** 213.623.2000
larsonllp.com

R. C. Harlan
Direct: 213.436.4868
rharlan@larsonllp.com

August 10, 2021

**VIA E-MAIL**
Cara David
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016
E-Mail: cdavid@pomlaw.com

Re:     *In re YayYo, Inc. Securities Litigation, No. 2:20-cv-08235-SVW-AFM*

Dear Cara:

This letter responds to your two August 9, 2021 letters regarding (1) Defendants' production of documents and (2) discovery objections.

**Defendants' First Document Production**

First, we will accept subpoenas on behalf of all current employees. Second, we provided you the contact information the Company has as it relates to James Malakowski and John O'Hurley. We understand that counsel for the Individual Defendants has now supplied last known addresses for these shareholders.

Next, regarding Plaintiffs' instructions to provide ESI in a certain matter was objected to by Defendants. Through Defendants' responses are objections to the undue burden imposed by Plaintiffs' requests. That objection stands for all of Plaintiffs' requests, including the "instructions." Despite this objection, and in a show of good faith, Defendants produced documents with all available metadata that existed when the documents were collected. As Defendants understand Plaintiffs' current request, Plaintiffs now want Defendants to add a metadata field and then create metadata to populate that field so that Plaintiffs can know from which custodian a certain document originated beyond what the native metadata shows. This request is simply unduly burdensome. In the past 10 days, Defendants have processed approximately 300,000 documents for review, and have over 10 attorneys reviewing documents around the clock in order to meet the Court's order. The costs incurred by Defendants are already disproportionate and highly prejudicial. While Defendants are happy to meet and confer about this issue, given these costs, coupled with Plaintiffs' ability to search all metadata fields, including who authored and who received each email produced, Defendants are unwilling to alter the documents being produced into a new format containing new information just because Plaintiffs want it that way. Your demand that Defendants provide additional information beyond the native data embedded in the documents, remains unduly burdensome, and not proportionate to the needs of the case.

LARSON<sub>LLP</sub>

**Meet and Confer Letter Regarding Discovery Responses and Objections**

First, it appears the objections you raise based on the "General Objections" are premature, as Defendants have not withheld documents based on "General Objections."  With that said, many of your requests were unduly burdensome, overbroad, and not reasonably likely to lead to the discovery of admissible evidence.  To the extent you claim such objections are "General," Defendants' disagree.

Second, as Defendants continue to review hundreds of thousands of documents, Defendants will provide a privilege log in due course.  To date, Defendants have attempted to segregate potentially privileged emails by filtering the data sets with email addresses from law firms and attorneys who were known to have represented Defendants.  That resulting data set of potential privileged documents will not be reviewed until all other potential non-privileged and responsive documents are reviewed and produced.  Given the extreme measures and costs currently being born by Defendants to produce responsive non-privileged documents by this Friday, Defendants will not agree at this time to a date certain for a privilege log.  Defendants can discuss the timing for distribution of the privilege log during Wednesday's meet and confer.

Third, many of the documents and communications related to this case contain sensitive, confidential business and financial information, which necessitated the Court's Protective Order in the first place. Without waiving these objections, Defendants have not withheld documents based on third party privacy rights.

Fourth, as stated in Defendants' Responses to Plaintiffs' RFP, Set One, Plaintiffs seek documents dating back to January 1, 2016, when the IPO did not occur until almost four years later, in November 2019. Under the plain terms of the Federal Rules of Civil Procedure, the scope of Plaintiffs' proposed time period is not "proportional to the needs of the case, considering the importance of the issues at stake in the action," which primarily concern allegations in 2019 and 2020. Fed. R. Civ. P. 26(b).  As such, Defendants stand on their objection that your requests are overbroad as to time given the narrow scope of the timing of the allegations in the Complaint.

Finally, we will address the specific responses and objections you raised:

**REQUEST FOR PRODUCTION NO. 3**

Defendants stand on their objection and response to RFP No. 3. This request seeks information about other lawsuits mentioned in the Complaint, which is publicly available. Additionally, Defendants stand on their objection to the extent this Request seeks privileged information. Notwithstanding these objections, Defendants will make a good faith effort to produce non-privileged documents and communications responsive to this request, to the extent they have not already done so.

**REQUEST FOR PRODUCTION NO. 19**

LARSON<sub>LLP</sub>

Again, Defendants stand on their objection and response to RFP No. 19. The definition of "internal controls" provided in your August 9, 2021 letter is still vague. Notwithstanding these objections, Defendants will make a good faith effort to produce non-privileged documents and communications responsive to this request, to the extent they have not already done so.

## REQUEST FOR PRODUCTION NO. 20

Defendants stand on their objection and response to RFP No. 20. Plaintiffs' request is overly broad and essentially demands all documents possibly related to this case. This is plainly overbroad, unduly burdensome, premature, and also seeks privileged documents.

We look forward to our meet and confer tomorrow.


Sincerely,


R.C. Harlan

cc:     Counsel for all parties (via email)

P 213.436.4888   F 213.623.2000
Los Angeles | Orange County | Washington, D.C.
larsonllp.com