# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE YAYYO, INC. SECURITIES LITIGATION | Case No. 2:20-cv-08235-SVW-AFM<br><br>**PLAINTIFFS' FIRST INTERROGATORIES TO RAMY EL-BATRAWI, KEVIN F. PICKARD, JEFFREY J. GUZY, CHRISTOPHER MIGLINO, HARBANT S. SIDHU, PAUL RICHTER AND JONATHAN ROSEN** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and L.R. 33, counsel for Lead Plaintiff Bernard Bednarz and Plaintiff William Koch (collectively "Plaintiffs"), by and through their undersigned counsel, hereby request that defendants Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Harbant S. Sidhu, Paul Richter and Jonathan Rosen answer the following interrogatories (the "Interrogatories") under oath, and separately and fully in writing, within thirty (30) days after service of these requests.

**DEFINITIONS**

1.    "All" and "each" shall be construed as all/each.

2.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of the scope of the Request.

1

3.      "YayYo" refers to YayYo, Inc. (subsequently known as Rideshare Rental, Inc. and now known as EVmo, Inc.) and any of its subsidiaries, divisions or affiliates, predecessors, successors, and any present and former officers, directors, employees, agents, committees, or members of the board of directors of YayYo, its attorneys, accountants, advisors, and all other persons acting or purporting to act on its behalf.

4.      "Communication" or "communications" mean any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including, without limitation, speech, writings, documents, language (machine, foreign, or otherwise) of any kind, computer electronics or electronic data, sound, radio, or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind.  "Communication" also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, or press, publicity, or trade releases.

5.      "Document" or "documents" is intended to be interpreted in the broadest possible sense and includes, but is not limited to, all electronic data and all communications which are stored or retrievable or recorded in any manner and also includes, without limitation, any writing or other record of information or images, including, without limitation, print, handwriting, photographs, film,

recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail or "e-mail," compact discs, CD-ROM discs, magnetic tape, videotape, magnetic or optical disks, "floppy disks," "PowerPoint" or other presentation software systems, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier, or facsimile transmissions and printouts, letters of credit, stock certificates, and securities. "Document" also includes drafts, revisions or copies of any such document if the draft, revision or copy is in any way different from the original, now in your possession, custody, or control, or in the possession, custody, or control of your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on your behalf.

6.    "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the

3

subject matter of the inquiry or Request.  Requests for "documents concerning" any subject matter include documents concerning communications regarding that subject matter.

7.    "Electronic data" refers to any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind), of mechanical, facsimile, electronic, magnetic, digital or other programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, and outlines, electronic mail or "e-mail," personal digital assistant ("PDA") messages, instant messenger messages, operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts, and any and all miscellaneous files or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file, or file fragment.  "Electronic data" also includes any and all items stored on computer memory or memories, hard disks, floppy disks, zip drives, CD-ROM discs, Bernoulli Boxes and their equivalents, magnetic tapes of all types and kinds, microfiche, punched cards, punched tape, computer chips (including, without limitation, EPROM, PROM,

ROM or RAM of any kind) on or in any other vehicle for digital data storage or transmittal, files, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each original and each copy.

8. Terms defined herein shall have the meaning ascribed in the definitions, regardless of whether such term is capitalized.

9. Terms not defined shall have the same meanings as described in the pleadings, or if not used in the pleadings, the usual and ordinary meaning.

10. The terms "You" and "Your" refer to each of the Individual Defendants individually.

11. "Electronic Device" or "Electronic Devises" includes, but is not limited to, a cellular telephone; personal digital assistant; pager; computer; or any other device used to enter, write, send, receive, or read text.

12. The use of the singular form of any word includes the plural and vice versa, and the masculine, feminine or neuter form of any words includes each of the other genders.

13. The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

14. "Identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. When used with respect to objects, "Identify" means to provide the make, model

and current location of the object, including current custodian/ownership information. In all other cases, "Identify" should have its common language usage.

15.     The following rules of construction apply to all Interrogatories:

16.     The term "including" shall be construed as "including but not limited to."

17.     The specificity of any Interrogatory or part of an Interrogatory shall not limit the generality of any other Interrogatory or part of an Interrogatory.

18.     Whenever necessary to bring within the scope of these Interrogatories that might otherwise be construed to be outside its scope, the use of a verb in any tense shall be construed as the use of that verb in all other tenses, and the use of the feminine, masculine or neuter genders shall include all genders.

**GENERAL INSTRUCTIONS**

1.     Please answer the following Interrogatories separately and fully.

2.     If there is an objection to any Interrogatory, in whole or in part, state the legal and factual bases for any such objection(s), and answer that part of the Interrogatory to which there is no objection.

3.     No part of an Interrogatory shall be left unanswered merely because an objection is made to another part of the Interrogatory.

4.     If for any reason any Interrogatory or part thereof cannot be answered in full after exercising due diligence to secure the information to do so, answer to the extent possible and state the reason for any inability to probe a complete answer.

5.      Please include in Your answer information which, while not within Your own knowledge, is nonetheless within the custody and control of or reasonably available to You, or any other source from which it may be reasonable secured.

6.      If an answer to an Interrogatory is "none," "unknown," or "not applicable," such statement shall be written in the answer.

7.      Whenever an Interrogatory may be answered by referring to a document, please provide the information required by Rule 33(d) of the Federal Rules of Civil Procedure.

8.      The Interrogatories are continuing in nature. If, after responding to these Interrogatories, You or any person on Your behalf obtain(s) or become(s) aware of additional information responsive to the requests, You are required to serve a supplemental response containing all such subsequently acquired information as soon as reasonably possible.

9.      If any Interrogatory is deemed objectionable on the grounds of privilege, work product, or any other privilege or immunity from disclosure, answer the Interrogatory with such non-privileged information as may be available, and identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked.

10.    If You claim any ambiguity in interpreting an Interrogatory, or a definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond.  Instead, without waiver of Plaintiff's right to seek a full and complete answer to the Interrogatory, You shall set forth as part of Your response to such Interrogatory the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Interrogatory.

11.    If an answer to an Interrogatory is based on information and belief, specify and identify the source of information and the grounds for the belief.

**12.    RELEVANT TIME PERIOD**

Unless stated otherwise, the time period to which these Interrogatories refer is January 1, 2016 through the date of production (the "Relevant Time Period").  If information before this period is necessary for a correct or complete understanding of any answer to an Interrogatory, You must include that information.

<u>**INTERROGATORIES**</u>

1.    Identify all Electronic Devices You used for YayYo-related business during the Relevant Time Period.

2.    For each Electronic Device identified in response to Interrogatory #1, Identify the specific time period used.

3.    For each Electronic Device identified in response to Interrogatory #1, Identify the information retained on that Electronic Device, including the time periods for which it is retained.

8

4.      Identify all places, both electronic and physical, You use, or used at any point during the Relevant Time Period, to file or store YayYo-related Documents or Communications.

Dated: July 22, 2021                          **POMERANTZ LLP**


By: /s/ Cara David
Jeremy Lieberman (pro hac vice forthcoming)
Cara David (admitted pro hac vice)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
cdavid@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
Email: jpafiti@pomlaw.com

*Counsel for Plaintiffs and the
proposed Classes*

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Plaintiffs and the*

*proposed Classes*