# EXHIBIT B

George B. Newhouse, Esq. (SBN 107036)
*george@richardscarrington.com*
**RICHARDS CARRINGTON LLC**
545 S. Figueroa Street, 7th Fl.
Los Angeles, California 90071
Telephone: (213) 348-9016
Facsimile: (213) 348-9017

Attorney for Defendants
Ramy El-Batrawi, Kevin F. Pickard,
Jeffrey J. Guzy, , Christopher Miglino, Jon
Rosen, Paul Richter, and Harbant S. Sidhu

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE YAYYO, INC. SECURITIES LITIGATION | Case No. 2:20-cv-08235-SVW-AFM |
| | **DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| | Judge:        Hon. Stephen V. Wilson |
| | Trial Date:     October 5, 2021 |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and L.R. 33, counsel for Defendants Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, , Christopher Miglino, Jon Rosen, Paul Richter, and Harbant S. Sidhu   (collectively "Defendants" or "Responding Party"), by and through their undersigned counsel, hereby respond to Plaintiff's First Set of  Interrogatories (the "Interrogatories") under oath.

## **PRELIMINARY STATEMENT**

Each Responding Party has not completed discovery in this action and ha**s** not completed preparations for trial.  All of the responses contained herein with respect to Interrogatories (Set One; "Discovery Request") are based only upon such

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

information and documents as are presently available to and specifically known by this Responding Party. The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently-discovered fact(s) at the time of trial. These responses are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the Responding Party in relation to further discovery.

Responding Party reserves the right to supplement or amend his responses to the Interrogatories.  Investigation in this matter is continuing, and the responses and objections asserted herein are made without prejudice to Responding Party's ability to locate and use additional information and are not a waiver of Responding Party's rights to rely on other facts or documents at trial.

In addition, at this time it is not possible for Responding Party to state all grounds of objection to particular Requests.  Responding Party, therefore, reserves the right to supplement his response, and interpose additional objections deemed necessary in light of the results of any further review.

## **GENERAL OBJECTIONS**

1.    Responding Party objects to the Discovery Request set forth herein to the extent they seek information that is not relevant to issues with respect to the Amended Complaint ("AC").   Propounding Party has no right to seek discovery in this matter except for issues relevant to the case.

2.    Responding Party objects to the Discovery Request to the extent that it seeks information that is protected by attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.  Such objections will be noted by the shorthand "**PRIVIILEGED.**"

3.    Responding Party objects to the Discovery Request to the extent they are vague, ambiguous, overbroad, unduly burdensome, contain undefined terms and

LOS ANGELES

2

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

not relevant to the claims and defenses of the parties in the lawsuit, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.  To the extent that objections are made herein on the basis of "relevance" as articulated herein, such objections will be noted by the shorthand, **RELEVANCE**, and should be construed to meant that the request is irrelevant and not likely to lead to the discovery of relevant evidence.

4.    Respondent also objects to requests requiring information or documents that is not in Responding Party's knowledge, possession, custody, or control, or is already in Defendant's possession, custody, or control, or is obtainable from another source that is more convenient or less burdensome.

5.    Responding Party's objections are made solely for the purpose of this action.  No incidental or implied admissions are intended by the objections herein. Nothing herein shall be intended or construed as a waiver by Responding Party of any objections to any evidence that may be offered at a deposition, at the arbitration hearing, or at any other proceeding in this arbitration.

6.    Responding Party objects to each request to the extent that such Interrogatories are not limited by time, which renders the Interrogatory overbroad, irrelevant and unduly burdensome. For that reason, Responding Party shall construe each request to be limited to the relevant time period, January 1, 2019 through September, 2020 (the time frame relevant to the acts and omissions alleged in the AC).

7.    Responding Party incorporates by reference these General Objections as if they were fully set forth in each specific response below.

LOS ANGELES

3

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

## INTERROGATORIES & SPECIFIC RESPONSES THERETO

1. Identify all Electronic Devices You used for YayYo-related business during the Relevant Time Period.

**Response To Interrogatory No. 1**.

Objection to the relevancy of the "Relevant Time Period" as such time frame is neither relevant nor likely to lead to the discovery of relevant information as well as overbroad and burdensome.  Since the case involves alleged false statements or omissions in the Company's IPO in November 2019 and most of the Defendants left the Board or company in or about February 2020, the relevant time frame is January 1, 2019 to September, 2020, and that is the relevant time frame for the answers submitted below except as otherwise indicated.

   a. Ramy El-Batrawi:

     **Response**:  Lap top personal computer (IMAC Pro) and a mobile phone, iPhone, on which text messages were received (but not saved).

   b. Kevin F. Pickard

     **Response**:  Desktop personal computer.

   c. Jeffrey J. Guzy:

     **Response**:  Desk top personal computer, a lap top personal computer, and a mobile phone.  All 3 devices are synced automatically thru Microsoft.  All documents – excluding texts and voice messages -  that are stored on one, may be found on the other ones.  Mr. Guzy has no text messages or voice messages on his phone that pertain to YayYo or its business.

   d. Christopher Miglino

     **Response**:

LOS ANGELES

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

e. Jon Rosen

**Response**: (1) an Apple MacBook PC (still has it), (2) personal cell phone (would include text messages) and a company issued cell phone, Android phone, which he no longer has.

f. Paul Richter

**Response:** (1) an iMac Desktop Computer (2011); (b) an Apple Air Laptop (2018) - hard drive crashed in November 2020, but relevant files saved on a portable external hard drive (Toshiba) and three USB memory sticks and emails are on a server maintained by Comcast. Mr. Richter still has this laptop but it does not work; (c) Apple Air (2019) laptop has some October 2017- January 2020 files that were shared with 2018 Apple Air Laptop.

g. Harbant S. Sidhu

**Response**: (1) an iPhone for everything other than Mr. Sidhu's company business (Magnespec Inc. iPhone number is 661-373-8656.

