Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
R.C. Harlan (SBN 234279)
*rharlan@larsonllp.com*
Paul A. Rigali (SBN 262948)
*prigali@larsonllp.com*
Daniel R. Lahana (SBN 305664)
*dlahana@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Tel.:(213) 436-4888 / Fax: (213) 623-2000

Attorneys for Defendants
EvMo, Inc. (formerly known as
YayYo, Inc.)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE YAYYO INC. SECURITIES LITIGATION, | Case No. 2:20-cv-08235-SVW (AFMx) [Assigned to the Honorable Stephen V. Wilson] |
| | **DEFENDANT YAYYO INC.'S RESPONSE TO PLAINTIFFS' DISCOVERY BRIEF** |
| | Trial Date: October 5. 2021 |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION.................................................................................................1

II.  BACKGROUND................................................................................................3

III. ARGUMENT .....................................................................................................5

    A.   Defendant YayYo Complied With the Court's July 30, 2021 Order .....5

        1.   YayYo Reviewed and Produced A Substantial Number of Documents From The Relevant Time Period..............................5

        2.   YayYo Provided Plaintiffs The Contact Information In Its Possession ....................................................................................8

    B.   Plaintiffs' Other Requests For Relief Should Be Denied. .......................9

IV.  CONCLUSION ................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Authorities**

Federal Rules of Civil Procedure

Rule 26(b) .................................................................................................... 7

Rule 37(b)(2)(C) ........................................................................................... 9

Local Rule 37 ................................................................................................ 5

## I.    INTRODUCTION

Plaintiffs' "Request for Further Relief" is unnecessary and a waste of the Court's time and resources and designed to further drive up Defendants RideShare Rental, Inc.'s (previously named YayYo Inc., now EvMo, Inc.) ("YayYo") costs. Additionally, it smacks of bad faith as the Parties have agreed to stipulate to a continuance of the trial date, which if granted, would relieve the impossible trial schedule the Parties are currently laboring under.  But despite agreeing to a stipulation, which was filed August 24, 2021 (Dkt. 130), Plaintiffs continue their game of "gotcha", ignoring the massive effort and expense born by Defendants in order to comply with this Court's Order.  Moreover, given Plaintiffs have continued to ignore the Local Rules in this District, it is no surprise that they act as if Defendants did not raise objections to Plaintiffs' unduly burdensome and overly broad discovery requests.  As explained below, Defendants have complied with this Court's Order, and are presently meeting and conferring with Plaintiffs regarding how best to address Defendants objections of undue burden and overbreadth.

YayYo collected over 230,000 documents from both internal custodians as well as the Individual Defendants.  Given the breadth of the collection, Defendants—relying on their undue burden and overbreadth objections, as well as the allegations in the operative complaint—focused their review on all documents received from the Individual Defendants as well as all documents collected internally from the years 2019 and 2020.  Plaintiffs were made aware of Defendants' review process and the fact that Defendants were only reviewing documents from 2019 and 2020 weeks ago.  This resulted in a subset of potentially responsive documents of approximately 106,000 documents.  Employing 22 attorneys and staff, and spending upwards of $100,000 over the past month, Defendants have reviewed and produced all documents provided by the seven individual defendants, as well as reviewed and produced approximately 80% of all internally collected documents from 2019 and 2020.  Accordingly, Defendants have complied with this Court's

Order by making a substantial production of all potentially responsive documents to which Defendants are not objecting. In fact, Plaintiffs acknowledge they have received more than 30,000 documents by August 13, which they just began to "preliminarily" review, and as of Monday, August 23, received another approximately 5,000 documents of responsive documents. To produce those 35,000 responsive documents, Defendants reviewed nearly 80,000 in a very short time period, expending over $100,000 to do so.[1]

As for the documents outside the relevant time period, YayYo properly objected and YayYo proposed the use of search terms to further cull the documents – *which Plaintiffs have now agreed to.* In fact, YayYo and Plaintiffs are currently negotiating the proposed search terms to be used, which if successful in reducing the number of documents to be reviewed will further negate the relief Plaintiffs seek in their discovery brief.

Plaintiffs' entire "Request for Further Relief" demands unlimited depositions for witnesses, sanctions, contempt, and an arbitrary discovery deadline and it should be denied quite simply because Defendants complied with the Court's July 30, 2021 Order. Moreover, as Plaintiffs have effectively acknowledged in agreeing to a stipulation to continue the trial date, it is simply impossible to complete discovery under the current time frame. Were the Court to impose a deadline of August 27 to complete document discovery, Defendants would simply be unable to comply as it is an impossibility to review and produce documents—even after they have been culled with search terms—by that date. In fact, it will take Defendants at least 4-6 weeks to review and produce the bulk of the remaining documents.

