Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
R.C. Harlan (SBN 234279)
*rharlan@larsonllp.com*
Paul A. Rigali (SBN 262948)
*prigali@larsonllp.com*
Daniel R. Lahana (SBN 305664)
*dlahana@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Tel.:(213) 436-4888 / Fax: (213) 623-2000

Attorneys for Defendants EvMo, Inc.
(formerly known as YayYo, Inc.)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE YAYYO, INC. SECURITIES LITIGATION | Case No. 2:20-cv-08235-SVW-AFM |
| | **DECLARATION OF R.C. HARLAN IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' DISCOVERY BRIEF** |
| | Trial Date:  October 5. 2021 |

**DECLARATION OF R.C. HARLAN**

I, R. C. Harlan, declare as follows:

1. I am a partner with Larson LLP, attorneys of record for Defendant YayYo, Inc. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Defendant's Response to Plaintiffs' Discovery Brief.

2. My firm, Larson LLP, was first retained in this matter in late June, 2021.  My office first appeared as counsel for YayYo in this matter on July 7, 2021.

3. In addition to filing Defendants' Opposition to Class Certification on July 19, 2021 and responses and objections to Plaintiffs' Request for Production of Documents, my office has worked tirelessly managing and reviewing a voluminous amounts of documents.

4. YayYo's objected to Plaintiffs' Request for Production of Documents, Set One, on the ground that each request sought documents outside the relevant time period.  Plaintiffs' directions stated they sought documents from 2016 to the present.

5. My office received approximately 230,000 documents, of which approximately 106,000 are from 2019 and 2020.

6. More than 22 attorneys and staff, including nine contract attorneys reviewed the 2019 and 2020 documents.  Working tirelessly, they reviewed nearly 70,000 of the documents in less than two weeks.

7. The short time period and the number of documents to review created a significant burden and expense on YayYo, which has spent more than $100,000 for the review that has taken place so far.  At the Court's request, YayYo will provide its billing invoices *in camera*.

8. During the August 11, 2021 phone call with Plaintiffs' counsel, I explained to her that amount of documents we were managing and reviewing, and that we would be reviewing and producing documents from 2019 and 2020 first because those were most relevant to Plaintiffs' claims.

9.    I also explained to her that the burden of Defendants was too high and we would need to use search terms for documents outside the 2019 and 2020 dates, which she agreed.

10.    On August 7, 2021, YayYo provided the contact information that it had of the individual shareholders listed in its Initial Disclosures that it was not authorized to accept service on behalf of.  The email chain providing that information is attached hereto as **Exhibit A**.

11.    On August 13, 2021, YayYo produced more than 30,000 documents to Plaintiffs in compliance with the Court's July 30, 2021 Order.  Defendants had already previously produced all documents the individual defendants had in their possession.  A true and correct copy of the email chain providing Plaintiffs' counsel with the link to download the production is attached hereto as **Exhibit B**.

12.    On August 14, 2021, I emailed Plaintiff's counsel informing her of further details regarding the production and I reiterated many parts of our conversation from August 11, 2021.  Plaintiffs' counsel once again agreed to use search terms, but this time claimed that the initial document review should have been more extensive.  A true and correct copy of the email chain between myself and Plaintiffs' Counsel is attached hereto as **Exhibit C**.

13.    On August 22, 2021, my office proposed a number of search terms to Plaintiffs' counsel to use to search for responsive documents outside 2019 and 2020.  A true and correct copy of the relevant email correspondence is attached hereto as **Exhibit D**.  The parties are currently negotiating the search terms to apply.

14.    Also on August 22, 2021, my office circulated a joint stipulation and proposed order to continue the trial by at least three months, which the parties are currently revising but agreed to in principle, and anticipate will be filed promptly.  A true and correct copy of the relevant email correspondence is attached hereto as **Exhibit E**.

15.     On August 23, 2021, YayYo produced another 4,827 documents. A true and correct copy of the email providing Plaintiffs' counsel with the link to download the production is attached hereto as **Exhibit F**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 24th day of August, 2021, at Los Angeles, California.

/s/ R.C. Harlan
R.C. Harlan

# EXHIBIT A

| | |
|---|---|
| **From:** | Daniel  R. Lahana |
| **Sent:** | Saturday, August 7, 2021 3:02 PM |
| **To:** | Cara David |
| **Cc:** | R.C. Harlan; George B. Newhouse, Jr.; Stephen G. Larson; Jeremy Lieberman; Chase M. Stern; Mary Blasy |
| **Subject:** | RE: YayYo Document Production 1 - YayYo Securities Litigation |

Cara:

We produced the documents in native format with metadata, so the custodians and corresponding bates numbers should be readily apparent.

