**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re YAYYO, INC. SECURITIES LITIGATION | ) Case No. 2:20-cv-08235-SVW-AFM<br>)<br>) <u>CLASS ACTION</u><br>)<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES IN SUPPORT OF<br>) PLAINTIFFS' MOTION FOR ENTRY<br>) OF ORDER PRELIMINARILY<br>) APPROVING SETTLEMENT AND<br>) PROVIDING FOR NOTICE |

DATE:      September 27, 2021
TIME:      1:30pm
CTRM:      10A
JUDGE:   Honorable Stephen V. Wilson

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ......................................................................................... 1

II. OVERVIEW OF THE LITIGATION ............................................................ 3

III. THE SETTLEMENT TERMS ...................................................................... 4

IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL ................................................................................................ 7

    A. Lead Plaintiff and Lead Counsel Have Adequately Represented the Class .......................................................................... 9

    B. The Proposed Settlement Is the Result of Good Faith, Arm's-Length Negotiations by Informed, Experienced Counsel Who Were Aware of the Risks of the Litigation ........................................ 10

    C. The Relief Provided to the Class Is Adequate .................................. 11

        1. The Immediate Substantial Benefits for the Class, Weighed Against the Costs, Risks, Delay of Trial and Appeal, and Possibility of Future Relief as to the Settling Defendant Support Preliminary Approval ............................... 11

        2. The Proposed Method for Distributing Relief Is Effective ...... 13

        3. Attorneys' Fees .......................................................................... 14

        4. The Proposed Plan of Allocation Is Designed to Treat Class Members Equitably and Does Not Provide Any Preferential Treatment .............................................................. 15

    D. The Remaining Ninth Circuit Factors Are Satisfied .......................... 18

        1. The Extent of Discovery Completed and the Stage of the Proceedings at Which the Settlement Was Achieved Strongly Supports Preliminary Approval ................................. 18

        2. Experience and Views of Counsel .............................................. 19

V. THE PROPOSED FORMS AND METHOD OF PROVIDING NOTICE TO THE CLASS ARE APPROPRIATE AND SATISFY FED. R. CIV. P. 23, THE PSLRA, AND DUE PROCESS ......................... 20

- i –

**Page**

VI.    PROPOSED SETTLEMENT SCHEDULE...................................................22

VII.    CONCLUSION ........................................................................................22

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM**Error! Unknown document property name.**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods. V. Windsor*,
    521 U.S. 591 (June 25, 1009) ............................................................................... 17

*Boyd v. Bank of Am. Corp.*,
    2014 WL 6473804 (C.D. Cal. Nov. 18, 2014) ...................................................... 14

*Ciuffitelli v. Deloitte & Touche LLP*,
    2019 WL 1441634 (D. Or. Mar. 19, 2019) .......................................................... 15

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974) ............................................................................................. 20

*Ellis v. Naval Air Rework Facility*,
    87 F.R.D. 15 (N.D. Cal. 1980) ............................................................................. 19

*Erica P. John Fund, Inc. v. Halliburton Co.*,
    131 S. Ct. 2179 (2011) ......................................................................................... 16

*Franklin v. Kaypro Corp.*,
    884 F.2d 1222 (9th Cir. 1989) ............................................................................... 7

*Gittin v. KCI USA, Inc.*,
    No. 09-CV-0583 RS, 2011 WL 1467360 (N.D. Cal. Apr. 12, 2011) ................. 18

*Gribble v. Cool Transports Inc.*,
    2008 WL 5281665 (C.D. Cal. Dec. 15, 2008) .................................................... 10

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .................................................................. 8, 15, 16

*Hefler v. Wells Fargo & Co.*,
    2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) ........................................... *passim*

*Hodges v. Akeena Solar Inc.*,
    274 F.R.D 259 (N.D. Cal. 2011) .......................................................................... 15

*In re Adobe Sys., Inc. Sec. Litig.*,
    139 F.R.D. 150 (N.D. Cal. 1991) ......................................................................... 15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

**Page**

*In re Cooper Companies Inc. Sec. Litig.*,
254 F.R.D. 628 (C.D. Cal. 2009) .......................................................15, 17, 18

*In re Emulex Corp.*,
210 F.R.D. 717 (C.D. Cal.)............................................................................17

*In re Genworth Fin. Sec. Litig.*,
2016 WL 7187290 (E.D. Va. Sept. 26, 2016) .............................................14

*In re Heritage Bond Litig.*,
2005 WL 1594389 (C.D. Cal. June 10, 2005)..............................................14

*In re Hyundai & Kia Fuel Econ. Litig.*,
926 F.3d 539 (9th Cir. 2019) ..........................................................................7

*In re Inter-Op Hip Prosthesis Liab. Litig.*
204 F.R.D. 330 (N.D. Ohio 2001).................................................................17

*In re Intuitive Surgical Sec. Litig.*,
No. 5:13-cv-01920-EJD, 2016 WL 7425926 (N.D. Cal. Dec. 22,
2016) ..............................................................................................................16

*In re LDK Solar Sec. Litig.*,
255 F.R.D. 519 (N.D. Cal. 2009) .............................................................16, 17

*In re MGM Mirage Sec. Litig.*,
708 F. App'x 894 (9th Cir. 2017)..................................................................20

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2007) ........................................................19

*In re Oracle Corp. Sec. Litig.*,
627 F.3d 376 (9th Cir. 2010) .........................................................................11

*In re OSI Sys.*,
2017 WL 5634607 (C.D. Cal. Jan. 24, 2017)..............................................9, 10

*In re Pac. Enters. Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995) ...........................................................................14

*In re Seagate Tech. II Sec. Litig.*,
843 F. Supp. 1341 (N.D. Cal. 1994)..............................................................15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM**Error! Unknown document property name.**

**Page**

*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008)...................................................................................7

