# EXHIBIT 1

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re YAYYO, INC. SECURITIES LITIGATION | Case No.: 2:20-cv-08235-SVW-AFM |
| | CLASS ACTION |
| | STIPULATION OF SETTLEMENT WITH AEGIS CAPITAL CORP. |

This Stipulation of Settlement dated August 27, 2021 (the "Stipulation") is made and entered into by and among the following parties through their undersigned counsel: (i) Lead Plaintiff Bernard Bednarz and Plaintiff William Koch ("Plaintiffs"), on behalf of themselves and the other members of the putative class ("Class") (as defined below) and (ii) Defendant Aegis Capital Corp. ("Aegis" or "Settling Defendant").  Plaintiffs, together with Aegis, are collectively referred to herein as the "Settling Parties."

The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle all claims in the Litigation (as defined below) against Aegis only, subject to approval of the Court (as defined below) and the terms and conditions set forth in this Stipulation.

## I.     THE LITIGATION

This action was commenced on September 9, 2020, Case No. 2:20-cv-08235-SVW-AFM in the Central District of California (the "Federal Court Action" or the "Litigation").  On September 18, 2020, Plaintiff William Koch filed a substantially similar action in the same court, Case No. 2:20-cv-08591-SVW-AFM (the "Koch Action").  On November 2, 2020, the Court consolidated the two cases and administratively closed the Koch Action docket.  On December 1, 2020, the Court appointed Bernard Bednarz as Lead Plaintiff and approved his selection of Pomerantz LLP as Lead Counsel.

On February 8, 2021, Plaintiffs filed the operative Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint").  On March 1, 2021, Defendant WestPark Capital, Inc. ("WestPark") filed an answer to the Amended Complaint and Defendant Aegis filed a motion to dismiss the

- 1 -

Amended Complaint. On March 3, 2021, the YayYo Defendants[1] filed an answer to the Amended Complaint. That action was then temporarily stayed pending an early mediation entered into at the request of Defendants.

In April 2021, the parties to both the Federal Court Action and a state class action filed by plaintiff Michael Vanbecelaere in the Los Angeles County Superior Court, Case No. 20STCV28066 (the "State Action"), alleging substantially similar securities fraud claims engaged the services of Michelle Yoshida of Phillips ADR Enterprises, a nationally recognized mediator and mediation firm, to facilitate settlement negotiations and assist in resolving the Litigation in its entirety. On April 29, 2021, the parties, including representatives from the State Action, participated in a full-day mediation with Ms. Yoshida. In advance of the mediation, the parties prepared and exchanged detailed position statements which they presented to and discussed with Ms. Yoshida.

Despite the parties' efforts at the mediation, they did not reach an agreement to settle the Federal Court Action or the State Action, or any aspect of them, and the Litigation continued. Plaintiffs opposed Defendant Aegis' motion to dismiss on May 17, 2021, and Defendant Aegis replied on May 31, 2021. However, as the Litigation was ongoing, the Settling Parties continued their settlement negotiations with the assistance of Ms. Yoshida, ultimately culminating in a mediator's recommendation to settle the Litigation with Aegis for $550,000.00, which the

---

[1] "Non-Settling Defendants" include: the company now known as EVmo, Inc., but formerly known as YayYo, Inc. and Rideshare Rental, Inc. ("YayYo" or the "Company"), Ramy El-Batrawi, Jonathan Rosen, Kevin Pickard, Harbant S. Sidhu, Jeffrey Guzy, Christopher Miglino, and Paul Richter (collectively, the "YayYo Defendants"); and Defendant WestPark (collectively with the Settling Defendant, Aegis, the "Defendants").

- 2 -

Settling Parties each accepted and resulted in a settlement in principle on June 16, 2021.[2]

At the time this Settlement (as defined below) was reached, Plaintiffs had, among other things, completed the following: extensive briefing on the YayYo Defendants' motion for judgment on the pleadings, which the Court denied on July 2, 2021, and on Aegis' motion to dismiss; participated in the Rule 26(f) conference; filed a joint report and Rule 26(f) discovery plan; served Rule 26(a) disclosures; and commenced formal discovery.

