**POMERANTZ LLP**                                            EXHIBIT A-1
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re YAYYO, INC. SECURITIES LITIGATION | ) Case No.: 2:20-cv-08235-SVW-AFM |
| | ) |
| | ) <u>CLASS ACTION</u> |
| | ) |
| | ) NOTICE OF PENDENCY AND |
| | ) PROPOSED SETTLEMENT OF |
| | ) CLASS ACTION |
| | ) |
| | ) |

4829-9028-0358.v4

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Federal Action" or "Litigation") if you purchased or otherwise acquired the common stock ("Securities") of YayYo, Inc. pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 Initial Public Offering ("IPO").**

**NOTICE OF SETTLEMENT:  Please also be advised that Lead Plaintiff Bernard Bednarz and Plaintiff William Koch (the "Plaintiffs"), on behalf of the Class (as defined below), have reached a proposed settlement of the Litigation with Defendant Aegis Capital Corp. ("Aegis" or "Settling Defendant") for a total of $550,000.00  in cash that will resolve all claims in the Litigation against Aegis (the "Settlement").  Plaintiffs and Aegis are collectively referred to herein as the "Settling Parties."**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

       1.      **Description of the Litigation and the Class**:  This Notice relates to a proposed partial Settlement of the Litigation pending against Aegis.  The other defendants in the Litigation, which are not participating in the Settlement, include EVmo, Inc., formerly known as YayYo, Inc. and RideShare Rental, Inc. ("YayYo" or the "Company"), Ramy El-Batrawi, Jonathan Rosen, Kevin Pickard, Harbant S. Sidhu, Jeffrey Guzy, Christopher Miglino, and Paul Richter (collectively, the "YayYo Defendants"); and Defendant WestPark Capital, Inc. (collectively with Settling Defendant Aegis, "Defendants").  The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"):

> All persons and entities who purchased or otherwise acquired YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO, and were damaged thereby.  Excluded from the Class are all Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest.  In addition, any person or entity who or which submits a timely and valid request for exclusion from the Class shall also be excluded from the Class.

- 1 -

Any person or entity who falls within the definition of the Class is a "Class Member." Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at _____. All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement with Aegis Capital Corp. dated August 27, 2021 (the "Stipulation"), which is available on the website _____.

**2.      Statement of Class' Recovery**: Subject to Court approval, and as described more fully below, Plaintiffs, on behalf of the Class, have agreed to settle all Released Plaintiffs' Claims (as defined in ¶47, below) against Defendant Aegis and the other Released Defendant's Parties (as defined in ¶49, below) in exchange for a settlement payment of $550,000.00 in cash (the "Settlement Amount") to be deposited into an interest bearing escrow account. The settlement fund shall consist of the Settlement Amount plus all interest and income earned thereon (the "Settlement Fund"). The Net Settlement Fund (the Settlement Fund less any attorneys' fees, expenses, interest, any award(s) to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) (in connection with their representation of the Class), Notice and Administration Expenses, Taxes, Tax Expenses, and other fees and expenses as may be authorized by the Court) will be distributed in accordance with a Plan of Allocation (defined and discussed below) that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to members of the Class. The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

**3.      Statement of the Settling Parties' Positions on Damages**: Defendant Aegis vigorously denies and has denied all claims of wrongdoing, that it engaged in any wrongdoing, that it is liable to Plaintiffs or the Class and that Plaintiffs or any other members of the Class suffered any injury. Moreover, the Settling Parties do not agree on the amount of recoverable damages if Plaintiffs were to prevail on each of the claims alleged in the Litigation. The issues on which the Settling Parties disagree include, but are not limited to, whether: (1) the statements made or facts allegedly omitted were material, false or misleading; (2) Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) all or part of the damages allegedly suffered by the Class Members were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

**4.      Statement of Attorneys' Fees and Expenses Sought**: Lead Counsel will apply to the Court, on behalf of Plaintiffs' Counsel (as defined in ¶5, below),

for an award of attorneys' fees from the Settlement Fund of up to one-third (⅓) of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses (reasonable expenses or charges incurred by Plaintiffs' Counsel in connection with commencing and prosecuting the Litigation), in an amount not to exceed $20,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel may apply to the Court, on behalf of all Plaintiffs, for service awards pursuant to 15 U.S.C. §78u-4(a)(4) in connection with Plaintiffs' representation of the Class in an amount not to exceed $5,000, each.

