EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

In re YAYYO, INC. SECURITIES LITIGATION

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:20-cv-08235-SVW-AFM

CLASS ACTION

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement with Aegis Capital Corp., dated August 27, 2021 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Order and finally certifies for purposes of settlement only a Class defined as follows:

> All persons and entities who purchased or otherwise acquired YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 initial public offering (the "IPO"), and were damaged thereby. Excluded from the Class are all Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest. In addition, any person or entity who or which submitted a timely and valid request for exclusion from the Class shall also be excluded from the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable and adequate;

(b) there was no collusion in connection with the Stipulation;

(c)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)     the record is sufficiently developed and complete to have enabled the Settling Parties to have adequately evaluated and considered their respective positions as well as the positions of each other.

5.     Accordingly, the Court directs the Settling Parties to consummate the Settlement pursuant to the Stipulation, as well as the terms and provisions hereof.

6.     No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or any other Person designated by Plaintiffs' Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

7.     Upon the Effective Date, Plaintiffs, each of the Class Members, and each and every Releasing Plaintiffs' Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant's Parties with prejudice on the merits, whether or not Plaintiffs or such Class Members execute and deliver the Proofs of Claim and Release and whether or not Plaintiffs or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

8.     Upon the Effective Date, Defendant Aegis and each and every Released Defendant's Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Releasing Plaintiffs' Parties from all Released Defendant's Claims (including, without limitation, Unknown Claims).  Claims to enforce the terms of the Stipulation are not released.

9. Upon the Effective Date, Plaintiffs, all Class Members, each and every Releasing Plaintiffs' Party, and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against any of the Released Defendant's Parties.

10. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, the Court hereby determines that all Class Members are bound by this Judgment, except as to any Class Members who are identified and listed in Exhibit 1 hereto as having validly requested exclusion from the Class.

11. Any order entered or proceeding relating to the Plan of Allocation or application for attorneys' fees and expenses, and awards to Plaintiffs, including any appeal from any order relating thereto or reversal or modification thereof, shall in no way disturb or affect the finality of this Judgment and shall be considered separate from this Judgment.

12. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendant Aegis or any other Released Defendant's Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Defendant Aegis or any other Released Defendant's Party with respect to the truth of any allegation by Plaintiffs and the Class or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, including, but not limited to, the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendant Aegis, any other Released Defendant's Party, or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendant Aegis or any other Released Defendant's Party as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by Defendant Aegis or any other Released Defendant's Party, or against or to the prejudice of Plaintiffs or any other Class Members as evidence of any infirmity in the claims of Plaintiffs or the other Class Members;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendant Aegis or any other Released Defendant's Party, Plaintiffs, any other Class Members, or their respective counsel, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Settling Parties, in any other civil, criminal, or

- 4 -

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)    do not constitute, and shall not be construed as, or offered or received against or to the prejudice of Defendant Aegis or any other Released Defendant's Party, Plaintiffs, or any other Class Members, as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as, or offered or received against or to the prejudice of Defendant Aegis or any other Released Defendant's Party, Plaintiffs, or any other Class Members, as evidence of a presumption, concession, or admission that any of their claims are without merit or infirm or that damages recoverable through the Litigation would not have exceeded the Settlement Amount.

13.    Upon the Effective Date, any and all Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim where the alleged injury to that Person is that Person's actual or threatened liability to the Class or a Class Member in the Litigation), arising out of, based upon, relating to, concerning, or in connection with the Released Plaintiffs' Claims, against each and every one of the Released Defendant's Parties, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the Litigation or any separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum. Plaintiffs shall provide any Defendant other than the Settling Defendant against which it obtains a final verdict or judgment on the claims in the Amended Complaint a judgment credit in an amount that is the greater of (a) the amount of the Settlement Amount or (b) for each such claim on which contribution or indemnity is available, the proportionate share of the Settling Defendant as proven at trial, in accordance

with 15 U.S.C. § 78u-4(f)(7)(B). Nothing herein shall release or alter the contractual rights, if any, under the terms of any written agreement among the YayYo Defendants and the underwriters of YayYo's IPO. Further, the bar orders shall not preclude the underwriters of YayYo's IPO from seeking to enforce any right of indemnification or contribution with respect to the payment of the Settlement Amount or defense costs. Notwithstanding the foregoing, nothing herein shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation, the Settlement, or the Judgment.

14. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Settlement.

15. The Court finds that the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. If the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The Court directs immediate entry of this Judgment by the Clerk of the Court.

- 6 -

20.    The Court's orders entered during this Litigation relating to the confidentiality of information shall survive the Settlement.

IT IS SO ORDERED.

DATED: _____          _____
                                  THE HONORABLE STEPHEN V. WILSON
                                  UNITED STATES DISTRICT JUDGE