**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
Cara David (admitted *pro hac vice*)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com
cdavid@pomlaw.com

*Lead Counsel for Plaintiffs*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE YAYYO, INC. SECURITIES LITIGATION | Case No. 2:20-cv-08235-SVW-AFM<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL** |

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................. 1

II.     DOCUMENTS OUTSIDE THE 2019-2020 TIME PERIOD..................... 2

III.    A SUITABLE PRIVILEGE LOG ............................................................ 4

IV.     CONCLUSION .................................................................................... 8

## I.   __INTRODUCTION__

Lead Plaintiff Bernard Bednarz and Plaintiff William Koch (collectively "Plaintiffs") respectfully submit this brief in further support of their Motion to Compel.  (ECF No. 146, the "Motion to Compel.")  Under the Court's September 9 Order (ECF No. 144), Defendants' opposition was due within five days of Plaintiffs' motion.  That deadline has passed as of yesterday, with no opposition from Defendants.  Therefore, Plaintiffs' Motion to Compel is unopposed and Plaintiffs request the Court set immediate deadlines regarding the production of material from outside the 2019-2020 time period and a suitable privilege log.

As the Motion to Compel is unopposed, Plaintiffs will only use this reply to highlight for the Court intervening events, which further support the Motion to Compel.  For example, during the hearing before Judge Wilson yesterday, Judge Wilson expressed an interest in hearing extensive details about the merits of the case during a hearing on October 18, 2021, with possible additional briefing in advance.  This is more of a reason for there to be full disclosure as soon as possible, so all parties are on equal footing in terms of discoverable information.

As raised in the Motion to Compel, Defendants—while not arguing during meet and confers the relevance of documents outside the 2019-2020 time period – have not truly negotiated search terms for this period.[1]

---

[1] Defendants are also continuing to produce documents from the 2019-2020 time period – producing over 1000 since the Court ordered deadline of September 13, 2021, with more documents seemingly on their way before the clearly unprivileged documents are produced. ***This***

1

Likewise, as raised in the Motion to Compel, the privilege log provided September 13, 2021 – the Court-ordered deadline for production of a privilege log – clearly contained hundreds of seemingly non-privileged documents.  Defendants provided a new privilege log on September 17, 2021, but it still failed to address many of the issues Plaintiffs raised in attempting to meet-and-confer on this issue.  And, Defendants' "new" privilege log now contains more than 550 additional documents that were not included on Defendants' "original" privilege log dated September 13, 2021.

Defendants never provided even estimated timelines in which they will remedy their failures and mistakes, notwithstanding that (1) the Court ordered deadline was over a week ago, and (2) in approximately one week, depositions will recommence.   The Court's intervention is essential, and sanctions against Defendants and their counsel are warranted.   (Plaintiffs have not even heard whether Defendants will stipulate to additional depositions and the timeline for the productions of documents from third parties who are represented by defense counsel—simple issues raised a week or more ago.)

## II.    DOCUMENTS OUTSIDE THE 2019-2020 TIME PERIOD

As detailed in the Motion to Compel at 5-10, YayYo waited until August 22 to send search terms to Plaintiffs.  Plaintiffs proposed revisions with 24 hours,

_means the Company has produced almost 45% more documents since representing to the Court it was substantially complete with document production._

MEMEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

noting: "I am sympathetic to the fact that some terms, because of your internal system, might produce a great number of mishits. If that is the case with any of these and you want to provide a hit count, I'm happy to meet and confer on narrowing, or just send me an email and I can send back a revision." YayYo did not communicate with Plaintiffs at all about these search terms until weeks later. They did not send a hit count list (which is easily generated by a vendor) to Plaintiffs until late September 10 – even though it was identified as being generated early on September 3.

Prior to YayYo sending that hit count list, YayYo and Plaintiffs met and conferred. Counsel for YayYo stated the limited utility of the list as it now stands – and Plaintiffs suggested new ways to run the hit count so the parties could better negotiate burden. Defendants agreed but never sent a further divided hit count nor expressed what the delay was.

