Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
R.C. Harlan (SBN 234279)
*rharlan@larsonllp.com*
Paul A. Rigali (SBN 262948)
*prigali@larsonllp.com*
Daniel R. Lahana (SBN 305664)
*dlahana@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Tel.:(213) 436-4888 / Fax: (213) 623-2000

Attorneys for Defendants EvMo, Inc.
(formerly known as YayYo, Inc.)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE YAYYO, INC. SECURITIES LITIGATION | Case No. 2:20-cv-08235-SVW-AFM |
| | **DECLARATION OF R.C. HARLAN IN SUPPORT OF DEFENDANT YAYYO INC.'S  OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |

## DECLARATION OF R.C. HARLAN

I, R. C. Harlan, declare as follows:

1.    I am a partner with Larson LLP, attorneys of record for Defendant YayYo, Inc. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Defendant's Opposition to Plaintiffs' Motion to Compel.

2.    My firm, Larson LLP, was first retained in this matter in late June, 2021.  My office first appeared as counsel for YayYo in this matter on July 7, 2021.

3.    Since July, YayYo has reviewed more than 111,000 documents, and it has produced tens of thousands of documents totaling  more than 143,000 pages.

4.    Between July, August, and September 2021, YayYo incurred approximately $300,000 in fees reviewing documents and conducting discovery in this matter, $200,000 of which was billed in August alone.  The documents reviewed focused just on the relevant 2019 and 2020 time period.  At one point, 22 attorneys and paralegals were reviewing documents to comply with the Court's order.  Moreover, Plaintiffs have been apprised of Defendants' review plan.  I told Plaintiffs we were reviewing the documents from 2019 and 2020 because that was the relevant time period as alleged in Plaintiffs' Amended Complaint.

5.    Plaintiffs' proposed search terms for documents outside of the relevant 2019 and 2020 time period has nearly 90,000 "hits"– an extreme burden for YayYo given the minimal relevance to Plaintiffs' claims.  Given that a document review of approximately 80,000 documents cost YayYo approximately $200,000, I anticipate if YayYo is forced to review document`s outside the relevant 2019 and 2020 time period based on Plaintiffs' proposed search terms, it will incur at least an additional $200,000 in additional fees.  A true and correct copy of the "hit" count of Plaintiffs' proposed search terms for documents outside 2019 and 2020 is attached hereto as **Exhibit A.**

6.      Moreover, on September 1, 2021, the Court ordered that document production be completed by September 13, 2021.  That Order also conflicted with Plaintiffs' request to expand the scope and timeline of the documents as it would be impossible to review that many documents in such a short amount of time.  Without waiving objections, YayYo offered to agree to stipulate to extend that deadline and further narrow the proposed search terms, but Plaintiffs did not respond to the offer.  A true and correct copy of my September 7, 2021 meet and confer letter to Plaintiffs is attached hereto as **Exhibit B**.

7.      On September 14, 2021, my office met and conferred with Plaintiffs.  We agreed to provide an updated privilege log and produce documents we agreed were not privileged.  The next day, before Plaintiffs filed their Motion to Compel, I emailed Plaintiffs' counsel telling her we would update our privilege log and further produce documents— which we did on September 17, 2021.  A true and correct copy of my email to Plaintiffs' counsel is attached hereto as **Exhibit C.**

8.      YayYo sincerely apologizes for filing this Opposition on September 21, 2021 instead of September 20, 2021.  My office interpreted the Court's order to require an Opposition within five days from the September 17, 2021 deadline for Plaintiffs' Motion—which was calendared as September 22, 2021. My office calendared the September 22, 2021 deadline before receiving Plaintiffs' brief on September 15, 2021—two days earlier than the anticipated deadline.  Unfortunately, my office did not update our calendared deadline to reflect Plaintiffs' early-filed brief.  We ask that the Court consider Defendants' Opposition as timely-filed, and allow Plaintiffs to file a new Reply brief to respond Defendants' Opposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 21st day of September, 2021, at Los Angeles, California.

