POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for Plaintiffs*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

CENTRAL OF CALIFORNIA

| | |
|---|---|
| IN RE YAYYO, INC. SECURITIES LITIGATION | Case No. 2:20-cv-08235-SVW-AFM<br><br>DECLARATION OF CARA DAVID IN FURTHER SUPPORT OF PLAINTIFFS' MOTION COMPEL |

I, Cara David, hereby declare as follows:

1.    I am Of Counsel at the law firm of Pomerantz LLP ("Pomerantz"), counsel for Lead Plaintiff Bernard Bednarz and Plaintiff William Koch (collectively "Plaintiffs"), and have personal knowledge of the facts set forth herein.

2.    On September 15, Plaintiffs' filed a Motion to Compel (ECF No. 146, the "Motion to Compel"). Defendants' Opposition to that Motion to Compel was filed on September 21, 2021, after the Court-ordered deadline for such document. (ECF No. 150, the "Opposition.") The Court's September 9, 2021 Order specifically stated the Court "will review the timely-filed papers[.]" (ECF No. 144, the "September 9 Order".) The only party who served timely filed papers is Plaintiffs, which included a Reply (ECF No. 149).[1] If the Court would like further briefing from Plaintiffs regarding Defendants' arguments, which we do not believe is necessary given Defendants' untimely response, Plaintiffs will comply. However, I submit this declaration simply to clear up the many factual inaccuracies about the meet and confers Plaintiffs and Defendants (other than counsel for the Individual Defendants) had on September 10 and September 14.

3.    I also wish to state the following: Defendants' failures are the reasons that Plaintiffs have had to seek Court intervention so many times. Indeed, I personally have had numerous litigations of similar type and scope, and I believe in this single case I have had to seek court intervention more times than I have had to seek court intervention in

---

[1] Plaintiffs' timely-filed Notice of Motion provides a concise statement of the requested relief and the grounds for the relief in accordance with the Local Rules.

1

DECLARATION OF CARA DAVID IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

my entire eleven-year career cumulatively up to this point.  That is because Defendants do not keep Plaintiffs up-to-date, nor do they respond to simple requests.

4.      For example, in May, Plaintiffs sought Court intervention because Mr. Newhouse would not confirm his clients were retaining documents.  (ECF No. 76.)  In an In Chambers Order, the Court reminded the Parties that evidence must be retained "when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."  (ECF No. 80 (*quoting Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 625 (C.D. Cal. 2013).  The four Individual Defendants that have testified thus far – who testified at the end of August – have testified that they were not told to retain documents until fairly recently – likely after I filed that Court application that should not have been necessary.

5.      Likewise, Plaintiffs could not obtain a single document from YayYo or the Individual Defendants before coming to the Court on July 27, 2021 (ECF No. 105), even though the trial was at that point mere months away.  The Court ordered Defendants to produce documents within a week (ECF No. 114) because the Court, not Defendants, agreed that production must commence.  Plaintiffs never believed they should require Court intervention to receive documents responsive to a document request, but that is what was required because of Defendants' behavior.

6.      Before the Court ordered the parties to meet and confer as part of the September 9 Order, Plaintiffs had sent approximately 10 meet and confer requests that

2

DECLARATION OF CARA DAVID IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

had gone without response.  I agree – none of this ***should*** require Court intervention, but it does because Defendants simply do not manage the demands of the litigation properly.

**Search Terms Outside the 2019-2020**

7.      The parties met and conferred about search terms outside the 2019-2020 time period on September 10.  At no point did Mr. Harlan, on behalf of YayYo, raise any response to my arguments with regard to the relevancy of these documents.

8.      I agree – and agreed on the meet and confer – the hit count is providing too many documents for Defendants to review.  But Plaintiffs have no way of narrowing the terms without cooperation from Defendants – the type of cooperation that has not been forthcoming.  As stated in the prior papers (ECF Nos. 146, 149), I have suggested numerous ways to lower the burden.  I have heard responses on none of them.  Even getting limited information has required multiple emails and a Court order.

