**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re YAYYO, INC. SECURITIES LITIGATION | Case No. 2:20-cv-08235-SVW-AFM |
| | CLASS ACTION |
| | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| | DATE:     December 13, 2021 |
| | TIME:     1:30pm |
| | CTRM:    10A |
| | JUDGE:   Honorable Stephen V. Wilson |

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................ 1

II.   OVERVIEW OF THE LITIGATION ................................................. 4

III.  SUMMARY OF SETTLEMENT TERMS ......................................... 5

IV.  THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL ......................................................................................... 9

    A.   Plaintiff and Lead Counsel Have Adequately Represented the Classes ...................................................................................... 10

    B.   The Proposed Settlement Is the Result of Good Faith, Arm's-Length Negotiations by Informed Counsel ........................................ 11

    C.   The Immediate Relief Provided to the Classes Is Adequate ............. 12

        1.   The Immediate Substantial Benefits for the Classes, Weighed Against the Risks and Delay Supports Preliminary Approval ............................................................... 12

        2.   The Method for Distributing Relief Is Effective ..................... 17

        3.   Attorneys' Fees .......................................................................... 17

        4.   The Proposed Plan of Allocation Is Designed to Treat Class Members Equitably ........................................................ 18

    D.   The Proposed Classes Should Be Certified Under Rule 23 ............... 19

    E.   The Remaining Ninth Circuit Factors Are Satisfied ......................... 22

        1.   The Stage of the Proceedings at Which the Settlement Was Achieved Supports Preliminary Approval ...................... 22

        2.   Experience and Views of Counsel ............................................ 22

V.   THE PROPOSED FORMS AND METHOD OF PROVIDING NOTICE TO THE CLASSES ARE APPROPRIATE AND SATISFY FED. R. CIV. P. 23 AND DUE PROCESS ................................................. 23

VI.  PROPOSED SETTLEMENT SCHEDULE ...................................... 25

VII. CONCLUSION ................................................................................. 26

- i –

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods. V. Windsor*,
    521 U.S. 591 (June 25, 1009) ..............................................................................20

*Boyd v. Bank of Am. Corp.*,
    2014 WL 6473804 (C.D. Cal. Nov. 18, 2014) ....................................................18

*Ciuffitelli v. Deloitte & Touche LLP*,
    2019 WL 1441634 (D. Or. Mar. 19, 2019) .........................................................18

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974) .............................................................................................24

*Ellis v. Naval Air Rework Facility*,
    87 F.R.D. 15 (N.D. Cal. 1980) ............................................................................22

*Erica P. John Fund, Inc. v. Halliburton Co.*,
    131 S. Ct. 2179 (2011) .........................................................................................20

*Franklin v. Kaypro Corp.*,
    884 F.2d 1222 (9th Cir. 1989)................................................................................9

*Gittin v. KCI USA, Inc.*,
    2011 WL 1467360 (N.D. Cal. Apr. 12, 2011) .....................................................21

*Gribble v. Cool Transports Inc.*,
    2008 WL 5281665 (C.D. Cal. Dec. 15, 2008) .....................................................11

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998)................................................................... 10, 19, 20

*Hefler v. Wells Fargo & Co.*,
    2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) *aff'd sub nom. Hefler
    v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020)......................................11, 12, 13, 22

*Hodges v. Akeena Solar Inc.*,
    274 F.R.D 259 (N.D. Cal. 2011) ..........................................................................19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

**Page**

*In re Adobe Sys., Inc. Sec. Litig.*,
   139 F.R.D. 150 (N.D. Cal. 1991) ....................................................................... 19

*In re Cooper Companies Inc. Sec. Litig.*,
   254 F.R.D. 628 (C.D. Cal. 2009) ............................................................... 19, 21

*In re Emulex Corp.*,
   210 F.R.D. 717 (C.D. Cal.) ............................................................................... 21

*In re Genworth Fin. Sec. Litig.*,
   2016 WL 7187290 (E.D. Va. Sept. 26, 2016) .................................................... 18

*In re Heritage Bond Litig.*,
   2005 WL 1594389 (C.D. Cal. June 10, 2005) .................................................... 17

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019) .............................................................................. 9

*In re Inter-Op Hip Prosthesis Liab. Litig.*
   204 F.R.D. 330 (N.D. Ohio 2001) ...................................................................... 20

*In re Intuitive Surgical Sec. Litig.*,
   2016 WL 7425926 (N.D. Cal. Dec. 22, 2016) .................................................... 20

*In re LDK Solar Sec. Litig.*,
   255 F.R.D. 519 (N.D. Cal. 2009) ................................................................. 20, 21

*In re MGM Mirage Sec. Litig.*,
   708 F. App'x 894 (9th Cir. 2017) ....................................................................... 24

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2007) ............................................................. 22

*In re Oracle Corp. Sec. Litig.*,
   627 F.3d 376 (9th Cir. 2010) ............................................................................. 13

*In re OSI Sys.*,
   No. CV142910MWFMRWX, 2017 WL 5634607 (C.D. Cal. Jan.
   24, 2017) ..................................................................................................... 11, 12

*In re Pac. Enters. Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1995) ............................................................................... 17

- iii –

**Page**

*In re Seagate Tech. II Sec. Litig.*,
    843 F. Supp. 1341 (N.D. Cal. 1994)...................................................................19

*In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir. 2008) ...............................................................9

*In re UTStarcom, Inc. Sec. Litig.*,
    2010 WL 1945737 (N.D. Cal. May 12, 2010) ...............................................19, 21

*In re Verisign, Inc. Sec. Litig.*,
    2005 WL 7877645 (N.D. Cal. Jan. 13, 2005) ....................................................19

*In re Zynga Sec. Litig.*,
    2015 WL 6471171, (N.D. Cal., Oct 27 2015).....................................................18

*Low v. Trump Univ., LLC*,
    246 F. Supp. 3d 1295 (S.D. Cal. 2017), *aff'd*, 881 F.3d 1111 (9th
    Cir. 2018)........................................................................................16

*McMahan & Co. v. Wherehouse Entm't, Inc.*,
    65 F.3d 1044 (2nd Cir.1995) .....................................................................15

*Morris v. Lifescan, Inc.*,
    54 F. App'x 663 (9th Cir. 2003).................................................................17

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
    339 U.S. 306 (1950) ..............................................................................24

*Norris v. Mazzola*,
    2017 WL 6493091 (N.D. Cal. Dec. 19, 2017) ....................................................22

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension
    Fund*,
    575 U.S. 175 (2015) ..............................................................................14

