# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re YAYYO, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) | Case No.: 2:20-cv-08235-SVW-AFM |
|---|---|---|
| | | <u>CLASS ACTION</u> |
| | | STIPULATION OF SETTLEMENT WITH THE YAYO DEFENDANTS AND WESTPARK CAPITAL, INC. |

- 1 -

{}

This Stipulation of Settlement dated November 18, 2021 (the "Stipulation") is made and entered into by and among the following parties through their undersigned counsel: (i) Plaintiff William Koch ("Plaintiff"), on behalf of himself and the other members of the putative classes ("Classes") (as defined below); and (2) the company now known as EvMo, Inc., but formally known as YayYo, Inc. and Rideshare Rental, Inc. ("YayYo" or the "Company"), Ramy El-Batrawi, Jonathan Rosen, Kevin Pickard, Harbant S. Sidhu, Jeffrey Guzy, Christopher Miglino, Paul Richter and WestPark Capital, Inc. (collectively, the "Defendants" and, together with Plaintiff, the "Settling Parties" ).

The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle all claims in the Litigation (as defined below), subject to approval of the Court (as defined below) and the terms and conditions set forth in this Stipulation.

# I.   THE LITIGATION

This action was commenced on September 9, 2020, Case No. 2:20-cv-08235-SVW-AFM in the Central District of California (the "Federal Court Action" or the "Litigation").  On September 18, 2020, Plaintiff William Koch filed a substantially similar action in the same court, Case No. 2:20-cv-08591-SVW-AFM (the "Koch Action").   On November 2, 2020, the Court consolidated the two cases and administratively closed the Koch Action docket.  On December 1, 2020, the Court appointed Bernard Bednarz as Lead Plaintiff and approved Pomerantz LLP as Lead Counsel.

On February 8, 2021, Mr. Bednarz and Plaintiff filed the operative Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint").  On March 1, 2021, Defendant WestPark Capital, Inc. ("WestPark") filed an answer to the Amended Complaint and Defendant Aegis Capital Corp. ("Aegis") filed a motion to dismiss the Amended Complaint. On March 3, 2021, the

YayYo Defendants[1] filed an answer to the Amended Complaint (other than Defendant Jonathan Rosen, who filed later).  The Litigation was then temporarily stayed pending an early mediation entered into at the request of Defendants.

In April 2021, the parties to both the Federal Court Action and a state class action filed by plaintiff Michael Vanbecelaere in the Los Angeles County Superior Court, Case No. 20STCV28066 (the "State Action"), alleging substantially similar securities fraud claims, engaged the services of Michelle Yoshida of Phillips ADR Enterprises, a nationally recognized mediator and mediation firm, to facilitate settlement negotiations and assist in resolving the Litigation in its entirety.  On April 29, 2021, the parties, including representatives from the State Action, participated in a full-day mediation with Ms. Yoshida.  In advance of the mediation, the parties prepared and exchanged detailed position statements which they presented to and discussed with Ms. Yoshida.

Despite the parties' efforts at the mediation, they did not reach an agreement to settle the Federal Court Action or the State Action, or any aspect of them, and the Litigation continued.  Plaintiffs opposed Defendant Aegis' motion to dismiss on May 17, 2021, and Defendant Aegis replied on May 31, 2021.  However, as the Litigation was ongoing, Defendant Aegis decided to settle the Litigation as to Aegis solely for $550,000.00.  The court granted preliminary approval of that settlement on October 1, 2021.

The Litigation continued as to all other parties.  On July 2, 2021, Mr. Bednarz and Plaintiff filed a motion to certify the Classes.  The YayYo Defendants and WestPark opposed that motion.  The Court first held oral argument on that motion on September 20, 2021, which was then continued to October 19, 2021.

---

[1] The "YayYo Defendants" include YayYo, Ramy El-Batrawi, Jonathan Rosen, Kevin Pickard, Harbant S. Sidhu, Jeffrey Guzy, Christopher Miglino, and Paul Richter.

While the motion for class certification was still pending, the Settling Parties engaged in a continued mediation session with Ms. Yoshida.  While a settlement was not reached that day, it was reached in the days after, with the assistance of Ms. Yoshida.

At the time this Settlement (as defined below) was reached, Plaintiff had, among other things, completed the following: extensive briefing on the YayYo Defendants' motion for judgment on the pleadings, which the Court denied on July 2, 2021, and on Aegis' motion to dismiss; briefing on class certification; participated in the Rule 26(f) conference; filed a joint report and Rule 26(f) discovery plan; served Rule 26(a) disclosures; reviewed tens of thousands of documents; participated in meet and confers and court hearings related to discovery; and conducted several depositions.

