EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

In re YAYYO, INC. SECURITIES
LITIGATION

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:20-cv-08235-SVW-AFM

<u>CLASS ACTION</u>

[PROPOSED] ORDER
PRELIMINARILY APPROVING
SETTLEMENT

WHEREAS, an action is pending before this Court entitled *In re YayYo, Inc. Securities Litigation*, No. 2:20-cv-08235-SVW-AFM (the "Federal Court Action" or "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation as to the majority of Defendants (the "YayYo Settlement"), in accordance with a Stipulation of Settlement dated November 18, 2021 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. After a preliminary review, the YayYo Settlement appears to be fair, reasonable, and adequate. The YayYo Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement. Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing as defined and described below.

2. Plaintiff previously entered into a Stipulation of Settlement with Aegis Capital Corp. (the "Aegis Stipulation," together with the Stipulation, the "Stipulations"). The Court already preliminarily approved a settlement with the only other Defendant Aegis Capital Corp. ("Aegis") on September 27, 2021 (the "Aegis Settlement," with the YayYo Settlement the "Settlements").

3. A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2021, at _:__ _.m. [a date that is at least ___ days from the date of this

- 1 -

Order], at the United States District Court for the Central District of California, Western Division, First Street Courthouse, 350 West 1st Street, Courtroom 10A, 10th Floor, Los Angeles, CA 90012, for the following purposes:

(a)     to determine whether the Settlements are fair, reasonable, and adequate, and should be approved by the Court;

(b)     to finally determine whether Judgment as provided under the two Stipulations should be entered, dismissing the claims in the Litigation on the merits and with prejudice, and to determine whether the release by the Class of the Released Defendants' Parties as set forth in the Stipulations, should be ordered, along with a permanent injunction barring efforts to bring any Released Plaintiff's Claims or Released Defendants' Claims extinguished by the Settlements;

(c)     to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Funds are fair and reasonable and should be approved by the Court;

(d)     to consider the application of Lead Counsel for an award of attorneys' fees and expenses on behalf of and payable to Plaintiffs' Counsel, and any application for awards to Plaintiff William Koch in the Federal Court Action ("Plaintiff");

(e)     to consider Class Members' objections, if any, to the Settlements, Plan of Allocation or any application for fees and expenses; and

(f)     to rule upon such other matters as the Court may deem appropriate.

4.     The Court may adjourn the Settlement Hearing without further notice to the members of the Classes, and reserves the right to approve the Settlements with such modifications as may be agreed upon or consented to by the parties and without further notice to the Classes where to do so would not impair the Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court further reserves the right to enter its Judgment approving the Settlements and dismissing the

- 2 -

claims in the Litigation, on the merits and with prejudice, only, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made an award to any of the Plaintiffs.

5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for settlement purposes, Classes defined as follows: (i) All persons or entities who purchased or otherwise acquired YayYo common stock pursuant and/or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 initial public offering; (ii) All persons or entities who purchased or otherwise acquired YayYo stock during the period from November 13, 2019 through and including April 28, 2020 (the "Class Period"); and (iii) all persons or entities who were primary investors and acquired shares of YayYo common stock pursuant to the November 13, 2019 IPO.  Excluded from the Classes are Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest.   In addition, any person or entity who or which submits a request for exclusion from one or both Classes that is accepted by the Court shall also be excluded from the respective Class or Classes.  Solely for purposes of the Settlements, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Classes are so numerous that joinder of all members of the Classes is impracticable; (b) there are questions of law and fact common to the Classes, and these common questions predominate over any individual questions; (c) the claims of Plaintiff are typical of the claims of the Classes; (d) Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Classes; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Classes in individually controlling the prosecution of separate actions; (ii) the extent and nature of any

litigation concerning the controversy already begun by members of the Classes; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing the Litigation as a class action.

6.     If the Effective Date does not occur with respect to either or both of the Stipulations because of the failure of a condition that affects the Settlement(s), this preliminary certification of the Classes shall be deemed null and void without the need for further action by the Court or any of the Settling Parties.  In such circumstances, Plaintiff and each of the relevant Defendant(s) shall retain their/its rights to seek or to object to certification of this Litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this Litigation or in any other litigation on any other grounds.

7.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlements of Class Action (the "Notice"), which includes notice of both the Aegis Settlement and the YayYo Settlement, the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶10-11 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, the rules of this Court, and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.     The firm of AB Data, Ltd. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

9.     Not later than ten (10) business days thereafter (the "Notice Date"), Lead Counsel, through the Claims Administrator, shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by first-class mail to all Class Members who can be identified with reasonable effort, and to be posted on the Settlement website at _____. The Notice includes

10.     Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *Investors Business Daily* and once over a national newswire service.

11.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on each Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

12.     Lead Counsel may make non-material edits to the Notice, Proof of Claim, and Summary Notice without Court approval.

