**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Plaintiff*

EXHIBIT A-1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re YAYYO, INC. SECURITIES LITIGATION | Case No.: 2:20-cv-08235-SVW-AFM |
| | <u>CLASS ACTION</u> |
| | NOTICE OF PENDENCY AND PROPOSED SETTLEMENTS OF CLASS ACTION |

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Federal Action" or "Litigation") if you purchased or otherwise acquired the common stock ("Securities") of YayYo, Inc. pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 Initial Public Offering ("IPO") and/or purchased or otherwise acquired YayYo stock during the period from November 13, 2019 through and including April 28, 2020.**

**NOTICE OF SETTLEMENTS:  Please also be advised there are two proposed settlements involving this Litigation, totaling a $1,700,000.00 recovery for the Classes (as defined below).**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlements.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

**1.    Description of the Litigation and the Classes**:  This Notice relates to proposed Settlements of the Litigation.  The defendants in the Litigation include EVmo, Inc., formerly known as YayYo, Inc. and RideShare Rental, Inc. ("YayYo" or the "Company"), Ramy El-Batrawi, Jonathan Rosen, Kevin Pickard, Harbant S. Sidhu, Jeffrey Guzy, Christopher Miglino, and Paul Richter (collectively, the "YayYo Defendants"); WestPark Capital, Inc. ("WestPark") and Aegis Capital Corp. ("Aegis").  Collectively, the YayYo Defendants, WestPark and Aegis are referred to as Defendants.  The proposed Settlements, if approved by the Court, will apply to the following Classes (the "Classes"):

(a)    The Exchange Act Class: all persons or entities who purchased or otherwise acquired YayYo Inc. ("YayYo") common stock during the period from November 13, 2019 through and including April 28, 2020, both dates inclusive (the "Exchange Act Class Period"). Excluded from the Exchange Act Class are Defendants and their family members, directors and officers of YayYo, WestPark Capital, Inc. ("WestPark") and Aegis and their families, affiliates, predecessors and/or successors.

(b)    The Securities Act Class: all persons or entities who purchased or otherwise acquired YayYo common stock pursuant and/or traceable to the registration statement and related prospectuses (collectively, the "Registration Statement") issued in connection with YayYo's November 13, 2019 initial public offering (the "IPO" or "Offering"). Excluded from the Securities Act Class are

- 1 -

Defendants and their family members, directors and officers of YayYo, WestPark and Aegis and their families, affiliates, predecessors and/or successors.

(c)    The Securities Act Subclass: all persons or entities who were primary investors and acquired shares of YayYo's common stock pursuant to the November 13, 2019 IPO. Excluded from the Securities Act Subclass are Defendants and their family members, directors and officers of YayYo, WestPark and Aegis and their families, affiliates, predecessors and/or successors.

Any person or entity who falls within the definition of the Classes is a "Class Member." Anyone with questions as to whether or not they are excluded from the Classes may call the Claims Administrator toll-free at _____. All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement with Aegis Capital Corp. dated August 27, 2021 and the Stipulation of Settlement with the Defendants other than Aegis, dated November 18, 2021 (together, the "Stipulations"), which are available on the website _____.

**2.    Statement of Classes' Recovery**: Subject to Court approval, and as described more fully below, Plaintiff William Koch, on behalf of the Classes, has entered into two settlements. The recovery to the Classes totals $1,700,000.00.

First, Plaintiff, on behalf of the Classes, reached a settlement with Aegis for a total of $550,000.00 in cash (the "Aegis Settlement Amount") that would resolve all claims in the Litigation against Aegis. This would settle all Released Plaintiff's Claims (as defined in ¶41, below) against Defendant Aegis and the other Released Defendants' (as defined in ¶43, below) in exchange for a settlement payment to be deposited into an interest bearing escrow account.

Second, Plaintiff, on behalf of the Classes, reached a settlement with the YayYo Defendants and WestPark for a total of $1,150,000.00 in cash (the "YayYo Settlement Amount") that will resolve all Released Plaintiff's Claims (as defined in ¶41, below) against the YayYo Defendants, WestPark, and the other Released Defendants' (as defined in ¶43, below) in the Litigation.

