EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re YAYYO, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | Case No.: 2:20-cv-08235-SVW-AFM<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, on the application of Plaintiff William Koch for approval of two Settlements, set forth in the Stipulation of Settlement with Aegis Capital Corp., dated August 27, 2021, and the Stipulation of Settlement with the YayYo Defendants and WestPark, dated November 18, 2021 (the "Settlements"). Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation of Settlement with Aegis Capital Corp. dated August 27, 2021, and the Stipulation of Settlement with the Defendants other than Aegis, dated November __, 2021 (together, the "Stipulations"), and all terms used herein shall have the same meanings as set forth in the Stipulations, unless otherwise stated herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Order and finally certifies for purposes of settlement only Classes defined as follows:

(a)     The Exchange Act Class: all persons or entities who purchased or otherwise acquired YayYo Inc. ("YayYo") common stock during the period from November 13, 2019 through and including April 28, 2020, both dates inclusive (the "Exchange Act Class Period"). Excluded from the Exchange Act Class are Defendants and their family members, directors and officers of YayYo, WestPark Capital, Inc. ("WestPark") and Aegis and their families, affiliates, predecessors and/or successors.

(b)     The Securities Act Class: all persons or entities who purchased or otherwise acquired YayYo common stock pursuant and/or traceable to the registration statement and related prospectuses (collectively, the "Registration Statement") issued in connection with YayYo's November 13, 2019 initial public offering (the "IPO" or "Offering"). Excluded from the Securities Act Class are

- 1 -

Defendants and their family members, directors and officers of YayYo, WestPark and Aegis and their families, affiliates, predecessors and/or successors.

(c)     The Securities Act Subclass: all persons or entities who were primary investors and acquired shares of YayYo's common stock pursuant to the November 13, 2019 IPO. Excluded from the Securities Act Subclass are Defendants and their family members, directors and officers of YayYo, WestPark and Aegis and their families, affiliates, predecessors and/or successors.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlements set forth in the Stipulations and finds that:

(a)     the Stipulations and the Settlements contained therein are, in all respects, fair, reasonable and adequate;

(b)     there was no collusion in connection with either of the Stipulations;

(c)     the Stipulations were the product of informed, arm's-length negotiations among competent, able counsel; and

(d)     the record is sufficiently developed and complete to have enabled the Settling Parties to have adequately evaluated and considered their respective positions as well as the positions of each other.

5.     Accordingly, the Court directs the Settling Parties to consummate the Settlements pursuant to the Stipulations, as well as the terms and provisions hereof.

6.     No Person shall have any claim against Plaintiff, Plaintiff's Counsel, or the Claims Administrator, or any other Person designated by Plaintiff's Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

7.     Upon the Effective Date, Plaintiff, each of the Class Members, and each and every Releasing Plaintiff's Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff's Claims (including, without limitation, Unknown Claims) against each and every one of the Released

- 2 -

Defendants' Parties with prejudice on the merits, whether or not Plaintiff or such Class Members execute and deliver the Proofs of Claim and Release and whether or not Plaintiffs or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulations are not released.

8. Upon the Effective Date, Defendants and each and every Released Defendant's Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Releasing Plaintiffs' Parties from all Released Defendant's Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of the Stipulations are not released.

9. Upon the Effective Date, Plaintiffs, all Class Members, each and every Releasing Plaintiffs' Party, and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against any of the Released Defendant's Parties.

10. The distribution of the Notice of Pendency and Proposed Settlements of Class Action and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlements set forth in the Stipulations, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law. No Class Member is relieved from the terms of the Settlements, including the releases

provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class Members to object to the proposed Settlements and to participate in the hearing thereon.  Thus, the Court hereby determines that all Class Members are bound by this Judgment, except as to any Class Members who are identified and listed in Exhibit 1 hereto as having validly requested exclusion from the Classes.

11.  Any order entered or proceeding relating to the Plan of Allocation or application for attorneys' fees and expenses, and awards to Plaintiff, including any appeal from any order relating thereto or reversal or modification thereof, shall in no way disturb or affect the finality of this Judgment and shall be considered separate from this Judgment.

12.  This Judgment and the Stipulations, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulations, the Settlements, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)  do not constitute, and shall not be offered or received against or to the prejudice of Defendants or any other Released Defendants' Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Defendants or any other Released Defendants' Party with respect to the truth of any allegation by Plaintiff and the Classes or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, including, but not limited to, the Released Plaintiff's Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants, any other Released Defendants' Party, or any person or entity whatsoever;

(b)  do not constitute, and shall not be offered or received against or to the prejudice of Defendants or any other Released Defendants' Party as evidence of a

- 4 -

presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by Defendants or any other Released Defendants' Party, or against or to the prejudice of Plaintiff or any other Class Members as evidence of any infirmity in the claims of Plaintiff or the other Class Members;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants or any other Released Defendants' Party, Plaintiff, any other Class Members, or their respective counsel, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Settling Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulations;

(d)    do not constitute, and shall not be construed as, or offered or received against or to the prejudice of Defendants or any other Released Defendants' Party, Plaintiff, or any other Class Members, as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as, or offered or received against or to the prejudice of Defendants or any other Released Defendants' Party, Plaintiff, or any other Class Members, as evidence of a presumption, concession, or admission that any of their claims are without merit or infirm or that damages recoverable through the Litigation would not have exceeded the Settlement Amount.

13.    Upon the Effective Date, any and all Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim where the alleged injury to that Person is that Person's actual or threatened liability to the Classes or a Class Member in the Litigation), arising out of, based upon,

- 5 -

relating to, concerning, or in connection with the Released Plaintiff's Claims, against each and every one of the Released Defendants' Parties, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the Litigation or any separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum.

14.   Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of the Settlements and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Settlements.

15.   The Court finds that the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16.   The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulations or in this Judgment.

17.   Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.   The Court directs immediate entry of this Judgment by the Clerk of the Court.

19.   The Court's orders entered during this Litigation relating to the confidentiality of information shall survive the Settlements.

IT IS SO ORDERED.

DATED: _____          _____

THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

- 6 -