UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08235-SVW-AFM | Date | January 13, 2022 |
|---|---|---|---|
| Title | *In re YayYo, Inc. Securities Litigation* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING [166] MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Before the Court is a motion for preliminary approval of a class settlement reached between the parties. For the reasons below, the motion is GRANTED; the Court preliminarily approves the settlement such that the parties may begin the process of notifying potential class members per the procedures outlined in the moving papers.

Under Rule 23, preliminary approval of a class settlement is warranted when it is sufficiently likely that a court will be able to grant final approval of the settlement and certify the class to justify directing notice to class members. Fed. R. Civ. P. 23(e)(1)(B). Final approval, in turn, requires that a court find the settlement to be "fair, reasonable, and adequate" after considering (A) whether class representatives and counsel provided adequate representation, (B) whether the proposal was negotiated at arm's length, (C) whether the relief provided for the class is adequate, and (D) whether the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).[1] Thus, at the preliminary approval stage, courts largely focus on whether "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of

---

[1] The Ninth Circuit has also prescribed additional, related considerations, including "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08235-SVW-AFM | Date | January 13, 2022 |
|---|---|---|---|
| Title | *In re YayYo, Inc. Securities Litigation* | | |

possible approval." *Chen v. Chase Bank USA*, N.A., 2020 WL 264332, *6 (N.D. Cal. 2020) (citation omitted).

Here, in light of these considerations, the Court concludes that preliminary approval is warranted. Plaintiffs and their counsel have vigorously litigated this case, and the settlement was reached after arm's-length negotiations, including those facilitated by an experienced mediator. *See* Mot. 10-12, ECF No. 167.

The Court held a hearing on the matter of preliminary approval to further probe the propriety of the settlement. *See* Mins. of Hr'g, Dec. 13, 2021, ECF No. 171. At the hearing, one of the lead plaintiffs, Bernard Bednarz, appeared personally to voice his objections to the settlement. *See id.* While it is rather unusual for one of the lead plaintiffs themselves to object to a proposed class settlement, the Court concludes that preliminary approval is nonetheless warranted. Mr. Bednarz contended that counsel's attempt to justify the settlement amount – $1.7 million – by pointing to the Defendants' potential "negative causation" defense was unavailing because a negative causation defense would reduce some class members' recovery more than others.

In a "negative causation" defense, a defendant can reduce or eliminate their liability by showing that, even if a misrepresentation were proven, an investor's losses were attributable to some other cause, such as a market or industry-wide downturn, rather than the misrepresentation. Mr. Bednarz is generally correct that this type of defense may affect some class members more than others, depending on when they held their stake in YayYo within the applicable class period. However, the Court concludes that the settlement's plan of allocation adequately addresses this concern and, more broadly, treats class members equitably. *See* Fed. R. Civ. P. 23(e)(1)(D). The allocation plan adjusts the recovery amounts for class members based on the time period in which they held YayYo stock and provides for the denial of any class by a class member who achieved a net gain from their investment in YayYo stock. *See* David Decl, Ex. A-1 at 10-15.

Finally, the Court concludes that the relief provided for in the settlement is sufficiently adequate to warrant preliminary approval at this stage. *See* Fed. R. Civ. P. 23(e)(1)(B), (e)(2)(C). In the Court's opinion, a $1.7 million recovery for the class is not particularly exceptional, and, as it indicated at the hearing, the Court does not believe that such a recovery warrants the 33.3% attorneys' fees and $35,000 service payment that plaintiffs' counsel intends to seek. *See* Mot. 7-8. The Ninth Circuit has indicated

:
_____        _____
Initials of Preparer
                        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08235-SVW-AFM | Date | January 13, 2022 |
|---|---|---|---|
| Title | *In re YayYo, Inc. Securities Litigation* | | |

that 25% is the "benchmark" for percentage-based attorneys' fees. *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) (quoting *Hanlon*, 150 F.3d at 1029). In the Court's view, the benefit created for the class here is not so noteworthy as to warrant a fee award above this benchmark.[2] However, it is nonetheless meaningful relief that falls within the range of possible approval and justifies the notification of class members. *See* Fed. R. Civ. P. 23(e)(1)(B); *Chen.* 2020 WL 264332, at *6; *see also In re Mego Fin. Corp.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming approval of $1.725 million settlement in securities class action as "fair and adequate" even if total losses were roughly $12 million).

The Court grants preliminary approval of the settlement and of the notification procedures as detailed in the parties' proposed order, ECF No. 168-2, except for the following changes:
- Mailing of the Notice and Proof of Claim to potential class members ("the Notice Date") shall commence within 60 days of this order;
- Class members shall have 60 days from the Notice Date to submit a valid Proof of Claim form to the Claims Administrator or to submit a Request for Exclusion to opt-out of the settlement (submissions shall be valid if postmarked within 60 days of the Notice Date);
- The Court will consider comments or objections to the settlement if received at least 7 days before the hearing;
- The final approval hearing shall be set for June 6, 2022 at 1:30pm.

**IT IS SO ORDERED.**

---

[2] Courts should ensure that service payments are not excessive by balancing the number of named plaintiffs receiving such payments and the size of the payments relative to the settlement amount, considering the actions of the named plaintiffs, the time and effort expended on those actions, and the degree to which they benefitted the class. *Staton*, 327 F.3d at 977. While the Ninth Circuit has not articulated an exact benchmark, as it has with attorneys' fees, the Court notes that approved service payments are often 1% or less of the settlement amount. *See, e.g., In re Mego Fin. Corp.*, 213 F.3d at 463 (affirming $10,000 in service awards in $1.7 million settlement); *Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346, *10 (C.D. Cal. June 15, 2010) (collecting cases and concluding service payment of more than 1% of settlement amount was excessive).

| | : |
|---|---|
| Initials of Preparer | PMC |