**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re YAYYO, INC. SECURITIES LITIGATION | Case No. 2:20-cv-08235-SVW-AFM |
| | <u>CLASS ACTION</u> |
| | REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFFS' MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENTS AND PLAN OF ALLOCATION; AND (2) ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS |

DATE:    June 6, 2022
TIME:    1:30pm
CTRM:   10A
JUDGE:  Honorable Stephen V. Wilson

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENTS AND PLAN OF ALLOCATION; AND (2) ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS**

Lead Plaintiff Bernard Bednarz and Plaintiff William Koch (collectively "Plaintiffs") submit this reply memorandum in further support of their motions for (1) final approval of the Settlements and Plan of Allocation; and (2) an award of attorneys' fees, reimbursement of expenses, and awards to Plaintiffs.[1] A [Proposed] Order and Final Judgment Approving Class Action Settlements, Attorneys' Fees, Expenses, And Awards To Plaintiffs is attached as Exhibit 1 to the Supplemental Declaration of Michael Grunfeld in Further Support of Plaintiffs' Motions for (1) Final Approval of Settlements and Plan of Allocation; and (2) Attorneys' Fees, Reimbursement of Expenses, and Awards to Plaintiffs ("Supp. Grunfeld Decl.").

## I.    The Claims Administrator Provided Notice of the Settlements to Over Nine Thousand Potential Settlement Class Members

The Claims Administrator, A.B. Data, Ltd. Class Action Administration Company ("A.B. Data"), mailed 9,561 Notice Packets (including 1,935 additional Notice Packets that have been mailed since the initial Ewashko Declaration submitted in connection with Plaintiffs' motions ("Initial Ewashko Declaration," ECF No. 184-2)). Supplemental Declaration of Jack Ewashko Concerning: (A) Mailing of the Notice and Claim Form; and (B) Report on Requests for Exclusions and Objections ("Supp. Ewashko Decl.") ¶2.[2] A.B. Data also disseminated the Summary Notice electronically over *Investor's Business Daily* and transmitted once over the *PR Newswire* on March 21, 2022. Initial Ewashko Declaration ¶ 9. On March 14, 2022, A.B. Data established a website dedicated to the Settlements which included the online claim filing page, a contact us page, and important documents including the Notice and Claim Form, Preliminary Approval Order, and Stipulation. Supp. Ewashko Decl. ¶ 5.  A.B. Data has

---

[1] Terms not defined herein have the same meaning as in the Settlement Agreement.

[2] Plaintiff attaches the Supp. Ewashko Decl. as Exhibit 2 to the Supp. Grunfeld Decl.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENTS AND PLAN OF ALLOCATION; AND (2) ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS**

also maintained a toll-free telephone number for potential Settlement Class Members. *Id*. ¶ 4.

Since the Initial Ewashko Declaration, an additional 29 Notice Packets were returned as undeliverable. Supp. Ewashko Decl. ¶ 3. Of these, the United States Postal Service provided forwarding addresses for 28, and A.B. Data immediately mailed another Notice and Claim Form to the updated addresses. *Id*. The United States Postal Office did not have any forwarding address on record for the remaining Notice Packet that was returned as undeliverable. *Id.*

To date, A.B. Data has received no objections and only two requests for exclusion.[3]

## II.   The Reaction of the Settlement Classes Support Final Approval
### A.   The Lack of Objections and Minimal Requests for Exclusion Support Final Approval of the Settlements

The absence of any valid objections to the Settlements or Plan of Allocation, following the Claims Administrator's thorough notice program, supports their approval. *Nat'l Rural Telecomm'cns Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (finally approving settlement, finding "[t]he absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement"); *In re Rambus Inc. Derivative Litig.*, No. C 06-3513 JF (HRL), 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009) (finally approving settlement, awarding attorneys' fees, finding absence of objections "raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"). Likewise, the minimal requests for exclusion from the Settlements further

_____

[3] While one of the individuals that requested to be excluded from the Settlements also stated that he objects, individuals that "exclude [themselves] from the Classes . . . are not entitled to submit an objection." (Supp. Ewashko Decl. ¶ 7 (quoting the Notice)). This individual also did not submit any documentation explaining any possible objection. *Id*.

