JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re YAYYO, INC. SECURITIES LITIGATION | Case No. 2:20-cv-08235-SVW-AFM<br><br>CLASS ACTION<br><br>ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENTS, ATTORNEYS' FEES, EXPENSES, AND AWARDS TO PLAINTIFFS |
|---|---|

WHEREAS, a class action is pending in this Court entitled *In re YayYo, Inc. Securities Litigation*, 2:20-cv-08235-SVW-AFM (the "Action");

WHEREAS, (a) Lead Plaintiff Bernard Bednarz and Plaintiff William Koch (collectively "Plaintiffs"), on behalf of themselves and the Settlement Classes (defined below); (b) Defendants EvMo, formally known as YayYo, Inc. and Rideshare Rental, Inc. ("YayYo" or the "Company"), Ramy El-Batrawi, Jonathan Rosen, Kevin Pickard, Harbant S. Sidhu, Jeffrey Guzy, Christopher Miglino, Paul Richter, and WestPark Capital, Inc. ("WestPark") (collectively "Yayo Defendants"); and (c) Defendant Aegis Capital Corp. ("Aegis," together with the YayYo Defendants, the "Defendants"), have entered into Stipulations and Agreements of Settlement dated November 18, 2021 and August 27, 2021 respectively (the "Stipulations"), that provide for a complete dismissal with prejudice of the claims asserted against all Defendants and the Action on the terms and conditions set forth in the Stipulations, subject to the approval of this Court (the "Settlements");

WHEREAS, unless otherwise defined in this Order and Judgment, the

capitalized terms herein shall have the same meaning as they have in the Stipulations;

WHEREAS, by Order dated September 27, 2021 and January 13, 2022 (the "Preliminary Approval Orders"), this Court: (a) preliminarily approved the Settlements; (b) certified the Settlement Classes solely for purposes of effectuating the Settlements; (c) ordered that notice of the proposed Settlements be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Classes or to object to the proposed Settlements; and (e) scheduled a hearing regarding final approval of the Settlements;

WHEREAS, due and adequate notice has been given to the Settlement Classes;

WHEREAS, the Court conducted hearings on June 6, 2022 and July 11, 2022 (the "Settlement Hearings") to consider, among other things, (a) whether the terms and conditions of the Settlements are fair, reasonable and adequate to the Settlement Classes, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulations, all papers filed and proceedings held herein in connection with the Settlements, all oral and written comments received regarding the Settlements, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** - The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlements, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** - This Order and Judgment incorporates and makes a part hereof: (a) the Stipulations filed with the Court on August 27, 2021 and November 19, 2021; and (b) the Notice and the Summary Notice, both of which were filed with the Court on November 19, 2021.

3. **Class Certification for Settlement Purposes** - The Court hereby affirms its determinations in the Preliminary Approval Orders certifying, for the purposes of the Settlements only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Settlement Classes:

**Aegis Settlement Class**

All persons and entities who purchased or otherwise acquired YayYo common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 IPO, and were damaged thereby.

**YayYo Settlement Classes**

The Exchange Act Class: all persons or entities who purchased or otherwise acquired YayYo common stock during the period from November 13, 2019 through and including April 28, 2020, both dates inclusive.

The Securities Act Class: all persons or entities who purchased or otherwise acquired YayYo common stock pursuant and/or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 initial public offering.

The Securities Act Subclass: all persons or entities who were primary investors and acquired shares of YayYo's common stock pursuant to the November 13, 2019 IPO.

Excluded from the Settlement Classes are Defendants, the present and former Officers and directors of YayYo and any subsidiary thereof, and the Immediate Family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Settlement Class Period. Also excluded from the Settlement Classes are the persons and entities listed on Exhibit 1 hereto.

4. **Adequacy of Representation** - Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies Lead Plaintiff Bernard Bednarz and Plaintiff William Koch, as Class Representatives for the Settlement Classes and appointing Lead Counsel as Class Counsel for the Settlement Classes. Plaintiffs and

Lead Counsel have fairly and adequately represented the Settlement Classes both in terms of litigating the Action and for purposes of entering into and implementing the Settlements and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively. The Court further finds that the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their respective positions as well as the positions of each other.

5. **Notice** - The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Orders; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlements (including the Releases to be provided thereunder), (iii) Lead Counsel's motion for an award of attorneys' fees with interest and reimbursement of Litigation Expenses, (iv) their right to object to any aspect of the Settlements, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees with interest, reimbursement of Litigation Expenses, and awards to Plaintiffs, (v) their right to exclude themselves from the Settlement Classes, and (vi) their right to appear at the Settlement Hearings; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlements; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** - Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlements set forth in the Stipulations in all respects

(including, without limitation: the amount of the Settlements; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlements are, in all respects, fair, reasonable and adequate to the Settlement Classes. The Parties are directed to implement, perform and consummate the Settlements in accordance with the terms and provisions contained in the Stipulations.

7. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulations.

8. **Binding Effect** - The terms of the Stipulations and of this Order and Judgment shall be forever binding on Defendants, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Classes pursuant to request and are not bound by the terms of the Stipulation or this Order and Judgment.

9. **Releases** - The Releases set forth in paragraph 4 of the Stipulations, together with the definitions contained in paragraph 1 of the Stipulations relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

**With respect to the YayYo Defendants:**

(a) By operation of the Final Judgment, as of the Effective Date, Plaintiff and each and every Releasing Plaintiff's Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff's Claims against Defendants and each and every one of the Released Defendants' Parties and shall forever be barred and enjoined from

commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff's Claims against any and all of the Released Defendants' Parties, whether or not such Releasing Plaintiff's Party executes and delivers the Proof of Claim and Release or otherwise shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

(b) By operation of the Final Judgment, as of the Effective Date, Defendants and each and every Released Defendants' Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Releasing Plaintiff's Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Releasing Plaintiff's Parties. Claims to enforce the terms of the Stipulation are not released. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

**With Respect to Aegis:**

(c) By operation of the Final Judgment, as of the Effective Date, Plaintiffs and each and every Releasing Plaintiffs' Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against Defendant Aegis and each and every one of the Released Defendant's Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant's Parties, whether or not such Releasing Plaintiffs' Party executes and delivers the Proof of Claim and Release or otherwise shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

(d) Upon the Effective Date, any and all persons and entities are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim where the alleged injury to that person or entity is that person's or entity's actual or threatened liability to any Class or any Class Member in the Action), arising out of, based upon, relating to, concerning, or in connection with the Released Plaintiffs' Claims, against Defendant Aegis, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the Action or any separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum. Nothing herein shall release or alter the contractual rights, if any, under the terms of any written agreement among the YayYo Defendants and the underwriters of YayYo's November 13, 2019 IPO. Further, the bar orders shall not preclude the underwriters of YayYo's November 13, 2019 IPO from seeking to enforce any right of indemnification or contribution with respect to the payment of the Settlement Amount or defense costs.

(e) By operation of the Final Judgment, as of the Effective Date, Defendant Aegis and each and every Released Defendant's Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendant's Claims against each and every one of the Releasing Plaintiffs' Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendant's Claims against any and all of the Releasing Plaintiffs' Parties. Claims to enforce the terms of the Stipulation are not released. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

10. Notwithstanding paragraphs 9(a) - (b) above, nothing in this Order and Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulations or this Order and Judgment.

11. **Rule 11 Findings** - The Court finds and concludes that the Plaintiffs and Defendants and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **Plan of Allocation Approval** - The Court finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation submitted by Lead Counsel, as described in the Notice, is hereby approved as fair, reasonable and adequate. Any further orders or proceedings solely regarding the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall be considered separate and apart from this Order and Judgment and shall not operate to terminate the Settlements or in any way disturb or affect this Order and Judgment, the finality of this Order and Judgment, or the release of the Released Claims. Any orders regarding the Plan of Allocation shall not affect or delay the Effective Date of the Settlements.

13. **No Admissions** - Neither this Order and Judgment, the Memorandum of Understanding, the Stipulations (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Memorandums of Understanding and the Stipulations, nor any proceedings taken pursuant to or in connection with the Memorandums of Understanding, the Stipulations and/or approval of the Settlements (including any arguments proffered in connection therewith):

(a) shall be offered against any of Defendants or Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants or Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have

been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind on the part of any of Defendants or Defendants' Releasees or in any way referred to for any other reason as against any of Defendants or Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulations;

(b) shall be offered against any of Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants or Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amounts or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulations; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlements represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Order and Judgment and the Stipulations to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlements.

14. **Retention of Jurisdiction** - Without affecting the finality of this Order and Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlements; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in

the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15. **Modification of the Agreement of Settlements** - Without further approval from the Court, the Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulations or any exhibits attached thereto to effectuate the Settlements that: (a) are not materially inconsistent with this Order and Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlements. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlements.

16. **Lead Counsel's Attorney Fees and Expenses** - The Court hereby awards Lead Counsel attorneys' fees in the amount of $425,000 (which is 25% of the Settlement Fund), plus interest, and expenses in an amount of $74,454.78, plus interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Classes. Said fees shall be allocated among any other plaintiffs' counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Action.

17. **Plaintiffs' Expenses Related to Representation of the Settlement Classes** - The Court hereby awards Bernard Bednarz his reasonable costs and expenses (including lost wages) directly related to his representation of the Settlement Classes in the amount of $15,000. The Court hereby awards William Koch his reasonable costs and expenses (including lost wages) directly related to his representation of the

Settlement Classes in the amount of $10,000.

18. The awarded attorneys' fees and expenses, and interest earned thereon, as well as any costs or expenses awarded pursuant to the previous paragraph, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order and Judgment is executed subject to the terms, conditions, and obligations of the Stipulations. Any awards of attorneys' fees and expenses, as well as any costs or expenses awarded pursuant to the previous paragraph, shall in no way delay or preclude the finality of this Order and Judgment and shall not delay or preclude the Effective Date of the Settlements.

19. **Termination of Settlements** - If the Settlements are terminated as provided in the Stipulations or the Effective Date of the Settlements otherwise fails to occur, this Order and Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulations, and this Order and Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of August 27, 2021, with respect to Aegis, and November 18, 2021, with respect to the YayYo Defendants, as provided in the Stipulations.

20. **Confidentiality** - The Court's orders entered during this Action relating to the confidentiality of information shall survive the Settlements.

21. **Entry of Final Judgment** - There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 12th day of July, 2022.

The Honorable Stephen V. Wilson
United States District Judge

**EXHIBIT 1**

| # | Name/Account | City | State |
|---|---|---|---|
| 1 | Norm Zada | Marina del Rey | CA |
| 2 | Robert Herskowitz, Chase Financing Inc. and Chase Financing Inc. Profit Sharing & 401K Plan | Miami Beach | FL |