2. <u>For each Electronic Device identified in response to Interrogatory #1, Identify the specific time period used</u>.

**Response To Interrogatory No. 2**.

With objections to the relevancy of the "Relevant Time Frame" in mind, and subject thereto, the Individual Defendants respond as follows:

LOS ANGELES

5

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

a. Ramy El-Batrawi:

   **Response**: During relevant time he was an officer of YayYo, 2016 until February 2019; then from February 2020 until February 2021.

b. Kevin F. Pickard

   **Response**: January 2019 to present.

c. Jeffrey J. Guzy

   **Response**: During time of Mr. Guzy's initial involvement in 2017 thru his resignation in Jan 2020.

d. Christopher Miglino

   **Response**:

e. Jon Rosen:

   **Response**: Apple Mac during time of employment: 2/1/2019 – 1/26/20, and Personal mobile phone and company issued mobile phone, same time frame. When Rosen left company, the issued mobile was left with company.

f. Paul Richter:

   **Response**: Richter was a director from October 24, 2017 until November 17, 2018 when he resigned. Reappointed as a director in July 2019 and resigned as a director as of January 24, 2020 following a written consent of the Board. He used an iPhone from January 2017 through September 2019 (device was rendered inoperative by water damage). Replaced by iPhone (XR) in September 2019.

g. Harbant  Sidhu:

**Response**:   The time frame that he was a Director.  Cell phone contains no text messages, voicemails, emails, files, images or other files responsive to request for documents. Cell phones were only used for calls and texts that he was calling or could be reached. Apple Air (2019) laptop has some October 2017- January 2020 files shared with 2018 Apple Air Laptop.

3. <u>For each Electronic Device identified in response to Interrogatory #1, Identify the information retained on that Electronic Device, including the time periods for which it is retained.</u>

**Response To Interrogatory No. 3**.

Objection to the use of the term "information" which is not defined and is overbroad as well as being ambiguous, vague and unintelligible.  All electronic devices contain digital information.  To the extent that the request is intelligible, with all objections reserved, the Individual Defendants respond as follows:

a.  Ramy El-Batrawi:

**Response**:  With regard to the Laptop computer, did not separately save emails on such device.  He would save various company documents, like drafts, contracts, resolutions as well as on the computer. Each device had the same emails and files attachments that would be downloaded from emails received.

b.  Kevin F. Pickard:

**Response**:  Documents including emails on hard drive that are backed up to the cloud – retained for 7 years; emails – 2018 to current time.

c. Jeffrey J. Guzy:

**Response**: Documents retained on devices identified in Response No. 1, generally except for phone calls and texts on the phone, and as to those no voice mails or text messages were retained or no longer exist.

d. Christopher Miglino

**Response**:

e. Jon Rosen

**Response:** Mobile phone has nothing saved on it, text messages would not been saved  (Rosen would manually delete text messages usually within a week); as to personal computer – Rosen no longer has access to YayYo emails, if saved on general folder there might be something;  Rosen did locate about 120 emails on his system which have been produced. Documents would include correspondence and some company documents, mostly saved within emails.

f. Paul Richter:

**Response**:  Richter used an iPhone from January 2017 through September 2019 (damaged and rendered inoperative by water). Replaced by iPhone (XR) in September 2019.   He no longer has the damaged iPhone or its card - disposed in September 2019.  Neither cell phone contains any text messages, voicemails, emails, files, images or other files responsive to request for documents. Cell phones only used for calls and to text individuals that he was calling or could be reached

LOS ANGELES

8

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

g. Harbant S. Sidhu:

**Response**:  No information was retained on such devices.

4. **Identify all places, both electronic and physical, You use, or used at any point during the Relevant Time Period, to file or store YayYo-related Documents or Communications.**

**Response To Interrogatory No. 4**.

Objection to the use of the term "places" as it relates to "file or store" YayYo-related documents, which term is not defined and is overbroad as well as being ambiguous, vague and unintelligible.  To the extent that the request is intelligible, with all objections reserved, the Individual Defendants respond as follows:

a. Ramy El-Batrawi:

**Response**:   would file and store documents at the Company's physical premises, and he would keep documents stored in database files on his laptop as indicated.  No documents (*i.e.* text messages) were retained on the mobile device.

b. Kevin F. Pickard:

**Response**:  All files are electronically stored and are saved on Desktop computer's hard drive.

c. Jeffrey J. Guzy:

**Response**:  See responses above.

d. Christopher Miglino:

**Response**:

LOS ANGELES

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

e.  Jon Rosen:

**Response**:  See responses above

f.  Paul Richter:

**Response**:  All devices are located at 3901 Dominion Townes Circle, Richmond, Virginia 23223

g.  Harbant S. Sidhu:

**Response**:  No information or documents are presently retained on any device.

Dated:  August 20, 2021

By:  _____/s/ *George B. Newhouse, Jr.*_____
George B. Newhouse
Attorney for Defendants, Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, , Christopher Miglino, Jon Rosen, , Paul Richter, and Harbant S. Sidhu

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**VERIFICATION**

I, [*NAME*]                              have read the foregoing **DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** and know its contents, at least to the extent that the answers/responses pertain to me.

I am a party to this action.  The matters stated in the foregoing document are true and correct to the best of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing and the information provided herein is true and correct.

Executed on August 20, 2021, at [Location]                         .

See ATTACHED VERIFICATIONS FOR EACH CLIENT

Print Name of Signatory                              Signature

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

LOS ANGELES