At bottom, Defendants were forced to spend the precious few resources still available to the Company in order to comply with this Court's Order. It is simply not possible to maintain this pace, and now it may not be necessary given the

---

[1] YayYo produced an additional 4,827 documents on August 23, 2021.

proposed trial continuance.

## II.     BACKGROUND

YayYo is a startup company that connects individuals looking to drive on rideshare applications (i.e. Lyft and Uber) and rental vehicles. Plaintiff's allegations arise from actions in 2019 and 2020—when YayYo issued its IPO and delisted from NASDAQ.  Amended Comp. ¶ 67;  ["The Company's stock began trading publicly on November 13, 2019…"];  *Id*. at ¶ 81 ["[O]n February 10, 2020, YayYo issued a press release entitled "YayYo, Inc. Announces Intention to Voluntarily Delist Its Common Stock From the NASDAQ Capital Market Effective February 20, 2020."]

After mediation discussions fell through in May 2021, current counsel for YayYo was retained and filed their Notice of Appearance on July 7, 2021. Dkt. 92-94.  Shortly thereafter ,YayYo substantively opposed Plaintiffs' Motion for Class Certification and responded to Plaintiffs' Request for Production of Documents, Set One.  Harlan Decl. ¶ 3.  Plaintiffs' broad discovery requests sought documents from 2016 to the present.  Defendants timely objected to the timeframe of Plaintiffs' requests – as documents outside 2019 and 2020 clearly had limited, if any, relevance. *Id.* ¶ 4.

YayYo compiled and provided its counsel approximately 230,000 documents (originally estimated to be 300,000), which needed to be reviewed for responsiveness and privilege prior to production to Plaintiffs.  *Id.* ¶ 5.  Managing and reviewing such a voluminous amount of documents takes significant time and resources.  As Plaintiffs' counsel acknowledged, this was the largest document set she had worked with on a securities matter.

On July 27, 2021, just 11 days after Defendants responded to the discovery requests, Plaintiffs filed an *Ex Parte* Application to Compel Production of Documents and Information.  Dkt. 106.  The Court granted the application in part. The Court's July 30, 2021 Order states in relevant part:

On or before August 13, 2021, the YayYo corporate and individual defendants **shall substantially complete their production of documents in response to plaintiffs' first set of requests for production**. The Court is not ordering waiver of any objections or privileges by defendants and has not ruled on any asserted objections or privileges. Responsive documents that are not being withheld on grounds of objection or privilege shall be produced.
(Emphasis added).

Defendants worked around the clock to review documents to produce on August 13, 2021 to comply with the Court's order.  Given the overbroad and unduly burdensome nature of Plaintiffs' requests—to which Defendants' properly objected—coupled with the physical impossibility of reviewing all 230,000 documents in less than two weeks, Defendants properly limited their review to all documents received from the Individual Defendants as well as documents collected internally from the years 2019 and 2020.  Plaintiffs were informed of this approach numerous times, both in Defendants' objections to Plaintiffs' Requests for Production, and during the August 11, 2021 meet and confer phone call.[2]  Harlan Decl. ¶¶ 4, 8.  Of the approximately 106,000 documents from 2019 and 2020, Defendants reviewed more than 70,000 of the documents— or nearly 70% by August 13, 2021.  Moreover, on August 23, 2021 Defendants produced an additional 4,827 documents, having now reviewed almost 80,000 of the approximately 106,000 documents internally collected from 2019 and 2020.  Given the short amount of time and the high volume of documents, Defendants substantially completed their production of potentially responsive documents in compliance with the Court's July 30, 2021 Order.  *Id*. ¶ 14.

---

[2] Plaintiffs now claim they believed it only applied to documents "from 2021." Brief 7:13-16.  This is not true, as Defendants informed Plaintiffs they would be potentially be producing documents outside of 2019 and 2020 time periods assuming Defendants objections regarding burden and overbreadth were adequately ameliorated through the use of search terms.  Plaintiffs' Brief acknowledges the proposed search terms were not just for 2021, but all years outside of 2019 and 2020: "I still do not have proposed search terms for the other **years**." Brief 13:4.

This significant production took a heavy financial toll on YayYo – costing the startup more than $100,000 just to review the documents in such a short amount of time—setting aside the briefing required for class certification and Plaintiffs' continued improper *ex parte* filings. *Id.* ¶ 7. YayYo simply does not have the resources to extend the massive document review to documents outside the 2019 and 2020 time period and it struggles to continue to review the remaining documents within 2019 and 2020. To do so is cost prohibitive and will take weeks, if not months. In an effort to resolve the objections as to time, burden, and overbreadth, Defendants proposed using search terms for the documents collected outside of the 2019 and 2020 time frame. On August 22, 2021, Defendants sent Plaintiffs a list of proposed search terms for other documents, which Plaintiffs have returned and which the Parties are presently negotiating. Assuming these search terms can significantly reduce the number of documents to be reviewed, Defendants may be willing to review and produce additional documents outside the 2019 and 2020 time period, assuming the burden is proportional to the needs of the case. *Id.* ¶ 12.

But most importantly, Plaintiffs' improper *ex parte* Request is effectively mooted because the parties have submitted a stipulation to continue the trial from its current October 5, 2021 date. *Id.* ¶ 13; Dtk. 130. This stipulation obviates the "emergency" that Plaintiffs claim exists, and renders their continued use of *ex parte* procedures, as opposed to proper filings pursuant to Local Rule 37, improper and should be denied on that basis alone.

## III. ARGUMENT

### A. Defendant YayYo Complied With the Court's July 30, 2021 Order

#### 1. YayYo Reviewed and Produced A Substantial Number of Documents From The Relevant Time Period

Pursuant to the Court's Order, and without waiving its objections, Defendants reviewed and produced all responsive documents collected from the seven

Individual Defendants, and reviewed and produced the vast majority of documents collected internally from YayYo from the relevant years of 2019 and 2020. Employing 22 attorneys and staff, and expending over $100,000, in the past three weeks, Defendants have reviewed almost 80,000 documents and produced more than 35,000 responsive documents to Plaintiffs. That production represents all documents collected from the Individual Defendants, and approximately 80% of the documents collected from YayYo during the relevant time period of 2019 and 2020. Defendants continue to review and will produce the final 20% of those documents on a rolling basis. These facts alone establish that Defendants' complied with the Court's Order.

Plaintiffs argue that because there are additional documents—a total of approximately 230,000 were collected from all time periods—from beyond 2019 and 2020 that have not been reviewed or produced, then Defendants have not complied with this Court's Order. Plaintiffs' simplistic—and improper—*ex parte* discovery motion fails to acknowledge that Defendants objected to Plaintiffs' requests as overly burdensome and unduly broad, specifically as it related to the relevant time period. Accordingly, as Defendants advised Plaintiffs in numerous meet and confers, Defendants limited their review to the most relevant time period based on Plaintiffs' own allegations: 2019 and 2020. Plaintiffs' improper Request ignores Defendants' objections. Simply asking the Court to overrule those objections through a 25-page *ex parte* brief is both improper and also fails to carry Plaintiffs' burden of overcoming those objections.

First, Defendants objected to Plaintiffs' overly broad time period and the Court's Order expressly stated that it did not overrule Defendants' objections.[3]

---

[3] Despite Plaintiffs' contentions otherwise, Defendants are not currently "withholding" documents based on time period—but as those documents have not yet had search terms applied, they have not yet been reviewed.

Accordingly, Defendants cannot be in violation of the Court's Order by standing on its objections to the overly broad and unduly burdensome time period the requests cover. What's more is that Plaintiffs have been apprised of Defendants' approach since at least August 11. At that time, while Defendants were working around the clock to review and produce documents by August 13, Defendants informed Plaintiffs that they would not be reviewing or producing documents from outside the 2019 and 2020 timeframe because of the undue burden and overly broad nature of Plaintiffs' requested time period. At that time, and several times thereafter, Defendants indicated that they would be willing to potentially review and produce additional documents from outside the 2019 and 2020 time period only through a substantial culling of those documents through the use of search terms. After spending the past three weeks reviewing documents to determine responsiveness, Defendants have now provided Plaintiffs a list of search terms to potentially use to limit the number of documents necessary to review from time periods that are less relevant to this matter. The Parties are now meeting and conferring on those search terms. Harlan Decl. ¶ 12. However, even with the use of search terms, Defendants' production will not be complete for several weeks simply because of the hours necessary to review and produce documents. Plaintiffs' proposed discovery completion date of August 27, 2021 is simply impossible and cannot be accomplished.

Moreover, Plaintiffs' suggestion that YayYo should have reviewed all 230,000 documents in the past three weeks is physically and financially impossible. Moreover, such an extensive review of non-relevant documents creates an undue burden on YayYo and would not be proportionate to the needs of the case as required under Rule 26(b) of the Federal Rules of Civil Procedure. In less than three weeks, Defendants reviewed nearly 80,000 documents, produced more than 35,000 documents, and informed Plaintiffs of all of this. This effort has cost YayYo well over $100,000. Given the volume and burden on Defendants, their review of

approximately 80% of the internal documents collected from YayYo during the relevant time period—coupled with all documents received from the Individual Defendants—and the production of responsive documents thereafter means that Defendants have "substantially complete[d]" production and complied with the Court's order. Harlan Decl. ¶ 14.

Lastly, Plaintiffs' complaints regarding which custodians were included in the production rings hollow when there is no evidence provided with Plaintiffs' papers that substantiates or even identifies which custodians are at issue.  Rest assured, all custodians were included in collection activities at YayYo, and if no documents were produced with those custodians identified, then that means that no such responsive non-privileged documents exist for that time period.  To the extent Plaintiffs seek information regarding Defendants document retention systems they are free to serve discovery on those topics.  As Defendants have informed Plaintiffs numerous times, there is no central server system at YayYo—a small start-up—and many of the custodians are former employees who maintained their email account and documents on their own personal devices (the company did not provide any devices).  If Plaintiffs want to explore these issues, they are free to do so through proper discovery;  Defendants will not continue to engage in Plaintiffs' game of "gotcha" where Plaintiffs' purposefully misinterpret informal meet and confers to their benefit in improper *ex parte* filings.

2.    YayYo Provided Plaintiffs The Contact Information In Its Possession

Next, Plaintiffs claim that YayYo violated the Court's July 30, 2021 Order by failing to provide contact information for the individuals listed on initial disclosures. Brief 5:27-6:5. But on August 7, 2021, YayYo did provide Plaintiffs the contact information it had pertaining to the individuals.  Harlan Decl.  ¶ 10.  Once again, Plaintiffs attempt to play a game of "gotcha"  just because YayYo did not have addresses for those individuals.  Given that YayYo provided the contact information

that it had at the time, it complied with the Court's July 30, 2021 Order.

## B.    Plaintiffs' Other Requests For Relief Should Be Denied.

Plaintiffs also make numerous requests seeking unlimited depositions, contempt, sanctions, and an unreasonable deadline of August 27, 2021 to complete all document discovery, including privilege logs.  All of Plaintiffs' demands for "further relief" should be denied.

First, Plaintiffs' requested August 27, 2021 deadline for the completion of document production is not remotely feasible.  At this time, YayYo is still reviewing documents from the 2019-2020 time period, and those documents will not be finalized before August 27, 2021.  Moreover, the Parties are actively engaged in a meet and confer regarding the potential use of search terms to reduce the number of potentially responsive documents that need to be reviewed for time periods outside of 2019 and 2020.  Additionally, YayYo has not begun to review the potentially privileged documents that were culled from the collection using searches for attorney and firm names.  Just reviewing the documents received from the Individual Defendants and the 106,000 internally collected documents from 2019 and 2020 took 22 attorneys and staff members working around the clock, and cost more than $100,000 over the past three weeks, and that process is still not finished. YayYo cannot continue at that pace.

Moreover, given the parties' proposed stipulation, the Parties—at a minimum—agree that it will take more time to complete discovery then exists under the current trial schedule.

Next, neither attorneys' fees, sanctions, or contempt, should be considered by the Court.  First, Defendants complied with the Court's July 30, 2021 Order by substantially producing documents responsive to Plaintiffs' Request for Production of Documents.  Second, Defendants have acted in good faith.  Under the plain language of Federal Rules of Civil Procedure Rule 37(b)(2)(C), sanctions, including attorneys fees, should not be imposed if the "failure was substantially justified or

other circumstances make an award of expenses unjust." Here, YayYo had 22 attorneys and staff working around the clock reviewing nearly 80,000 documents, costing YayYo more than $100,000. To inflict more financial pain on Defendants is unsupported by the evidence, and the extreme efforts YayYo has undertaken in order to comply with the Court's Order.

## IV.    CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' Request for Further Relief.

Dated: August 24, 2021                    LARSON LLP

                                          By: /s/ R.C. Harlan
                                               Stephen G. Larson
                                               R.C. Harlan
                                               Daniel R. Lahana
                                          Attorneys for Defendants
                                          EvMo, Inc. (formerly known as YayYo, Inc.)