Second, we are authorized to accept service on behalf of Dave Haley, Doug Mox, and Jack O'Neill.   We are not authorized to accept service on behalf of John Gray, James Malakowski, or
John O'Hurley.

The contact information we have for the latter individuals consists of the following:

John Gray - 415-847-9771
James Malakowski - 312-560-8500
John O'Hurley - 310-858-8301

Thank you.  –Daniel

**Daniel  R. Lahana**

Associate

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**LARSON** LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
213.436.4878 Direct
213.436.4888 Office
213.623.2000 Fax
dlahana@larsonllp.com

Los Angeles | Orange County | Washington, D.C.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Cara David <cdavid@pomlaw.com>
**Sent:** Saturday, August 7, 2021 11:14
**To:** Daniel R. Lahana <dlahana@larsonllp.com>
**Cc:** R.C. Harlan <rcharlan@larsonllp.com>; George B. Newhouse, Jr. <george@richardscarrington.com>; Stephen G. Larson <slarson@larsonllp.com>; Jeremy Lieberman <jalieberman@pomlaw.com>; Chase M. Stern <chases@johnsonfistel.com>; Mary Blasy <MBlasy@rgrdlaw.com>
**Subject:** RE: YayYo Document Production 1 - YayYo Securities Litigation

**[EXTERNAL EMAIL]**

Daniel,

Thank you for this.

1

I don't see any custodian information. Could you please let me know which Bates ranges are associated with which custodian? Or if it's a tech problem on our end, and customary custodian information should be in the files themselves, please let me know that. It's the weekend, so I've only used my own tech skills on the opt file.

Also, according to the Court order of July 30: **"[S]ervice information known to counsel for individuals listed on initial disclosures shall be provided to opposing counsel *within the next seven days*."** You have provided no information and the deadline was yesterday. Will you please let me know immediately the relevant information?

Thank you,

Cara

Cara David
**POMERANTZLLP**
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

---

**From:** Daniel R. Lahana <dlahana@larsonllp.com>
**Sent:** Saturday, August 7, 2021 12:21 AM
**To:** Cara David <cdavid@pomlaw.com>
**Cc:** R.C. Harlan <rcharlan@larsonllp.com>; George B. Newhouse, Jr. <george@richardscarrington.com>; Stephen G. Larson <slarson@larsonllp.com>
**Subject:** YayYo Document Production 1 - YayYo Securities Litigation

Dear Ms. David:

Please find below the link to download YayYo Document Production 1.

https://mavendiscovery.sharefile.com/d-sb4e73b8c01004fa6b936f8b06b574d8c

The zip passcode is: !D4CCms^kqzZNpJF

Please let us know if you have any issues accessing the documents.  Have a great weekend. –Daniel

**Daniel  R. Lahana**
Associate
......................................

**LARSON** LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
213.436.4878 Direct
213.436.4888 Office
213.623.2000 Fax
dlahana@larsonllp.com

Los Angeles | Orange County | Washington, D.C.
......................................

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

2

# EXHIBIT B

| | |
|---|---|
| **From:** | Daniel  R. Lahana |
| **Sent:** | Friday, August 13, 2021 8:57 PM |
| **To:** | Cara David |
| **Cc:** | R.C. Harlan; Stephen G. Larson; George Newhouse Jr. |
| **Subject:** | YayYo's Second Production of Documents - YayYo Securities Litigation |

Dear Cara:

Please find below the link and password to download YayYo's second production of documents.  Have a great weekend. –Daniel

https://nrcdiscovery.mediashuttle.com/download.jsp?id=981700b2-853f-42c8-9c8f-dfb47f218142

Zip PW: !D4CCms^kqzZNpJF

**Daniel  R. Lahana**

Associate

………………………………..

**LARSON** LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
213.436.4878 Direct
213.436.4888 Office
213.623.2000 Fax
dlahana@larsonllp.com

Los Angeles | Orange County | Washington, D.C.

………………………………..

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

# EXHIBIT C

| From: | Cara David <cdavid@pomlaw.com> |
|---|---|
| Sent: | Saturday, August 14, 2021 5:40 PM |
| To: | R.C. Harlan |
| Cc: | George B. Newhouse, Jr.; Chad Weaver; Paul A. Rigali; Daniel  R. Lahana; Jacqueline S. Neal; Mary Blasy; Chase M. Stern |
| Subject: | Re: YayYo Litigation - Document Production |

**[EXTERNAL EMAIL]**

You said on our call "prior to 2021" and stated 2021 was the missing year. Now what you are saying is all the years prior to 2019 are missing—for a Company that had an aborted public offering in 2018 (and, as we have already seen from Davis' production, many relevant documents as to him would be from that year, and prior).

I have always been willing to have you apply search terms — and we first discussed you sending them last month — but I don't see how this production is "substantially complete" based on the figures you've provided.

I also note you did not answer my question about "non-objected documents."

On Aug 14, 2021, at 8:20 PM, R.C. Harlan <rcharlan@larsonllp.com> wrote:

As I said on our call, we have focused on 2019-2020.  We segregated these documents because those are the relevant time periods. We have substantially completed production because we have reviewed and produced almost all documents from the relevant time frame. The remaining few documents from this time period will be produced in the coming days.

We are offering to also potentially review documents from outside the relevant time frame assuming we can agree on search terms and the burden is proportionate. If we cannot come to an agreement, we will stand on our objections and potentially seek the court's assistance in determining how best to address the documents from outside the relevant time period.

I will be offline for the next few days, so please keep the cc's the same so nothing slips through the cracks.

RC

**R.C. Harlan**

Partner

....................................

**LARSON** LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
213.436.4868 Direct
213.436.4888 Office
213.623.2000 Fax
rcharlan@larsonllp.com

Los Angeles | Orange County | Washington, D.C.
....................................
CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

1

On Aug 14, 2021, at 4:59 PM, Cara David <cdavid@pomlaw.com> wrote:

**[EXTERNAL EMAIL]**

As I've said to you, I have always been happy for you to use search terms to cull documents. I will review the list when you send it and try to get back to you as soon as possible.

I do have a couple of questions however to clarify. Does this mean last night's production was only 2019 and 2020? (They are not processed yet, so I cannot check myself. Apologies.)

If it is 230,000ish documents from your client (not 300k) and you have looked through 100kish, how is the production substantially complete? (I say this because, as we discussed on the meet and confer, you are not withholding documents based on your time period objection. So the remainder would have to be reviewed, with search terms or without. Therefore it seems less than half the documents are reviewed, unless I'm misunderstanding.)

Additionally, when you say "responsive and non-objected documents," I'm not sure what that means given our meet and confer conversation about you not withholding documents based on objections other than privilege. Are you just referring to privilege there?

Thanks,

Cara

> On Aug 14, 2021, at 7:39 PM, R.C. Harlan <rcharlan@larsonllp.com> wrote:
>
>
> Dear Cara:
>
> Yesterday, Defendants made a second production of more than 25,000 documents. We have now produced the responsive and non-objected documents from the individual defendants' personal devices, along with the vast majority of potentially responsive documents from 2019 and 2020 collected from the company. We will continue to review and produce the 2019 and 2020 responsive documents over the coming days.
>
> As you know, we received more than 230,000 documents from our client, which we have been diligently reviewing around the clock with 22 attorneys and paralegals. This has obviously come at a substantial financial cost for our client. During our meet and confer on Wednesday, you acknowledged Defendants had to review huge number of documents (you stated it was the largest you have seen). While we

2

sorted the documents by years, 2019 and 2020, even then, the number of documents during that time period has been voluminous (over 100,000 documents).  The burden on our client has been substantial given the time and expenses of compiling and reviewing these documents.

Accordingly, we would like to address the years outside of 2019 and 2020, as we believe they are less likely to be responsive, and the burden to review those voluminous documents (an additional 100,000+ documents) is not proportionate to the merits or needs of the case under FRCP 26.  As such, going forward, and without waiving our objections as to time period, we propose using search terms as to documents outside the 2019 and 2020 years.  We will send a list of proposed search terms this coming week for us to come to agreement on.

Have a great weekend.

Best,

R.C.


**R.C. Harlan**

Partner

………………………………..

**LARSON** LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
213.436.4868 Direct
213.436.4888 Office
213.623.2000 Fax
rcharlan@larsonllp.com

Los Angeles | Orange County | Washington, D.C.

……………………………….
CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

# EXHIBIT D

| | |
|---|---|
| **From:** | Daniel  R. Lahana |
| **Sent:** | Sunday, August 22, 2021 10:01 PM |
| **To:** | Cara David |
| **Cc:** | R.C. Harlan; Paul A. Rigali; George B. Newhouse, Jr.; Chad Weaver |
| **Subject:** | Proposed Search Terms - YayYo Securities Litigation |
| **Attachments:** | 2021 0822 YayYo - Document Review Proposed Search Terms.DOCX |

Cara:

As discussed during the parties' meet and confer and our prior correspondence, please find attached the search terms we propose to use to search for responsive documents outside 2019 and 2020.  These search terms were compiled based on Plaintiffs' Request for Production of Documents, Set One.  Thanks.  –Daniel

**Daniel  R. Lahana**

Associate

...................................

**LARSON** LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
213.436.4878 Direct
213.436.4888 Office
213.623.2000 Fax
dlahana@larsonllp.com

Los Angeles | Orange County | Washington, D.C.

...................................

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**YayYo Document Review Proposed Search Terms For Documents Outside 2019 and 2020**

Initial Public Offering
IPO
Offering
Registration statement
SEC
Form 10-K
10-K
EDGAR
NASDAQ
OTC Market Group
Board meeting
Board minutes
FirstFire
SRAX
Uptick
Davis litigation
Davis v. YayYo
Acuitas
Bellridge Capital
John Gray
Gray Mars Venus Trust
SRAX
X, LLC
Private share
Change of title
Aegis
Westpark
D&O
DO
Underwriter
Underwriting
Due diligence
Valuation
Term sheet
Road show
Press release
Chart
Graph
Financial statement
Financial report
Financial projection
Financial model
Financial evaluation
Forecast
Audit

Purchaser
Offering document
Internal controls
El-Batrawi litigation
El-Batrawi lawsuit

# EXHIBIT E

**Jacqueline S. Neal**

| | |
|---|---|
| **From:** | Cara David <cdavid@pomlaw.com> |
| **Sent:** | Sunday, August 22, 2021 5:05 PM |
| **To:** | Daniel  R. Lahana |
| **Cc:** | R.C. Harlan; Paul A. Rigali; George B. Newhouse, Jr.; Chad Weaver |
| **Subject:** | RE: Proposed Joint Stipulation to Continue Trial - YayYo Securities Litigation |

**[EXTERNAL EMAIL]**

Thank you, Daniel. I will get you comments on this tomorrow.

Cara David
**POMERANTZLLP**
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

---

**From:** Daniel R. Lahana <dlahana@larsonllp.com>
**Sent:** Sunday, August 22, 2021 8:00 PM
**To:** Cara David <cdavid@pomlaw.com>
**Cc:** R.C. Harlan <rcharlan@larsonllp.com>; Paul A. Rigali <prigali@larsonllp.com>; George B. Newhouse, Jr. <george@richardscarrington.com>; Chad Weaver <cweaver@fmglaw.com>
**Subject:** Proposed Joint Stipulation to Continue Trial - YayYo Securities Litigation

Cara:

Please find attached our proposed joint stipulation to continue the trial.  Per the parties' meet and confer discussions, we provided sections for Defendants and Plaintiffs' respective positions pertaining to the requested length of the trial continuance.  Please review the stipulation and provide Plaintiffs' proposed trial continuance, which I believe was at least 30 days, and we can file it with the Court.  Thanks. –Daniel

**Daniel  R. Lahana**
Associate
......................................

**LARSON** LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
213.436.4878 Direct
213.436.4888 Office
213.623.2000 Fax
dlahana@larsonllp.com

Los Angeles | Orange County | Washington, D.C.
......................................

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

1

# EXHIBIT F

**From:**          Daniel  R. Lahana
**Sent:**           Monday, August 23, 2021 10:34 PM
**To:**               Cara David
**Cc:**               R.C. Harlan; George B. Newhouse, Jr.; Chad Weaver; Kelly Champ
**Subject:**      YayYo's Third Production of Documents - YayYo Securities Litigation

Cara:

Please find below the link and password to download YayYo's third production of documents, which contains approximately 4,827 documents.  Please advise if you have any issues downloading the documents. –Daniel

https://mavendiscovery.sharefile.com/d-s97d401da9cd74b24840cb4b6840c4809

Zip PW: !D4CCms^kqzZNpJF

**Daniel  R. Lahana**

Associate

...................................

**LARSON** LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
213.436.4878 Direct
213.436.4888 Office
213.623.2000 Fax
dlahana@larsonllp.com

Los Angeles | Orange County | Washington, D.C.

...................................

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.