*In re UTStarcom, Inc. Sec. Litig.*,
  No. C006-4908, 2010 WL 1945737 (N.D. Cal. May 12, 2010) ..................16, 17

*In re Verisign, Inc. Sec. Litig.*,
  No. C 02-02270 JW, 2005 WL 7877645 (N.D. Cal. Jan. 13, 2005)..................16

*In re Zynga Sec. Litig.*,
  2015 WL 6471171, (N.D. Cal., Oct 27 2015)....................................................15

*Low v. Trump Univ., LLC*,
  246 F. Supp. 3d 1295 (S.D. Cal. 2017) .............................................................13

*Morris v. Lifescan, Inc.*,
  54 F. App'x 663 (9th Cir. 2003)........................................................................14

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
  339 U.S. 306 (1950) ..........................................................................................21

*Norris v. Mazzola*,
  2017 WL 6493091 (N.D. Cal. Dec. 19, 2017) ...................................................19

*Pataky v. Brigantine, Inc.*,
  2018 WL 3020159 (S.D. Cal. June 18, 2018) ....................................................10

*Redwen v. Sino Clean Energy, Inc.*,
  2013 WL 12129279 (C.D. Cal. Mar. 13, 2013) .......................................9, 11, 18

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009).........................................................................7, 20

*Salazar v. Midwest Servicing Grp., Inc.*,
  2018 WL 3031503 (C.D. Cal. June 4, 2018).....................................................11

*Schleicher v. Wendt*,
  618 F.3d 679 (7th Cir. 2010)........................................................................17, 18

*Tawfilis v. Allergan, Inc.*,
  2018 WL 4849716 (C.D. Cal. Aug. 27, 2018) ...................................................14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM**Error! Unknown document property name.**

**Page**

*Vathana v. EverBank*,
    No. C 09-02338 RS, 2010 WL 934219 (N.D. Cal. Mar. 15, 2010) ................... 16

*Wahl v. Am. Sec. Ins. Co.*,
    No. C08-00555-RS, 2011 U.S. Dist. LEXIS 59559 (N.D. Cal. Jun.
    2, 2011) ............................................................................................................ 18

*Weeks v. Kellogg Co.*,
    2013 WL 6531177 (C.D. Cal. Nov. 23, 2013) ...................................................... 12

*Young v. LG Chem Ltd.*,
    2019 WL 4187396 (9th Cir. Sept. 4, 2019) ......................................................... 7

**Statutes**

15 U.S.C. § 77i ......................................................................................................... 12

15 U.S.C. § 77k ......................................................................................................... 12

15 U.S.C. § 77o ......................................................................................................... 12

15 U.S.C. §78u-4, *et seq.* ..................................................................................*passim*

**Rules**

Fed. R. Civ. P. § 23 ...........................................................................................*passim*

Fed. R. Civ. P. § 26 .................................................................................................... 4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM**Error! Unknown document property name.**

# I.    INTRODUCTION

Lead Plaintiff Bernard Bednarz ("Lead Plaintiff") and Plaintiff William Koch (collectively, "Plaintiffs"), on behalf of themselves and the proposed settlement Class, have reached and executed an agreement to settle all claims in this Action against Defendant Aegis Capital Corp. ("Aegis" or "Settling Defendant," and together with Plaintiffs, the "Settling Parties") for a $550,000 cash payment for the benefit of the Class.  The terms of the Settlement are set forth in the Stipulation of Settlement with Aegis Capital Corp. dated August 27, 2021 ("Stipulation"), submitted herewith.[1]

At this time, Plaintiffs seek the Court's preliminary approval of the Settlement with Aegis, only, under Federal Rule of Civil Procedure 23 on the grounds that the Settlement is the product of good-faith, arm's-length negotiations between experienced counsel, assisted and supervised by Michelle Yoshida of Phillips ADR Enterprises—a highly respected and nationally recognized mediator and mediation firm extensively experienced in complex securities litigation, represents a recovery that falls well within the range of possible approval, and is in the best interests of the Class.

As discussed further below, Plaintiffs reached the Settlement with Aegis only after they developed a robust understanding of and appreciation for the strengths and weaknesses of the case against all parties.  Plaintiffs: (i) engaged in extensive investigation; (ii) filed detailed complaints and amended complaints; (iii) completed extensive briefing on the YayYo Defendants' motion for judgment on the pleadings (which the Court denied) and Aegis' motion to dismiss; (iv) began preparation to (and eventually did) move for class certification; (v) participated in a full day mediation before Ms. Yoshida; and (vi) undertook extensive fact discovery efforts.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Stipulation.

- 1 –

The efforts, experience, and strategic-decision making of Plaintiff and Lead Counsel enabled them to uniquely negotiate and secure the Settlement with Aegis for the benefit of the Class.

Additionally, Plaintiffs seek approval of the form and substance of the Notice of Pendency and Proposed Settlement of Class Action ("Notice"); Proof of Claim and Release Form ("Proof of Claim" or "Claim Form"); and the Summary Notice appended as Exhibits A-1, A-2, and A-3 to the Preliminary Approval Order. Plaintiffs also seek the Court's approval of AB Data, Ltd. ("AB Data") as the Claims Administrator and the means and methods for disseminating notice of the Settlement, and a finding that such notice comports with due process and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4, *et seq.* By granting preliminary approval, Plaintiffs will be able to notify the Class and solicit claims, requests for exclusion, and objections, which will allow the Court to consider the Settlement's fairness, reasonableness, and adequacy, and ultimately, whether to finally approve the Settlement.

In sum, Plaintiffs and Lead Counsel have conducted a thorough investigation of the facts and legal theories relating to and forming the basis of the claims alleged in the Action, including through extensive litigation of Plaintiffs' claims against all Defendants and a multi-phase discovery and fact-finding process in preparation for and as part of an arm's length mediation process before Ms. Yoshida. Plaintiffs and Lead Counsel have concluded, based upon the aforementioned litigation record and factual investigation, and taking into account the sharply contested issues involved, the expense and time necessary to prosecute the Action through trial, and subsequent potential appeals, the risks, costs, and uncertainties of further prosecution of the claims against Aegis, and the substantial benefits to be provided to the Class pursuant to the Stipulation, that a settlement with Aegis on the terms set forth herein is fair, equitable, adequate, reasonable, and in the best interests of the Class. The

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

Settling Parties have therefore agreed to settle the Action as to Defendant Aegis only on the terms set forth in the Stipulation.

## II.    OVERVIEW OF THE ACTION

This Action was commenced on September 9, 2020, Case No. 2:20-cv-08235-SVW-AFM in the Central District of California.  On September 18, 2020, Plaintiff Koch filed a substantially similar action in the same court, Case No. 2:20-cv-08591-SVW-AFM (the "Koch Action").  On November 2, 2020, the Court consolidated the two cases and administratively closed the Koch Action docket.  On December 1, 2020, the Court appointed Bernard Bednarz as Lead Plaintiff and approved his selection of Pomerantz LLP as Lead Counsel.

On February 8, 2021, Plaintiffs filed the operative Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint").  On March 1, 2021, Defendant WestPark Capital, Inc. filed an answer to the Amended Complaint and Defendant Aegis filed a motion to dismiss the Amended Complaint.  On March 3, 2021, the YayYo Defendants[2] filed an answer to the Amended Complaint.  The Action was then temporarily stayed pending an early mediation entered into at the request of Defendants.

In April 2021, the parties engaged the services of Michelle Yoshida of Phillips ADR Enterprises, a nationally recognized mediator and mediation firm, to facilitate settlement negotiations and assist in resolving the Action in its entirety.  On April 29, 2021, the parties participated in a full-day mediation with Ms. Yoshida.  In

---

[2] "Non-Settling Defendants" include: the company now known as EVmo, Inc., but formally known as YayYo, Inc. and Rideshare Rental, Inc. ("YayYo" or the "Company"), Ramy El-Batrawi, Jonathan Rosen, Kevin Pickard, Harbant S. Sidhu, Jeffrey Guzy, Christopher Miglino, and Paul Richter (collectively, the "YayYo Defendants"); and Defendant WestPark (collectively with the Settling Defendant, Aegis, the "Defendants").

- 3 –

advance of the mediation, the parties prepared and exchanged detailed position statements which they presented to and discussed with Ms. Yoshida.

Despite the parties' efforts at the mediation, they did not reach an agreement to settle the Action, or any aspect of it, and the litigation continued. Plaintiffs opposed Defendant Aegis' motion to dismiss on May 17, 2021, and Defendant Aegis replied on May 31, 2021. However, as the litigation was ongoing, the Settling Parties continued their settlement negotiations with the assistance of Ms. Yoshida, ultimately culminating in a mediator's recommendation to settle the claims against Aegis for $550,000.00, which the Settling Parties each accepted and which resulted in a settlement in principle on June 16, 2021.

At the time this Settlement was reached, Plaintiffs had, among other things, completed the following: a comprehensive investigation of the parties' claims and defenses; extensive briefing on the YayYo Defendants' motion for judgment on the pleadings, which the Court denied on July 2, 2021, and on Aegis' motion to dismiss; participated in the Rule 26(f) conference; filed a joint report and Rule 26(f) discovery plan; and served Rule 26(a) disclosures. Plaintiffs had also commenced formal discovery and began preparation to move for class certification.

## III.    SUMMARY OF SETTLEMENT TERMS

Unlike most securities class action settlements, this Settlement requires Aegis—one of the two underwriters for YayYo's November 13, 2019 Initial Public Offering ("IPO"), to pay $550,000 in cash into the Escrow Account, which amount comprises the Settlement Fund.

Plaintiffs seek, and Settling Defendant does not oppose, the Court's certification of the following Class for settlement purposes only pursuant to Fed. R. Civ. P. 23:

> All persons and entities who purchased or otherwise acquired YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO, and were damaged thereby. Excluded from the Class are all

- 4 –

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

> Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest. In addition, any person or entity who or which submits a timely and valid request for exclusion from the Class shall also be excluded from the Class.

The Settling Parties' agreement as to certification of the Class is only for purposes of effectuating this Settlement as to Settling Defendant, and for no other purpose. The Settling Parties acknowledge there has been no stipulation to a class or certification of a class for any purpose other than effectuating the Settlement, and that, if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to proceed for any other reason, then this agreement as to certification of the Class for settlement purposes only shall become null and void *ab initio*, and neither this Stipulation nor any other statement in connection with the Settlement may be cited in support of any argument for certifying a class related to this proceeding.

Notice to the Class and the cost of settlement administration ("Notice and Administration Expenses") will be funded by the Settlement Fund. Plaintiffs propose a nationally recognized class action settlement administrator, AB Data, to be retained subject to the Court's approval. The proposed notice plan and plan for claims processing is discussed further below.

The Notice provides that Lead Counsel will move for final approval of the Settlement and: (a) an award of attorneys' fees in an amount of not to exceed one-third (⅓) of the Settlement Amount; (b) payment of Lead Counsel's reasonable expenses or charges resulting from the prosecution of the Action in an amount not to exceed $20,000; and (c) any interest on such amounts at the same rate and for the same period as earned by the Settlement Fund. The Notice explains that such fees and expenses shall be paid from the Settlement Fund. Further, as explained in the

Notice, Lead Plaintiff intends to request service awards for Plaintiffs in an amount not to exceed $5,000, each, pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their prosecution of the Action as named plaintiffs and their representation of the Class.

Once Notice and Administration Expenses, Taxes, Tax Expenses, and Court-approved attorneys' fees and expenses and any awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class have been paid from the Settlement Fund, the remaining amount—the Net Settlement Fund—shall be distributed pursuant to the Court-approved Plan of Allocation to Authorized Claimants who are entitled to a distribution of at least $10. Any amount remaining following the distribution shall be redistributed in an economically feasible manner. The Plan of Allocation treats all Class Members equitably based on the timing of their YayYo common stock purchases, acquisitions, and sales.

In exchange for the benefits provided under the Settlement, Class Members will release any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that Plaintiffs or any other members of the Class asserted or could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions referred to in the Settlement, as specifically outlined in ¶4 of the Stipulation.

The Settling Parties have also agreed to request that the Court enter in its Final Judgment the broadest bar order permissible by law barring all future claims for contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability to Plaintiffs or the Class) among and against the Released Defendant's Parties arising out of the Litigation and the claims that are asserted or could have been asserted therein, including from the Non-Settling Defendants;

- 6 –

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

provided, however, that nothing therein shall release or alter the contractual rights, if any, under the terms of any written agreement among the YayYo Defendants and the underwriters of YayYo's IPO.  Further, the bar orders shall not preclude the underwriters of YayYo's IPO from seeking to enforce any right of indemnification or contribution with respect to the payment of the Settlement Amount or defense costs.  The bar order shall be consistent with, and apply to the full extent of, the PSLRA.  Plaintiffs shall provide any Defendant other than the Settling Defendant against which it obtains a final verdict or judgment on the claims in the Amended Complaint a judgment credit in an amount that is the greater of (a) the amount of the Settlement Amount or (b) for each such claim on which contribution or indemnity is available, the proportionate share of the Settling Defendant as proven at trial, in accordance with 15 U.S.C. § 78u-4(f)(7)(B).

## IV.  THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Courts recognize that public policy strongly favors settlements to resolve disputes, "'particularly where complex class action litigation is concerned.'"  *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019);[3] *see also Young v. LG Chem Ltd.*, 2019 WL 4187396, at *1 (9th Cir. Sept. 4, 2019) (same); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (same).  Moreover, courts should defer to "the private consensual decision of the parties" to settle and advance the "'overriding public interest in settling and quieting litigation.'"  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009); *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (quoting *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)).

Federal Rule of Civil Procedure 23(e) requires judicial approval for a settlement of claims brought as a class action.  Pursuant to Rule 23(e)(1), as recently

---

[3]  All citations are omitted unless otherwise noted.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

amended, the issue at preliminary approval turns on whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."

Rule 23(e)(2) provides:

(2)    ***Approval of the Proposal.***  If the proposal would bind class members, the court may approve it only if after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A)    the class representatives and class counsel have adequately represented the class;

(B)    the proposal was negotiated at arm's length;

(C)    the relief provided for the class is adequate, taking into account:

(i)    the costs, risks, and delay of trial and appeal;

(ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

(iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)    the proposal treats class members equitably relative to each other.

In addition, the Ninth Circuit uses the following factors for preliminary approval, some of which overlap with Rule 23(e)(2): "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

As discussed below, the proposed Settlement here satisfies each of the factors identified under Rule 23(e)(2), as well as the applicable Ninth Circuit factors, such that Notice of the proposed Settlement should be sent to the Class in advance of the final Settlement Hearing.[4]

### A. Lead Plaintiff and Lead Counsel Have Adequately Represented the Class

Lead Plaintiff and Lead Counsel have adequately represented the Class as required by Rule 23(e)(2)(A) by diligently investigating and prosecuting this Action for nearly two years, including, among other things, investigating and drafting the initial complaint and Amended Complaint; successfully opposing the YayYo Defendants' motion for judgment on the pleadings; completing extensive briefing on Defendant Aegis' motion to dismiss; moving for class certification and completing extensive briefing in connection therewith; obtaining and reviewing thousands of pages of documents produced by Defendants; and effectively engaging in mediation with Ms. Yoshida in an attempt to resolve the Action and subsequent settlement negotiations with Aegis, ultimately culminating in the Settlement for the benefit of the Class.  In light of the foregoing, it should be without question that Lead Plaintiff and Lead Counsel have adequately represented the Class.  *See Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *6 (N.D. Cal. Dec. 18, 2018) (finding, in finally approving settlement, that "Class Counsel had vigorously prosecuted this action through dispositive motion practice, extensive initial discovery, and formal mediation").

---

[4]    Because notice of the Settlement has not yet been provided to the Class, the Court does not yet have the benefit of the Class Members' reaction.  *See Redwen v. Sino Clean Energy, Inc.*, 2013 WL 12129279, at *5 (C.D. Cal. Mar. 13, 2013).

- 9 –

**B.      The Proposed Settlement Is the Result of Good Faith, Arm's-Length Negotiations by Informed, Experienced Counsel Who Were Aware of the Risks of the Litigation**

The Rule 23(e)(2)(B) factor is a procedural one, asking whether "the [settlement] proposal was negotiated at arm's length." The use of experienced mediators like Ms. Yoshida in this case weighs in favor of this factor. *See In re OSI Sys.*, 2017 WL 5634607, at *3 (C.D. Cal. Jan. 24, 2017). In addition, "[a] settlement is presumed to be fair if reached in arms-length negotiations after relevant discovery has taken place." *Pataky v. Brigantine, Inc.*, 2018 WL 3020159, at *3 (S.D. Cal. June 18, 2018). Indeed, in a case like this one that has progressed to the eve of trial, "'[g]reat weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.'" *Gribble v. Cool Transports Inc.*, 2008 WL 5281665, at *9 (C.D. Cal. Dec. 15, 2008).

As noted above, the proposed Settlement follows extensive litigation over the course of several years and arm's-length negotiations. The Settlement was achieved only after a full-day mediation before Ms. Yoshida, followed by weeks of additional arm's-length negotiations facilitated and overseen by Ms. Yoshida. The negotiations were at all times adversarial and at arm's length, and produced a result that is in the Class's best interests. As part of the settlement discussions, Lead Counsel and Defendants' counsel prepared and presented submissions concerning, among other things, their respective views on the merits of the Action, including Defendants' defenses and issues relating to causation and damages, along with supporting evidence obtained through investigation and discovery.

After intensive back-and-forth negotiations in the weeks following the mediation, including multiple emails and phone calls with Ms. Yoshida, the Settling Parties reached an agreement-in-principle to settle the claims against Aegis in the Action for $550,000 in accordance with the mediator's recommendation. The protracted negotiations under the supervision of a neutral and experienced mediator

- 10 –

evidence that the Settlement was reached at arm's length.  *See Hefler*, 2018 WL 6619983, at *6 ("[T]he Settlement was the product of arm's length negotiations through two full-day mediation sessions and multiple follow-up calls supervised by former U.S. District Judge Layn Phillips."); *OSI Sys.*, 2017 WL 5634607, at *3 ("'Judge Phillips' participation weighs considerably against any inference of a collusive settlement.'") (quoting *In re Atmel Corp. Derivative Litig.*, 2010 WL 9525643, at *13 (N.D. Cal. Mar. 31, 2010)).

In sum, armed with extensive information generated through nearly two years of investigation and litigation, Lead Plaintiff negotiated a Settlement that recovers a substantial sum from a single underwriter defendant.

### C.   The Immediate Relief Provided to the Class Is Adequate

#### 1.   The Immediate Substantial Benefits for the Class, Weighed Against the Costs, Risks, Delay of Trial and Appeal, and Possibility of Future Relief as to the Settling Defendant Support Preliminary Approval

Rule 23(e)(2)(C)(i) and the Ninth Circuit's factors concerning the "strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation"; and "the amount offered in settlement," are also satisfied because the $550,000 cash recovery provides a significant and an immediate benefit to the Class, especially in light of the costs, risks, and delay posed by continued litigation.  *Hefler*, 2018 WL 6619983, at *3.  "'[S]ecurities actions are highly complex and . . . securities class litigation is notably difficult and notoriously uncertain.'"  *Id.* at *13.

While Plaintiff remain confident in their ability to ultimately prove their claims against Aegis, further litigation – including a trial – is always a risky proposition.  *See, e.g.*, *Salazar v. Midwest Servicing Grp., Inc.*, 2018 WL 3031503, at *6 (C.D. Cal. June 4, 2018) (a settlement agreement's elimination of risk, delay, and further expenses weighs in favor of approval).  Further, complex securities fraud class actions such as this one present a myriad of risks that a plaintiff must overcome in order to ultimately secure a recovery.  *See, e.g.*, *Redwen*, 2013 WL 12129279, at

- 11 –

*5 ("Various issues would require extensive discovery and motion and trial practice, including proof of material misrepresentations, scienter and loss causation. Courts experienced with securities fraud litigation '"routinely recognize that securities class actions present hurdles to proving liability that are difficult for plaintiffs to clear."'"); *e.g.*, *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 395 (9th Cir. 2010) (affirming summary judgment in favor of defendants where plaintiff failed to establish a triable issue on loss causation). While Plaintiffs would be required to prove all elements of their claims to prevail, Aegis need only succeed on one defense to potentially defeat the claims against it.

Here, Aegis advanced several arguments disputing both liability and damages. For example, Aegis raised several challenges disputing the sufficiency and merit of Plaintiffs' claims against it under §§ 11 and 12 of the Securities Act and § 15 of the Exchange Act based on alleged material misrepresentations and/or omissions in the registration statement and related prospectuses issued in connection with YayYo's IPO, and specifically concerning: (i) Defendant El-Batrawi's positions with or ownership interest in Yayo; (ii) YayYo's outstanding debts due and owing to various third-party vendors and former employees; (iii) YayYo's intended use of its IPO proceeds; and (iv) YayYo's risk disclosures. Aegis also contended that its negative causation defense precluded any recovery for these claims, and that it would obtain dismissal because it had conducted adequate due diligence under the circumstances Each of these issues would present significant obstacles to Lead Plaintiff's success at class certification, summary judgment and/or trial. *See, e.g.*, *Weeks v. Kellogg Co.*, 2013 WL 6531177, at *13 (C.D. Cal. Nov. 23, 2013) ("The fact that this issue, which is at the heart of plaintiffs' case, would have been the subject of competing expert testimony suggests that plaintiffs' ability to prove liability was somewhat unclear; this favors a finding that the settlement is fair.").

- 12 –

The claims against Aegis are also uncertain because the Settling Parties had very different views on damages.  While Lead Plaintiff's expert estimated recoverable damages at over $12 million, calculated using a more traditional theory of damages, Aegis took the position that damages were significantly lower and that any such damages that could possibly be attributed to Aegis would be paid for by YayYo pursuant to the indemnification provision in its underwriting agreement with YayYo.

Moreover, Lead Plaintiff would need to prevail at class certification, at summary judgment, on pretrial motions, at trial, and on any subsequent appeals— a process that could possibly extend for years.  Settlement is favored where, as here, the case is "'complex and likely to be expensive and lengthy to try,'" and presents numerous risks beyond the "'inherent risks of litigation.'" *Low v. Trump Univ., LLC*, 246 F. Supp. 3d 1295, 1301 (S.D. Cal. 2017) (quoting *Rodriguez*, 563 F.3d at 966, and *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993)).

The Settlement balances the risks, costs, delay, and benefit of immediate recovery for the Class against the mere possibility of future recovery from Aegis through continued prosecution of the claims against Aegis.  Thus, the benefits created by the Settlement weigh heavily in favor of granting the motion for preliminary approval.  Considering the risks of continued litigation and the time and expense that would be incurred to prosecute the Action against Aegis through trial, the $550,000 cash Settlement is a meaningful recovery that is in the Class's best interests.

### 2.    The Proposed Method for Distributing Relief Is Effective

The method and effectiveness of the proposed notice and claims administration process (Rule 23(e)(2)(C)(ii)) are effective.  The notice plan includes direct mail notice to all those who can be identified with reasonable effort supplemented by publication of the Summary Notice in *The Wall Street Journal* and

- 13 –

over *Business Wire*.  In addition, a settlement-specific website will be created where key documents will be posted, including the Stipulation, Notice, Proof of Claim, and Preliminary Approval Order.

The claims process is also effective and includes a standard claim form that requests the information necessary to calculate a claimant's claim amount pursuant to the Plan of Allocation ("Plan").  The Plan will govern how Class Members' claims will be calculated and, ultimately, how money will be distributed to Authorized Claimants.  The Plan was prepared with the assistance of Lead Plaintiff's damages expert.

### 3. Attorneys' Fees

Rule 23(e)(2)(C)(iii) addresses "the terms of any proposed award of attorney's fees, including timing of payment."  As discussed above (*supra* §III), Lead Counsel intends to seek an award of attorneys' fees of no more than one-third (⅓) of the Settlement Amount and expenses in an amount not to exceed $20,000, plus interest on both amounts.  This fee request is in line with other settlements approved in the Ninth Circuit.  *See, e.g.*, *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming attorneys' fee award of 33% of a $14.8 million cash settlement); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (approving a fee award of one-third of a $12 million settlement fund); *In re Heritage Bond Litig.*, 2005 WL 1594389, at *9 (C.D. Cal. June 10, 2005) (awarding one-third of a $27.78 million settlement fund); *Tawfilis v. Allergan, Inc.*, 2018 WL 4849716, at *7 (C.D. Cal. Aug. 27, 2018) (awarding one-third of $13.45 million settlement fund in antitrust class action); *Boyd v. Bank of Am. Corp.*, 2014 WL 6473804, at *10 (C.D. Cal. Nov. 18, 2014) (awarding one-third of $5,800,000 in FLSA case).  In addition, Lead Counsel will request that any award of fees and expenses be paid at the time the Court makes its award.  *See In re Genworth Fin. Sec. Litig.*, 2016 WL 7187290, at *2 (E.D.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

Va. Sept. 26, 2016) (ordering that "attorneys' fees and Litigation Expenses awarded above may be paid to Lead Counsel immediately upon entry of this Order").

### 4. The Proposed Plan of Allocation Is Designed to Treat Class Members Equitably and Does Not Provide Any Preferential Treatment

Rule 23(e)(2)(D) asks whether the proposal, here the Plan of Allocation, treats class members equitably relative to each other.  Drafted with the assistance of Lead Plaintiff's damages expert, the Plan of Allocation here is fair, reasonable, and adequate because it does not treat Lead Plaintiff, Plaintiff Koch, or any other Class Member preferentially.  *See In re Zynga Sec. Litig* , 2015 WL 6471171, at *10 (N.D. Cal., Oct 27, 2015).  The Plan of Allocation, which is set out in the Notice, explains how the Settlement proceeds will be distributed among Authorized Claimants.  Specifically, the Plan provides formulas for calculating the recognized claim of each Class Member, based on each such person's purchases or acquisitions of YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's IPO.  Each Authorized Claimant, including Plaintiffs, will receive a distribution pursuant to the Plan of Allocation.  Plaintiffs, just like all other Class Members, will be subject to the same formula for distribution of the Settlement.  *See Ciuffitelli v. Deloitte & Touche LLP*, 2019 WL 1441634, at *18 (D. Or. Mar. 19, 2019) (finding "[t]he Proposed Settlement does not provide preferential treatment to Plaintiffs or segments of the class" where "the proposed Plan of Allocation compensates all Class Members and Class Representatives equally in that they will receive a *pro rata* distribution based of the Settlement Fund based on their net losses").

### D. The Proposed Class Should Be Certified Under Rule 23

The Ninth Circuit has long recognized that class actions may be certified for the purpose of settlement only.  *Hanlon*, 150 F.3d at 1019.  Rule 23(a) sets forth the following four prerequisites to class certification: (i) numerosity, (ii) commonality,

(iii) typicality, and (iv) adequacy of representation.[5]  In addition, the class must meet one of the three requirements of Rule 23(b).  *See* Fed. R. Civ. P. 23; *In re UTStarcom, Inc. Sec. Litig.*, No. C006-4908, 2010 WL 1945737, at * 3 (N.D. Cal. May 12, 2010) (citing  *Hanlon*, 150 F.3d at 1019).

Certification of the proposed settlement Class is appropriate here because: (i) the proposed settlement Class is so numerous that joinder is impractical, as the proposed settlement Class includes all persons and entities who purchased or otherwise acquired YayYo common stock pursuant or traceable to the company's November 13, 2019 IPO; (ii) there are questions of law and fact common to the settlement Class concerning the alleged material misrepresentations and/or omissions in the registration statement and related prospectuses; (iii) Plaintiffs' claims are typical of the claims of the settlement Class in that they arise out of the same course of conduct, involve the same legal theories, do not raise divergent goals or interests, and are capable of resolution on a classwide basis; and (iv) Plaintiffs and Lead Counsel will fairly and adequately protect the interests of the settlement Class, as discussed above.  *See* Fed. R. Civ. P. 23(a); *In re Verisign, Inc. Sec. Litig.*, No. C 02-02270 JW, 2005 WL 7877645, at *4 (N.D. Cal. Jan. 13, 2005) (citation omitted); *In re Intuitive Surgical Sec. Litig.*, No. 5:13-cv-01920-EJD, 2016 WL 7425926, at *4 (N.D. Cal. Dec. 22, 2016); *Hanlon*, 150 F.3d at 1020.

---

[5] Courts routinely endorse the use of the class action device to resolve claims brought pursuant to the federal securities laws.  *See, e.g.*, *Hodges v. Akeena Solar Inc.*, 274 F.R.D 259, 266 (N.D. Cal. 2011); *In re Cooper Companies Inc. Sec. Litig.*, 254 F.R.D. 628, 642 (C.D. Cal. 2009). "[C]lass actions commonly arise in securities fraud cases as the claims of separate investors are often too small to justify individual lawsuits, making class actions the only efficient deterrent against securities fraud. Accordingly, the Ninth Circuit and courts in this district hold a liberal view of class actions in securities litigation." *In re Adobe Sys., Inc. Sec. Litig.*, 139 F.R.D. 150, 152-53 (N.D. Cal. 1991) (citations omitted); *see also In re Seagate Tech. II Sec. Litig.*, 843 F. Supp. 1341, 1350 (N.D. Cal. 1994) (same).  This Action is no exception, and Lead Plaintiff submits that the proposed settlement Class satisfies each of the requirements of Rules 23(a) and 23(b)(3).

- 16 –

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

In addition to meeting the prerequisites of Rule 23(a), this case also satisfies Rule 23(b)(3), which requires that the proposed class representative establish that common questions of law or fact predominate over individual questions, and that a class action is superior to other available methods of adjudication. *See Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011); *In re LDK Solar Sec. Litig.*, 255 F.R.D. 519, 525 (N.D. Cal. 2009); *Vathana v. EverBank*, No. C 09-02338 RS, 2010 WL 934219, at * 2 (N.D. Cal. Mar. 15, 2010) (noting that "subsection [23(b)(3)] encompasses 'those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results'") (quoting Fed. R. Civ. P. 23. 1966 advisory committee's note).

Common questions of law and fact predominate and a class action is clearly the superior method available to fairly and efficiently litigate this securities action. "[C]ommon issues need only predominate, not outnumber individual issues." *In re Inter-Op Hip Prosthesis Liab. Litig.* 204 F.R.D. 330, 345 (N.D. Ohio 2001). Further, the superiority of class actions in large securities cases is well recognized. *See Amchem Prods. V. Windsor*, 521 U.S. 591, 625 (June 25, 1009)(finding common questions predominated in securities class action certified for settlement).

As discussed above, there are a number of common questions of law and fact that would warrant class certification of this matter. These questions clearly predominate over individual questions because Defendant Aegis' alleged conduct affected all Class Members in the same manner. *See, e.g.*, *Cooper*, 254 F.R.D. at 632 ("The common questions of whether misrepresentations were made and whether Defendants had the requisite scienter predominate over any individual questions of reliance and damages."). Indeed, issues relating to Aegis' liability are common to all members of the Class. *Id.; see also LDK Solar*, 255 F.R.D. at 530; *UTStarcom*,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

2010 WL 1945737, at *9 (same); *In re Emulex Corp.*, 210 F.R.D. 717, 721 (C.D. Cal.) ("The predominant questions of law or fact at issue in this case are the alleged misrepresentation Defendants made during the Class Period and are common to the class.").

Falsity, materiality, and loss causation, as examples, are issues that "affect investors alike," and whose proof "can be made on a class-wide basis" because they "affect[] investors in common." *Schleicher v. Wendt*, 618 F.3d 679, 682, 685, 687 (7th Cir. 2010). Likewise, here, the alleged misstatements and/or omissions in the IPO documents "affect[ed] [all] [Class Members] alike" and proof of falsity, materiality, and causation will "be made on a class-wide basis." *Schleicher*, 618 F.3d at 685, 687; *Cooper*, 254 F.R.D. at 641. As a result, common questions of law and fact predominate.

In light of the foregoing, all of the requirements of Rule 23(a) and (b) are satisfied, and there are no issues that would prevent the Court from certifying this proposed Class for settlement purposes, appointing Plaintiffs as the Class Representatives, and appointing Lead Counsel as counsel for the Class. *See, e.g.*, *Wahl v. Am. Sec. Ins. Co.*, No. C08-00555-RS, 2011 U.S. Dist. LEXIS 59559, at *5-*6 (N.D. Cal. Jun. 2, 2011) (class certified for settlement purposes); *Gittin v. KCI USA, Inc.*, No. 09-CV-0583 RS, 2011 WL 1467360, at * 19(N.D. Cal. Apr. 12, 2011) (same).

### E.    The Remaining Ninth Circuit Factors Are Satisfied

#### 1.    The Extent of Discovery Completed and the Stage of the Proceedings at Which the Settlement Was Achieved Strongly Supports Preliminary Approval

The extent of discovery completed and the stage of the proceedings also support preliminary approval of the Settlement. Lead Plaintiff's decision to enter into the Settlement was based on his thorough understanding of the strengths and weaknesses of his claims and Defendant Aegis' defenses. This understanding was

- 18 –

based on Lead Counsel's diligent prosecution of the Action as discussed above. There can be no question that, at the time the Settlement was reached, Lead Plaintiff was able to knowledgably evaluate the Settlement. *See Redwen*, 2013 WL 12129279, at *6 (determining the parties were well positioned "to determine whether settlement is a viable alternative" where "[t]he Settlement Agreement was reached only after Defendants filed multiple motions to dismiss, after some discovery, and after protracted negotiations through a neutral mediator").

### 2.   Experience and Views of Counsel

The opinion of experienced counsel supporting a class settlement after arm's-length negotiations is entitled to considerable weight. *Norris v. Mazzola*, 2017 WL 6493091, at *8 (N.D. Cal. Dec. 19, 2017); *see also Hefler*, 2018 WL 6619983, at *9 ("That counsel advocate in favor of this Settlement weighs in favor of its approval."); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight."). Lead Counsel has significant experience in securities and other complex class action litigation and has negotiated numerous other substantial class action settlements throughout the country. *See* Pomerantz firm website at https://pomlaw.com/. Here, "[t]here is nothing to counter the presumption that Lead Counsel's recommendation is reasonable." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007).

Lead Plaintiff actively litigated this case since before even being appointed by this Court as such. At the same time, Lead Counsel aggressively pursued discovery from Defendants and numerous third parties and developed evidence in support of the claims asserted in the Action. By the time settlement discussions began, Lead Counsel had a firm understanding of the strengths and weaknesses of the claims, both factually and legally. In connection with the settlement negotiations, Lead

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

Counsel consulted with sophisticated experts who assisted Lead Plaintiff in preparing for settlement discussions and developing the Plan of Allocation.

In sum, each factor identified under Rule 23(e)(2) and by the Ninth Circuit is satisfied. Given the litigation risks involved, the complexity of the underlying issues and the skill of defense counsel, the $550,000 recovery is significant. It could not have been achieved without the full commitment by Lead Plaintiff and Lead Counsel. The Settlement is fair, adequate, and reasonable, and meets each of the applicable factors such that notice of the Settlement should be sent to the Class.

## V. THE PROPOSED FORMS AND METHOD OF PROVIDING NOTICE TO THE CLASS ARE APPROPRIATE AND SATISFY FED. R. CIV. P. 23, THE PSLRA, AND DUE PROCESS

Rule 23(c)(2)(B) requires that notice of a settlement be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See also* Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the propos[ed settlement]."). Courts evaluating proposed notice documents have held that "'[n]otice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."'" *Rodriguez*, 563 F.3d at 962.

Here, the Settling Parties propose to mail, by first class mail, postage prepaid, individual copies of the Notice, together with a copy of the Proof of Claim, to all potential Class Members who can reasonably be identified and located. Joaquin Decl., ¶¶6-11. In addition, the Summary Notice will be published in *The Wall Street Journal* and over *Business Wire*. *Id.*, ¶13. The proposed methods of providing notice satisfy the requirements of Rule 23, the PSLRA, and due process. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974); *In re MGM Mirage Sec. Litig.*, 708 F. App'x 894, 896 (9th Cir. 2017); *Hefler*, 2018 WL 6619983, at *5 (finding sufficient notice provided to class members where the claims administrator mailed

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

notice packets to potential class members, and published notice in *The Wall Street Journal* and the *Los Angeles Times* and over the *PR Newswire*).[6]

The proposed Notice provides detailed information in plain English. It includes all of the information required by the PSLRA, Federal Rules of Civil Procedure, and Due Process. The proposed Notice describes the proposed Settlement and sets forth, among other things: (1) the nature, history, and status of the Action; (2) the definition of the Class and who is excluded; (3) the reasons the Settling Parties have proposed the Settlement; (4) the amount of the Settlement Fund; (5) the estimated average distribution per damaged share; (6) the Class's claims and issues; (7) the Settling Parties' disagreement over damages and liability; (8) the maximum amount of attorneys' fees and expenses that Lead Counsel intends to seek in connection with final Settlement approval; (9) the maximum amount Lead Plaintiff will request pursuant to 15 U.S.C. §78u-4(a)(4) in connection with the service awards to Plaintiffs for their representation of the Class; (10) the plan for allocating the Settlement proceeds to the Class; and (11) the date, time, and place of the Settlement Hearing. The content of the proposed Notice and Summary Notice are "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

In addition, Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." The proposed Notice satisfies the requirements of Rule 23(h)(1), as it notifies Class Members that Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed one-third (⅓) of the Settlement Amount and litigation expenses not to exceed $20,000, to be paid

---

[6] The Notice and Summary Notice are annexed as Exhibits A-1 and A-3 to the Stipulation.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE: Case No. 2:20-cv-08235-SVW-AFM

from the Settlement Fund.  The Notice also notes the application for an award of no more than $5,000 to Plaintiffs, each, pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

In sum, the notice program proposed in connection with the Settlement and the form and content of the Notice and Summary Notice satisfy all applicable requirements of both the Federal Rules of Civil Procedure and the PSLRA. Accordingly, in granting preliminary approval of the Settlement, the Court should also approve the proposed form and method of giving notice to the Class.

## VI.    PROPOSED SETTLEMENT SCHEDULE

Lead Plaintiff proposes the following schedule for notice, Settlement Hearing and related dates:

| Event | Deadline for Compliance |
|---|---|
| Deadline to commence mailing the Notice and Proof of Claim to potential Class Members (the "Notice Date") | Not until at least 90 days following entry of the Preliminary Approval Order |
| Publication of the Summary Notice | Not until at least 90 days following entry of the Preliminary Approval Order |
| Deadline for filing papers in support of the Settlement, the Plan, and application for attorneys' fees and expenses | No later than thirty five (35) calendar days prior to the Settlement Hearing |
| Deadline for submission of reply papers in support of the Settlement, the Plan, and application for attorneys' fees and expenses | No later than seven (7) calendar days prior to the Settlement Hearing |
| Proof of Claim submission deadline | No later than fifteen (15) calendar days prior to the Settlement Hearing |

## VII.   CONCLUSION

For each of the foregoing reasons, the Court should enter the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice, which will: (a) preliminarily approve the Settlement; (b) approve the form and manner of providing notice of pendency and Settlement to the Class; and (c) set a Settlement Hearing date to consider final approval of the Settlement and related matters.

- 22 –

Dated:  August 27, 2021

**POMERANTZ LLP**
By: */s/ Cara David*
Cara David
(admitted *pro hac vice*)
600 Third Ave., 20th Fl.
New York, NY 10016
(212) 661-1100
cdavid@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Lead Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (*pro hac vice* forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE: Case No. 2:20-cv-08235-SVW-AFM