## II.    AEGIS' DENIAL OF WRONGDOING AND LIABILITY

Aegis has denied and continues to deny each and all of the claims alleged by Plaintiffs and the Class in the Litigation.  Defendant Aegis has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendant Aegis has also denied and continues to deny, among other allegations, the allegations that Plaintiffs or the Class have suffered any damage, or that Plaintiffs or the Class were harmed by the conduct alleged, or that could have been alleged, in the Litigation, and nothing in this Stipulation shall constitute an admission or concession by Aegis regarding the appropriateness of certifying the Class in the Litigation.  Defendant Aegis believes the Litigation is without merit and the evidence developed to date supports its position that it acted in good faith and in a manner it reasonably believed to be in accordance with all applicable rules, regulations, and laws.  Defendant Aegis further maintains it has meritorious defenses to all claims alleged in the Litigation.

---

[2] Plaintiffs' counsel in the State Action also participated in these discussions, and consented to the Settlement.  They have agreed to dismiss Aegis with prejudice from the State Action.

Nonetheless, Defendant Aegis has taken into account the expense, uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation, and has therefore determined it is desirable and beneficial to it that the Litigation be settled as in the manner and upon the terms and conditions set forth in this Stipulation as it relates to Aegis.

## III. PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs and Plaintiffs' Counsel have conducted a thorough investigation of the facts and legal theories relating to and forming the basis of the claims alleged in the Litigation based upon the information available and provided by Defendant Aegis, including through extensive litigation of Plaintiffs' claims and a multi-phase discovery and fact-finding process in preparation for and as part of an arm's length mediation process before Ms. Yoshida.

Plaintiffs and Plaintiffs' Counsel have concluded, based upon the aforementioned litigation record and factual investigation, and taking into account the sharply contested issues involved, the expense and time necessary to prosecute the Litigation through trial, and subsequent potential appeals, the risks, costs, and uncertainties of further prosecution of the Litigation, and the substantial benefits to be provided to the Class Members pursuant to this Stipulation, that a settlement with Defendant Aegis on the terms set forth herein is fair, equitable, adequate, reasonable, and in the best interests of Plaintiffs and the Class. The Settling Parties have therefore agreed to settle the Litigation as to Defendant Aegis on the terms set forth herein.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and the Class) and Defendant Aegis, by and through their attorneys of record, that, subject to the approval of the Court, the

- 4 -

Litigation, the Released Plaintiffs' Claims and Released Defendant's Claims (as defined herein) shall be finally and fully compromised, settled, and released with prejudice as to Defendant Aegis upon and subject to the terms and conditions of the Stipulation, as follows:

### 1.    Definitions

In addition to the terms defined at various points throughout this Stipulation, the following additional terms as used in the Stipulation shall have the meanings ascribed to them below:

1.1    "Authorized Claimant" means any Class Member who submits a timely and valid Claim that is approved for payment from the Net Settlement Fund pursuant to the terms of the Stipulation and as approved by the Court.

1.2    "Claim" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

1.3    "Claimant" means a person or entity who or which submits a Claim seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.4    "Claim Form" or "Proof of Claim and Release" means the form that a Claimant must complete and submit, substantially in the form attached hereto as Exhibit A-2, should that Claimant seek to share in the distribution of the Net Settlement Fund.

1.5    "Claims Administrator" means the claims administration entity selected and retained by Plaintiffs to administer the Settlement, as to be approved by the Court.

1.6    "Class" means all persons and entities who purchased or otherwise acquired YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 initial public offering (the "IPO"), and were damaged thereby. Excluded from the Class are all Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns;

and any entity in which Defendants have or had a controlling interest.[3]  In addition, any person or entity who or which submits a timely and valid request for exclusion from the Class shall also be excluded from the Class.

1.7    "Class Member" means any person or entity who falls within the definition of the Class as set forth in ¶1.6, above.

1.8    "Court" means the United States District Court for the Central District of California.

1.9    "Defendants" means the company now known as EVmo, Inc., but formerly known as YayYo, Inc. and Rideshare Rental, Inc., Ramy El-Batrawi, Jonathan Rosen, Kevin Pickard, Harbant S. Sidhu, Jeffrey Guzy, Christopher Miglino, Paul Richter, WestPark Capital, Inc., and Aegis Capital Corp.

1.10   "Defendant Aegis' Counsel" means Arnold & Porter Kaye Scholer LLP.

1.11   "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶7.1, below.

1.12   "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent to receive the Settlement Amount.

1.13   "Escrow Agent" means Pomerantz LLP.

1.14   "Federal Court Action" means *In re YayYo, Inc. Securities Litigation*, United States District Court for the Central District of California, Case No. 2:20-cv-08235-SVW-AFM, originally filed on September 9, 2020.

1.15   "Fee and Expense Application" means Lead Counsel's application or applications for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

---

[3] Controlling interest shall be defined as having a majority ownership interest or ownership of the majority of voting stock of the entity.

1.16 "Fee and Expense Award" means the payment of attorneys' fees and expenses of Plaintiffs' Counsel from the Settlement Fund.

1.17 "Final" means, with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto or any other order of the Court, when the last of the following shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment or order under Fed. R. Civ. P. 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment or order has passed without any appeal having been taken; or (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement; however, any appeal which concerns only the issue of Lead Counsel's Fee and Expense Application, payments to Plaintiffs and/or any of Plaintiffs' Counsel for their time and expenses, the Plan of Allocation (as defined below), or the procedures for determining Authorized Claimants' recognized Claims shall not in any way delay or preclude the Judgment from becoming Final.

1.18 "Judgment" means the Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.19 "Lead Counsel" means Pomerantz LLP.

1.20 "Lead Plaintiff" means Bernard Bednarz.

1.21 "Litigation" means the Federal Court Action.

1.22 "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, expenses, and interest and any award to Lead Plaintiff or to any of the Plaintiffs

pursuant to 15 U.S.C. §78u-4(a)(4) based on their representation of the Class as approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other fees and expenses authorized by the Court.

1.23 "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Class Members.

1.24 "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including, but not limited to: (i) providing notice by mail, publication, and other means to Class Members; (ii) receiving and reviewing Claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

1.25 "Person" means an individual, corporation (including all divisions and subsidiaries), general partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their heirs, predecessors, successors, representatives, or assignees.

1.26 "Plaintiffs" means Lead Plaintiff Bernard Bednarz and Plaintiff William Koch in the Federal Court Action.

1.27 "Plaintiffs' Counsel" means any legal counsel who represented any Plaintiffs in the Litigation.

1.28 "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

1.29 "Preliminary Approval Order" means the proposed order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary

- 8 -

approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.

1.30 "Released Defendant's Party" or "Released Defendant's Parties" means (i) Aegis, (ii) each of its direct or indirect parent entities, subsidiaries, related entities and affiliates, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which Aegis has a controlling interest.

1.31 "Released Defendant's Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Aegis in this Litigation. Released Defendant's Claims shall not include any claims relating to the enforcement of the Settlement.

1.32 "Released Plaintiffs' Claims" means all claims, demands, rights, and causes of action, or liabilities of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or

unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that (a) Plaintiffs or any other member of the Class: (i) asserted in the Federal Court Action or (ii) could have asserted in any court or forum that arise out of or are based upon any of the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Federal Court Action; and (b) relate in any way to the purchase or other acquisition of YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO.  Released Plaintiffs' Claims shall not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

1.33  "Releasing Plaintiffs' Party" or "Releasing Plaintiffs' Parties" means (i) Plaintiffs and the Class Members, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.  Releasing Plaintiffs' Parties do not include any Person who timely and validly seeks exclusion from the Class.

1.34  "Settlement" means the settlement between Plaintiffs and Defendant Aegis in the Litigation on the terms and conditions set forth in this Stipulation.

1.35  "Settlement Amount" means Five Hundred and Fifty Thousand Dollars ($550,000.00) in cash to be paid by wire transfer or check to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

- 10 -

1.36  "Settlement Fund" means the Settlement Amount plus all interest and income earned thereon.

1.37  "Settlement Hearing" means the hearing to be held by the Court to determine whether the Settlement is fair, reasonable, and adequate and should be approved.

1.38  "Settling Parties" means, collectively, Defendant Aegis and Plaintiffs, on behalf of themselves and the Class.

1.39  "Summary Notice" means the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, to be published as set forth in the Preliminary Approval Order.

1.40  "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, whether federal, state or local.

1.41  "Tax Expenses" means, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.10.

1.42  "Unknown Claims" means any and all Released Plaintiffs' Claims which the Releasing Plaintiffs' Parties do not know or suspect to exist in their favor at the time of the release of the Released Defendant's Parties, and any and all Released Defendant's Claims which the Released Defendant's Parties do not know or suspect to exist in their favor at the time of the release of the Releasing Plaintiffs' Parties, which, if known by him, her, or it, might have affected his, her or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendant's Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendant Aegis shall expressly waive, and each Releasing Plaintiffs' Party and

Released Defendant's Party shall be deemed to have, and by operation of the Final Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendant Aegis shall expressly waive, and each Releasing Plaintiffs' Party and Released Defendant's Party shall be deemed to have, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code § 1542.  Plaintiffs, any Releasing Plaintiffs' Party, Defendant Aegis, or any Released Defendant's Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendant's Claims, but Plaintiffs and Defendant Aegis shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiffs' Party and Released Defendant's Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Final Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendant's Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendant Aegis acknowledge, and the Releasing Plaintiffs' Parties and

Released Defendant's Parties shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

**2.    The Settlement**

2.1    The obligations incurred pursuant to this Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation with respect to the Releasing Plaintiffs' Parties and Released Defendant's Parties and any and all Released Plaintiffs' Claims and Released Defendant's Claims.

**a.    The Settlement Amount**

2.2    In full settlement of the claims asserted in the Litigation against Defendant Aegis and in consideration of the releases specified in ¶4, below, all of which the Settling Parties agree are good and valuable consideration, Defendant Aegis shall cause to be paid the Settlement Amount by wire transfer or check in accordance with instructions to be provided by the Escrow Agent.  The Settlement Amount shall be paid within twenty (20) calendars days after the later of the date that: (i) the Court has entered an order preliminarily approving the Settlement, and (ii) Aegis has received customary written instructions to pay the Settlement Amount by check or wire into the Escrow Account and an IRS Form W-9 for the Escrow Account.  The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treas. Reg. §1.468B-1.  If the entire Settlement Amount is not timely paid to the Escrow Agent, Plaintiffs may terminate the Settlement but only if: (i) Lead Counsel has notified Defendant Aegis' Counsel in writing of their intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Agent within five (5) calendar days after such written notice has been provided by email.

2.3    With the sole exception of Defendant Aegis' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶2.2,

the Released Defendant's Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Plaintiffs or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4   Other than the obligation to cause the payment of the Settlement Amount pursuant to ¶2.2, Defendant Aegis shall have no obligation to make any other payments into the Escrow Account or to any Class Member pursuant to this Stipulation.

**b.   The Escrow Agent**

2.5   The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government, or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Released Defendant's Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.  The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of Defendant Aegis' Counsel.

- 14 -

2.6    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Defendant's Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.7    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

2.8    Before the Effective Date, without further approval from Defendant Aegis or further order of the Court, Lead Counsel may expend up to $150,000.00 from the Settlement Fund to pay Notice and Administration Expenses actually incurred.  Additional sums for this purpose before the Effective Date may be paid from the Settlement Fund upon approval of Defendant Aegis or further order of the Court.  Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendant Aegis or further order of the Court.  After the Effective Date, without approval of Defendant Aegis or further order of the Court, Notice and Administration Expenses may be paid as incurred.  In the event that the Settlement does not become Final, any money paid or incurred for the above purposes, including any related fees, shall not be returned or repaid to Defendant Aegis or its insurers.

2.9    It shall be Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Defendant Aegis understands that Lead Counsel may request the Court to not disseminate Notice until at least 90 days after the entry of preliminary approval.  Class Members shall have no recourse as to the Released Defendant's

- 15 -

Parties with respect to any claims they may have that arise from any failure of the notice process.

### c.    Taxes

2.10   (a)    The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this ¶2.10, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur.

(b)    The Settling Parties agree that Lead Counsel shall be "administrators" of the Qualified Settlement Fund for the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.  Lead Counsel shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.10(a) hereof) shall be consistent with this ¶2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of the Settlement Fund as provided in ¶2.10(c) hereof.

(c)    All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant's Parties or their counsel with respect to any income earned by the

- 16 -

Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes, and (b) Tax Expenses shall be paid out of the Settlement Fund; in all events the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval of Defendant Aegis, and Lead Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to any Authorized Claimant any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Releasing Plaintiffs' Parties, the Released Defendant's Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, their counsel, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.10.

### d.    Termination of Settlement

2.11   In the event that the Settlement is not approved, or the Settlement is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement provided for herein, shall be refunded pursuant to written instructions from Defendant Aegis' Counsel in accordance with ¶7.5 herein.

- 17 -

**3.    Class Certification, Preliminary Approval Order, Proposed Judgment and Settlement Hearing**

3.1    Plaintiffs shall seek, and Settling Defendant shall not oppose, the Court's certification of the Class for settlement purposes only pursuant to Fed. R. Civ. P. 23, which the Class as to Settling Defendant shall be defined as follows:

> All persons and entities who purchased or otherwise acquired YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 initial public offering (the "IPO"), and were damaged thereby. Excluded from the Class are all Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest. In addition, any person or entity who or which submits a timely and valid request for exclusion from the Class shall also be excluded from the Class.

3.2    The Settling Parties' agreement as to certification of the Class is only for purposes of effectuating this Settlement as to Settling Defendant, and for no other purpose. Settling Defendant retains all of its objections, arguments, and defenses, and reserves all rights to contest class certification if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if the Settlement is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to proceed for any other reason. The Settling Parties acknowledge there has been no stipulation to a class or certification of a class for any purpose other than effectuating the Settlement, and that, if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to proceed for any other reason, then this agreement as to certification of the Class for settlement purposes only shall become null and void *ab initio*, and neither this Stipulation nor any other Settlement-related statement may be cited in support of any argument for certifying a class related to this proceeding.

3.3    After execution of the Stipulation on or before August 13, 2021, the Plaintiffs shall file a motion, seeking entry of the Preliminary Approval Order,

substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation and accompanying exhibits.

3.4    The Settling Parties shall jointly request that the Court enter in its Final Judgment the broadest bar order permissible by law barring all future claims for contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability to Plaintiffs or the Class) among and against the Released Defendant's Parties arising out of the Litigation and the claims that are asserted or could have been asserted therein, including from the Non-Settling Defendants; provided, however, that nothing herein shall release or alter the contractual rights, if any, under the terms of any written agreement among the YayYo Defendants and the underwriters of YayYo's IPO.  Further, the bar orders shall not preclude the underwriters of YayYo's IPO from seeking to enforce any right of indemnification or contribution with respect to the payment of the Settlement Amount or defense costs.  The bar order shall be consistent with, and apply to the full extent of, the Private Securities Litigation Reform Act of 1995 ("PSLRA").

3.5    Notice shall be provided in accordance with Fed. R. Civ. P. 23, based on direction and approval from the Court.  Plaintiffs shall provide to the Settling Defendant for review and comment any proposed Notice for approval by the Court, at least five (5) business days prior to submission to the Court of such Notice.  The cost of providing Notice to the Class Members in the manner set forth above shall be paid out of the Settlement Fund, and the Claims Administrator shall administer dissemination of the Notice, under the direction of Lead Counsel.  Class Members shall have no recourse as to Defendant Aegis or Defendant Aegis' Counsel with respect to any claims they may have that may arise from any failure of the notice process.

- 19 -

3.6     If Plaintiffs' Counsel reach a settlement with one or more other Defendants in the Litigation, Lead Counsel may, in their discretion and subject to the Court's approval, combine any form of notice to be disseminated to the Class Members, in which case the Notice and Administration Expenses, including for purposes of ¶¶2.8, 2.11, 5.5, and 7.4, shall be borne and deducted equally from the settlement funds of Defendant Aegis and any other settling Defendant.

3.7     Lead Counsel shall request that, after Notice is provided to the Class, the Court hold the Settlement Hearing and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel shall also request that the Court approve the proposed Plan of Allocation, Fee and Expense Award to Plaintiffs' Counsel, and service awards to Plaintiffs in connection with their representation of the Class.

**4.     Releases**

4.1     By operation of the Final Judgment, as of the Effective Date, as defined in ¶1.11 hereof, Plaintiffs and each and every Releasing Plaintiffs' Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against Defendant Aegis and each and every one of the Released Defendant's Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant's Parties, whether or not such Releasing Plaintiffs' Party executes and delivers the Proof of Claim and Release or otherwise shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

4.2     The Proof of Claim and Release to be executed by the Class Members shall release all Released Plaintiffs' Claims against the Released Defendant's Parties and shall be substantially in the form of Exhibit A-2 attached hereto.

4.3     By operation of the Final Judgment, as of the Effective Date, as defined in ¶1.11 hereof, Defendant Aegis and each and every Released Defendant's Party

shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendant's Claims against each and every one of the Releasing Plaintiffs' Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendant's Claims against any and all of the Releasing Plaintiffs' Parties. Claims to enforce the terms of the Stipulation are not released.

### 5.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

5.1    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. The Released Defendant's Parties and Defendant Aegis' Counsel shall have no responsibility for or interest in whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiffs' Parties, including Plaintiffs, any other Class Members, or Plaintiffs' Counsel, in connection with such administration, including, but not limited to, with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns. Defendant Aegis' Counsel shall cooperate in the

- 21 -

administration of the Settlement to the extent reasonably necessary to effectuate its terms.

5.2    In accordance with the terms of the Preliminary Approval Order, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For purposes of identifying and providing Notice to the Class, within a reasonable time period (to be agreed upon by the Settling Parties) following the Settling Parties' execution of this Stipulation, and subject to the Stipulated Protective Order entered on July 19, 2021, Aegis shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Plaintiffs' Counsel or the Claims Administrator) the names and addresses of the entities that purchased YayYo common stock from Aegis in electronic form, such as Excel.

5.3    The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel as may be necessary or as circumstances may require, shall provide Notice of the Settlement to the Class Members, shall administer and calculate the Claims submitted by the Authorized Claimants pursuant to the Plan of Allocation, and shall oversee distribution of the Net Settlement Fund to the Authorized Claimants.

5.4    In accordance with the schedule approved by the Court, Lead Counsel shall cause the Claims Administrator to provide Notice in accordance with the procedure and schedule approved by the Court.  The cost of providing such Notice shall be paid out of the Settlement Fund.

5.5    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses as described in ¶2.8, above;

- 22 -

(b)     to pay the Taxes and Tax Expenses as described in ¶2.10, above;

(c)     to pay the Fee and Expense Award to Plaintiffs' Counsel;

(d)     to pay any awards to Plaintiffs; and

(e)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants pursuant to the Stipulation and the Plan of Allocation, as approved by the Court.

5.6     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

5.7     Within ninety (90) days following the mailing of the Notice or such other time as may be set by the Court, each person or entity claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as shall be specified in the Proof of Claim and Release.

5.8     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized Claim compared to the total recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation provided in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

5.9     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth

- 23 -

herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Final Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late Claims.

5.10 Proofs of Claim and Release that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim and Release, the Claims Administrator shall communicate with Claimants in order to remedy the curable deficiencies in the Proofs of Claim and Release submitted. The Claims Administrator, under supervision of Lead Counsel, if necessary, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim and Release it proposes to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶5.11, below.

5.11 If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the mailing of the notice required in ¶5.10, above, or a shorter period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejections along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot otherwise be resolved, Lead Counsel shall thereafter present the request for review to the Court. Defendant Aegis shall not take a position on the administrative determinations of the Claims Administrator.

5.12 Each Claimant who submits a Proof of Claim and Release shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, all releases provided herein and in

- 24 -

the Final Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of the Litigation or settlement in connection with the processing of the Claims.  All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.  All Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.13  Payment pursuant to this Stipulation and Plan of Allocation shall be deemed final and conclusive against all Claimants.  All Class Members whose Claims are not approved shall be barred from participating in a distribution from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in the Litigation and the releases provided for herein, and shall be banned from bringing any action against the Released Defendant's Parties concerning the Released Plaintiffs' Claims.

5.14  Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a

minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate 501(c)(3) non-profit organization selected by Lead Counsel.

5.15 Other than in the event of the termination of the Settlement pursuant to this Stipulation, Settling Defendant shall not have a reversionary interest in the Net Settlement Fund.

5.16 No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.17 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth herein.

**6.    Plaintiffs' Counsel's Attorneys' Fees and Expenses**

6.1    Lead Counsel will submit a Fee and Expense Application on behalf of all Plaintiffs' Counsel for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2    The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel (on behalf of all Plaintiffs' Counsel) immediately upon entry of the Judgment and an Order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the Settlement, or any part thereof.

6.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then: (a) Lead Counsel with respect to the entire Fee and Expense Award, and (b) such of Plaintiffs' Counsel who have received any portion of the Fee and Expense Award shall within thirty (30) business days from receiving notice from Defendant Aegis' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.  Each such Plaintiffs' Counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4    The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the

- 27 -

fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiffs or Plaintiffs' Counsel, nor any appeals to such awards.  Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶¶7.1-7.8 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Litigation.

6.5    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  The Released Defendant's Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Lead Counsel, Plaintiffs' Counsel, or any other plaintiffs and counsel.

6.6    The Released Defendant's Parties shall have no responsibility for the allocation among Plaintiffs' Counsel, any other counsel who have represented one or more Plaintiffs in the Litigation, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.    Conditions of Settlement and Effect of Disapproval, Cancellation or Termination**

7.1    The Effective Date of the Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)    execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation;

(b)    the Settlement Amount has been deposited into the Escrow Account;

(c)    no party has exercised their/its option to terminate the Stipulation;

(d)    the Court has entered the Preliminary Approval Order;

(e)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto, following Notice to the Class and the Settlement Hearing; and

(f)    the Judgment has become Final.

7.2    This is a non-reversionary settlement.  Upon the Effective Date, the Released Defendant's Parties shall have no interest in the Settlement Fund or in the Net Settlement Fund, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have any liability in connection with the administration and distribution of the Settlement.  The Released Defendant's Parties shall not be liable for the loss of any portion of the Settlement Fund, or have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and Defendant Aegis' Counsel mutually agree in writing to proceed with the Stipulation.

7.3    Defendant Aegis and Plaintiffs shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other counsel of the Settling Parties within thirty (30) days of:

(a)    the Court's final non-appealable refusal to enter the Preliminary Approval Order or any material part of it;

(b)    the Settlement Amount not being timely funded when Lead Counsel has complied with its obligations as provided for in this Stipulation;

(c)    the Court's final non-appealable refusal to approve this Stipulation or any material part of it;

(d)    the Court's final non-appealable refusal to enter the proposed Judgment or any material part of it; or

(e)    the Judgment being modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme

Court of the United States.  For the avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Plaintiffs' Counsel or Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.4    Unless otherwise ordered by the Court, in the event the Settlement is not approved or the Settlement is terminated, canceled, or fails to become effective for any reason, within thirty (30) business days after joint written notification of such event is sent by Defendant Aegis' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.8 and 2.10, above, or are chargeable to the Settlement Fund pursuant to ¶¶2.8 and 2.10, above, shall be refunded by the Escrow Agent pursuant to written instructions from Defendant Aegis' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendant Aegis' Counsel.

7.5    In the event that the Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of the date of the execution of this Stipulation.  In such event, the terms and provisions of the Stipulation and any aspect of the discussions or negotiations leading to this Stipulation, with the exception of ¶¶2.8, 2.10, 2.11, 6.3, 7.5-7.7, 8.4, and 8.6 hereof, shall not be admissible in this Litigation and shall not be used against or to the prejudice of Defendant Aegis or against or to the prejudice of Plaintiffs, in any court filing, deposition, at trial, or otherwise, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.8 or 2.10, above.  In addition, any expenses already incurred pursuant to ¶¶2.8 or 2.10, above, at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.11 and 7.5, above.

7.7     Defendant Aegis warrants as to itself that, as to the payments made by it or on its behalf, at the time of such payment that Defendant Aegis made or caused to be made pursuant to ¶2.2, above, it was not insolvent, nor will the payment required to be made by or on behalf of it render Defendant Aegis insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This warranty is made by Defendant Aegis and not by Defendant Aegis' Counsel.

7.8     If, before the Settlement becomes Final, Defendant Aegis files for protection under the Bankruptcy Code or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, and in the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of Defendant Aegis to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of Defendant Aegis, then, at the election of Plaintiffs, the Settlement may be terminated and the releases given and the Judgment entered in favor of Defendant Aegis pursuant to the Settlement shall be null and void.  In such instance, the Settling Parties shall be restored to their respective positions in the Litigation as of the date of the execution of this Stipulation.

- 31 -

### 8.    Miscellaneous Provisions

8.1    The Settling Parties: (a) acknowledge it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Settling Parties with respect to the Litigation, Released Plaintiffs' Claims, and Released Defendant's Claims.   The Settlement compromises claims which are contested and shall not be deemed an admission by either Plaintiffs or Defendant Aegis as to the merits of any claim or defense.   Pursuant to 15 U.S.C. §78u-4(c)(1), the Final Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11 in connection with the maintenance, prosecution, defense, and settlement of the Litigation and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Litigation.   The Settling Parties agree the Settlement Amount and the other terms of the Settlement were and continue to be negotiated at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with competent legal counsel.   The Settling Parties shall not assert or pursue any action, claim, or rights that any such party or their respective counsel violated Rule 11 with respect to the Federal Court Action or the PSLRA.   The Settling Parties reserve their respective rights to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

- 32 -

8.3     The Settling Parties shall, in good faith, endeavor to communicate the terms of the Settlement, if at all, in a manner that is respectful of the fact that no final adjudication of fault was determined by a court or a jury.

8.4     Except as set forth in ¶8.5, below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussions, negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of Defendant Aegis or any other Released Defendant's Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Defendant Aegis or any other Released Defendant's Party with respect to the truth of any allegation by Plaintiffs and the Class or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, including, but not limited to, the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendant Aegis, any other Released Defendant's Party, or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of Defendant Aegis or any other Released Defendant's Party as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by Defendant Aegis or any other Released Defendant's Party, or against or to the prejudice of Plaintiffs or any other Class Members as evidence of any infirmity in the claims of Plaintiffs or the other Class Members;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of Defendant Aegis or any other Released Defendant's Party,

- 33 -

Plaintiffs, any other Class Members, or their respective counsel, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Settling Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed as, or offered or received against or to the prejudice of Defendant Aegis or any other Released Defendant's Party, Plaintiffs, or any other Class Members, as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as, or offered or received against or to the prejudice of Defendant Aegis or any other Released Defendant's Party, Plaintiffs, or any other Class Members, as evidence of a presumption, concession, or admission that any of their claims are without merit or infirm or that damages recoverable in the Litigation would not have exceeded the Settlement Amount.

8.5    Defendant Aegis or any other Released Defendant's Party may file this Stipulation and/or the Judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  The Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

8.6     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.7     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.8     The Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.9     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

8.10    The Stipulation and its Exhibits constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.11    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

8.12    All counsel and any other person executing this Stipulation and its Exhibits, or any settlement-related document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

8.13    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same

instrument.  A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

8.14   This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Final Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

8.15   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.

8.16   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8.17   The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

8.18   Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed as to Defendant Aegis and all Class Members shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant's Parties.

8.19   The construction, interpretation, operation, effect, and validity of this Stipulation, its Exhibits, and all documents necessary to effectuate them, shall be governed by the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles, except to the extent that federal law requires that federal law govern.

8.20   This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties, and all Settling

Parties have contributed substantially and materially to the preparation of this Stipulation.

8.21   Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

8.22   Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

8.23   Except as otherwise provided herein, each party shall bear its own costs.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys.

Dated:  August 27, 2021

**POMERANTZ LLP**

By: _Jeremy Lieberman /cd_

Jeremy A. Lieberman
Cara David
600 Third Ave., 20th Fl.
New York, NY 10016
(212) 661-1100
jalieberman@pomlaw.com
cdavid@pomlaw.com

*Attorneys for Plaintiffs*


*Attorneys for Aegis Capital Corp.*

**ARNOLD & PORTER KAYE SCHOLER LLP**

By _____

Aaron F. Miner
Zheng (Jane) He
250 West 55th Street
New York, New York 10019-9710
1 212.836.7283
Aaron.Miner@arnoldporter.com
Jane.He@arnoldporter.com