5.    **Identification of Attorneys' Representatives**: Plaintiffs and the Class are being represented by Pomerantz LLP and Bronstein, Gewirtz & Grossman, LLC (collectively, "Plaintiffs' Counsel").  Any questions regarding the Settlement should be directed to Jeremy A. Lieberman at Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Receive no payment pursuant to this Settlement.  Remain a Class Member.  Give up your rights. |
| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM ("PROOF OF CLAIM") POSTMARKED NO LATER THAN [_____], 20__ | This is the only way to be potentially eligible to receive a payment. |
| EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *POSTMARKED* NO LATER THAN [_____], 20__ | Receive no payment pursuant to this Settlement.  This is the only option that allows you to ever potentially be part of any other lawsuit against Defendant Aegis or the other Released Defendant's Parties concerning the Released Plaintiffs' Claims. |

- 3 -

| OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 20__ | Write to the Court if you have any objection to the fairness of the Settlement, the request for attorneys' fees and expenses, the requested awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, or the proposed Plan of Allocation. |
|---|---|
| GO TO THE HEARING ON [_____], 20__, AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 20__ | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, the request for attorneys' fees and litigation expenses, or the requested award by Plaintiffs. |

| **WHAT THIS NOTICE CONTAINS** | |
|---|---|
| Why Did I Get This Notice? | Page ____ |
| What Is This Case About?  What Has Happened So Far? | Page ____ |
| How Do I Know If I Am Affected By The Settlement? | Page ____ |
| Why Did Plaintiffs Agree To The Settlement? | Page ____ |
| What Might Happen If There Were No Settlement? | Page ____ |
| How Much Will My Payment Be? | Page ____ |
| How Will My Claim Be Calculated? | Page ____ |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page ____ |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page ____ |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page ____ |
| What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself? | Page ____ |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? | Page ____ |
| What If I Bought Shares On Someone Else's Behalf? | Page ____ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page ____ |

- 4 -

**WHY DID I GET THIS NOTICE?**

**6.** You or someone in your family may have purchased or otherwise acquired YayYo Securities pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO.

**7.** The Court authorized and directed that you be sent this Notice because you have a right to know about a settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. Upon the Court's approval of the Settlement, and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments provided for under the Settlement.

**8.** This Notice explains the Litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?**

**9.** YayYo provides fleet and inventory based ride sharing services. The Litigation alleges, among other things, that Defendants misrepresented and omitted material facts in the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO concerning the relationship between the Company and its founder and former Chief Executive Officer ("CEO"), Ramy El-Batrawi—namely, his continued involvement in and control over the Company, and the Company's large amounts of outstanding debt, and the Company's intended use of IPO proceeds. The Litigation asserts claims for violations of §§ 11, 12(a)(2), and 15 of the Securities Act of 1933, and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934.

**10.** The Federal Action commenced on September 9, 2020. On September 18, 2020, Plaintiff William Koch filed a substantially similar action in this same Court, Case No. 2:20-cv-08591-SVW-AFM (the "Koch Action"). On November 2, 2020, the Court consolidated the two cases and administratively closed the Koch Action docket. On December 1, 2020, the Court appointed Bernard Bednarz as Lead Plaintiff and approved his selection of Pomerantz LLP as Lead Counsel.

**11.** On February 8, 2021, Plaintiffs filed the operative Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint"). On March 1, 2021, Defendant WestPark Capital, Inc. ("WestPark") filed an answer to the Amended Complaint and Defendant Aegis filed a motion to dismiss the Amended Complaint. On March 3, 2021, the YayYo Defendants filed

an answer to the Amended Complaint.  That action was then temporarily stayed pending an early mediation entered into at the request of Defendants.

12.     In April 2021, the parties to both the Federal Court Action and a state class action filed by plaintiff Michael Vanbecelaere in the Los Angeles County Superior Court, Case No. 20STCV28066 (the "State Action"), alleging substantially similar securities fraud claims engaged the services of Michelle Yoshida of Phillips ADR Enterprises, a nationally recognized mediator and mediation firm, to facilitate settlement negotiations and assist in resolving the Litigation in its entirety.  On April 29, 2021, the parties, including representatives from the State Action, participated in a full-day mediation with Ms. Yoshida.  In advance of the mediation, the parties prepared and exchanged detailed position statements which they presented to and discussed with Ms. Yoshida.

13.     Despite the parties' efforts at the mediation, they did not reach an agreement to settle the Federal Court Action or the State Action, or any aspect of them, and the Litigation continued.  Plaintiffs opposed Defendant Aegis' motion to dismiss on May 17, 2021, and Defendant Aegis replied on May 31, 2021.  However, as the Litigation was ongoing, the Settling Parties continued their settlement negotiations with the assistance of Ms. Yoshida, ultimately culminating in a mediator's recommendation to settle the Litigation with Aegis for $550,000.00, which the Settling Parties each accepted and resulted in a settlement in principle on June 16, 2021.

14.     At the time this Settlement was reached, Plaintiffs had, among other things, completed the following: extensive briefing on the YayYo Defendants' motion for judgment on the pleadings, which the Court denied on July 2, 2021, and on Aegis' motion to dismiss; participated in the Rule 26(f) conference; filed a joint report and Rule 26(f) discovery plan; served Rule 26(a) disclosures; and commenced formal discovery.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

15.     If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all persons and entities who purchased or otherwise acquired YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO, and were damaged thereby.  Excluded from the Class are all Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest.  In addition,

- 6 -

any person or entity who or which submits a timely and valid request for exclusion from the Class shall also be excluded from the Class.

16.    Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at _____.

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 20__.

## WHY DID PLAINTIFFS AGREE TO THE SETTLEMENT?

17.    Plaintiffs and Plaintiffs' Counsel believe the claims asserted in the Litigation have merit.  Plaintiffs and Plaintiffs' Counsel recognize, however, that pursuing their claims through trials and appeals would be expensive, lengthy, and may result in a smaller recovery or no recovery at all.

18.    The Settlement provides a substantial and immediate recovery. Plaintiffs and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  The Settlement was negotiated by both sides of the Litigation with the assistance of a highly respected mediator.

19.    Aegis has vigorously denied each and all of the claims alleged by Plaintiffs in the Litigation.  Aegis has expressly denied all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Aegis has also denied, among other things, the allegations that Plaintiffs or the Class have suffered any damage or that Plaintiffs or the Class were harmed by the conduct alleged in the Litigation.  Although Aegis continues to deny Plaintiffs' allegations, it has concluded that further defense of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

20.    If there were no Settlement, Plaintiffs may fail to establish an essential legal or factual element of the alleged claims.  Then, neither Plaintiffs nor the Class would recover anything from Aegis.  Also, if Aegis successfully proved any of its defenses, the Class may recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

21.    Aegis has agreed to pay $550,000.00 in cash into an escrow account for the benefit of the Class.  At this time, it is not possible to make any final determination of how much individual Class Members may receive from the Settlement.  Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Proofs of Claim forms.  The Plan of Allocation proposed by Plaintiffs is set forth below, and additional information is available on the website created for purposes of this Settlement, _____.

22.    Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants (as defined below).  No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Plaintiffs, Plaintiffs' Counsel, Class Members, the Claims Administrator, Defendant Aegis, Defendant Aegis' Counsel, and the other Released Defendant's Parties (defined below), or any person or entity designated by Plaintiffs' Counsel.  All members of the Class who fail to timely submit acceptable Proofs of Claim by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Class Member's Released Plaintiffs' Claims.

23.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

24.    The Plan of Allocation set forth below is the proposed plan submitted by Plaintiffs and Plaintiffs' Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class.

**25.** Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Central District of California, Western Division, with respect to his, her or its Proof of Claim.

**26.** Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proofs of Claim.

## PLAN OF ALLOCATION

**27.** The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.

**28.** The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

## HOW WILL MY CLAIM BE CALCULATED?

**29.** As discussed above, the Settlement provides $550,000.00 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the Settlement Fund. The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, any awards to Plaintiffs (based on and for their representation of the Class), Notice and Administration Expenses, Taxes and Tax Expenses, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to Authorized Claimants – *i.e.*, Class Members who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website.

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

**30.** Based on the formula stated below, a "Recognized Claim Amount" will be calculated for each purchase or acquisition of YayYo publicly traded common stock that is listed on the Proofs of Claim and for which adequate documentation is provided. If a Recognized Claim Amount calculates to a negative number or zero under the formula below, that Recognized Claim Amount will be zero.

Initial Public Offering Price:    $4.00 per share

Closing Price on the Date the
Litigation was filed[1]:    $0.29 per share

**31.** For each share of YayYo common stock purchased or otherwise acquired pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's IPO, and

(a)    sold prior to July 23, 2020, the claim per share is the lesser of (i) the purchase price less the sales price, or (ii) $4.00 less the sales price.

(b)    retained, or sold, on or after July 23, 2020, the claim per share is the least of (i) $3.71 ($4.00 less $0.29), or (ii) the purchase price less the sales price, or (iii) $4.00 less the sales price.

## ADDITIONAL PROVISIONS

**32.** In the event a Class Member has more than one purchase or acquisition or sale of YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO, all such purchases, acquisitions and/or and sales shall be matched on a First-In, First-Out ("FIFO") basis. Sales will be matched against purchases in chronological order, beginning with the earliest purchase made during the relevant period.

**33.** Purchases, acquisitions, and sales of YayYo common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of YayYo common stock shall not be deemed a purchase or sale of YayYo common stock for the calculation of Recognized Claims, unless (i) the donor or

---

[1] The filing date used for these purposes is July 23, 2020, which represents the earliest date the Litigation commenced against Defendants.

- 10 -

decedent purchased such shares of YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of YayYo common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

34.   If a Claimant had a market gain with respect to his, her, or its overall transactions in YayYo Securities, the value of the Claimant's Recognized Claim Amount shall be zero.   Such Claimants shall be bound by the Settlement.   If a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in YayYo Securities, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

35.   An Authorized Claimant's Recognized Claim Amount shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim Amount divided by the total of the Recognized Claim of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose distribution amount is $10 or greater.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

36.   If the Settlement is approved, the Court will enter a judgment (the "Judgment").   The Judgment will dismiss with prejudice the claims against Defendant Aegis and will provide that Plaintiffs and all other Releasing Plaintiffs' Parties (as defined in ¶50, below) shall have waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (as defined in ¶47, below), including Unknown Claims (as defined in ¶51, below), against each and every one of the Released Defendant's Parties (as defined in ¶49, below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant's Parties, whether or not they execute and deliver the Proofs of Claim or share in the Settlement Fund. Claims to enforce the terms of the Settlement are not released.

- 11 -

**37.**    Any Plan of Allocation, request for an award of attorneys' fees and expenses, or awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, will in no way disturb or affect the Judgment and are each considered separate from the Judgment.  Any order or proceeding relating to the Plan of Allocation, any order entered regarding any award of attorneys' fees and expenses or awards to Plaintiffs, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Judgment.

**38.**    "Released Plaintiffs' Claims" means all claims, demands, rights, and causes of action, or liabilities of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that (a) Plaintiffs or any other member of the Class: (i) asserted in the Federal Court Action or (ii) could have asserted in any court or forum that arise out of or are based upon any of the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Federal Court Action; and (b) relate in any way to the purchase or other acquisition of YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO.  Released Plaintiffs' Claims shall not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

**39.**    "Released Defendant's Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Aegis in this Litigation.  Released Defendant's Claims shall not include any claims relating to the enforcement of the Settlement.

**40.**    "Released Defendant's Party" or "Released Defendant's Parties" means (i) Aegis, (ii) each of its direct or indirect parent entities, subsidiaries, related entities and affiliates, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals,

shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which Aegis has a controlling interest.

41.    "Releasing Plaintiffs' Party" or "Releasing Plaintiffs' Parties" means (i) Plaintiffs and the Class Members, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.  Releasing Plaintiffs' Parties do not include any person or entity who timely and validly seeks exclusion from the Class.

42.    "Unknown Claims" means any and all Released Plaintiffs' Claims which the Releasing Plaintiffs' Parties do not know or suspect to exist in their favor at the time of the release of the Released Defendant's Parties, and any and all Released Defendant's Claims which the Released Defendant's Parties do not know or suspect to exist in their favor at the time of the release of the Releasing Plaintiffs' Parties, which, if known by him, her, or it, might have affected his, her or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendant's Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendant Aegis shall expressly waive, and each Releasing Plaintiffs' Party and Released Defendant's Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendant Aegis shall expressly waive, and each Releasing Plaintiffs' Party and Released Defendant's Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and

- 13 -

benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code § 1542. Plaintiffs, any Releasing Plaintiffs' Party, Defendant Aegis, or any Released Defendant's Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendant's Claims, but Plaintiffs and Defendant Aegis shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiffs' Party and Released Defendant's Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendant's Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendant Aegis acknowledge, and the Releasing Plaintiffs' Parties and Released Defendant's Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

43.    The Judgment also will provide that Defendant Aegis and each and every Released Defendant's Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendant's Claims against each and every one of the Releasing Plaintiffs' Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendant's Claims against any and all of the Releasing Plaintiffs' Parties. Claims to enforce the terms of the Stipulation are not released.

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE ATTORNEYS BE PAID?**

44.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class, nor has Plaintiffs' Counsel been reimbursed for their expenses incurred in connection with pursuing such claims. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees, on behalf of all Plaintiffs' Counsel, from the Settlement Fund of up to one-third (⅓) of the Settlement Amount and for

payment of Plaintiffs' Counsel's litigation expenses in an amount not to exceed $_____, plus interest on both amounts. In addition, Lead Plaintiff may apply for an award not to exceed $5,000 each for himself and for Plaintiff Koch pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their pursuit of the Litigation and representation of the Class. The Court will determine the amount of any such awards to Plaintiffs as well as the amounts of any such awards to Plaintiffs' Counsel for their fees and expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

45. If you fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class. If you are a Class Member, you must submit a Proof of Claim and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement. A Proof of Claim is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to download a copy or request that a Proof of Claim be mailed to you. The website is _____. You may also request a Proof of Claim by calling toll-free _____. If you exclude yourself from the Class or do not submit a timely and valid Proof of Claim with adequate supporting documentation, you will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court. Please retain all original records of your ownership of, or transactions in, the shares, as they may be needed to document your claim.

46. As a Class Member, for purposes of the Settlement, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You need not retain your own counsel, but if you choose to do so, your counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

47. If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" below. If

- 15 -

you exclude yourself from the Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Proof of Claim but you will retain the right to be a part of any other lawsuit against any of the Released Defendant's Parties (as defined above) with respect to any of the Released Plaintiffs' Claims (as defined above).

48.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.  If you exclude yourself from the Class, you are not entitled to submit an objection.

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

49.     Each Class Member will be bound by all determinations and judgments in this Litigation concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to the Claims Administrator, *YayYo Securities Settlement,* EXCLUSIONS, c/o AB Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217.  The exclusion request must be ***postmarked*** no later than _____*, 20*__.  Each request for exclusion must state the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Class in *YayYo Securities Settlement*, and must be signed by such person or entity.  Such persons or entities requesting exclusion must also provide the following information: the number of shares of YayYo Securities that the party requesting exclusion purchased, acquired and/or sold from November 13, 2019 through April 28, 2020, inclusive, as well as the dates and prices for each such purchase, acquisition, and/or sale.  The request for exclusion will not be valid unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  If you exclude yourself from the Class, you should understand that Defendant Aegis and the other Released Defendant's Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

50.     Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendant Aegis or any of the other Released Defendant's Parties concerning the Released Plaintiffs' Claims.

Please note, however, that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Litigation by a statute of repose.

51.    If you request to be excluded from the Class, you will not receive any benefit provided for in the Stipulation.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

52.    If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing. You can object to or participate in the Settlement without attending the Settlement Hearing.

53.    The Settlement Hearing will be held on _____, 20__, at _____ _.m., before the Honorable Stephen V. Wilson, at the United States District Court, Central District of California, Western Division, First Street Courthouse, 350 West 1st Street, Courtroom 10A, 10th Floor, Los Angeles, CA 90012. The Court may approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

54.    Any Class Member who does not timely request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's request for an award of attorneys' fees and litigation expenses, including Plaintiffs' request for service awards pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class. You must submit your objection in writing. You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Central District of California, Western Division, at the address set forth below on or before _____, 20__. You must also serve the papers on Lead Counsel for the Class and Defendant Aegis' Counsel at the addresses set forth below so that the papers are received on or before _____, 20__.

- 17 -

| **Court** | **Lead Counsel for the Class** | **Counsel for Defendant Aegis** |
|---|---|---|
| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA Clerk of the Court First Street Courthouse 350 West 1st Street, Suite 4311 Los Angeles, CA 90012 | POMERANTZ LLP Jeremy A. Lieberman 600 Third Avenue, 20th Floor New York, NY 10016 | ARNOLD & PORTER KAYE SCHOLER LLP Aaron F. Miner Zheng (Jane) He 250 West 55th Street New York, NY 10019 |

55.    Your objection must document the objecting person's or entity's membership in the Class, including the number of shares of YayYo Securities that the objecting person or entity purchased or otherwise acquired pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO, the dates and prices of such purchases or acquisitions, and the number of shares of YayYo Securities sold, if any, and the dates and prices for each such sale.  Your objection must state whether it applies only to you, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection.  Your objection must include copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and your signature, even if you are represented by counsel.  Documentation establishing your membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  If you object and desire to present evidence at the Settlement Hearing in support of your objection, you must include in your written objection or notice of appearance the identity of any witnesses you may call to testify and any exhibits they intend to introduce into evidence at the hearing.

56.    You may not appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

57.    You need not hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before ____, 20__.

- 18 -

**58.**    The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the Settlement website, _____.    If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses and any amounts sought by Lead Plaintiff on behalf of all Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

**59.**    Nominees who purchased or otherwise acquired YayYo Securities for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of this Notice additional copies of the Notice and the Proofs of Claim from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of this Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  You may also obtain copies of this Notice by calling toll-free _____, and you may also download it from the Settlement website, _____.

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

**60.**    This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Litigation is available at _____, including, among other documents, copies of the Stipulation and Proofs of Claim.  All inquiries concerning this Notice or the Proofs of Claim should be directed to:

*YayYo Securities Settlement*
Claims Administrator
c/o AB Data, Ltd.
P.O. Box _____
Milwaukee, WI  53217
Toll-free number:

**OR**

Pomerantz LLP
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100

**DO NOT CALL OR WRITE THE COURT OR THE**
**OFFICE OF THE CLERK OF COURT**
**REGARDING THIS NOTICE**

Dated: _____          By Order of the Court
                                 United States District Court
                                 Central District of California
                                 Western Division

- 20 -