On September 17, 2021, Plaintiffs utilized the original hit count to create some notes on how burden might be reduced. In an email, Plaintiffs noted the list was not all inclusive (and indeed it didn't include all of Plaintiffs' prior suggestions), but was a starting point. No response has been forthcoming. Not even a "thank you, we will review."

NASDAQ was front-and-center at the hearing in front of Judge Wilson on September 20, 2021, making the relevance of documents related to the Company's

MEMEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

listing of particular relevance.  Although documents on all relevant subject matters – as further detailed in the Motion to Compel – should be produced.

## III.     A SUITABLE PRIVILEGE LOG

As detailed in the Motion to Compel at 11-15, YayYo's over-expansive (and clearly outright flawed) privilege log makes it impossible for Plaintiffs to meaningfully judge what Defendants are, in fact, asserting privilege over.[2]

During a meet and confer on September 10, 2021, the parties discussed YayYo and the Individual Defendants producing a log generated from the computer review system.[3]  Counsel for Defendants never articulated to Plaintiffs that their assertions of privilege were not divided as to the grounds for the assertion (*i.e.*, whether the Defendants are claiming work product protection or are instead asserting the attorney-client privilege), nor did Defendants inform Plaintiffs that they were not redacting any documents (and therefore wholesale withholding anything listed on any potential log).

Late on September 13, 2021, YayYo purported to produce  a privilege log of 7,850 documents, all marked "privileged communications."  Plaintiffs advised

---

[2] Defendant WestPark Capital, Inc. ("WestPark") has yet to produce any privilege log, despite the Court ordered deadline. Counsel for WestPark has told Plaintiffs it will be sent to Plaintiffs by Thursday latest and, as review of that log—the privilege log of one underwriter—is more limited (and counsel has in the past been extremely communicative), Plaintiffs have not moved to compel but reserve their rights to do so in the future or seek appropriate sanctions.

[3] Defendants had proposed saving time by producing a categorical log, which Plaintiffs refused for most communications.  However, judging from what Defendants had to work with, it is unclear how a categorical log would have saved Defendants any time, as there seems to be no way to make a categorical log in sufficient detail based on the privilege logs Defendants have purported to provide to Plaintiffs.

MEMEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

Defendants the next day of the many flaws in the log and asked for a review of the log in its entirety.  Among the issues Plaintiffs raised: emails to/from the OTC Markets Group, NASDAQ, and the SEC filing; emails to/from non-attorneys within the Company; emails to/from non-attorneys within the firm and non-attorney third parties (including a man by the name of Sam Tawfik); and more. These are all simply marked "privileged communications."  Defendants agreed to get back to Plaintiffs that day, but did not, instead responding late the next day that they required more time to conduct such a review and reproduce a log.

Defendants then produced a new log on September 17, 2021 (attached hereto as Exhibit A)[4].  This "new" log added hundreds of documents, removed emails to/from the OTC Markets Group and NASDAQ (but left in emails to/from the SEC), and did not address any of Plaintiffs' other concerns. Nor was there any indication those concerns would be addressed.  Within minutes of receiving the log, Plaintiffs advised Defendants of these deficiencies.  Defendants did not respond.  So, on September 19, 2021, Plaintiffs advised YayYo that Plaintiffs would assume that YayYo was indeed asserting privilege over the entire log, and that Plaintiffs would begin their review accordingly:  "As the time ticks on before depositions start, and given that it will be helpful to have privilege issues worked out in advance, we will begin the review of the September 17 document

---

[4] Exhibit A is the privilege log as produced to Plaintiffs formatted for print and highlighted as discussed below. Everything other than entries 1-503 are in grey.

MEMEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

accordingly. I truly hope we are able to assess the privilege assertions, impossible for so many entries on the last log, so that we may have a narrow future discussion about issues such as waiver and privilege exceptions."

Plaintiffs have now reviewed 503 of those documents (representing 500 plus attachments). Of those 503 documents, Plaintiffs believe that approximately 95 are communications and associated documents between non-attorneys (highlighted in yellow in Exhibit A). And 124 of the logged documents are communications on which an attorney is included, but these communications also include individuals who are not attorneys from outside the Company (highlighted in green in Exhibit A). It is unclear whether some of the other documents in among these 503 are privileged – and Plaintiffs are still reviewing. – However, the highlighted entries, at the very least, raise substantial questions regarding privilege on their face. Plaintiffs asked about some of these third-party communications during the September 14, 2021 meet and confer so that Plaintiffs could better assess what privilege might apply. Plaintiffs have still not heard back even as to these specific (and rather basic and fundamental) inquiries. If the first 504 documents provide a representative sample, *approximately 20% of the "new" log is emails and documents to/from non-attorneys*.

The Company is also asserting privilege on emails to/from Defendant Ramy El-Batrawi during the period where Defendant El-Batrawi had no official role at

MEMEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

the Company (including the days surrounding the IPO). It is unclear how those materials could be privileged if it is the Company that is asserting that privilege.

"The party asserting the privilege or protection from disclosure bears the burden of proving the applicability of the privilege or protection to a given set of documents or communications." *Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650 (E.D. Cal. 2010) (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992); *see also In re Syncor ERISA Litig.*, 229 F.R.D. 636, 644–45 (C.D. Cal. 2005) (where "it is not at all clear that the documents plaintiffs seek ever were, or are now, protected by the attorney-client privilege or work product doctrine" because defendant "has provided insufficient evidentiary support for its contention that they are protected," the privilege is waived because "an assertion of privilege without evidence to support it will not prevail," as the "burden is on the party asserting the privilege to establish all the elements of the privilege.") (internal quotation marks and citations omitted). "Failure to provide sufficient information may constitute a waiver of the privilege." *Ramirez v. Cnty. of Los Angeles*, 231 F.R.D. 707, 410 (C.D. Cal. 2005) (citations omitted).

Neither Plaintiffs nor the Court is "obligated to take [defendant]'s blanket assertion at face value as to all the documents withheld. This is especially true where [defendant] has filed no declarations explaining the privileged nature of the communications and the descriptions of the documents do not suggest that the

communications were in response to an attorney query or furtherance of forming a response to such a query." *Friends of Hope Valley*, 268 F.R.D. at 651.

Here, Defendants seem to believe Plaintiffs bear the burden of picking out one-by-one communications (such as those to the SEC) that are clearly not privileged. And even then, Defendants only seem to act when they want what they want. At this point, this conduct is clearly sanctionable. If Plaintiffs are being forced to sort through this many documents without a clear reason for the privilege assertion, Defendants should be paying for the time of Plaintiffs' counsel. After all, it is Defendants' job only to assert privilege over privileged material.[5]

## IV.    CONCLUSION

For the foregoing reasons, and the reasons in the Motion to Compel, Plaintiffs respectfully request that the Court compel production of a suitable privilege log and additional documents from Defendants to Plaintiffs immediately.

Dated: September 21, 2021

> **POMERANTZ LLP**
> By: */s/ Cara David*
> Cara David
> (admitted *pro hac vice*)
> 600 Third Ave., 20th Fl.
> New York, NY 10016
> (212) 661-1100
> cdavid@pomlaw.com

---

[5] In addition to Plaintiffs' many concerns raised about spoliation in the Motion to Compel at 15-18, there is now one more. Another defendant, Christopher Miglino, has since filed integratory responses stating he had a habit of deleting emails after reading them. As stated in the Motion to Compel, Plaintiffs await document production completion (which this Court ordered to be complete over a week ago) to determine the true extent of spoliation.

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Lead Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (*pro hac vice* forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

MEMEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/  Cara David
Cara David