/s/ R.C. Harlan
R.C. Harlan

LARSON<sub>LLP</sub>
LOS ANGELES

DECLARATION OF R.C. HARLAN IN SUPPORT OF DEFENDANT YAYYO INC.'S  OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

# EXHIBIT A

# YayYo
## Search Terms Report

**Report Name:** Documents outside 2019 and 2020      **Searchable Set:** Documents outside 2019 and 2020



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
| --- | --- | --- | --- |
| 125,615 | 51,082 | 89,970 | 35,645 |

# YayYo
## Search Terms Report

**Report Name:**  Documents outside 2019 and 2020          **Searchable Set:**  Documents outside 2019 and 2020

## Terms Summary

| Term | Documents with hits | Documents with hits, including Family | Unique hits |
|---|---:|---:|---:|
| "Traders marketing" | 0 | 0 | 0 |
| "10-K" | 776 | 1,709 | 0 |
| "cap expense" | 0 | 0 | 0 |
| "cash flow" | 1,459 | 4,604 | 0 |
| "Cedar hill" | 11 | 19 | 0 |
| "Change of title" | 25 | 50 | 0 |
| "D&O" | 1,066 | 3,493 | 114 |
| "Data room" | 87 | 206 | 1 |
| "Due diligence" | 1,621 | 4,216 | 38 |
| "El-Batrawi" w/2 (suit or lawsuit or sue or action) | 80 | 282 | 1 |
| "El-Batrawi" w/2 litigation | 0 | 0 | 0 |
| "Financial evaluation" | 80 | 198 | 0 |
| "Financial model" | 482 | 6,760 | 31 |
| "Financial report" | 57 | 103 | 0 |
| "Financial statement" | 1,074 | 2,594 | 10 |
| "First Fire" | 67 | 130 | 0 |
| "FORM S-1/A" | 1,740 | 2,941 | 0 |
| "Initial Public Offering" | 1,242 | 3,693 | 0 |
| "Internal controls" | 753 | 2,899 | 0 |
| "Over-the-counter" | 1,352 | 3,399 | 107 |
| "Press release" | 1,468 | 3,392 | 198 |
| "Red diamond" | 4 | 5,204 | 0 |
| "Reg A+" | 3,696 | 8,139 | 274 |
| "rg alliance" | 559 | 1,261 | 48 |
| "Road show" | 498 | 843 | 1 |
| "s-1" | 2,998 | 6,841 | 124 |
| "Separation of duties" | 6 | 12 | 1 |

**Report Generated:**  9/3/2021 11:15:17 AM

# YayYo
## Search Terms Report

**Report Name:**  Documents outside 2019 and 2020          **Searchable Set:**  Documents outside 2019 and 2020

| Term | Documents with hits | Documents with hits, including Family | Unique hits |
|---|---|---|---|
| "Social Reality" | 1,115 | 2,093 | 25 |
| "Term sheet" | 1,158 | 1,862 | 116 |
| "Think-equity" | 41 | 49 | 0 |
| "White Lion" | 2 | 2 | 0 |
| "X, LLC" | 4,298 | 8,786 | 74 |
| Acuitas* | 2,089 | 3,975 | 158 |
| Aegis | 1,088 | 2,494 | 87 |
| Audit | 3,508 | 8,379 | 248 |
| Bellridge | 2,757 | 4,041 | 0 |
| Bellridge* | 3,306 | 4,645 | 47 |
| Benchmark* | 2,157 | 9,579 | 237 |
| Board | 7,308 | 13,991 | 373 |
| BOD | 292 | 412 | 0 |
| budget | 1,186 | 3,859 | 157 |
| Carmel | 2,129 | 4,281 | 89 |
| cash w/2 flow | 1,459 | 4,604 | 0 |
| Chart | 787 | 3,248 | 133 |
| CKR | 3,155 | 5,040 | 0 |
| CKR* | 4,788 | 9,986 | 412 |
| CMD | 213 | 646 | 16 |
| Committee | 1,895 | 4,485 | 6 |
| crown | 205 | 865 | 5 |
| Davis | 3,376 | 12,829 | 274 |
| Dawson w/2 james | 18 | 27 | 0 |
| Dawsonjames | 13 | 19 | 0 |
| debt | 3,912 | 10,878 | 105 |
| Delist | 36 | 107 | 0 |
| Derby | 199 | 642 | 2 |

**Report Generated:**  9/3/2021 11:15:17 AM                                                      Page 3 of 6



# YayYo
## Search Terms Report

**Report Name:** Documents outside 2019 and 2020          **Searchable Set:** Documents outside 2019 and 2020

| Term | Documents with hits | Documents with hits, including Family | Unique hits |
|---|---|---|---|
| DiChiari | 0 | 0 | 0 |
| DO | 0 | 0 | 0 |
| Donohoe | 3,439 | 5,183 | 325 |
| EDGAR | 2,192 | 4,727 | 81 |
| Eide | 80 | 402 | 0 |
| Fan | 211 | 1,786 | 79 |
| financing | 4,278 | 14,781 | 143 |
| First w/2 Fire | 68 | 132 | 0 |
| Fleet | 5,731 | 18,562 | 1,390 |
| Forecast | 1,026 | 3,508 | 12 |
| Fossella | 2 | 2 | 1 |
| Funding | 1,972 | 10,688 | 131 |
| Gateway | 855 | 2,216 | 292 |
| GatewayIR | 3 | 3 | 0 |
| Gerry | 227 | 6,064 | 3 |
| Gmpcars | 10 | 20 | 8 |
| Gogi | 346 | 499 | 21 |
| Graph | 70 | 382 | 6 |
| Gray | 2,688 | 12,109 | 247 |
| GSS | 51 | 65 | 12 |
| Guzy | 1,438 | 2,940 | 24 |
| Handbook | 276 | 805 | 112 |
| IPO | 2,603 | 4,374 | 387 |
| John | 4,928 | 16,123 | 616 |
| Kaufman | 84 | 5,637 | 2 |
| Kondic | 1,224 | 1,598 | 0 |
| Ladenburg | 4 | 5 | 0 |
| lqd | 5 | 7 | 0 |



# YayYo
## Search Terms Report

**Report Name:** Documents outside 2019 and 2020          **Searchable Set:** Documents outside 2019 and 2020

| Term | Documents with hits | Documents with hits, including Family | Unique hits |
|---|---|---|---|
| Meghan | 61 | 403 | 22 |
| miglino | 2,086 | 8,542 | 44 |
| Mollard | 2 | 2 | 0 |
| Munck | 381 | 1,294 | 4 |
| NASDAQ | 7,950 | 12,062 | 515 |
| Northland | 3 | 260 | 0 |
| Oasis | 19 | 428 | 1 |
| Offering | 7,531 | 14,100 | 269 |
| OTC* | 1,601 | 8,725 | 27 |
| Pink | 333 | 7,480 | 11 |
| projection | 175 | 608 | 9 |
| Prospectus | 1,256 | 2,974 | 1 |
| Purchaser | 1,719 | 5,229 | 85 |
| Rallo | 99 | 137 | 10 |
| Ramy w/2 (suit or lawsuit or sue) | 38 | 44 | 8 |
| Ramy w/2 litigation | 10 | 18 | 1 |
| Rappaport | 95 | 5,679 | 2 |
| red w/2 diamond | 8 | 5,209 | 0 |
| Rega | 77 | 461 | 6 |
| Registration | 7,610 | 16,492 | 1,314 |
| RGalliance | 3,810 | 7,037 | 1,867 |
| Schwabehcwco | 0 | 0 | 0 |
| SEC | 7,601 | 19,322 | 251 |
| share* | 17,980 | 44,959 | 2,964 |
| SRAX | 1,798 | 2,430 | 104 |
| stock | 10,368 | 22,864 | 674 |
| ThinkEquity | 28 | 36 | 1 |
| Tony | 2,509 | 10,395 | 150 |

**Report Generated:** 9/3/2021 11:15:17 AM



# Search Terms Report

**Report Name:** Documents outside 2019 and 2020          **Searchable Set:** Documents outside 2019 and 2020

| Term | Documents with hits | Documents with hits, including Family | Unique hits |
|---|---|---|---|
| traders w/2 marketing | 0 | 0 | 0 |
| Trust | 3,924 | 14,470 | 211 |
| twins | 83 | 5,670 | 8 |
| Underwriter | 2,147 | 5,585 | 70 |
| Underwriting | 1,441 | 3,890 | 36 |
| Uptick | 320 | 939 | 78 |
| Valuation | 2,187 | 6,195 | 70 |
| Vanech | 2,450 | 9,980 | 184 |
| Vitullo | 3 | 260 | 0 |
| Vstock | 2,374 | 3,601 | 182 |
| Wainwright | 33 | 295 | 2 |
| Westpark | 264 | 403 | 14 |
| Withdraw* | 2,349 | 6,206 | 216 |
| XLLC | 4,982 | 13,954 | 1,226 |
| Yorkville | 11 | 23 | 0 |

# EXHIBIT B

# LARSON LLP

555 South Flower Street, Suite 4400
Los Angeles, CA 90071
**P** 213.436.4888  **F** 213.623.2000
larsonllp.com

R. C. Harlan
Direct: 213.436.4868
rharlan@larsonllp.com

September 7, 2021

**VIA ELECTRONIC MAIL ONLY**

Cara David, Esq.
Pomerantz LLP
600 3rd Avenue
New York, NY 10016
E-Mail: cdavid@pomlaw.com

Re:     In re: *YayYo Securities Litigation*
        *Case No. 2:20-cv-08235- SVW (AFMx)*

Dear Ms. David:

This letter addresses both the Court's September 2, 2021 Minute Order requiring "[C]ompletion of document production, including privilege logs, by September 13, 2021 . . . ," as well as our continuing objections to producing additional documents outside of the 2019-2020 time frame.

As of now, we are attempting to complete both the review and production of the 2019-2020 responsive non-privileged documents, and provide a corresponding privilege log, by September 13, 2021.  Because there are more than 10,000 attorney-communications we have reviewed, requiring a document-by-document privilege log would be unreasonably burdensome.  Thus, we will provide a privilege-log containing descriptions by category.  *See* Adv. Comm. Notes to 1993 Amendments to FRCP 26(b); *see also In re Imperial Corp. of America* (SD CA 1997) 174 FRD 475, 478-479.

With regard to documents collected from outside the 2019-2020 time frame, it is simply impossible to review or produce additional documents from outside of that time frame by that date, for several reasons.

First, we have reviewed your proposed search terms and ran searches of those terms, which took extensive time and effort from both our internal staff and our outside document vendor.  Unfortunately, your proposed terms do not resolve our concerns as there are so many potentially responsive documents that reviewing and producing them remains unduly burdensome, overbroad, and not proportionate to the needs of the case.  For example, six of your proposed terms are so broad that those alone amount to 61,456 total documents (not including families):

- Registration: 7,610

LARSON<sub>LLP</sub>

- share*: 17,980
- stock: 10,368
- Board : 7,308
- Offering: 7,531
- John: 4,928
- Fleet: 5,731

Looking at the entirety of the documents outside the relevant 2019 and 2020 time period, there are 125,615 documents; applying your proposed search terms would result in 89,970 documents (including family).  In other words, the proposed search terms cut less than 30% of the documents, which does not alleviate the severe and undue burden placed on Defendants.  Considering the minimal relevance when balanced with the undue burden and expense Defendants would incur reviewing ~90,000 documents outside the relevant time period, it is clearly not proportionate to the needs of the case and we cannot agree to these proposed terms.

Second, it is simply impossible to review and produce potentially responsive documents from outside the 2019-2020 time period, along with a corresponding privilege log, by September 13, 2021.  It would take tens, if not hundreds, of attorneys, working around the clock to simply review the documents.  That is a cost that Defendants cannot bear and is simply not proportionate to the needs of this case.

As you know, Defendants have already expended significant resources reviewing the documents during the relevant time period and to incur additional fees to review non-relevant documents during non-relevant time periods was the very basis of Defendants' objections in the first place, which the Court has repeatedly stated have not been waived.  Thus, we continue to stand on our objections that documents outside the relevant time period of 2019 and 2020 are not relevant, overbroad, and unduly burdensome.

However, with that said, if you have a specific search term, please tell us and we will run it and let you know how many potentially responsive documents exist.  If it is reasonable, we can try to review and produce them in the spirit of compromise, without waiving our objections.  Alternatively, we can meet and confer regarding a mutually agreed extension to continue the current September 13, 2021 deadline while also agreeing to drastically refine the search terms in order whittle down the potentially responsive documents to a much more manageable number.

We look forward to your response.

Sincerely,

R.C. Harlan

# EXHIBIT C

| | |
|---|---|
| **From:** | R.C. Harlan |
| **Sent:** | Wednesday, September 15, 2021 3:52 PM |
| **To:** | Cara David; Daniel  R. Lahana |
| **Cc:** | Kelly Champ; george@richardscarrington.com; Luca Prisciandaro; Jeremy Lieberman |
| **Subject:** | RE: 9/14 Meet and confer follow-up |

Cara,

As Daniel relayed yesterday, we are working on the issues identified related to the privilege log regarding potentially mislabeled communications with NASDAQ and OTC (as well as the other issues).  That log contains thousands of entries, and it will take time to review and reproduce it.  It is unclear what remaining issues haven't been resolved regarding the privilege log.  Furthermore, we have made clear that we will work with you to correct any potential inadvertent mistakes that are revealed in the future.  If you could specify what further issues you plan to move to compel on, I'm sure we can work together to resolve those issues and avoid any motion practice.

Also, one further note, we were able to speak with John Gray and he is compiling responsive documents, which we hope to have soon.

Best,

R.C.


**R.C. Harlan**

Partner

.....................................

OD U VR Q ⁺oos

555 South Flower Street, Suite 4400

Los Angeles, CA 90071

213.436.4868 Direct

213.436.4888 Office

213.623.2000 Fax

rcharlan@larsonllp.com

Los Angeles | Orange County | Washington, D.C.

.....................................

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Cara David <cdavid@pomlaw.com>
**Sent:** Wednesday, September 15, 2021 3:30 PM
**To:** Daniel R. Lahana <dlahana@larsonllp.com>
**Cc:** Kelly Champ <Kelly.Champ@fmglaw.com>; george@richardscarrington.com; Luca Prisciandaro <lucap@wpcfs.com>; R.C. Harlan <rcharlan@larsonllp.com>; Jeremy Lieberman <jalieberman@pomlaw.com>
**Subject:** RE: 9/14 Meet and confer follow-up

[EXTERNAL EMAIL]

Counsel,

Given that I have not heard from you, despite your representation that you would get back to me on the log (and your remaining production, which you represented would be produced yesterday) at least, it appears we will have issues to bring before the Court. Given the timing of the holiday, and the due date, Plaintiffs intend to file the brief tonight. I had hoped to avoid burdening the Court, but I'm not sure what else to do given the timing and your lack of response. Plaintiffs do not intend to move to compel tonight for additional depositions or any of the third party productions, as we will await to hear from you on those. Hopefully you will get back to me in a timely manner and we can avoid additional briefing.

I am still waiting to hear from Mr. Koch, but I will update you on his availability as soon as I know it.

As you know, while West Coast folks are working away still, I am personally offline starting very soon. If there is anyone on this chain that observes, have an easy and meaningful fast.

I will (I think) see you on Monday.

Best,

Cara

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com

---

**From:** Cara David
**Sent:** Tuesday, September 14, 2021 11:27 PM
**To:** Daniel R. Lahana <dlahana@larsonllp.com>
**Cc:** Kelly Champ <Kelly.Champ@fmglaw.com>; george@richardscarrington.com; Luca Prisciandaro <lucap@wpcfs.com>; R.C. Harlan <rcharlan@larsonllp.com>; Jeremy Lieberman <jalieberman@pomlaw.com>
**Subject:** 9/14 Meet and confer follow-up

Following up on our meet and confer earlier, and my emails regarding the production and privilege log, so we can decide what to bring to the Court:

1)  You stated you would review the privilege log and get back to me tonight. You produced a privilege log with 7850 entries all marked "privilege communications." I have done a check of 500 of these entries. It confirmed my initial impression: this log is highly flawed. Of that 500, hundreds were to 3rd parties or between non-attorneys within the company. You have chosen not to do any redactions, meaning you are claiming privilege over the entirety of these 7850 documents. Given the extent of the issues with this log – which I honestly did believe was sent in error – I do not believe it is Plaintiffs' burden to go line by line. Rather, I hope to hear from you tonight on the sending of a new log and the production of the many non-privileged documents which appear on this log.
2)  As I raised, I believe George's extremely broad assertion of the privilege of board meetings during the depositions is unwarranted under the law or facts of this case. This is especially so given the NASDAQ production which indicates whatever privilege may have existed was waived as to much of this discussion. It is unclear to me if you are taking such a broad view in your privilege log given that your privilege log is currently flawed. Perhaps I will get more clarity on that tonight.

3) We are happy to make our lead plaintiff available October 4. I am still waiting to hear from Mr. Koch but will get back to you as soon as possible on that. As I stated, I was not told you wanted to depose them until today, so I'm trying to get a response as soon as possible, but it might not be until next week given the holiday. I am waiting your word on whether you will consent to over 10 depositions given the reasons I enumerated on the call.

4) We're still talking about the productions of third parties you or George represent. I'm hoping George will have an update on Ms. Digiovanni's production, given that he hopes to know about volume tomorrow. I also sent you the format I was discussing for a John Gray motion to compel unless you had an update about that.

5) I have raised various concerns about the production. The last production is missing custodian information. But perhaps more alarming is the amount of data corruption. I've raised some of it in emails—specifically, the metadata does not match the documents, several attachments seem to be without parent emails and other emails/letters seem to be separated from their attachments.

6) We seemingly remain at an impasse regarding documents outside the 2019-2020 timeframe. I have articulated – now multiple times – why I believe these documents to be clearly relevant to our claims. I have been saying for a long time that I'm happy to negotiate search terms. I've suggested numerous ways to limit the burden. But the extreme delay in responses from you leaves me with concern that, even if we can somehow come to a resolution absent court order, by the time the documents are produced, we will be too close to depositions. I know you were hoping to hear on a more nuanced hit count. Hopefully that will come tonight and we can come to quick agreement.

7) I remain concerned with missing documents and spoliation issues (apart from the metadata issues raised in #5). It seems incomprehensible that Boyd Bishop – a man one deponent stated was hired in part to investigate El-Batrawi's involvement with the company (a key issue to this case) – would not have one relevant custodian document if there were a proper hold in place as of 4/20 at the latest. Given that the Individual Defendants who have testified thus far testified that they were not told to retain documents until very recently, should we need to file a brief with the Court (which I hope to avoid), I will be raising this.

8) I believe you said you producing a few hundred documents tonight still.

9) This was not something we discussed on our meet-and-confer because of the absence of George, but thus far we seem to have no custodian documents from Christopher Miglino. However, George has stated Mr. Miglino did produce emails. So I await word on that, as I know you processed those documents.

As a reminder, I will be offline as of about 3:30pm PST tomorrow in observance of the Jewish holiday. Therefore, given the Court ordered deadline of Friday for briefing, and the little time we have before depositions begin, I hope to still hear from you tonight.

Thank you,

Cara

Cara David
**POMERANTZ**LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Phone: 212-661-1100
Direct Dial:  646-214-7730
Fax: 917-463-1044
cdavid@pomlaw.com