9.      Hit counts for documents being processed by vendors (and YayYo is using an outside vendor) can typically be generated within hours.  As the Motion to Compel details, I asked for a hit count on August 23.  I did not receive it until September 10 (although it was generated September 3).  I have proposed numerous ways – both before and after receiving the hit count – to limit the burden.  Plaintiffs believe these documents are unquestionable relevant, as detailed in the prior filings, and should be produced.

3

DECLARATION OF CARA DAVID IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

**The Improper Privilege Log**

10.     Defendants many misrepresentations about the September 14 meet and confer is what truly necessitated this declaration, even though Plaintiffs believe the Opposition is void *ab initio*.

11.     Mr. Harlan was not in attendance at the September 14 meet and confer. That was Mr. Harlan's colleague Daniel Lahana. I can only hope that something got lost in the translation between Mr. Harlan and Mr. Lahana and Defendants are not intentionally misleading the Court, but nevertheless, intentional or not, misleading the Court is what Defendants are doing.

12.     First, with regard to Sean Mansouri of Gateway, Mr. Lahana did not assert public relations privilege on the meet and confer.  Mr. Lahana did not have any idea who Sean Mansouri was during the meet and confer. Indeed, he expressed no familiarity with any of the third parties mentioned on the meet and confer. It was me who stated that I believe Gateway often acts as press representatives and asked to clarify if Mr. Mansouri was acting in that capacity for YayYo. I then stated if Mr. Mansouri was acting as a publicist, the law is mixed and we would have to discuss further, but we first needed to know who Mr. Mansouri was to the Company. Mr. Lahana did not know and said he would get back to me. That response never occurred.

13.     I also raised emails to/from a man by the name of Sam Tawfik, who works for a third party and does not appear to be an attorney. There are documents on the privilege log that are between Mr. Tawfik and a non-attorney at YayYo. Mr. Lahana

4

DECLARATION OF CARA DAVID IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

stated he did not know who Mr. Tawfik was, but would get back to me. I did not hear back. The relevant entries remain on the "new" privilege log that was produced on September 17, 2021, four days after the Court ordered deadline (the "9/17 Log").

14. In addition to documents to/from NASDAQ.COM and the OTCMARKETS.COM,[2] I raised that emails to/from the SEC were on the privilege log. These emails remain on the 9/17 Log.

15. I raised several lines (with reference numbers) that were emails to/from solely non-lawyers within the Company, such as Boyd Bishop and Defendant Jonathan Rosen. Those entries remain on the 9/17 Log.

16. I raised entries to/from a Company named M2M Compliance. Mr. Lahana had no idea what M2M Compliance was. I stated in my experience they serve a function tantamount to Record Press, where they do typesetting and that sort of ministerial task for filing. He stated privilege would remain if YayYo was seeking out their legal counsel with regard to filings. I stated that I had not known M2M Compliance to serve a legal function, but it very well could, but I'd need counsel for YayYo to represent that was the function of M2M Compliance was serving. Mr. Lahana said he would check. There was no response. Those entries remain on the 9/17 Log.

17. The 9/17 Log therefore did not remove the need for the Motion to Compel – if the 9/17 Log did, Plaintiffs would have happily withdrawn the Motion to Compel.

---

[2] The documents to/from OTCMarkets.com were still not produced as of September 17, 2021.

5

DECLARATION OF CARA DAVID IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

18. Mr. Harlan ignores the reality and omits my response email from Exhibit C to the Declaration of R.C. Harlan in Support of Defendant YayYo, Inc.'s Opposition (ECF No. 150-1, "Harlan Exhibit C"). (My response email was sent after sundown on September 16, as I was previously observing, and the Pomerantz LLP offices were closed for, the Jewish holiday of Yom Kippur.) I raised numerous times on the September 14 meet and confer that I did not wish to file a motion, but I needed a response to at least some issues that night, given the Court-ordered deadlines and the Jewish holidays (which occupy much of this month). Mr. Harlan's response came late the following day, after I stated I was already going to be offline for Yom Kippur (in both an email and the prior day's meet and confer). A true and correct copy of the full chain of that email exchange is attached Exhibit A.

19. Additionally, and most glaringly false, Defendants brief includes the following statement: "Sensing that YayYo's agreement to modify its privilege log would moot their motion, Plaintiffs now manufacture a new purported basis for their motion through a tenuous connection between YayYo's invoking of the attorney-client privilege during depositions and its current privilege log. At the outset, ***these issues were never raised during the September 14, 2021 meet and confer meeting***." (Opposition at 8 (emphasis added).) This is completely untrue. Those issues were discussed substantively during the September 14 meet and confer, but Mr. Lahana had no response.

20. Indeed, Defendants' falsehood is revealed by its own exhibits. The first email in Harlan Decl. Exhibit C (a more complete version is attached hereto as Exhibit

6

A) is an email from me about some matters discussed during the September 14, 2021 meet and confer.  In it, I state: "*As I raised*, I believe George's extremely ***broad assertion of the privilege of board meetings during the depositions is unwarranted*** under the law or facts of this case. This is especially so given the NASDAQ production which indicates whatever privilege may have existed was waived as to much of this discussion. It is unclear to me if you are taking such a broad view in your privilege log given that your privilege log is currently flawed. Perhaps I will get more clarity on that tonight" (emphasis added).

21.    In fact, we discussed two issues with regard to privilege assertions made at the depositions: board meeting privilege and certain documents to/from Defendant Paul Richter. Those are detailed in the Motion to Compel.  We even discussed whether the Company would continue to assert board meeting privilege in the upcoming depositions.

22.    Mr. Lahana had no response to either and did not know whether the Company was still asserting privilege as to the documents to/from Mr. Richter that Mr. Richter testified extensively about.

23.    As I noted to Mr. Harlan on September 16 (see Exhibit A at 1), last week "should have been the week I reviewed the log and we had a substantive discussion/I moved to compel on individual narrow issues but [Defendants'] log made that impossible." Even the representative of counsel who was on the September 14 meet and confer had little idea what the Company was asserting privilege over and why.  Therefore,

7

DECLARATION OF CARA DAVID IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

the parties could have no substantive conversation on that meet and confer about the few issues Plaintiffs had identified thus far.

24. I have extensive shorthand notes from the meet and confer that I would be willing to submit to the Court for an *in camera* review if necessary.

25. These matters are extremely timely and important. While during the September 20, 2021 hearing, Judge Wilson did express a desire for further briefing on the merits of the case, he also specifically scheduled the hearing for after the deposition of Defendant Jonathan Rosen. He expressed to both parties, multiple times, the desire to learn about the outcome of that deposition. Plaintiffs cannot adequately prepare for the deposition of Mr. Rosen, or the many upcoming depositions, without proper document discovery. Judge Wilson did not delay any fact discovery deadline and, in fact, actively sought the results of discovery.

26. Plaintiffs would love to never have to bring another discovery issue before this Court, but that requires the parties to work together, something Defendants have thus been unwilling to do. Again, I have personally been involved with similar litigations of scope and type and generally the parties meet and confer and work out at least some issues. For example, in a recent case with a lower estimated damages figure, I had extensive meet and confers with Defendants about hit counts and received numerous related vendor reports in a two-week period. That is fairly typical. Here, that information has not been forthcoming.

DECLARATION OF CARA DAVID IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

Executed on September 22, 2021, at New York, New York.

*/s/ Cara David*
Cara David

9
DECLARATION OF CARA DAVID IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM

CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2021, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Cara David
Cara David

DECLARATION OF CARA DAVID IN FURTHER SUPPORT OF MOTION TO COMPEL
Case No. 2:20-cv-08235-SVW-AFM