*Pataky v. Brigantine, Inc.*,
    2018 WL 3020159 (S.D. Cal. June 18, 2018) ....................................................11

*Redwen v. Sino Clean Energy, Inc.*,
    2013 WL 12129279 (C.D. Cal. Mar. 13, 2013) ...................................10, 13, 22

- iv –

**Page**

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ................................................................................ 9, 23

*Salazar v. Midwest Servicing Grp., Inc.*,
2018 WL 3031503 (C.D. Cal. June 4, 2018) ...................................................... 13

*Schleicher v. Wendt*,
618 F.3d 679 (7th Cir. 2010) ............................................................................ 21

*Tawfilis v. Allergan, Inc.*,
2018 WL 4849716 (C.D. Cal. Aug. 27, 2018) ................................................... 18

*Vathana v. EverBank*,
2010 WL 934219 (N.D. Cal. Mar. 15, 2010) ..................................................... 20

*Wahl v. Am. Sec. Ins. Co.*,
2011 U.S. Dist. LEXIS 59559 (N.D. Cal. Jun. 2, 2011) .................................... 21

*Young v. LG Chem Ltd.*,
783 F. App'x 727 (9th Cir. 2019) ........................................................................ 9

**Statutes**

15 U.S.C. §77i .......................................................................................................... 14

15 U.S.C. §77k .......................................................................................................... 14

15 U.S.C. § 77k(e) .................................................................................................... 14

15 U.S.C. § 77o ......................................................................................................... 13

15 U.S.C. §78u-4, *et seq.* .......................................................................... 3, 8, 24, 25

U.S. Code § 77I(a)(2) ............................................................................................... 14

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... *passim*

Fed. R. Civ. P. 23(e) ................................................................................................... 9

Fed. R. Civ. P. 26(a) ............................................................................................... 2, 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

**Page**

Fed. R. Civ. P. 26(f) ........................................................................................... 2, 5

**Other Authorities**

Cornerstone Research, "Securities Class Action Settlements — 2019 Review and Analysis," (the median recovery in 10(b) cases in 2019 was 4.8% of estimated damages) ............................................................ 14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

## I.   INTRODUCTION

Plaintiff William Koch, on behalf of himself and the proposed settlement Classes, has reached and executed an agreement to settle all claims in this Litigation against the company now known as EvMo, Inc., but formally known as YayYo, Inc. and Rideshare Rental, Inc. ("YayYo" or the "Company"), Ramy El-Batrawi, Jonathan Rosen, Kevin Pickard, Harbant S. Sidhu, Jeffrey Guzy, Christopher Miglino, Paul Richter and WestPark Capital, Inc. ("WestPark") (the "YayYo Settlement" or the "Settlement") for a $1,150,000 cash payment for the benefit of the Classes.[1] The terms of the Settlement are set forth in the Stipulation of Settlement dated November 18, 2021 ("Stipulation"), submitted herewith.[2] The Court previously preliminarily approved, on September 27, 2021, a settlement with the only other Defendant in the Litigation, Aegis Capital Corp. ("Aegis"), which consisted of a $550,000 cash payment for the benefit of the Classes (the "Aegis Settlement," together with the YayYo Settlement, the "Settlements"). ECF No. 158. These settlements total represent $1,700,000.

As this Court is aware, Securities Act claims, which resulted in the majority of damages in this Litigation, are subject to negative causation arguments. If Defendants established negative causation, Plaintiff's damages expert estimated that damages in the Litigation may have only reached approximately $2 million. Therefore, the $1.7 million, delivered to the Classes now, rather than after protracted litigation and several additional expenses, is an exceptional recovery for the Classes. Even if the Classes were certified and a trial resulted in a successful outcome, the

---

[1] Lead Plaintiff Bernard Bednarz does not currently join in this Settlement. If the Court preliminarily approves the Settlement, and Mr. Bednarz does not elect to join, Lead Counsel will promptly file a motion to withdraw from representation of Mr. Bednarz.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Stipulation.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

Classes still could have received less than they are receiving right now because of the high costs associated with prosecuting a case through trial.

At this time, Plaintiff seeks the Court's preliminary approval of the YayYo Settlement under Fed. R. Civ. P. 23 on the grounds that the Settlement is the product of good-faith, arm's-length negotiations between experienced counsel, assisted and supervised by Michelle Yoshida of Phillips ADR Enterprises—a highly respected and nationally recognized mediator and mediation firm extensively experienced in complex securities litigation, represents a recovery that falls well within the range of possible approval, and is in the best interests of the Classes.

As discussed further below, Plaintiff reached the YayYo Settlement after developing a robust understanding of and appreciation for the strengths and weaknesses of the case against all parties. Plaintiff: (i) engaged in extensive investigation; (ii) filed detailed complaints and amended complaints; (iii) completed extensive briefing on the YayYo Defendants'[3] motion for judgment on the pleadings (which the Court denied) and Aegis' motion to dismiss; (iv) moved for certification of the Classes; (v) participated in two full day mediations before Ms. Yoshida; and (vi) undertook extensive fact discovery efforts, including reviewing tens of thousands of documents, filing a Rule 26(f) discovery plan, serving Rule 26(a) disclosures, participating in meet and confers and court hearings related to discovery and conducting several depositions. The efforts, experience, and strategic-decision making of Plaintiff and Lead Counsel enabled them to uniquely negotiate and secure two Settlements for the benefit of the Classes.

---

[3] The YayYo Defendants include YayYo, Ramy El-Batrawi, Jonathan Rosen, Kevin Pickard, Harbant S. Sidhu, Jeffrey Guzy, Christopher Miglino, and Paul Richter and WestPark Capital, Inc. (collectively with Aegis, the "Defendants").

- 2 –

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

Additionally, Plaintiff seeks approval of the form and substance of the Notice of Pendency and Proposed Settlements of Class Action ("Notice")[4]; Proof of Claim and Release Form ("Proof of Claim" or "Claim Form"); and the Summary Notice appended as Exhibits A-1, A-2, and A-3 to the Preliminary Approval Order. Plaintiff also seeks the Court's approval of AB Data, Ltd. ("AB Data") as the Claims Administrator and the means and methods for disseminating notice of the Settlement, and a finding that such notice comports with due process and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4, *et seq.* By granting preliminary approval, Plaintiff will be able to notify the Classes and solicit claims, requests for exclusion, and objections, which will allow the Court to consider the Settlement's fairness, reasonableness, and adequacy, and ultimately, whether to finally approve the Settlement.

In sum, Plaintiff and Lead Counsel have conducted a thorough investigation of the facts and legal theories relating to and forming the basis of the claims alleged in the Litigation, including through extensive litigation of Plaintiff's claims against all Defendants and a multi-phase discovery process. Plaintiff and Lead Counsel have concluded, based upon the aforementioned litigation record and factual investigation, and taking into account the contested issues involved, the expense and time necessary to prosecute the Litigation through trial, and subsequent potential appeals, the risks, costs, and uncertainties of further prosecution of the Litigation, and the substantial benefits to be provided to the Classes pursuant to the Stipulation, that a settlement on the terms set forth herein is fair, equitable, adequate, reasonable, and in the best interests of the Classes.

---

[4] As discussed more fully below, in order to save administration costs, the Notice provides notice of the Aegis Settlement and the YayYo Settlement.

- 3 –

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

## II.   OVERVIEW OF THE LITIGATION

This Litigation was commenced on September 9, 2020, Case No. 2:20-cv-08235-SVW-AFM in the Central District of California. On September 18, 2020, Plaintiff Koch filed a substantially similar action in the same court, Case No. 2:20-cv-08591-SVW-AFM (the "Koch Action"). On November 2, 2020, the Court consolidated the two cases and administratively closed the Koch Action docket. On December 1, 2020, the Court appointed Pomerantz LLP as Lead Counsel.

On February 8, 2021, Plaintiff Koch and Mr. Bednarz filed the operative Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint"). On March 1, 2021, WestPark filed an answer to the Amended Complaint and Aegis filed a motion to dismiss the Amended Complaint. On March 3, 2021, the YayYo Defendants filed an answer to the Amended Complaint. The Litigation was then temporarily stayed pending an early mediation entered into at the request of Defendants.

In April 2021, the parties engaged the services of Michelle Yoshida of Phillips ADR Enterprises, a nationally recognized mediator and mediation firm, to facilitate settlement negotiations and assist in resolving the Litigation in its entirety. On April 29, 2021, the parties participated in a full-day mediation with Ms. Yoshida. In advance of the mediation, the parties prepared and exchanged detailed position statements which they presented to and discussed with Ms. Yoshida.

Despite the parties' efforts at the mediation, they did not reach an agreement to settle the Litigation, or any aspect of it, and the litigation continued. Plaintiffs opposed Defendant Aegis' motion to dismiss on May 17, 2021, and Defendant Aegis replied on May 31, 2021. However, as the Litigation was ongoing, Aegis continued its settlement negotiations with the assistance of Ms. Yoshida, ultimately culminating in a mediator's recommendation to settle the Litigation with Aegis for $550,000.00, which Aegis accepted and resulted in a stipulation of settlement on

- 4 –

August 27, 2021. The court orally granted preliminary approval of the Aegis Settlement during a hearing held on September 27, 2021.

The Litigation continued as to all other parties. On July 2, 2021, Bernard Bednarz and Plaintiff filed a motion to certify the Classes. The YayYo Defendants opposed that motion. The Court first held oral argument on that motion on September 20, 2021, which was then continued to October 19, 2021 after the Court expressed interest in hearing more on the merits of the Litigation.

While the motion for class certification was still pending, the YayYo Defendants and Plaintiff engaged in another all-day mediation with Ms. Yoshida on October 8, 2021. While a settlement was not reached that day, the YayYo Settlement was reached in the days after, with the assistance of Ms. Yoshida.

At the time this Settlement was reached, Plaintiff had, among other things, completed the following: (i) engaged in extensive investigation; (ii) filed detailed complaints and amended complaints; (iii) completed extensive briefing on the YayYo Defendants' motion for judgment on the pleadings (which the Court denied) and Aegis' motion to dismiss; (iv) moved for certification of the Classes; (v) participated in two full day mediations before Ms. Yoshida; and (vi) undertook extensive fact discovery efforts, including reviewing tens of thousands of documents, filing a Rule 26(f) discovery plan, serving Rule 26(a) disclosures, participating in meet and confers and court hearings related to discovery and conducting several depositions.

## III.    SUMMARY OF SETTLEMENT TERMS

The Settlement requires the YayYo Defendants to pay $1,150,000.00 in cash into an escrow account for the benefit of the Classes. The amount will be paid in five installments, as set forth in the following schedule: (1) first payment, in the amount of $150,000 (comprised of $100,000 from Defendant Ramy El-Batrawi and $50,000 from WestPark), on or before December 4, 2021; (2) second payment, in the amount

of $250,000, on or before January 18, 2022; (3) third payment, in the amount of $250,000, within 90 calendar days from the second payment; (4) fourth payment, in the amount of $250,000, within 90 calendar days from the third payment; (5) fifth payment, in the amount of $250,000, within 90 calendar days from the fourth payment. To further secure these payments, YayYo, Terren Peizer (Executive Chairman of the Board of Directors of YayYo), WestPark and Jeremy Lieberman on behalf of Plaintiff also entered into a Conditional Consent Judgment, which is to be filed with the District Court for the Central District of California on any business day if the payment plan detailed is not adhered to. Notably, this payment schedule is not expected to delay the distribution of funds to the proposed Classes. These payments will be included in the Settlement Fund, which will also include a lump-sum payment established by the Aegis Settlement (already preliminarily approved by the Court) of $550,000, which will be made by Aegis within twenty calendar days of the entry of the order granting preliminary approval of the Settlements and setting the dates associated with the final Settlement Hearing.

Plaintiff seeks, and the YayYo Defendants do not oppose, the Court's certification of the following Classes for settlement purposes only pursuant to Fed. R. Civ. P. 23:

(a)    The Exchange Act Class: all persons or entities who purchased or otherwise acquired YayYo common stock during the period from November 13, 2019 through and including April 28, 2020, both dates inclusive. Excluded from the Exchange Act Class are Defendants and their family members, directors and officers of YayYo, WestPark and Aegis and their families, affiliates, predecessors and/or successors.

(b)    The Securities Act Class: all persons or entities who purchased or otherwise acquired YayYo common stock pursuant and/or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 initial public offering. Excluded from the Securities Act Class are Defendants and their family members, directors and officers of YayYo, WestPark and Aegis and their families, affiliates, predecessors and/or successors.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

(c)     The Securities Act Subclass: all persons or entities who were primary investors and acquired shares of YayYo's common stock pursuant to the November 13, 2019 IPO. Excluded from the Securities Act Subclass are Defendants and their family members, directors and officers of YayYo, WestPark and Aegis and their families, affiliates, predecessors and/or successors.

Defendants agreement as to certification of the Classes is only for purposes of effectuating this Settlement, and for no other purpose. The YayYo Defendants and Plaintiff acknowledge there has been no stipulation to any class or certification of a class for any purpose other than effectuating the two Settlements, and that, if the YayYo Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the YayYo Settlement set forth in this Stipulation otherwise fails to proceed for any other reason, then this agreement as to certification of the Classes by the YayYo Defendants for settlement purposes only shall become null and void *ab initio*, and neither this Stipulation nor any other statement in connection with the Settlement may be cited in support of any argument for certifying a class.

Notice to the Classes and the cost of settlement administration ("Notice and Administration Expenses") will be funded by the Settlement Fund. Plaintiff proposes a nationally recognized class action settlement administrator, AB Data, to be retained subject to the Court's approval. AB Data was already approved as the Claims Administrator for the Aegis Settlement. The proposed notice plan and plan for claims processing is discussed further below.

In order to save the Classes administration fees associated with the work the Claims Administrator necessarily must do to provide adequate notice to the Classes, Lead Counsel received the approval of Defendants to combine the notice for the Aegis Settlement and the YayYo Settlement. The Notice provides the Classes with relevant information about both Settlements. The Notice provides that Lead Counsel

- 7 –

will move for final approval of both Settlements and: (a) an award of attorneys' fees in an amount of not to exceed one-third (⅓) of the combined Settlement amounts (which will be a negative lodestar multiplier given the extensive hours spent on the Litigation thus far); (b) payment of Lead Counsel's reasonable expenses or charges resulting from the prosecution of the Litigation in an amount not to exceed $100,000; and (c) any interest on such amounts at the same rate and for the same period as earned by the Settlement Fund. The Notice explains that such fees and expenses shall be paid from the Settlement Fund. Further, as explained in the Notice, Lead Counsel may apply to the Court, on behalf of a person or people, for service awards pursuant to 15 U.S.C. §78u-4(a)(4) in connection with representation of the Classes in an amount not to exceed $35,000 total for both Settlements. Once Notice and Administration Expenses, Taxes, Tax Expenses, and Court-approved attorneys' fees and expenses and any awards pursuant to 15 U.S.C. §78u-4(a)(4) have been paid from the Settlement Fund, the remaining amount—the Net Settlement Fund—shall be distributed pursuant to the Court-approved Plan of Allocation to Authorized Claimants who are entitled to a distribution of at least $10. Any amount remaining following the distribution shall be redistributed in an economically feasible manner. The Plan of Allocation treats all Class Members equitably based on the timing of their YayYo common stock purchases, acquisitions, and sales.

In exchange for the benefits provided under the Settlement, Class Members will release any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that Plaintiff or any other members of the Classes asserted or could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions referred to in the Settlement, as specifically outlined in ¶4 of the Stipulation.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

## IV.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Courts recognize that public policy strongly favors settlements to resolve disputes, "'particularly where complex class action litigation is concerned.'" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019);[5] *see also Young v. LG Chem Ltd.*, 783 F. App'x 727, at *1 (9th Cir. 2019) (same); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (same). Moreover, courts should defer to "the private consensual decision of the parties" to settle and advance the "'overriding public interest in settling and quieting litigation.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009); *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (quoting *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)).

Fed. R. Civ. P. 23(e) requires judicial approval for a settlement of claims brought as a class action. Pursuant to Rule 23(e)(1), as recently amended, the issue at preliminary approval turns on whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."

Rule 23(e)(2) provides:

(2)   ***Approval of the Proposal.*** If the proposal would bind class members, the court may approve it only if after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A)   the class representatives and class counsel have adequately represented the class;

(B)   the proposal was negotiated at arm's length;

(C)   the relief provided for the class is adequate, taking into account:

(i)   the costs, risks, and delay of trial and appeal;

---

[5]   All citations are omitted unless otherwise noted.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

(ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii)   the terms of any proposed award of attorney's fees, including timing of payment; and

(iv)   any agreement required to be identified under Rule 23(e)(3); and

(D)   the proposal treats class members equitably relative to each other.

In addition, the Ninth Circuit uses the following factors for preliminary approval, some of which overlap with Rule 23(e)(2): "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

As discussed below, the proposed Settlement here satisfies each of the factors identified under Rule 23(e)(2), as well as the applicable Ninth Circuit factors, such that Notice of the proposed Settlement should be sent to the Classes in advance of the final Settlement Hearing.[6]

### A.   Plaintiff and Lead Counsel Have Adequately Represented the Classes

Plaintiff and Lead Counsel have adequately represented the Classes as required by Rule 23(e)(2)(A) by diligently investigating and prosecuting this Litigation for over two years, including, among other things, investigating and drafting the initial complaint and Amended Complaint; successfully opposing the YayYo Defendants'

---

[6]   Because notice of the Settlement has not yet been provided to the Classes, the Court does not yet have the benefit of the Class Members' reaction. *See Redwen v. Sino Clean Energy, Inc.*, 2013 WL 12129279, at *5 (C.D. Cal. Mar. 13, 2013).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE: Case No. 2:20-cv-08235-SVW-AFM

motion for judgment on the pleadings; completing extensive briefing on Defendant Aegis' motion to dismiss; moving for certification of the Classes and completing extensive briefing in connection therewith; obtaining and reviewing tens of thousands of documents produced by Defendants; and effectively engaging in two all-day mediations with Ms. Yoshida, ultimately culminating in the Settlements for the benefit of the Classes. In light of the foregoing, it should be without question that Plaintiff and Lead Counsel have adequately represented the Classes. *See Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *6 (N.D. Cal. Dec. 18, 2018) *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020) (finding, in finally approving settlement, that "Class Counsel had vigorously prosecuted this action through dispositive motion practice, extensive initial discovery, and formal mediation").

### B. The Proposed Settlement Is the Result of Good Faith, Arm's-Length Negotiations by Informed Counsel

The Rule 23(e)(2)(B) factor is a procedural one, asking whether "the [settlement] proposal was negotiated at arm's length." The use of experienced mediators like Ms. Yoshida in this case weighs in favor of this factor. *See In re OSI Sys.*, 2017 WL 5634607, at *3 (C.D. Cal. Jan. 24, 2017). In addition, "[a] settlement is presumed to be fair if reached in arms-length negotiations after relevant discovery has taken place." *Pataky v. Brigantine, Inc.*, 2018 WL 3020159, at *3 (S.D. Cal. June 18, 2018). Indeed, in a case like this one that has progressed well into discovery, "'[g]reat weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.'" *Gribble v. Cool Transports Inc.*, 2008 WL 5281665, at *9 (C.D. Cal. Dec. 15, 2008).

As noted above, the proposed Settlement follows extensive litigation over the course of years and arm's-length negotiations. The Settlement was achieved only after two full-day mediations before Ms. Yoshida, followed by a week of additional arm's-length negotiations facilitated and overseen by Ms. Yoshida. The negotiations were at all times adversarial and at arm's length, and produced a result that is in the

- 11 –

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE: Case No. 2:20-cv-08235-SVW-AFM

Classes's best interests. As part of the settlement discussions, Lead Counsel and Defendants' counsel prepared and presented submissions concerning, among other things, their respective views on the merits of the Litigation, including Defendants' defenses and issues relating to causation and damages, along with supporting evidence obtained through investigation and discovery.

After intensive back-and-forth negotiations following the mediation, including multiple emails and phone calls with Ms. Yoshida, the YayYo Settlement was reached in accordance with the mediator's recommendation. The protracted negotiations under the supervision of a neutral and experienced mediator evidence that the Settlement was reached at arm's length. *See Hefler*, 2018 WL 6619983, at *6 ("[T]he Settlement was the product of arm's length negotiations through two full-day mediation sessions and multiple follow-up calls supervised by former U.S. District Judge Layn Phillips."); *OSI Sys.*, 2017 WL 5634607, at *3 ("'Judge Phillips' participation weighs considerably against any inference of a collusive settlement.'") (quoting *In re Atmel Corp. Derivative Litig.*, 2010 WL 9525643, at *13 (N.D. Cal. Mar. 31, 2010)).

In sum, armed with extensive information generated through over two years of investigation and litigation, Plaintiff negotiated a Settlement that recovers a substantial sum in relation to the amount of possible damages.

### C. The Immediate Relief Provided to the Classes Is Adequate

#### 1. The Immediate Substantial Benefits for the Classes, Weighed Against the Risks and Delay Supports Preliminary Approval

Rule 23(e)(2)(C)(i) and the Ninth Circuit's factors concerning the "strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation"; and "the amount offered in settlement," are also satisfied because the $1,150,000 cash recovery of the YayYo Settlement, augmented by the $550,000 cash provided by the Aegis Settlement, provides a significant and an immediate

benefit to the Classes, especially in light of the costs, risks, and delay posed by continued litigation. *Hefler*, 2018 WL 6619983, at *3. "'[S]ecurities actions are highly complex and . . . securities class litigation is notably difficult and notoriously uncertain.'" *Id.* at *13.

While Plaintiff remains confident in his ability to ultimately prove his claims against the YayYo Defendants, further litigation – including a trial – is always a risky proposition. *See, e.g.*, *Salazar v. Midwest Servicing Grp., Inc.*, 2018 WL 3031503, at *6 (C.D. Cal. June 4, 2018) (a settlement agreement's elimination of risk, delay, and further expenses weighs in favor of approval). Further, complex securities fraud class actions such as this one present a myriad of risks that a plaintiff must overcome in order to ultimately secure a recovery. *See, e.g.*, *Redwen*, 2013 WL 12129279, at *5 (quoting *In re Flag Telecom Holdings*, 2010 WL 4537550, at *17 (S.D.N.Y. Nov. 8, 2010) ("Courts experienced with securities fraud litigation "'routinely recognize that securities class actions present hurdles to proving liability that are difficult for plaintiffs to clear.'""); *e.g.*, *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 395 (9th Cir. 2010) (affirming summary judgment in favor of defendants where plaintiff failed to establish a triable issue on loss causation). While Plaintiff would be required to prove all elements of his claims to prevail, the YayYo Defendants need only succeed on one defense to potentially defeat the claims against them.

While the Litigation had gotten through the pleading stage, the Court itself had recently expressed some doubts about the merits of the case during a September 20, 2021 hearing. While Plaintiff is confident he would have prevailed on the merits, which Plaintiff believes are extremely strong, there are no guarantees.

The Parties also had very different views on damages. The absolute maximum the Classes could have recovered was approximately $12 million, including a high percentage of pre-judgement interest (which would have had to be approved by the

- 13 –

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE: Case No. 2:20-cv-08235-SVW-AFM

court) on the Section 12 claim.[7] Even using that number, the Settlements are a good result for the Classes, representing 14% of maximum damages. This is significantly higher than the median ratio of settlement value reported by both Cornerstone Research and NERA Economic Consulting. *See* Cornerstone Research, "Securities Class Action Settlements — 2019 Review and Analysis," at 6 (the median recovery in 10(b) cases in 2019 was 4.8% of estimated damages); NERA Economic Consulting, "Recent Trends in Securities Class Action Litigation: 2020 Full-Year Review, at 19 ("For cases settled between 2012 and 2020, the ratio of settlement to Investor Losses is. . . 5.2% for cases with Investor Losses between $20 million and $50 million.").

But, more importantly, the best-case scenario damages were likely to be much lower. The damages without interest, for all the claims combined, were approximately $10 million. With that in mind, the Settlements represent 17% of damages. However, there was an even more troubling fact to Plaintiff – if Defendants had been able to establish negative causation, the damages dropped to approximately $2 million.

Loss causation is not an element of the strict liability Section 11 and Section 12 claims. *See, e.g., Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 179 (2015). The absence of loss causation, also known as "negative causation," is an affirmative defense that defendants must plead and prove to both Section 11 and Section 12(a)(2) claims. The affirmative defense of negative causation prevents recovery for losses that the defendant proves are not attributable to the alleged misrepresentation or omission in the registration statement. *See* 15

---

[7] Section 12 is a statute that specifically calls for interest.  15 U.S. Code § 77l(a)(2) (". . . to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover ***the consideration paid for such security with interest thereon***, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security" (emphasis added)).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

U.S.C. § 77k(e); *see also McMahan & Co. v. Wherehouse Entm't, Inc.*, 65 F.3d 1044, 1048 (2nd Cir.1995). Aegis raised negative causation in its motion to dismiss. It could have come up again, with any party raising it at summary judgment or at trial. Multiple negative causation arguments were available to Defendants. The Amended Complaint places the first disclosure on January 24, 2020, when the Company filed an action for declaratory judgement and permanent injunction against El-Batrawi in the Superior Court of the State of California, County of Los Angeles, alleging that El-Batrawi continued to purport to act on behalf of the Company and he was harming the business. If Defendants could establish that any loss prior to this disclosure could not be linked to any fraud, damages would be significantly reduced as the stock price first fell shortly after the IPO. Additionally, there is a possible argument, anticipated by Plaintiff, that even the Company's "voluntary delisting" from the NASDAQ, because it was technically voluntary, could not be attributed to any alleged misrepresentations or omissions contained in the offering materials. Plaintiff is confident he could have overcome the argument, because Plaintiff believes he would have been able to establish the IPO was broken. Likewise, Plaintiff believes the delisting was directly related to the Company's misrepresentations and omissions. However, there was a risk that Defendants would have been able to establish negative causation. If that occurred, the estimated damages would have fallen to approximately $2 million. Therefore, ***the current recovery of $1.7 million is 85% of what the Classes may have received even with a successful trial verdict***. And settling now not only saves time, but it also saves the expenses associated with summary judgment and a trial, which inevitably would have required expert testimony.

Moreover, Plaintiff would still need to prevail on the pending class certification motion, at summary judgment, on pretrial motions, at trial, and on any subsequent appeals— a process that could possibly extend for years. Settlement is

- 15 –

favored where, as here, the case is "'complex and likely to be expensive and lengthy to try,'" and presents numerous risks beyond the "'inherent risks of litigation.'" *Low v. Trump Univ., LLC*, 246 F. Supp. 3d 1295, 1301 (S.D. Cal. 2017), *aff'd*, 881 F.3d 1111 (9th Cir. 2018) (quoting *Rodriguez*, 563 F.3d at 966, and *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993)).

The Settlement balances the risks, costs, delay, and benefit of immediate recovery for the Classes against the mere possibility of future recovery from Defendants through continued prosecution of the claims. This is especially so when, during a discovery conference in front of Magistrate MacKinnon on October 1, 2021, counsel for YayYo indicated the Company was having trouble shouldering the costs of the Litigation. According to its 10-Q filing for the period ending September 30, 2021, the Company had only slightly more assets than liabilities. There is no way to ensure that YayYo would have survived as a going concern if the Litigation continued – and, if YayYo ceased to exist, the Litigation would have continued against only the former directors and officers and WestPark. This would have caused added concern. Individuals are famously difficult to collect judgments from. Additionally, WestPark, which was an underwriter in the IPO (and would have been the only remaining entity if YayYo went bankrupt), was intending to make a summary judgment motion based on an asserted due diligence defense. While Plaintiff is confident that his claims against WestPark would have survived the assertion of this defense, the standard for claims against underwriters is different than that for a subject Company and its individual officers and directors.

Thus, the benefits created by the YayYo Settlement weigh heavily in favor of granting the motion for preliminary approval. Considering the risks of continued litigation and the time and expense that would be incurred to prosecute the Litigation through trial, the $1,150,000 cash Settlement is a meaningful recovery that is in the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

Classes's best interests, especially when combined with the $550,000 of the Aegis Settlement.

### 2.    The Method for Distributing Relief Is Effective

The method and effectiveness of the proposed notice and claims administration process (Rule 23(e)(2)(C)(ii)) are effective. The notice plan includes direct mail notice to all those who can be identified with reasonable effort supplemented by publication of the Summary Notice in *Investors Business Daily* and over a newswire. In addition, a settlement-specific website will be created where key documents will be posted, including the Stipulation, Notice, Proof of Claim, and Preliminary Approval Order.

The claims process is also effective and includes a standard claim form that requests the information necessary to calculate a claimant's claim amount pursuant to the Plan of Allocation ("Plan"). The Plan will govern how Class Members' claims will be calculated and, ultimately, how money will be distributed to Authorized Claimants. The Plan was prepared with the assistance of a damages expert.

### 3.    Attorneys' Fees

Rule 23(e)(2)(C)(iii) addresses "the terms of any proposed award of attorney's fees, including timing of payment." As discussed above (*supra* §III), Lead Counsel intends to seek an award of attorneys' fees of no more than one-third (⅓) of the combined amounts of the Settlements (which will be a negative lodestar multiplier given the amount of time spent by Lead Counsel on the Litigation) and expenses in an amount not to exceed $100,000 combined, plus interest on both amounts. This fee request is in line with other settlements approved in the Ninth Circuit. *See, e.g.*, *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming attorneys' fee award of 33% of a $14.8 million cash settlement); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (approving a fee award of one-third of a $12 million settlement fund); *In re Heritage Bond Litig.*, 2005 WL 1594389, at *9 (C.D. Cal.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

June 10, 2005) (awarding one-third of a $27.78 million settlement fund); *Tawfilis v. Allergan, Inc.*, 2018 WL 4849716, at *7 (C.D. Cal. Aug. 27, 2018) (awarding one-third of $13.45 million settlement fund in antitrust class action); *Boyd v. Bank of Am. Corp.*, 2014 WL 6473804, at *10 (C.D. Cal. Nov. 18, 2014) (awarding one-third of $5,800,000 in FLSA case). In addition, Lead Counsel will request that any award of fees and expenses be paid at the time the Court makes its award. *See In re Genworth Fin. Sec. Litig.*, 2016 WL 7187290, at *2 (E.D. Va. Sept. 26, 2016) (ordering that "attorneys' fees and Litigation Expenses awarded above may be paid to Lead Counsel immediately upon entry of this Order").

### 4.    The Proposed Plan of Allocation Is Designed to Treat Class Members Equitably

Rule 23(e)(2)(D) asks whether the proposal, here the Plan of Allocation, treats class members equitably relative to each other. Drafted with the assistance of a damages expert, the Plan of Allocation here is fair, reasonable, and adequate because it does not treat Plaintiff Koch or any other Class Member preferentially. *See In re Zynga Sec. Litig*, 2015 WL 6471171, at *10 (N.D. Cal., Oct 27, 2015). The Plan of Allocation, which is set out in the Notice, explains how the Settlement proceeds will be distributed among Authorized Claimants. Specifically, the Plan provides formulas for calculating the recognized claim of each Class Member, based on each such person's purchases or acquisitions of YayYo common stock. Each Authorized Claimant, including Plaintiff, will receive a distribution pursuant to the Plan of Allocation. Plaintiff, just like all other Class Members, will be subject to the same formula for distribution of the Settlement. *See Ciuffitelli v. Deloitte & Touche LLP*, 2019 WL 1441634, at *18 (D. Or. Mar. 19, 2019) (finding "[t]he Proposed Settlement does not provide preferential treatment to Plaintiffs or segments of the class" where "the proposed Plan of Allocation compensates all Class Members and Class Representatives equally in that they will receive a *pro rata* distribution based of the Settlement Fund based on their net losses").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

### D.    The Proposed Classes Should Be Certified Under Rule 23

The Ninth Circuit has long recognized that class actions may be certified for the purpose of settlement only. *Hanlon*, 150 F.3d at 1019. Rule 23(a) sets forth the following four prerequisites to class certification: (i) numerosity, (ii) commonality, (iii) typicality, and (iv) adequacy of representation.[8] In addition, the class must meet one of the three requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *In re UTStarcom, Inc. Sec. Litig.*, 2010 WL 1945737, at * 3 (N.D. Cal. May 12, 2010) (citing *Hanlon*, 150 F.3d at 1019).

Certification of the proposed settlement Classes is appropriate here because: (i) the proposed settlement Classes are so numerous that joinder is impractical, as the proposed settlement Classes include all persons and entities who purchased or otherwise acquired YayYo common stock pursuant or traceable to the company's November 13, 2019 IPO; (ii) there are questions of law and fact common to the settlement Classes concerning the alleged material misrepresentations and/or omissions in the registration statement and related prospectuses; (iii) Plaintiff's claims are typical of the claims of the settlement Classes in that they arise out of the same course of conduct, involve the same legal theories, do not raise divergent goals or interests, and are capable of resolution on a classwide basis; and (iv) Plaintiff and Lead Counsel will fairly and adequately protect the interests of the settlement Classes, as discussed above. *See* Fed. R. Civ. P. 23(a); *In re Verisign, Inc. Sec. Litig.*,

---

[8] Courts routinely endorse the use of the class action device to resolve claims brought pursuant to the federal securities laws. *See, e.g.*, *Hodges v. Akeena Solar Inc.*, 274 F.R.D 259, 266 (N.D. Cal. 2011); *In re Cooper Companies Inc. Sec. Litig.*, 254 F.R.D. 628, 642 (C.D. Cal. 2009). "[C]lass actions commonly arise in securities fraud cases as the claims of separate investors are often too small to justify individual lawsuits, making class actions the only efficient deterrent against securities fraud. Accordingly, the Ninth Circuit and courts in this district hold a liberal view of class actions in securities litigation." *In re Adobe Sys., Inc. Sec. Litig.*, 139 F.R.D. 150, 152-53 (N.D. Cal. 1991); *see also In re Seagate Tech. II Sec. Litig.*, 843 F. Supp. 1341, 1350 (N.D. Cal. 1994) (same). This Litigation is no exception, and Plaintiff submits that the proposed settlement Classes satisfy each of the requirements of Rules 23(a) and 23(b)(3).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

2005 WL 7877645, at *4 (N.D. Cal. Jan. 13, 2005) (citation omitted); *In re Intuitive Surgical Sec. Litig.*, 2016 WL 7425926, at *4 (N.D. Cal. Dec. 22, 2016); *Hanlon*, 150 F.3d at 1020.

In addition to meeting the prerequisites of Rule 23(a), this case also satisfies Rule 23(b)(3), which requires that the proposed class representative establish that common questions of law or fact predominate over individual questions, and that a class action is superior to other available methods of adjudication. *See Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011); *In re LDK Solar Sec. Litig.*, 255 F.R.D. 519, 525 (N.D. Cal. 2009); *Vathana v. EverBank*, 2010 WL 934219, at * 2 (N.D. Cal. Mar. 15, 2010) (noting that "subsection [23(b)(3)] encompasses 'those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results'") (quoting Fed. R. Civ. P. 23. 1966 advisory committee's note).

Common questions of law and fact predominate and a class action is clearly the superior method available to fairly and efficiently litigate this securities action. "[C]ommon issues need only predominate, not outnumber individual issues." *In re Inter-Op Hip Prosthesis Liab. Litig*. 204 F.R.D. 330, 345 (N.D. Ohio 2001). Further, the superiority of class actions in large securities cases is well recognized. *See Amchem Prods. V. Windsor*, 521 U.S. 591, 625 (June 25, 1009)(finding common questions predominated in securities class action certified for settlement). As this Court noted during a September 20 hearing: "[P]redominance is not the issue here. . . predominance and typicality don't seem to be really at the heart of it, because if at -- if the allegation is at all stems from the -- from the prospectus, then it's a common document no matter how different people may have viewed it." 9/20/21 Hearing Tr. at 27:16-21.

As discussed above, there are a number of common questions of law and fact that would warrant class certification of this matter. These questions clearly predominate over individual questions because Defendants' alleged conduct affected all Class Members in the same manner. *See, e.g.*, *Cooper*, 254 F.R.D. at 632 ("The common questions of whether misrepresentations were made and whether Defendants had the requisite scienter predominate over any individual questions of reliance and damages."). Indeed, issues relating to Defendants' liability are common to all members of the Class. *Id.; see also LDK Solar*, 255 F.R.D. at 530; *UTStarcom*, 2010 WL 1945737, at *9 (same); *In re Emulex Corp.*, 210 F.R.D. 717, 721 (C.D. Cal.) ("questions of law or fact at issue in this case are the alleged misrepresentation Defendants made during the Class Period and are common to the class.").

Falsity, materiality, and loss causation, as examples, are issues that "affect investors alike," and whose proof "can be made on a class-wide basis" because they "affect[] investors in common." *Schleicher v. Wendt*, 618 F.3d 679, 682, 685, 687 (7th Cir. 2010). Likewise, here, the alleged misstatements and/or omissions in the IPO documents and thereafter "affect[ed] [all] [Class Members] alike" and proof of falsity, materiality, and causation will "be made on a class-wide basis." *Schleicher*, 618 F.3d at 685, 687; *Cooper*, 254 F.R.D. at 641. As a result, common questions of law and fact predominate.

In light of the foregoing, all of the requirements of Rule 23(a) and (b) are satisfied, and there are no issues that would prevent the Court from certifying the proposed Classes for settlement purposes, appointing Plaintiff as the Class Representative, and appointing Lead Counsel as counsel for the Classes. *See, e.g.*, *Wahl v. Am. Sec. Ins. Co.*, 2011 U.S. Dist. LEXIS 59559, at *5-*6 (N.D. Cal. Jun. 2, 2011) (class certified for settlement purposes); *Gittin v. KCI USA, Inc.*, 2011 WL 1467360, at * 19(N.D. Cal. Apr. 12, 2011) (same).

- 21 –

### E.    The Remaining Ninth Circuit Factors Are Satisfied

#### 1.    The Stage of the Proceedings at Which the Settlement Was Achieved Supports Preliminary Approval

The extent of discovery completed and the stage of the proceedings also support preliminary approval of the Settlement. Plaintiff's decision to enter into the Settlement was based on his thorough understanding of the strengths and weaknesses of his claims and Defendants' defenses. This understanding was based on Lead Counsel's diligent prosecution of the Litigation, as discussed above. There can be no question that, at the time the Settlement was reached, Plaintiff was able to knowledgably evaluate the Settlement. *See Redwen*, 2013 WL 12129279, at *6 (determining the parties were well positioned "to determine whether settlement is a viable alternative" where "[t]he Settlement Agreement was reached only after Defendants filed multiple motions to dismiss, after some discovery, and after protracted negotiations through a neutral mediator").

#### 2.    Experience and Views of Counsel

The opinion of experienced counsel supporting a class settlement after arm's-length negotiations is entitled to considerable weight. *Norris v. Mazzola*, 2017 WL 6493091, at *8 (N.D. Cal. Dec. 19, 2017); *see also Hefler*, 2018 WL 6619983, at *9 ("That counsel advocate in favor of this Settlement weighs in favor of its approval."); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight."). Lead Counsel has significant experience in securities and other complex class action litigation and has negotiated numerous other substantial class action settlements throughout the country. *See* Pomerantz firm website, https://pomlaw.com/. Here, "[t]here is nothing to counter the presumption that Lead Counsel's recommendation is reasonable." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

Plaintiff has actively litigated this case, including reviewing documents, preparing for a deposition and being deposed. At the same time, Lead Counsel aggressively pursued discovery from Defendants and numerous third parties and developed evidence in support of the claims asserted in the Litigation. By the time settlement discussions began, Lead Counsel had a firm understanding of the strengths and weaknesses of the claims, both factually and legally. In connection with the settlement negotiations, Lead Counsel consulted with sophisticated experts who assisted Plaintiff in preparing for settlement discussions and developing the Plan of Allocation.

In sum, each factor identified under Rule 23(e)(2) and by the Ninth Circuit is satisfied. Given the litigation risks involved, the complexity of the underlying issues and the skill of defense counsel, the $1,700,000 recovery total, $1,150,000 from just the YayYo Settlement, is significant. It could not have been achieved without the full commitment by Plaintiff and Lead Counsel. The Settlement is fair, adequate, and reasonable, and meets each of the applicable factors such that notice of the Settlement should be sent to the Classes.

## V. THE PROPOSED FORMS AND METHOD OF PROVIDING NOTICE TO THE CLASSES ARE APPROPRIATE AND SATISFY FED. R. CIV. P. 23 AND DUE PROCESS

Rule 23(c)(2)(B) requires that notice of a settlement be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See also* Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the propos[ed settlement]."). Courts evaluating proposed notice documents have held that "'[n]otice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."'" *Rodriguez*, 563 F.3d at 962.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

Here, the Parties propose to mail, by first class mail, individual copies of the Notice, together with a copy of the Proof of Claim, to all potential Class Members who can reasonably be identified and located. In addition, the Summary Notice will be published in Investors Business Daily and a business newswire. *Id.*, ¶13. The proposed methods of providing notice satisfy the requirements of Rule 23, the PSLRA, and due process. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974); *In re MGM Mirage Sec. Litig.*, 708 F. App'x 894, 896 (9th Cir. 2017).[9]

The proposed Notice provides detailed information in plain English. It includes all of the information required by the PSLRA, Federal Rules of Civil Procedure, and Due Process. The proposed Notice describes both proposed Settlements and sets forth, among other things: (1) the nature, history, and status of the Litigation; (2) the definition of the Classes and who is excluded from each; (3) the reasons the Parties have proposed the Settlement; (4) the amount of the Settlement Fund; (5) the estimated average distribution per damaged share; (6) the Classes's claims and issues; (7) the Parties' disagreement over damages and liability; (8) the maximum amount of attorneys' fees and expenses that Lead Counsel intends to seek in connection with final Settlement approval; (9) the maximum amount that will be requested pursuant to 15 U.S.C. §78u-4(a)(4) in connection with service awards; (10) the plan for allocating the Settlement proceeds to the Classes; and (11) the date, time, and place of the Settlement Hearing. The content of the proposed Notice and Summary Notice are "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

---

[9]    The Notice and Summary Notice are Exhibits A-1 and A-3 to the Stipulation.

- 24 –

In addition, Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." The proposed Notice satisfies the requirements of Rule 23(h)(1), as it notifies Class Members that Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed one-third (⅓) of the Settlement Amount (which will be a negative lodestar multiplier) and litigation expenses not to exceed $100,000, to be paid from the Settlement Fund. The Notice also notes Lead Counsel may apply to the Court, on behalf of a person or people, for service awards pursuant to 15 U.S.C. §78u-4(a)(4) in connection with representation of the Classes in an amount not to exceed $35,000 total for both Settlements.

In sum, the notice program proposed in connection with the Settlement and the form and content of the Notice and Summary Notice satisfy all applicable requirements of both the Federal Rules of Civil Procedure and the PSLRA. Accordingly, in granting preliminary approval of the Settlement, the Court should also approve the proposed form and method of giving notice to the Classes.

## VI.    PROPOSED SETTLEMENT SCHEDULE

Plaintiff proposes the following schedule for notice and related dates:

| Event | Deadline for Compliance |
| --- | --- |
| Deadline to commence mailing the Notice and Proof of Claim to potential Class Members (the "Notice Date") | Not until at least 90 days following entry of the Preliminary Approval Order |
| Publication of the Summary Notice | Not until at least 90 days following entry of the Preliminary Approval Order |
| Deadline for filing papers in support of the Settlement, the Plan, and application for attorneys' fees and expenses | No later than thirty five (35) calendar days prior to the Settlement Hearing |
| Deadline for submission of reply papers in support of the Settlement, the Plan, and application for attorneys' fees and expenses | No later than seven (7) calendar days prior to the Settlement Hearing |
| Proof of Claim submission deadline | No later than fifteen (15) calendar days prior to the Settlement Hearing |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

## VII.  CONCLUSION

For each of the foregoing reasons, the Court should enter the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice, which will: (a) preliminarily approve the Settlement; (b) approve the form and manner of providing notice of pendency and Settlement to the Classes; and (c) set a Settlement Hearing date to consider final approval of the Settlement and related matters.

Dated: November 19, 2021

**POMERANTZ LLP**
By: */s/ Cara David*
Cara David
(admitted *pro hac vice*)
600 Third Ave., 20th Fl.
New York, NY 10016
(212) 661-1100
cdavid@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Lead Counsel for Plaintiff*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (*pro hac vice* forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiff*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM

- 27 –

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE:
Case No. 2:20-cv-08235-SVW-AFM