## II.     DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

Each Defendant has denied and continue to deny each and all of the claims alleged by Plaintiff and the Classes in the Litigation.  Defendants have expressly denied and continues to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendants have also denied and continue to deny, among other allegations, the allegations that Plaintiff or the Classes have suffered any damage, or that Plaintiff or the Classes were harmed by the conduct alleged, or that could have been alleged, in the Litigation, and nothing in this Stipulation shall constitute an admission or concession by Defendants regarding the appropriateness of certifying the Classes in the Litigation.  Defendants believe the Litigation is without merit and the evidence developed to date supports its position that they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws.  Defendants further maintain they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, Defendants have taken into account the expense, uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation, and have therefore determined it is desirable and beneficial to them that the Litigation be settled as in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiff and Lead Counsel have conducted a thorough investigation of the facts and legal theories relating to and forming the basis of the claims alleged in the Litigation based upon the information available and provided by Defendants, including through extensive litigation of Plaintiff's claims and a multi-phase discovery and fact-finding process.

Plaintiff and Lead Counsel have concluded, based upon the aforementioned litigation record and factual investigation, and taking into account the sharply contested issues involved, the expense and time necessary to prosecute the Litigation through trial, and subsequent potential appeals, the risks, costs, and uncertainties of further prosecution of the Litigation, and the substantial benefits to be provided to the Class Members pursuant to this Stipulation, that a settlement with Defendants on the terms set forth herein is fair, equitable, adequate, reasonable, and in the best interests of Plaintiff and the Classes.  The Settling Parties have therefore agreed to settle the Litigation as to Defendants on the terms set forth herein.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff (for himself and the Classes) and Defendants, by and through their attorneys of record, that, subject to the approval of the Court, the Litigation, the Released Plaintiff's Claims and Released Defendants' Claims (as defined herein) shall be finally and fully compromised, settled, and released with prejudice as to

Defendants upon and subject to the terms and conditions of the Stipulation, as follows:

### 1.   Definitions

In addition to the terms defined at various points throughout this Stipulation, the following additional terms as used in the Stipulation shall have the meanings ascribed to them below:

1.1   "Authorized Claimant" means any Class Member who submits a timely and valid Claim that is approved for payment from the Net Settlement Fund pursuant to the terms of the Stipulation and as approved by the Court.

1.2   "Claim" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

1.3   "Claimant" means a person or entity who or which submits a Claim seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.4   "Claim Form" or "Proof of Claim and Release" means the form that a Claimant must complete and submit, substantially in the form attached hereto as Exhibit A-2, should that Claimant seek to share in the distribution of the Net Settlement Fund.

1.5   "Claims Administrator" means the claims administration entity selected and retained by Plaintiff to administer the Settlement, as to be approved by the Court.

1.6   "Classes" means (i) All persons or entities who purchased or otherwise acquired YayYo common stock pursuant and/or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 initial public offering; (ii) All persons or entities who purchased or otherwise acquired YayYo stock during the period from November 13, 2019 through and including April 28, 2020 (the "Class Period"); and (iii) all persons or entities who were primary investors and acquired shares of YayYo common stock pursuant to the November 13, 2019 IPO.  Excluded from the Classes are Defendants; the

officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest.[2]   In addition, any person or entity who or which submits a request for exclusion from the Classes that is accepted by the Court shall also be excluded from the Classes.

1.7   "Class Member" means any person or entity who falls within the definition of the Classes as set forth in ¶1.6, above.

1.8   "Conditional Consent Judgment" means the document executed by EvMo, Inc., Terren Peizer, WestPark Capital, Inc. and Jeremy Lieberman on behalf of Plaintiff on October 20, 2021, which is to be filed with the District Court for the Central District of California on any business day if the payment plan detailed in ¶2.2 is not adhered to.

1.9   "Court" means the United States District Court for the Central District of California.

1.10  "Defendants" means the company now known as EVmo, Inc., but formerly known as YayYo, Inc. and Rideshare Rental, Inc., Ramy El-Batrawi, Jonathan Rosen, Kevin Pickard, Harbant S. Sidhu, Jeffrey Guzy, Christopher Miglino, Paul Richter and WestPark Capital, Inc.

1.11  "Defendants' Counsel" means Larson LLP, Richards Carrington LLC and Freeman Mathis & Gary, LLP.

1.12  "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶7.1, below.

1.13  "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent to receive the Settlement Amount.

1.14  "Escrow Agent" means Huntington National Bank.

---

[2] Controlling interest shall be defined as having a majority ownership interest or ownership of the majority of voting stock of the entity.

1.15   "Federal Court Action" means *In re YayYo, Inc. Securities Litigation*, United States District Court for the Central District of California, Case No. 2:20-cv-08235-SVW-AFM, originally filed on September 9, 2020.

1.16   "Fee and Expense Application" means Lead Counsel's application or applications for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

1.17   "Fee and Expense Award" means the payment of attorneys' fees and expenses of Plaintiff's Counsel from the Settlement Fund.

1.18   "Final" means, with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto or any other order of the Court, when the last of the following shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment or order under Fed. R. Civ. P. 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment or order has passed without any appeal having been taken; or (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement; however, any appeal which concerns only the issue of Lead Counsel's Fee and Expense Application, payments to Plaintiff and/or any of Plaintiff's Counsel for their time and expenses, the Plan of Allocation (as defined below), or the procedures for determining

Authorized Claimants' recognized Claims shall not in any way delay or preclude the Judgment from becoming Final.

1.19   "Judgment" means the Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.20   "Lead Counsel" means Pomerantz LLP.  Bronstein, Gewirtz & Grossman, LLC serves as additional counsel in the Litigation.

1.21   "Litigation" means the Federal Court Action.

1.22   "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, expenses, and interest and any award to a person or people, for service awards pursuant to 15 U.S.C. §78u-4(a)(4) in connection with representation of the Classes as approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other fees and expenses authorized by the Court.

1.23   "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Class Members.

1.24   "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Classes and the administration of the Settlement, including, but not limited to: (i) providing notice by mail, publication, and other means to Class Members; (ii) receiving and reviewing Claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

1.25   "Person" means an individual, corporation (including all divisions and subsidiaries), general partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political

subdivision or agency thereof, and any business or legal entity and their heirs, predecessors, successors, representatives, or assignees.

1.26 "Plaintiff" means Plaintiff William Koch in the Federal Court Action.

1.27 "Plaintiff's Counsel" means any legal counsel who represented any Plaintiff in the Litigation, including Pomerantz LLP and Bronstein, Gewirtz & Grossman, LLC.

1.28 "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

1.29 "Preliminary Approval Order" means the proposed order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.

1.30 "Released Parties" means each of a Defendant's respective former, present, or future parents, subsidiaries, divisions and affiliates, and the respective employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, and insurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives and assigns of each of them, in their capacity as such.

1.31 "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in this Litigation.

Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlement.

1.32   "Released Plaintiff's Claims" means all claims, demands, rights, and causes of action, or liabilities of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that (a) Plaintiff or any other member of the Classes: (i) asserted in the Federal Court Action or (ii) could have asserted or have been asserted in any court or forum that arise out of or are based upon any of the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Federal Court Action; and (b) relate in any way to the purchase or other acquisition of YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO.  Released Plaintiff's Claims shall not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion from any of the Classes that is accepted by the Court.

1.33   "Releasing Plaintiff's Party" or "Releasing Plaintiff's Parties" means (i) Plaintiff and the Class Members, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as

1  such.  Releasing Plaintiff's Parties do not include any Person who timely and validly

2  seeks exclusion from the Class.

3      1.34   "Settlement" means the settlement between Plaintiff and Defendants in

4  the Litigation on the terms and conditions set forth in this Stipulation.

5      1.35   "Settlement Amount" means One Million One Hundred and Fifty

6  Thousand Dollars ($1,150,000.00) in cash to be paid by wire transfer or check to the

7  Escrow Agent pursuant to ¶2.2 of this Stipulation.

8      1.36   "Settlement Fund" means the Settlement Amount plus all interest and

9  income earned thereon.

10     1.37   "Settlement Hearing" means the hearing to be held by the Court to

11  determine whether the Settlement is fair, reasonable, and adequate and should be

12  approved.

13     1.38   "Settling Parties" means, collectively, Defendants and Plaintiff, on

14  behalf of himself and the Classes.

15     1.39   "Summary Notice" means the Summary Notice, substantially in the

16  form of Exhibit A-3 attached hereto, to be published as set forth in the Preliminary

17  Approval Order.

18     1.40   "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs,

19  imposts, and other charges of any kind (together with any and all interest, penalties,

20  additions to tax and additional amounts imposed with respect thereto) imposed by

21  any governmental authority, whether federal, state or local.

22     1.41   "Tax Expenses" means, without limitation, expenses of tax attorneys

23  and/or accountants and mailing and distribution costs and expenses relating to filing

24  (or failing to file) the returns described in ¶2.10.

25     1.42   "Unknown Claims" means any and all Released Plaintiff's Claims

26  which the Releasing Plaintiff's Parties do not know or suspect to exist in their favor

27  at the time of the release of the Released Defendants' Parties, and any and all

28  Released Defendants' Claims which the Released Defendants' Parties do not know

or suspect to exist in their favor at the time of the release of the Releasing Plaintiff's

Parties, which, if known by him, her, or it, might have affected his, her or its

decision(s) with respect to the Settlement, including the decision to object to the

terms of the Settlement or to exclude himself, herself, or itself from the Class.  With

respect to any and all Released Plaintiff's Claims and Released Defendants' Claims,

the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff and

Defendants shall expressly waive, and each Releasing Plaintiff's Party and Released

Defendants' Party shall be deemed to have, and by operation of the Final Judgment

shall have expressly waived, the provisions, rights, and benefits of California Civil

Code §1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff and Defendants shall expressly waive, and each Releasing Plaintiff's Party

and Released Defendants' Party shall be deemed to have, and by operation of the

Final Judgment shall have expressly waived, any and all provisions, rights, and

benefits conferred by any law of any state or territory of the United States or any

foreign country, or any principle of common law, which is similar, comparable or

equivalent in substance to California Civil Code § 1542.  Plaintiff, any Releasing

Plaintiff's Party, Defendants, or any Released Defendants' Party may hereafter

discover facts, legal theories, or authorities in addition to or different from those

which any of them now knows or believes to be true with respect to the subject

matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but

Plaintiff and Defendants shall expressly, fully, finally, and forever waive,

compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff's

Party and Released Defendants' Party shall be deemed to have waived,

compromised, settled, discharged, extinguished, and released, and upon the

Effective Date and by operation of the Final Judgment shall have waived,

compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiff and Defendants acknowledge, and the Releasing Plaintiff's Parties and Released Defendants' Parties shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

**2.     The Settlement**

2.1     The obligations incurred pursuant to this Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation with respect to the Releasing Plaintiff's Parties and Released Defendants' Parties and any and all Released Plaintiff's Claims and Released Defendants' Claims.

**a.     The Settlement Amount**

2.2     In full settlement of the claims asserted in the Litigation against Defendants and in consideration of the releases specified in ¶4, below, all of which the Settling Parties agree are good and valuable consideration, Defendants shall cause to be paid the Settlement Amount by wire transfer or check in accordance with instructions to be provided by the Escrow Agent. The Settlement Amount shall be paid into the interest-bearing escrow account established for the settlement controlled by Plaintiff's Counsel in five installments, as set forth in the following schedule: (1) first payment, in the amount of $150,000 (comprised of $100,000 from Defendant Ramy El-Batrawi and $50,000 from WestPark), on or before December 4, 2021; (2) second payment, in the amount of $250,000, on or before January 18, 2022; (3) third payment, in the amount of $250,000, within 90 calendar days from

the second payment; (4) fourth payment, in the amount of $250,000, within 90 calendar days from the third payment; (5) fifth payment, in the amount of $250,000, within 90 calendar days from the fourth payment.  The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treas. Reg. §1.468B-1.  In the event any payment is not made in accordance with the specified schedule, Plaintiff may cause to be filed the Conditional Consent Judgment, executed by EvMo, Inc., Terren Peizer and WestPark Capital, Inc. on October 20, 2021, with the District Court for the Central District of California on any business day following a default.

      2.3    With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶2.2, the Released Defendants' Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Plaintiff or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

      2.4    Other than the obligation to cause the payment of the Settlement Amount pursuant to ¶2.2, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Class Member pursuant to this Stipulation.

### b.    The Escrow Agent

2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government, or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Released Defendants' Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.  The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of Defendants' Counsel.

2.6    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Defendants' Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.7    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

2.8    Before the Effective Date, without further approval from Defendants or further order of the Court, Lead Counsel may expend up to $200,000.00 from the Settlement Fund to pay Notice and Administration Expenses actually incurred. Additional sums for this purpose before the Effective Date may be paid from the Settlement Fund upon approval of Defendants or further order of the Court.  Taxes

1   and fees related to the Escrow Account and investment of the Settlement Fund may

2   be paid as incurred, without further approval of Defendants or further order of the

3   Court.  After the Effective Date, without approval of Defendants or further order of

4   the Court, Notice and Administration Expenses may be paid as incurred.  In the event

5   that the Settlement does not become Final, any money paid or incurred for the above

6   purposes, including any related fees, shall not be returned or repaid to Defendants or

7   its insurers.

8        2.9    It shall be Lead Counsel's responsibility to disseminate the Notice and

9   Summary Notice to the Class in accordance with this Stipulation and as ordered by

10  the Court.  Class Members shall have no recourse as to the Released Defendants'

11  Parties with respect to any claims they may have that arise from any failure of the

12  notice process.

13        **c.     Taxes**

14       2.10   (a)     The Settling Parties agree to treat the Settlement Fund as being

15  at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg.

16  §1.468B-1.  In addition, the Escrow Agent shall timely make, or cause to be made,

17  such elections as necessary or advisable to carry out the provisions of this ¶2.10,

18  including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to

19  the earliest permitted date.  Such elections shall be made in compliance with the

20  procedures and requirements contained in such regulations.   It shall be the

21  responsibility of the Escrow Agent to timely and properly prepare and deliver the

22  necessary documentation for signature by all necessary parties, and thereafter to

23  cause the appropriate filing(s) to occur.

24            (b)     The Settling Parties agree that Lead Counsel shall be

25  "administrators" of the Qualified Settlement Fund for the purpose of § 468B of the

26  Internal Revenue Code of 1986, as amended, and the regulations promulgated

27  thereunder.  Lead Counsel shall timely and properly file, or cause to be filed, all

28  federal, state, or local tax returns and information returns necessary or advisable with

respect to the earnings on the funds deposited in the Escrow Account (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.10(a) hereof) shall be consistent with this ¶2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of the Settlement Fund as provided in ¶2.10(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendants' Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes, and (b) Tax Expenses shall be paid out of the Settlement Fund; in all events the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval of Defendants, and Lead Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to any Authorized Claimant any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2));  neither the Releasing Plaintiff's Parties, the Released Defendants' Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, their counsel, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.10.

### d.      Termination of Settlement

2.11   In the event that the Settlement is not approved, or the Settlement is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.5 herein, except that the $100,000 contribution to the Settlement Fund to be made by Ramy El-Batrawi shall not be reimbursed to him under any circumstance.   Instead, the $100,000, or any remainder after payment of costs of notice and administration, will be *cy pres* to a charity of Plaintiff's choosing.

### 3.      Class Certification, Preliminary Approval Order, Proposed Judgment and Settlement Hearing

3.1   Plaintiff shall seek, and Settling Defendants shall not oppose, the Court's certification of three Classes for settlement purposes only pursuant to Fed. R. Civ. P. 23, which the Classes as to Settling Defendant shall be defined as follows:

> The putative classes are defined as: (i) All persons or entities who purchased or otherwise acquired YayYo common stock pursuant and/or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 initial public offering; (ii) All persons or entities who purchased or otherwise acquired YayYo stock during the period from November 13, 2019 through and including April 28, 2020 (the "Class Period"); and (iii) all persons or entities who were primary investors and acquired shares of YayYo common stock pursuant to the November 13, 2019 IPO. Excluded from the Classes are Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest.[3]   In addition, any person or entity who or which submits a request for exclusion from the Classes that is accepted by the Court shall also be excluded from the Classes.

3.2      Settling Defendants retain all of their objections, arguments, and defenses, and each or all of them reserves all rights to contest class certification if

---

[3]      Controlling interest shall be defined as having a majority ownership interest or ownership of the majority of voting stock of the entity.

the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if the Settlement is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to proceed for any other reason.  The Settling Parties acknowledge there has been no stipulation to a class or certification of a class for any purpose other than effectuating the Settlement, and that, if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to proceed for any other reason, then this agreement as to certification of the Class for settlement purposes only shall become null and void *ab initio*, and neither this Stipulation nor any other Settlement-related statement may be cited in support of any argument for certifying a class related to this proceeding.

3.3   After execution of the Stipulation, the Plaintiff shall file a motion no later than November 19, 2021, seeking entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation and accompanying exhibits.

3.4   Notice shall be provided in accordance with Fed. R. Civ. P. 23, based on direction and approval from the Court.  The cost of providing Notice to the Class Members in the manner set forth above shall be paid out of the Settlement Fund, and the Claims Administrator shall administer dissemination of the Notice, under the direction of Lead Counsel.  Class Members shall have no recourse as to Defendants or Defendants' Counsel with respect to any claims they may have that may arise from any failure of the notice process.

3.5   Lead Counsel expects to, subject to the Court's approval, combine the form of notice as to this Settlement with the form of notice as to the prior settlement with Aegis, thereby reducing Notice and Administration Expenses.  If that occurs,

1    any Notice and Administration Expenses, including for purposes of ¶¶2.8, 2.11, 5.5,

2    and 7.4, shall be borne and deducted equally from the settlement funds of Defendants

3    and Aegis.

4        3.6     Lead Counsel shall request that, after Notice is provided to the Class,

5    the Court hold the Settlement Hearing and approve the Settlement of the Litigation

6    as set forth herein.   At or after the Settlement Hearing, Lead Counsel shall also

7    request that the Court approve the proposed Plan of Allocation, Fee and Expense

8    Award to Plaintiff's Counsel, and a service award on behalf of a person or people in

9    connection with representation of the Classes.

10       **4.    Releases**

11       4.1     By operation of the Final Judgment, as of the Effective Date, as defined

12   in ¶1.11 hereof, Plaintiff and each and every Releasing Plaintiff's Party shall be

13   deemed to have fully, finally, and forever waived, released, discharged, and

14   dismissed each and every one of the Released Plaintiff's Claims against Defendants

15   and each and every one of the Released Defendants' Parties and shall forever be

16   barred and enjoined from commencing, instituting, prosecuting, or maintaining any

17   and all of the Released Plaintiff's Claims against any and all of the Released

18   Defendants' Parties, whether or not such Releasing Plaintiff's Party executes and

19   delivers the Proof of Claim and Release or otherwise shares in the Settlement Fund.

20   Claims to enforce the terms of the Stipulation are not released.

21       4.2     The Proof of Claim and Release to be executed by the Class Members

22   shall release all Released Plaintiff's Claims against the Released Defendants' Parties

23   and shall be substantially in the form of Exhibit A-2 attached hereto.

24       4.3     By operation of the Final Judgment, as of the Effective Date, as defined

25   in ¶1.11 hereof, Defendants and each and every Released Defendants' Party shall be

26   deemed to have fully, finally, and forever waived, released, discharged, and

27   dismissed each and every one of the Released Defendants' Claims against each and

28   every one of the Releasing Plaintiff's Parties and shall forever be barred and enjoined

{}                                        - 20 -

from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Releasing Plaintiff's Parties. Claims to enforce the terms of the Stipulation are not released.

### 5. Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

5.1    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.   The Released Defendants' Parties and Defendants' Counsel shall have no responsibility for or interest in whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff's Parties, including Plaintiff, any other Class Members, or Plaintiff's Counsel, in connection with such administration, including, but not limited to, with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

5.2    In accordance with the terms of the Preliminary Approval Order, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to

those members of the Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  Defendants shall act with due speed to provide the Claims Administrator the names of potential Class Members.

5.3     The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel as may be necessary or as circumstances may require, shall provide Notice of the Settlement to the Class Members, shall administer and calculate the Claims submitted by the Authorized Claimants pursuant to the Plan of Allocation, and shall oversee distribution of the Net Settlement Fund to the Authorized Claimants.

5.4     In accordance with the schedule approved by the Court, Lead Counsel shall cause the Claims Administrator to provide Notice in accordance with the procedure and schedule approved by the Court.  The cost of providing such Notice shall be paid out of the Settlement Fund.

5.5     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses as described in ¶2.8, above;

(b)     to pay the Taxes and Tax Expenses as described in ¶2.10, above;

(c)     to pay the Fee and Expense Award to Plaintiff's Counsel;

(d)     to pay any awards to Plaintiff; and

(e)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants pursuant to the Stipulation and the Plan of Allocation, as approved by the Court.

5.6     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net

Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

5.7    Within ninety (90) days following the mailing of the Notice or such other time as may be set by the Court, each person or entity claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as shall be specified in the Proof of Claim and Release.

5.8    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized Claim compared to the total recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation provided in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

5.9    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Final Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late Claims.

5.10   Proofs of Claim and Release that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim and Release, the Claims Administrator shall communicate with Claimants in order to remedy the

curable deficiencies in the Proofs of Claim and Release submitted.  The Claims

Administrator, under supervision of Lead Counsel, if necessary, shall notify, in a

timely fashion and in writing, all Claimants whose Proofs of Claim and Release it

proposes to reject in whole or in part, setting forth the reasons therefore, and shall

indicate in such notice that the Claimant whose Claim is to be rejected has the right

to a review by the Court if the Claimant so desires and complies with the

requirements of ¶5.11, below.

5.11   If any Claimant whose Claim has been rejected in whole or in part

desires to contest such rejection, the Claimant must, within twenty (20) calendar

days after the mailing of the notice required in ¶5.10, above, or a shorter period of

time if the Claim was untimely, serve upon the Claims Administrator a notice and

statement of reasons indicating the Claimant's grounds for contesting the rejections

along with any supporting documentation, and requesting a review thereof by the

Court.  If a dispute concerning a Claim cannot otherwise be resolved, Lead Counsel

shall thereafter present the request for review to the Court.  Defendants shall not take

a position on the administrative determinations of the Claims Administrator.

5.12   Each Claimant who submits a Proof of Claim and Release shall be

deemed to have submitted to the jurisdiction of the Court with respect to the

Claimant's Claim, including, but not limited to, all releases provided herein and in

the Final Judgment, and the Claim will be subject to investigation and discovery

under the Federal Rules of Civil Procedure, provided that such investigation and

discovery shall be limited to that Claimant's status as a Class Member and the

validity and amount of the Claimant's Claim.  No discovery shall be allowed on the

merits of the Litigation or settlement in connection with the processing of the

Claims.   All proceedings with respect to the administration, processing and

determination of Claims and the determination of all controversies relating thereto,

including disputed questions of law and fact with respect to the validity of Claims,

shall be subject to the jurisdiction of the Court, but shall not in any event delay or

1  affect the finality of the Judgment.  All Class Members, other Claimants, and parties
2  to this Settlement expressly waive trial by jury (to the extent any such right may
3  exist) and any right of appeal or review with respect to such determinations.

4       5.13   Payment pursuant to this Stipulation and Plan of Allocation shall be
5  deemed final and conclusive against all Claimants.   All Class Members whose
6  Claims are not approved shall be barred from participating in a distribution from the
7  Net Settlement Fund, but otherwise shall be bound by all of the terms of this
8  Stipulation and the Settlement, including the terms of the Final Judgment to be
9  entered in the Litigation and the releases provided for herein, and shall be banned
10  from bringing any action against the Released Defendants' Parties concerning the
11  Released Plaintiff's Claims.

12       5.14   Following the Effective Date, the Net Settlement Fund shall be
13  distributed to the Authorized Claimants substantially in accordance with the Plan of
14  Allocation approved by the Court.  No distributions will be made to Authorized
15  Claimants who would otherwise receive a distribution of less than $10.00.  If there
16  is any balance remaining in the Net Settlement Fund after a reasonable period of
17  time after the date of the initial distribution of the Net Settlement Fund, Lead
18  Counsel shall, if feasible, reallocate such balance among Authorized Claimants who
19  negotiated the checks sent in the initial distribution and who would receive a
20  minimum of $10.00.   These redistributions shall be repeated until the balance
21  remaining in the Net Settlement Fund is *de minimis*.  Thereafter, any balance which
22  still remains in the Net Settlement Fund shall be donated to an appropriate 501(c)(3)
23  non-profit organization selected by Lead Counsel.

24       5.15   Other than in the event of the termination of the Settlement pursuant to
25  this Stipulation, Settling Defendant shall not have a reversionary interest in the Net
26  Settlement Fund.

27       5.16   No Person shall have any claim against Plaintiff, Plaintiff's Counsel, or
28  the Claims Administrator, or any other Person designated by Lead Counsel based on

determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.17   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth herein.

## 6.   Plaintiff's Counsel's Attorneys' Fees and Expenses

6.1   Lead Counsel will submit a Fee and Expense Application on behalf of all Plaintiff's Counsel for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2   The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel (on behalf of all Plaintiff's Counsel) immediately upon entry of the Judgment and an Order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the Settlement, or any part thereof.

6.3   In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the

Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then: (a) Lead Counsel with respect to the entire Fee and Expense Award, and (b) such of Plaintiff's Counsel who have received any portion of the Fee and Expense Award shall within thirty (30) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such Plaintiff's Counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4    The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement. The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiff or Plaintiff's Counsel, nor any appeals to such awards. Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶¶7.1-7.8 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Litigation.

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.   The Released Defendants' Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Lead Counsel.

6.6     The Released Defendants' Parties shall have no responsibility for the allocation among Plaintiff's Counsel, any other counsel who have represented one or more Plaintiff in the Litigation, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

## 7.     Conditions of Settlement and Effect of Disapproval, Cancellation or Termination

7.1     The Effective Date of the Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation;

(b)     the Settlement Amount in its entirety has been deposited into the Escrow Account;

(c)     no party has exercised their/its option to terminate the Stipulation;

(d)     the Court has entered the Preliminary Approval Order;

(e)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto, following Notice to the Classes and the Settlement Hearing; and

(f)     the Judgment has become Final.

7.2     This is a non-reversionary settlement.   Upon the Effective Date, the Released Defendants' Parties shall have no interest in the Settlement Fund or in the Net Settlement Fund, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have any liability in connection with the administration and distribution of the Settlement.   The Released Defendants'

Parties shall not be liable for the loss of any portion of the Settlement Fund, or have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

7.3     Defendants and Plaintiff shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other counsel of the Settling Parties within thirty (30) days of:

(a)     the Court's final non-appealable refusal to enter the Preliminary Approval Order or any material part of it;

(b)     the Settlement Amount not being timely funded when Lead Counsel has complied with its obligations as provided for in this Stipulation;

(c)     the Court's final non-appealable refusal to approve this Stipulation or any material part of it;

(d)     the Court's final non-appealable refusal to enter the proposed Judgment or any material part of it; or

(e)     the Judgment being modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States.  For the avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Plaintiff's Counsel or Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.4     Unless otherwise ordered by the Court, in the event the Settlement is not approved or the Settlement is terminated, canceled, or fails to become effective for any reason, within thirty (30) business days after joint written notification of such event is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the

Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.8 and 2.10, above, or are chargeable to the Settlement Fund pursuant to ¶¶2.8 and 2.10, above, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendant Aegis' Counsel.

7.5     In the event that the Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of the date of the execution of this Stipulation. In such event, the terms and provisions of the Stipulation and any aspect of the discussions or negotiations leading to this Stipulation, with the exception of ¶¶2.8, 2.10, 2.11, 6.3, 7.5-7.7, 8.4, and 8.6 hereof, shall not be admissible in this Litigation and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Plaintiff, in any court filing, deposition, at trial, or otherwise, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.8 or 2.10, above. In addition, any expenses already incurred pursuant to ¶¶2.8 or 2.10, above, at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.11 and 7.5, above.

## 8.    Miscellaneous Provisions

8.1    The Settling Parties: (a) acknowledge it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties warrant that the Conditional Consent Judgment, executed October 20, 2021, will remain operative until the Settlement Amount has been paid in full.  If any clause in the Conditional Consent Judgment differs from this Agreement, the terms of this Agreement shall govern.  At any default in the payment schedule outlined in ¶¶2.2, the Conditional Consent Judgement will be filed by Lead Counsel with accompanying documents.  WestPark's obligation and liability under the Conditional Consent Judgment are extinguished upon payment of WestPark's Settlement Amount.

8.3    The Settling Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Settling Parties with respect to the Litigation, Released Plaintiff's Claims, and Released Defendants' Claims.  The Settlement compromises claims which are contested and shall not be deemed an admission by either Plaintiff or Defendants as to the merits of any claim or defense.  Pursuant to 15 U.S.C. §78u-4(c)(1), the Final Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11 in connection with the maintenance, prosecution, defense, and settlement of the Litigation and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Litigation.  The Settling Parties agree the Settlement Amount and the other terms of the Settlement were and continue to be negotiated at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with competent

legal counsel.  The Settling Parties shall not assert or pursue any action, claim, or rights that any such party or their respective counsel violated Rule 11 with respect to the Federal Court Action or the PSLRA.  The Settling Parties reserve their respective rights to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.4    The Settling Parties shall, in good faith, endeavor to communicate the terms of the Settlement, if at all, in a manner that is respectful of the fact that no final adjudication of fault was determined by a court or a jury.

8.5    Except as set forth in ¶8.4, below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussions, negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants or any other Released Defendants' Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Defendants or any other Released Defendants' Party with respect to the truth of any allegation by Plaintiff and the Classes or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, including, but not limited to, the Released Plaintiff's Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants, any other Released Defendants' Party, or any person or entity whatsoever;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants' or any other Released Defendants' Party as evidence of a presumption, concession, or admission of any fault, misrepresentations, or

1  omission with respect to any statement or written document approved or made by

2  Defendants or any other Released Defendants' Party, or against or to the prejudice

3  of Plaintiff or any other Class Members as evidence of any infirmity in the claims of

4  Plaintiff or the other Class Members;

5          (c)   do not constitute, and shall not be offered or received against or

6  to the prejudice of Defendants or any other Released Defendants' Party, Plaintiff,

7  any other Class Members, or their respective counsel, as evidence of a presumption,

8  concession or admission with respect to any liability, damages, negligence, fault,

9  infirmity, or wrongdoing, or in any way referred to for any other reason against or

10  to the prejudice of any of the Settling Parties, in any other civil, criminal, or

11  administrative action or proceeding, other than such proceedings as may be

12  necessary to effectuate the provisions of this Stipulation;

13          (d)   do not constitute, and shall not be construed as, or offered or

14  received against or to the prejudice of Defendants or any other Released Defendants'

15  Party, Plaintiff, or any other Class Members, as evidence of a presumption,

16  concession, or admission that the consideration to be given hereunder represents the

17  amount which could be or would have been recovered after trial; and

18          (e)   do not constitute, and shall not be construed as, or offered or

19  received against or to the prejudice of Defendants or any other Released Defendants'

20  Party, Plaintiff, or any other Class Members, as evidence of a presumption,

21  concession, or admission that any of their claims are without merit or infirm or that

22  damages recoverable in the Litigation would not have exceeded the Settlement

23  Amount.

24      8.6   Defendants or any other Released Defendants' Party may file this

25  Stipulation and/or the Judgment in any action that may be brought against it in order

26  to support a defense or counterclaim based on principles of *res judicata*, collateral

27  estoppel, release, statute of limitations, statute of repose, good-faith settlement,

28  judgment bar or reduction, or any theory of claim preclusion or issue preclusion or

similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  The Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

8.7    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.8    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.9    The Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.10    The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

8.11    The Stipulation and its Exhibits constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.12    Lead Counsel, on behalf of the Classes, is expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Classes pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Classes which it deems appropriate.

8.13    All counsel and any other person executing this Stipulation and its Exhibits, or any settlement-related document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action

required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

8.14   The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

8.15   This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Final Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

8.16   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.

8.17   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8.18   The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

8.19   Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed as to Defendants and all Class Members shall be barred and enjoined from prosecuting any of the Released Plaintiff's Claims against any of the Released Defendants' Parties.

8.20   The construction, interpretation, operation, effect, and validity of this Stipulation, its Exhibits, and all documents necessary to effectuate them, shall be governed by the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles, except to the extent that federal law requires that federal law govern.

1    8.21   This Stipulation shall not be construed more strictly against one Settling

2  Party than another merely by virtue of the fact that it, or any part of it, may have

3  been prepared by counsel for one of the Settling Parties, it being recognized that it

4  is the result of arm's-length negotiations among the Settling Parties, and all Settling

5  Parties have contributed substantially and materially to the preparation of this

6  Stipulation.

7    8.22   Nothing in the Stipulation, or the negotiations relating thereto, is

8  intended to or shall be deemed to constitute a waiver of any applicable privilege or

9  immunity, including, without limitation, attorney-client privilege, joint defense

10  privilege, or work product protection.

11    8.23   Unless otherwise provided, the Settling Parties may agree to reasonable

12  extensions of time to carry out any of the provisions of this Stipulation without

13  further order of the Court.

14    8.24   Except as otherwise provided herein, each party shall bear its own costs.

15    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to

16  be executed, by their duly authorized attorneys.

17  Dated:  November 18, 2021

18

19  Dated:  November 18, 2021           POMERANTZ LLP

20

21                                      _____

22                                          JEREMY LIEBERMAN

23                                      600 Third Avenue, Floor 20
                                        New York, NY 10016
24                                      Telephone: 212/661-1100
                                        jlieberman@pomlaw.com
25                                      cdavid@pomlaw.com

26

27

28

1

2   POMERANTZ LLP
    JENNIFER PAFITI
3   1100 Glendon Avenue, 15th Floor
    Los Angeles, CA 90024
4   Telephone: 310/405-7190
    jpafiti@pomlaw.com
5

6   *Counsel for Plaintiff William Koch*

7

8   BRONSTEIN, GEWIRTZ
      & GROSSMAN, LLC
9   PERETZ BRONSTEIN
    60 East 42nd Street, Suite 4600
10  New York, NY 10165
    Telephone: 212/697-6484
11  peretz@bgandg.com

12

13  *Additional Counsel for Plaintiff William*
    *Koch*
14

15  Dated:  November 18, 2021          LARSON LLP

16

17                                     By: _____

18                                        Stephen G. Larson
                                          R.C. Harlan
19                                        Paul A. Rigali
                                          Daniel R. Lahana
20

21                                     *Attorneys for Defendants EvMo, Inc.,*
                                       *formerly known as YayYo, Inc. and*
22                                     *Rideshare Rental, Inc.*

23  Dated:  November 19, 2021          RICHARDS CARRINGTON LLC

24

25                                     By: _____

26                                        George B. Newhouse, Jr.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Defendants Ramy El-Batrawi, Kevin F. Pickard, Jeffrey J. Guzy, Christopher Miglino, Jon Rosen, Paul Richter, Harbant S. Sidhu*

Dated:  November 18, 2021

FREEMAN MATHIS & GARY, LLP

By: _____

Chad Weaver
Kelly Champ

*Attorneys for WestPark Capital, Inc.*

{}

- 38 -