13.     Nominees who purchased or acquired YayYo common stock for the beneficial ownership of Class Members shall: (a) within seven (7) calendar days of receipt of the Notice and the Proof of Claim ("Notice Packet"), request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Funds, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such

compensation. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.10 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; or $0.05 per Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Funds, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

14.    In order to be entitled to participate in the recovery from the Settlement Funds after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)    A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date. Such deadline may be further extended by order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)    The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker

- 6 -

account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his/her/its current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such Claim is valid, deficient, or rejected.  For each Claim determined to be either deficient or rejected, the Claims Administrator shall send either a deficiency letter or rejection letter as appropriate, describing the basis on which the Claim was so determined.  Any Person who timely submits a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)    For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

15.    Any Class Member who does not timely submit a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of either Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Settlement Funds to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late Claims.

16.    Any member of the Classes may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

17.    All Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from any of the Classes or either of the Settlements.  A Class Member may request exclusion from either the Aegis Settlement or the YayYo Settlement or both Settlements.  A Class Member wishing to be excluded from any of the Classes or Settlements must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, such that it is postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing, or _____ 20__, to the address listed in the Notice.  A Request for Exclusion must be signed and legibly state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of YayYo common stock that the Person requesting exclusion purchased, acquired and/or sold, as well as the dates and prices for each such purchase, acquisition and/or sale; (c) that the Person wishes to be excluded from the Class in YayYo Securities Settlement; and (d) whether the Person wishes to be excluded from the Aegis Settlement, the YayYo Settlement, or both Settlements.  Any Person who submits a valid and timely Request for Exclusion in the manner set forth in this paragraph shall not have any rights under the relevant Stipulation(s), shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the relevant Stipulation(s) or any Final Judgment.  Unless otherwise ordered by the Court, any Class Member who does not submit a valid and timely Request for Exclusion as provided herein shall be bound by the Stipulations.

18.    The Claims Administrator or Lead Counsel shall cause to be provided to each Defendant's Counsel copies of all Requests for Exclusion no later than fifteen (15) calendar days prior to the Settlement Hearing.

19.    The Court will consider comments or objections to either or both of the Settlements, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, including Plaintiff's request for service awards as provided for by 15 U.S.C. §78u-4(a)(4), only if such comments or objections and any supporting papers are served by hand or sent by first-class mail, and are received at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 20__:

**Counsel for Plaintiffs**

Pomerantz LLP
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, NY 10016

**Counsel for Defendant Aegis**

Arnold & Porter
Kaye Scholer LLP
Aaron F. Miner
Zheng (Jane) He
250 West 55th Street
New York, NY 10019

**Counsel for the <u>YayYo Defendants</u>**

LARSON LLP
Stephen G. Larson
R.C. Harlan
555 S. Flower St.
Suite 4400
Los Angeles, CA 90071

**Counsel for the <u>Individual Defendants</u>**
RICHARDS CARRINGTON
George B. Newhouse
545 S. Figueroa St., 7th Fl.
Los Angeles, CA 90071

**Counsel for WestPark Capital, Inc.**

- 9 -

FREEMAN MATHIS & GARY, LLP
Chad Weaver
Kelly Champ
3030 Old Ranch Parkway, Suite 200
Seal Beach, CA 90740

Those comments or objections and any supporting papers must also be filed with the Clerk of the United States District Court for the Central District of California, Western Division, First Street Courthouse, 350 West 1st Street, Suite 4311, Los Angeles, CA 90012, at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 20__.  Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard orally in opposition to either of the Settlements, the Plan of Allocation, or the application for attorneys' fees and expenses or any award to Plaintiff is required to indicate in their written objection whether they intend to appear at the Settlement Hearing.  The notice of objection must include documentation establishing the objecting Person's membership in the Classes, including the number of shares of YayYo common stock that the objecting Person purchased, acquired and/or sold, as well as the dates and prices for each such purchase, acquisition and/or sale, copies of any papers, briefs, or other documents upon which the objection is based, and the objector's signature, even if represented by counsel.  In addition, the objection must state whether it applies only to the objector, to a specific subset of the Classes, or to each Class, whether the objector is objecting the YayYo Settlement, the Aegis Settlement, or both, and also state with specificity the grounds for the objection.  Any member of the Classes who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlements as set forth in the Stipulations, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiff's Counsel or awards to Plaintiff unless otherwise ordered by the Court.  Class Members do not

- 10 -

need to appear at the Settlement Hearing or take any other action to indicate their approval.

20.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulations and/or further order(s) of the Court.

21.    All opening briefs and supporting documents in support of the Settlements, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and/or awards to Plaintiff shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or _____, 20__.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or _____, 20__.

22.    No Defendants nor any other Released Defendants' Party, as defined in either of the Stipulations, shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlements.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulations, or affect or delay the finality of the Judgment approving the Stipulations and the settlement of the Litigation.

23.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and expenses to Plaintiffs' Counsel, and awards to Plaintiff, shall be approved.

24.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulations.

25.    Neither the Stipulations, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any other Released Defendants' Party of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

26.    If either or both of the Stipulations and the Settlements set forth therein are not approved or consummated for any reason whatsoever, the Stipulations and Settlements and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties status *quo ante*.

27.    Pending final determination of whether the proposed Settlements should be approved, no Plaintiff, nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendants' Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

28.    Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulations, in the Notice, in the Summary Notice, or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Litigation, except the Settlement Hearing and any deadlines set forth in this Order, are hereby taken off calendar.

29.    The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlements.

30.    The Court's orders entered during this Litigation relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: _____    _____
THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

- 12 -