The settlement fund shall consist of the Aegis Settlement Amount and YayYo Settlement Amount plus all interest and income earned thereon (the "Settlement Fund"). The Net Settlement Fund (the Settlement Fund less any attorneys' fees, expenses, interest, any award(s) pursuant to 15 U.S.C. §78u-4(a)(4) (in connection with representation of the Classes), Notice and Administration Expenses, Taxes, Tax Expenses, and other fees and expenses as may be authorized by the Court) will be

distributed in accordance with a Plan of Allocation (defined and discussed below) that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to members of the Classes. The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

**3.** **Statement of the Defendants' Positions on Damages**: Defendants vigorously deny and have denied all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Plaintiff or the Classes and that Plaintiff or any other members of the Classes suffered any injury. Moreover, the Defendants do not agree on the amount of recoverable damages if Plaintiff were to prevail on each of the claims alleged in the Litigation. The issues on which the Defendants disagree include, but are not limited to, whether: (1) the statements made or facts allegedly omitted were material, false or misleading; (2) Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) all or part of the damages allegedly suffered by the Class Members were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

**4.** **Statement of Attorneys' Fees and Expenses Sought**: Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund of up to one-third (⅓) of the Settlement Amounts, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. Lead Counsel intends to share part of any attorneys' fees awarded by the Court with Bronstein Gewirtz & Grossman, LLC in accordance with its level of contribution to the initiation, prosecution, and resolution of the Action. In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiff's Counsel's litigation expenses (reasonable expenses or charges incurred by Plaintiff's Counsel in connection with commencing and prosecuting the Litigation), in an amount not to exceed $100,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel may apply to the Court, on behalf of a person or people, for service awards pursuant to 15 U.S.C. §78u-4(a)(4) in connection with representation of the Classes in an amount not to exceed $35,000 total for both Settlements.

**5.** **Identification of Attorneys' Representatives**: Plaintiff and the Classes are being represented by Pomerantz LLP (collectively, "Plaintiff's Counsel"). Any questions regarding the Settlements should be directed to Jeremy A. Lieberman at Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENTS | |
|---|---|
| DO NOTHING | Receive no payment pursuant to the Settlements. Remain a Class Member. Give up your rights. |
| REMAIN A MEMBER OF THE CLASSES AND SUBMIT A CLAIM FORM ("PROOF OF CLAIM") POSTMARKED NO LATER THAN [_____], 20__ | This is the only way to be potentially eligible to receive a payment. |
| EXCLUDE YOURSELF FROM THE CLASSES (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *POSTMARKED* NO LATER THAN [_____], 20__ | Receive no payment pursuant to this Settlements. This is the only option that allows you to ever potentially be part of any other lawsuit against Defendants concerning the Released Plaintiff's Claims. |
| OBJECT TO THE SETTLEMENTS SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 20__ | Write to the Court if you have any objection to the fairness of the Settlements, the request for attorneys' fees and expenses, the requested awards in connection with any person's representation of the Classes, or the proposed Plan of Allocation. |
| GO TO THE HEARING ON [_____], 20__, AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 20__ | Ask to speak in Court about the fairness of the Settlements, the proposed Plan of Allocation, the request for attorneys' fees and litigation expenses, ora requested service award. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page _____ |
| What Is This Case About?  What Has Happened So Far? | Page _____ |
| How Do I Know If I Am Affected By The Settlements? | Page _____ |
| Why Did Plaintiff Agree To The Settlements? | Page _____ |
| What Might Happen If There Were No Settlements? | Page _____ |
| How Much Will My Payment Be? | Page _____ |

| | |
|---|---|
| How Will My Claim Be Calculated? | Page ____ |
| What Rights Am I Giving Up By Agreeing To The Settlements? | Page ____ |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page ____ |
| How Do I Participate In The Settlements? What Do I Need To Do? | Page ____ |
| What If I Do Not Want To Be A Part Of The Settlements? How Do I Exclude Myself? | Page ____ |
| When And Where Will The Court Decide Whether To Approve The Settlements? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlements? | Page ____ |
| What If I Bought Shares On Someone Else's Behalf? | Page ____ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page ____ |

## WHY DID I GET THIS NOTICE?

6.      You or someone in your family may have purchased or otherwise acquired YayYo Securities pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO and/or purchased or otherwise acquired YayYo stock during the period from November 13, 2019 through and including April 28, 2020.

7.      The Court authorized and directed that you be sent this Notice because you have a right to know about a settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlements.  Upon the Court's approval of the Settlements, and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments provided for under the Settlements.

8.      This Notice explains the Litigation, the Settlements, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

9.      YayYo provides fleet and inventory based ride sharing services.  The Litigation alleges, among other things, that Defendants misrepresented and omitted material facts in the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO concerning the relationship

- 5 -

between the Company and its founder and former Chief Executive Officer ("CEO"), Ramy El-Batrawi—namely, his continued involvement in and control over the Company, and the Company's large amounts of outstanding debt, and the Company's intended use of IPO proceeds.  The Litigation asserts claims for violations of §§ 11, 12(a)(2), and 15 of the Securities Act of 1933, and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934.

10.    The Federal Action commenced on September 9, 2020.  On September 18, 2020, Plaintiff William Koch filed a substantially similar action in this same Court, Case No. 2:20-cv-08591-SVW-AFM (the "Koch Action").  On November 2, 2020, the Court consolidated the two cases and administratively closed the Koch Action docket.

11.    On February 8, 2021, Plaintiff Koch and Bernard Bednarz filed the operative Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint").  On March 1, 2021, Defendant WestPark Capital, Inc. ("WestPark") filed an answer to the Amended Complaint and Defendant Aegis filed a motion to dismiss the Amended Complaint.  On March 3, 2021, the YayYo Defendants filed an answer to the Amended Complaint.  That action was then temporarily stayed pending an early mediation entered into at the request of Defendants.

12.    In April 2021, the parties to both the Federal Court Action and a state class action filed by plaintiff Michael Vanbecelaere in the Los Angeles County Superior Court, Case No. 20STCV28066 (the "State Action"), alleging substantially similar securities fraud claims engaged the services of Michelle Yoshida of Phillips ADR Enterprises, a nationally recognized mediator and mediation firm, to facilitate settlement negotiations and assist in resolving the Litigation in its entirety.  On April 29, 2021, the parties, including representatives from the State Action, participated in a full-day mediation with Ms. Yoshida.  In advance of the mediation, the parties prepared and exchanged detailed position statements which they presented to and discussed with Ms. Yoshida.

13.    Despite the parties' efforts at the mediation, they did not reach an agreement to settle the Federal Court Action or the State Action, or any aspect of them, and the Litigation continued.  Plaintiffs opposed Defendant Aegis' motion to dismiss on May 17, 2021, and Defendant Aegis replied on May 31, 2021.  However, as the Litigation was ongoing,  Aegis  continued their settlement negotiations with the assistance of Ms. Yoshida, ultimately culminating in a mediator's recommendation to settle the Litigation with Aegis for $550,000.00, which Aegis accepted and resulted in a stipulation of settlement on August 27, 2021 (the "Aegis

Settlement"). The court orally granted preliminary approval of the Aegis Settlement during a hearing held on September 27, 2021.

14. The Litigation continued as to all other parties. On July 2, 2021, Bernard Bednarz and Plaintiff filed a motion to certify the Classes. The YayYo Defendants and WestPark opposed that motion. The Court first held oral argument on that motion on September 20, 2021, which was then continued to October 19, 2021.

15. While the motion for class certification was still pending, the YayYo Defendants and Plaintiff engaged in another all day mediation with Ms. Yoshida. While a settlement was not reached that day, it was reached in the days after, with the assistance of Ms. Yoshida (the "YayYo Settlement").

16. At the time the Settlements were reached, Plaintiff had, among other things, completed the following: extensive briefing on the YayYo Defendants' motion for judgment on the pleadings, which the Court denied on July 2, 2021, and on Aegis' motion to dismiss; briefing on class certification; participated in the Rule 26(f) conference; filed a joint report and Rule 26(f) discovery plan; served Rule 26(a) disclosures; reviewed tens of thousands of documents; participated in meet and confers and court hearings related to discovery; and conducted several depositions.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENTS?

17. If you are a member of the Classes, you are subject to the Settlements unless you timely request to be excluded. The Classes consist of all persons and entities who purchased or otherwise acquired YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO, and/or purchased or otherwise acquired YayYo stock during the period from November 13, 2019 through and including April 28, 2020, and were damaged thereby. Excluded from the Classes are all Defendants; the officers and directors of Defendants; members of Defendants' families and their legal representatives, heirs, successors, and assigns; and any entity in which Defendants have or had a controlling interest. In addition, any person or entity who or which submits a timely and valid request for exclusion from one or both Classes shall also be excluded from the respective Class or Classes.

18. Anyone with questions as to whether or not they are excluded from the Classes may call the Claims Administrator toll-free at _____.

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE

- 7 -

ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENTS. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 20__.

**WHY DID PLAINTIFF AGREE TO THE SETTLEMENTS?**

19. Plaintiff and Plaintiff's Counsel believe the claims asserted in the Litigation have merit. Plaintiff and Plaintiff's Counsel recognize, however, that pursuing their claims through trials and appeals would be expensive, lengthy, and may result in a smaller recovery or no recovery at all.

20. The Settlements provide a substantial and immediate recovery. Plaintiff and Plaintiff's Counsel believe that the proposed Settlements are fair, reasonable and adequate, and in the best interests of the Classes. The Settlements were each negotiated with the assistance of a highly respected mediator.

21. Defendants have all vigorously denied each and all of the claims alleged by Plaintiff in the Litigation. Defendants have expressly denied all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants have also denied, among other things, the allegations that Plaintiff or the Classes have suffered any damage or that Plaintiff or the Classes were harmed by the conduct alleged in the Litigation. Although Defendants continue to deny Plaintiff's allegations, they have concluded that further defense of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulations.

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENTS?**

22. If there were no Settlements, Plaintiff may fail to establish an essential legal or factual element of the alleged claims. Then, neither Plaintiff nor the Classes would recover anything from Defendants. Also, if Defendants successfully proved any of its defenses, the Classes may recover substantially less than the amounts provided in the Settlements, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

23. Defendants have cumulatively agreed to deposit $1,700,000.00 in cash into an escrow account for the benefit of the Classes. The YayYo Settlement Amount will be paid in five installments, as set forth in the following schedule: (1) first payment, in the amount of $150,000 (comprised of $100,000 from Defendant Ramy El-Batrawi and $50,000 from WestPark), on or before December 4, 2021; (2) second payment, in the amount of $250,000, on or before January 18, 2022; (3) third payment, in the amount of $250,000, within 90 calendar days from the second payment; (4) fourth payment, in the amount of $250,000, within 90 calendar days from the third payment; (5) fifth payment, in the amount of $250,000, within 90 calendar days from the fourth payment. Aegis will make a lump-sum payment of $550,000 within twenty (20) calendar days of the entry of the order granting preliminary approval of the Settlements and setting the dates associated with the final Settlement Hearing. At this time, it is not possible to make any final determination of how much individual Class Members may receive from the Settlements. Plaintiff has proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Proofs of Claim forms. The Plan of Allocation proposed by Plaintiff is set forth below, and additional information is available on the website created for purposes of this Litigation, _____.

24. Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants (as defined below). No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulations related to the Aegis Settlement and/or YayYo Settlement, the Plan of Allocation, or further order(s) of the Court against Plaintiff, Plaintiff's Counsel, Class Members, the Claims Administrator, Defendants, Defendants' Counsel, and the other Released Defendants' Parties (defined below), or any person or entity designated by Plaintiff's Counsel. All members of the Classes who fail to timely submit acceptable Proofs of Claim by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlements, but will in all other respects be subject to and bound by the terms of the Settlements, including the release of the Class Member's Released Plaintiff's Claims.

25. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Classes.

- 9 -

26.     The Plan of Allocation set forth below is the proposed plan submitted by Plaintiff and Plaintiff's Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Classes.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Central District of California, Western Division, with respect to his, her or its Proof of Claim.

28.     Persons and entities that exclude themselves from one or both Classes will not be eligible to receive a distribution from the respective Net Settlement Fund and should not submit Proofs of Claim.

## PLAN OF ALLOCATION

29.     The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.

30.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlements.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

## HOW WILL MY CLAIM BE CALCULATED?

31.     As discussed above, the Settlements provide $550,000.00 and $1,150,000.00 in cash for the benefit of the Classes.  The Settlement Amounts and any interest they earn constitute the Settlement Fund.  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, any awards (based on and for representation of the Classes), Notice and Administration Expenses, Taxes and Tax Expenses, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlements are approved by the Court, the Net Settlement Fund will be distributed to Authorized Claimants – *i.e.*, Class Members who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund, but

will otherwise be bound by the Settlements.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Classes.  Any order modifying the Plan of Allocation will be posted on the Settlement website.

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

32.    Based on the formula stated below, a "Recognized Claim Amount" will be calculated for each purchase or acquisition of YayYo publicly traded common stock that is listed on the Proofs of Claim and for which adequate documentation is provided.  If a Recognized Claim Amount calculates to a negative number or zero under the formula below, that Recognized Claim Amount will be zero.

### Section 10(b) Claims

The allocation below is based on the following inflation per share amounts for Class Period common stock purchases and sales as well as the statutory PSLRA 90 day-look back amount of $0.26.  Furthermore, if any of the formulas set forth below yield an amount less than $0.00 the claim per share is $0.00.

| Inflation Period | Inflation per Share |
|---|---|
| November 13, 2019 – January 26, 2020 | $0.74 |
| January 27, 2020 – February 10, 2020 | $0.70 |
| February 11, 2020 – March 3, 2020 | $0.02 |
| March 4, 2020 – April 28, 2020 | $0.01 |

For shares of YayYo common stock purchased, or acquired, on or between November 13, 2019 through and including April 28, 2020, the claim per share shall be as follows:

a)  If sold prior to January 27, 2020, the claim per share is $0.00

b)  If sold on or between January 27, 2020 through and including April 28, 2020, the claim per share shall be the lesser of (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price;

c) If retained at the end of April 28, 2020 and sold on or before July 27, 2020, the claim per share shall be the lesser of (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in the table below.

d) If retained at the close of trading on July 27, 2020, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and $0.26.

### Section 11 and Section 12 Claims for the November 2019 Initial Public Offering

Initial Public Offering Price:     $4.00 per share

Closing Price on the Date the
Litigation was filed[1]:     $0.29 per share

33.     Only the individuals or entities that purchased directly in the IPO at $4 a share have a Section 12 claim.  However, the allocation does not differ whether you have solely a Section 11 claim or both a Section 11 and Section 12 claim.

34.     For each share of YayYo common stock purchased or otherwise acquired pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's IPO, and

(a)     sold prior to July 23, 2020, the claim per share is the lesser of (i) the purchase price less the sales price, or (ii) $4.00 less the sales price.

(b)     retained, or sold, on or after July 23, 2020, the claim per share is the least of (i) $3.71 ($4.00 less $0.29), or (ii) the purchase price less the sales price, or (iii) $4.00 less the sales price.

| Date | Closing Price | Average Closing Price |
|------|---------------|-----------------------|
| 4/29/2020 | $0.10 | $0.10 |

---

[1] The filing date used for these purposes is July 23, 2020, which represents the earliest date any substantially similar Litigation commenced against Defendants.

- 12 -

| Date | | |
|---|---|---|
| 4/30/2020 | $0.09 | $0.09 |
| 5/1/2020 | $0.09 | $0.09 |
| 5/4/2020 | $0.09 | $0.09 |
| 5/5/2020 | $0.08 | $0.09 |
| 5/6/2020 | $0.09 | $0.09 |
| 5/7/2020 | $0.09 | $0.09 |
| 5/8/2020 | $0.09 | $0.09 |
| 5/11/2020 | $0.08 | $0.09 |
| 5/12/2020 | $0.09 | $0.09 |
| 5/13/2020 | $0.09 | $0.09 |
| 5/14/2020 | $0.10 | $0.09 |
| 5/15/2020 | $0.10 | $0.09 |
| 5/18/2020 | $0.09 | $0.09 |
| 5/19/2020 | $0.13 | $0.09 |
| 5/20/2020 | $0.18 | $0.10 |
| 5/21/2020 | $0.19 | $0.10 |
| 5/22/2020 | $0.19 | $0.11 |
| 5/26/2020 | $0.18 | $0.11 |
| 5/27/2020 | $0.19 | $0.11 |
| 5/28/2020 | $0.18 | $0.12 |
| 5/29/2020 | $0.16 | $0.12 |
| 6/1/2020 | $0.17 | $0.12 |
| 6/2/2020 | $0.15 | $0.12 |
| 6/3/2020 | $0.15 | $0.12 |
| 6/4/2020 | $0.17 | $0.13 |
| 6/5/2020 | $0.17 | $0.13 |
| 6/8/2020 | $0.17 | $0.13 |
| 6/9/2020 | $0.25 | $0.13 |
| 6/10/2020 | $0.34 | $0.14 |
| 6/11/2020 | $0.40 | $0.15 |
| 6/12/2020 | $0.48 | $0.16 |
| 6/15/2020 | $0.44 | $0.17 |
| 6/16/2020 | $0.45 | $0.18 |
| 6/17/2020 | $0.72 | $0.19 |
| 6/18/2020 | $0.74 | $0.21 |
| 6/19/2020 | $0.62 | $0.22 |
| 6/22/2020 | $0.51 | $0.23 |
| 6/23/2020 | $0.49 | $0.23 |
| 6/24/2020 | $0.46 | $0.24 |
| 6/25/2020 | $0.39 | $0.24 |
| 6/26/2020 | $0.36 | $0.24 |
| 6/29/2020 | $0.33 | $0.25 |
| 6/30/2020 | $0.33 | $0.25 |
| 7/1/2020 | $0.33 | $0.25 |

- 13 -

| | | |
|---|---|---|
| 7/2/2020 | $0.30 | $0.25 |
| 7/6/2020 | $0.29 | $0.25 |
| 7/7/2020 | $0.27 | $0.25 |
| 7/8/2020 | $0.23 | $0.25 |
| 7/9/2020 | $0.22 | $0.25 |
| 7/10/2020 | $0.22 | $0.25 |
| 7/13/2020 | $0.23 | $0.25 |
| 7/14/2020 | $0.35 | $0.25 |
| 7/15/2020 | $0.40 | $0.25 |
| 7/16/2020 | $0.37 | $0.26 |
| 7/17/2020 | $0.29 | $0.26 |
| 7/20/2020 | $0.29 | $0.26 |
| 7/21/2020 | $0.29 | $0.26 |
| 7/22/2020 | $0.30 | $0.26 |
| 7/23/2020 | $0.29 | $0.26 |
| 7/24/2020 | $0.30 | $0.26 |
| 7/27/2020 | $0.31 | $0.26 |

## ADDITIONAL PROVISIONS

35.    In the event a Class Member has more than one purchase or acquisition or sale of YayYo common stock, all such purchases, acquisitions and/or and sales shall be matched on a First-In, First-Out ("FIFO") basis.  Sales will be matched against purchases in chronological order, beginning with the earliest purchase made during the relevant period.

36.    Purchases, acquisitions, and sales of YayYo common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of YayYo common stock shall not be deemed a purchase or sale of YayYo common stock for the calculation of Recognized Claims, unless (i) the donor or decedent purchased such shares of YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO and/or purchased or otherwise acquired YayYo stock during the period from November 13, 2019 through and including April 28, 2020; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of YayYo common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

- 14 -

37.   If a Claimant had a market gain with respect to his, her, or its overall transactions in YayYo Securities, the value of the Claimant's Recognized Claim Amount shall be zero.  Such Claimants shall be bound by the Settlements.  If a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in YayYo Securities, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

38.   An Authorized Claimant's Recognized Claim Amount shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim Amount divided by the total of the Recognized Claim of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose distribution amount is $10 or greater.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENTS?

39.   If the Settlements are approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that Plaintiff and all other Releasing Plaintiff's Parties (as defined in ¶44, below) shall have waived, released, discharged, and dismissed each and every one of the Released Plaintiff's Claims (as defined in ¶41, below), including Unknown Claims (as defined in ¶45, below), against each and every one of the Released Defendants' Parties (as defined in ¶43, below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff's Claims against any and all of the Released Defendant's Parties, whether or not they execute and deliver the Proofs of Claim or share in the Settlement Fund.  Claims to enforce the terms of the Settlements are not released.

40.   Any Plan of Allocation, request for an award of attorneys' fees and expenses, or awards pursuant to 15 U.S.C. §78u-4(a)(4) in connection with representation of the Classes, will in no way disturb or affect the Judgment and are each considered separate from the Judgment.  Any order or proceeding relating to the Plan of Allocation, any order entered regarding any award of attorneys' fees and

- 15 -

expenses or awards, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Judgment.

41.    "Released Plaintiff's Claims" means all claims, demands, rights, and causes of action, or liabilities of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that (a) Plaintiff or any other member of the Class: (i) asserted in the Federal Court Action or (ii) could have asserted in any court or forum that arise out of or are based upon any of the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Federal Court Action; and (b) relate in any way to the purchase or other acquisition of YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO and/or purchased or otherwise acquired YayYo stock during the period from November 13, 2019 through and including April 28, 2020. Released Plaintiff's Claims shall not include (i) any claims relating to the enforcement of the Settlements; or (ii) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

42.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in this Litigation. Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlements.

43.    "Released Defendant's Party" or "Released Defendants' Parties" means (i) each Defendant, (ii) each of Defendants' direct or indirect parent entities, subsidiaries, related entities and affiliates, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals,

- 16 -

predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

44.    "Releasing Plaintiff's Party" or "Releasing Plaintiff's Parties" means (i) Plaintiff and the Class Members, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.  Releasing Plaintiff's Parties do not include any person or entity who timely and validly seeks exclusion from the Classes.

45.    "Unknown Claims" means any and all Released Plaintiff's Claims which the Releasing Plaintiff's Parties do not know or suspect to exist in their favor at the time of the release of the Released Defendants' Parties, and any and all Released Defendants' Claims which the Released Defendants' Parties do not know or suspect to exist in their favor at the time of the release of the Releasing Plaintiff's Parties, which, if known by him, her, or it, might have affected his, her or its decision(s) with respect to the Settlements, including the decision to object to the terms of the Settlements or to exclude himself, herself, or itself from the Classes. With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims, the Defendants stipulate and agree that, upon the Effective Date, Plaintiff and Defendants shall expressly waive, and each Releasing Plaintiff's Party and Released Defendants' Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff and Defendants shall expressly waive, and each Releasing Plaintiff's Party and Released Defendants' Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code § 1542.  Plaintiff, any Releasing Plaintiff's

Party, Defendants, or any Released Defendants' Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Plaintiff and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff's Party and Released Defendants' Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiff and Defendants acknowledge, and the Releasing Plaintiff's Parties and Released Defendants' Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlements.

**46.**    The Judgment also will provide that Defendants and each and every Released Defendants' Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Releasing Plaintiff's Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Releasing Plaintiff's Parties.  Claims to enforce the terms of the Stipulations are not released.

> **WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE ATTORNEYS BE PAID?**

**47.**    Plaintiff's Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Classes, nor has Plaintiff's Counsel been reimbursed for their expenses incurred in connection with pursuing such claims.  Before final approval of the Settlements, Lead Counsel intends to apply to the Court for an award of attorneys' fees, on behalf of all Plaintiff's Counsel, from the Settlement Fund of up to one-third (⅓) of the Settlement Amounts and for payment of Plaintiff's Counsel's litigation expenses in an amount not to exceed $_____, plus interest on both amounts.  In addition, Lead Counsel may apply to the Court, on behalf of a person or people, for service awards pursuant to 15 U.S.C. §78u-4(a)(4) in connection with representation of the Classes in an amount not to

exceed $35,000 total for both Settlements.  The Court will determine the amount of any such awards to Plaintiff as well as the amounts of any such awards to Plaintiff's Counsel for their fees and expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

<div style="background-color: yellow;">

**HOW DO I PARTICIPATE IN THE SETTLEMENTS?**
**WHAT DO I NEED TO DO?**

</div>

48.     If you fall within the definition of any of the Classes as described above, and you are not excluded by the definition of the Classes and you do not elect to exclude yourself from the Classes, then you are a Class Member, and you will be bound by the proposed Settlements if the Court approves them, and by any judgment or determination of the Court affecting the Classes.  If you are a Class Member, you must submit a Proof of Claim and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlements.  A Proof of Claim is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlements to download a copy or request that a Proof of Claim be mailed to you.  The website is _____.  You may also request a Proof of Claim by calling toll-free _____.  If you exclude yourself from the Classes or do not submit a timely and valid Proof of Claim with adequate supporting documentation, you will not be entitled to share in the proceeds of the Settlements unless otherwise ordered by the Court.  Please retain all original records of your ownership of, or transactions in, the shares, as they may be needed to document your claim.

49.     As a Class Member, for purposes of the Settlements, you are represented by Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You need not retain your own counsel, but if you choose to do so, your counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlements?" below.

50.     If you do not wish to remain a Class Member, you may exclude yourself from any of the Classes and/or either Settlement by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlements? How Do I Exclude Myself?" below.  If you exclude yourself from the Classes, you will not be eligible to receive any benefit from the Settlement and you should not submit a Proof of Claim but you will retain the right to be a part of any other lawsuit against

- 19 -

any of the Released Defendant's Parties (as defined above) with respect to any of the Released Plaintiff's Claims (as defined above).

51.    If you wish to object to either or both of the Settlements or any of their terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Classes, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlements?" below.  If you exclude yourself from the Classes, you are not entitled to submit an objection.

**WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENTS? HOW DO I EXCLUDE MYSELF?**

52.    Each Class Member will be bound by all determinations and judgments in this Litigation concerning the Settlements, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from any of the Classes and/or either or both Settlement, addressed to the Claims Administrator, YayYo Securities Settlement, EXCLUSIONS, c/o AB Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217.  The exclusion request must be ***postmarked*** no later than **_____, 20__**.  Each request for exclusion must state the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the any of the Classes and/or either Settlement in *YayYo Securities Settlement*, and must be signed by such person or entity.  Such persons or entities requesting exclusion must also provide the following information: the number of shares of YayYo Securities that the party requesting exclusion purchased, acquired and/or sold from November 13, 2019 through April 28, 2020, inclusive, as well as the dates and prices for each such purchase, acquisition, and/or sale.  The request for exclusion will not be valid unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  If you exclude yourself from any of the Classes and/or Settlements, you should understand that Defendants and the other Released Defendants' Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

53.    Excluding yourself from the Classes is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendants' Parties concerning the Released Plaintiff's Claims. Please note, however, that if you decide to exclude yourself from the Classes, you

- 20 -

may be time-barred from asserting the claims covered by the Litigation by a statute of repose.

54.    If you request to be excluded from the Classes, you will not receive any benefit provided for in the Stipulations.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENTS? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENTS?**

55.    If you do not wish to object in person to the proposed Settlements, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing.  You can object to or participate in either of the Settlements without attending the Settlement Hearing.

56.    The Settlement Hearing will be held on _____, 20__, at _____ _.m., before the Honorable Stephen V. Wilson, at the United States District Court, Central District of California, Western Division, First Street Courthouse, 350 West 1st Street, Courtroom 10A, 10th Floor, Los Angeles, CA 90012.  The Court may approve one or both of the Settlements, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlements at or after the Settlement Hearing without further notice to the members of the Classes.

57.    Any Class Member who does not timely request exclusion may object to either of the Settlements, the Plan of Allocation, and/or Lead Counsel's request for an award of attorneys' fees and litigation expenses, including the request for service awards pursuant to 15 U.S.C. §78u-4(a)(4). You must submit your objection in writing.  You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Central District of California, Western Division, at the address set forth below on or before _____, 20__.  You must also serve the papers on Lead Counsel for the Classes and Defendants' Counsel at the addresses set forth below so that the papers are received on or before _____, 20__.

- 21 -

| <u>Court</u> | **Lead Counsel for the Class** | **Counsel for Defendant <u>Aegis</u>** |
|---|---|---|
| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA Clerk of the Court First Street Courthouse 350 West 1st Street, Suite 4311 Los Angeles, CA 90012 | POMERANTZ LLP Jeremy A. Lieberman 600 Third Avenue, 20th Floor New York, NY 10016 | ARNOLD & PORTER KAYE SCHOLER LLP Aaron F. Miner Zheng (Jane) He 250 West 55th Street New York, NY 10019 |

**Counsel for the <u>YayYo</u> <u>Defendants</u>**

LARSON LLP
Stephen G. Larson
R.C. Harlan
555 S. Flower St.
Suite 4400
Los Angeles, CA 90071

**Counsel for the <u>Individual Defendants</u>**

RICHARDS CARRINGTON
George B. Newhouse
545 S. Figueroa St.,
7th Fl.
Los Angeles, CA 90071

**Counsel for WestPark Capital, Inc.**

FREEMAN MATHIS & GARY, LLP
Chad Weaver
Kelly Champ
3030 Old Ranch Parkway, Suite 200
Seal Beach, CA 90740

**58.** Your objection must document the objecting person's or entity's membership in one of the Classes, including the number of shares of YayYo Securities that the objecting person or entity purchased or otherwise acquired, the dates and prices of such purchases or acquisitions, and the number of shares of YayYo Securities sold, if any, and the dates and prices for each such sale. Your

objection must state whether it applies only to you, to only one Class, or to each Class, whether you are objecting to the YayYo Settlement, the Aegis Settlement, or both, and also state with specificity the grounds for the objection. Your objection must include copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and your signature, even if you are represented by counsel. Documentation establishing your membership in the Classes must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. If you object and desire to present evidence at the Settlement Hearing in support of your objection, you must include in your written objection or notice of appearance the identity of any witnesses you may call to testify and any exhibits they intend to introduce into evidence at the hearing.

59.    You may not appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

60.    You need not hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. If you hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before ____, 20__.

61.    The Settlement Hearing may be adjourned by the Court without further written notice to the Classes, other than a posting of the adjournment on the Settlement website, _____. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses and any amounts sought by Lead Plaintiff on behalf of a person or people pursuant to 15 U.S.C. §78u-4(a)(4) in connection with representation of the Classes. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

- 23 -

**WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?**

62.    Nominees who purchased or otherwise acquired YayYo Securities for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of this Notice additional copies of the Notice and the Proofs of Claim from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of this Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within seven (7) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Classes. Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions, in an amount not to exceed $0.10 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; or $0.05 per Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. You may also obtain copies of this Notice by calling toll-free _____, and you may also download it from the Settlement website, _____.

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

63.    This Notice contains only a summary of the terms of the proposed Settlements. More detailed information about the matters involved in the Litigation is available at _____, including, among other documents, copies of the Stipulations and Proofs of Claim. All inquiries concerning this Notice or the Proofs of Claim should be directed to:

- 24 -

*YayYo Securities Settlement*
Claims Administrator
c/o AB Data, Ltd.
P.O. Box _____
Milwaukee, WI  53217
Toll-free number:

**OR**

Pomerantz LLP
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE**

Dated: _____        By Order of the Court
United States District Court
Central District of California
Western Division

- 25 -