- 2 -

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENTS AND PLAN OF ALLOCATION; AND (2) ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS**

demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming final approval where 500 class members opted out of the settlement)*; see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (affirming final approval of settlement, noting "that the overwhelming majority of the class … stayed in the class presents at least some objective positive commentary as to its fairness"), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming district court's final approval of settlement, finding that there was only one opt-out supported the district court's approval of settlement).

The first request for exclusion was received from an individual who claims he had a personal friendship with Defendant El-Batrawi and purchased 20,000 shares directly from Defendants prior to the IPO and 3,000 shares on the open market in February 2021, which is after the Class Period in this action.[4] Supp. Ewashko Decl. ¶ 6. This individual stated that he has commenced his own lawsuit against Defendants and does not refer to the merits of the Settlements as the basis for his request for exclusion. *Id*.

The second request for exclusion was received from an individual who submitted account statements showing the sale of approximately 96,200 YayYo shares. Supp. Ewashko Decl. ¶ 7. The requested exclusions of these two individuals should not stop the Settlement from proceeding as to the vast majority of YayYo shareholders who have not requested exclusion and will benefit from the Settlement. For the foregoing reasons, the lack of any valid objections and the minimal requests for exclusion further support final approval.

---

[4] This individual has not submitted any trade records to substantiate his claims.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENTS AND PLAN OF ALLOCATION; AND (2) ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS**

**B.   The Lack of Objections and Minimal Requests for Exclusion Support. Awarding the Requested Attorneys' Fees and Expenses and Awards to Plaintiffs**

A lack of objections to fee and expense requests also supports the appropriateness of the award of attorneys' fees, reimbursement of expenses, and awards to Plaintiff. *See, e.g., In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award"). Here, not a single Settlement Class Member has objected to Lead Counsel's requests for an award of attorneys' fees, reimbursement of expenses, and awards to Plaintiffs. Further, neither of the requests for exclusion cite the aforementioned requests for attorneys' fees, expenses, and awards to Plaintiffs as a basis for requesting exclusion. Accordingly, the Settlement Class's reaction strongly supports the fairness and reasonableness of these requests.

## III.   CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' opening memoranda, Plaintiffs respectfully submit that (1) the Settlements and Plan of Allocation are fair, reasonable, and adequate; (2) the Final Approval Motion should be granted in full; (3) the Court should approve the application for an award of attorneys' fees of 25% of the Settlement Amounts, or $425,000, plus interest, and reimbursement of expenses incurred of $74,604.78, plus interest; (4) the Court should approve Awards to Lead Plaintiff Bernard Bednarz of $15,000 and Plaintiff William Koch of $10,000; and (5) the Court should enter the [Proposed] Order and Final Judgment Approving Class Action Settlement, Attorneys' Fees, Expenses, and Awards to Plaintiffs.[5]

---

[5] The Settlements are conditioned on the occurrence of the entry of the [Proposed] Order and Final Judgment Approving Class Action Settlement, Attorneys' Fees, Expenses, and Awards to Plaintiff. *See* Settlements ¶¶ 1.17, 1.18, 1.19, 3.2, 7.1, 7.2, 7.4. The [Proposed] Order and Final Judgment Approving Class Action Settlement, Attorneys' Fees, Expenses, and Awards to Plaintiff is attached as Exhibit 1 to the Supp. Grunfeld Decl.

- 4 -

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENTS AND PLAN OF ALLOCATION; AND (2) ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS**

Dated: May 27, 2022

Respectfully submitted,

**POMERANTZ LLP**
By: */s/ Michael Grunfeld*
Michael Grunfeld
(admitted *pro hac vice*)
600 Third Ave., 20th Fl.
New York, NY 10016
(212) 661-1100
mgrunfeld@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
Ari Basser (SBN 272618)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com
          abasser@pomlaw.com

*Lead Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

- 5 -

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENTS AND PLAN OF ALLOCATION; AND (2) ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Michael Grunfeld
Michael Grunfeld

- 6 -

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF SETTLEMENTS AND PLAN OF ALLOCATION; AND (2) ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS