**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for*
*Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re YAYYO, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) |

Case No. 2:20-cv-08235-SVW-AFM

**CLASS ACTION**

JUDGE: Honorable Stephen V. Wilson

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AUTHORIZATION TO DISTRIBUTE NET SETTLEMENT FUND

Lead Plaintiff Bernard Bednarz and Plaintiff William Koch (collectively "Plaintiffs"), through their counsel, respectfully submit this memorandum of law in support of their motion for entry of the Proposed Order Granting Authorization to Distribute the Net Settlement Fund (the "Distribution Order") in the above-captioned action (the "Action").[1]  The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") is set forth in the accompanying Declaration of Jack Ewashko in Support of Lead Plaintiffs' Unopposed Motion for Approval of Distribution to Eligible Claimants (the "Ewashko Declaration" or "Ewashko Decl."), which is being submitted on behalf of the Court-approved Claims Administrator, A.B. Data, Ltd. ("A.B. Data" or "Claims Administrator").

If entered by the Court, the Distribution Order will, among other things, (1) approve A.B. Data's recommendations accepting and rejecting Claims submitted in the Action; (2) direct the distribution of the Net Settlement Fund to Claimants whose Claims have been accepted as valid and approved by the Court; and (3) approve A.B. Data's fees and expenses estimated to be incurred in connection with the distribution.

---

[1]  Terms not defined herein have the same meaning as in the Settlement Agreements/Stipulations.

## I.     BACKGROUND

The Stipulations entered into by Plaintiffs and Defendants set forth the terms of the Aegis and YayYo settlements (together the "Settlements") in this action referenced in the Court's July 12, 2022 Order and Final Judgment, which represent a complete resolution of this Action.  Pursuant to the terms of the Settlements, cash payments totaling $1,700,000 were deposited in escrow for the benefit of the Settlement Class.

In accordance with the Preliminary Approval Order, A.B. Data mailed the Notice of Pendency and Proposed Settlements of Class Action (the "Notice") and the Proof of Claim and Release Form (the "Claim Form" and, collectively with the Notice, the "Notice Packet") to potential Class Members and brokers and other nominees.  Declaration of Jack Ewashko Concerning (A) Mailing of the Notice and Proof of Claim Form; (B) Proof of Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections Received to Date, dated May 2, 2022, ECF No. 184-2 at ¶¶ 2-8.

A.B. Data also created and maintained a toll-free helpline for inquiries during the course of the administration; created and maintained a settlement website and posted case-specific documents on it; caused the Summary Notice to be published; provided, upon request, additional copies of the Notice Packet to brokers, nominees, and potential Class Members; and received and processed Proofs of Claim.  *See id.*

Memorandum of Law in Support of Motion to Distribute – No. 2:20-cv-08235-SVW-AFM

at ¶¶ 7-12.  To date, A.B. Data has mailed 9,562 Notice Packets to potential Settlement Class Members and nominees.  Ewashko Decl. at ¶ 4.  The Notice informed Settlement Class Members that if they wished to be eligible to participate in the distribution of the Net Settlement Fund, they were required to submit a properly executed Claim Form such that it would be received or postmarked no later than May 13, 2022.  ECF No. 184-2 Exhibit A at ¶¶ 5 and 18.

On June 30, 2022, in response to the Court's questions at the settlement hearing held on June 6, 2022, Plaintiffs filed a Supplemental Submission which included the Supplemental Declaration of Jack Ewashko Concerning (A) Mailing of the Notice and Proof of Claim Form; and (B) Report on Requests for Exclusion and Objections, dated June 30, 2022 ("Supplemental Ewashko Decl."). ECF No. 193-1. In the Supplemental Ewashko Declaration, A.B. Data updated the Court by informing it that, based on figures as of June 30, 2022, Settlement Class Members were scheduled to receive approximately 41% of their recognized loss. *Id*. at ¶ 5. A.B. Data also informed the Court that notice and administration expenses were estimated to be $90,415.02. *Id*. at ¶ 2.

On July 12, 2022, following the dissemination of the Notice to potential Settlement Class Members and the publication of the Summary Notice as provided for in the Preliminary Approval Order, and Plaintiffs' Supplemental Submission, the Court entered the Final Judgment (ECF No. 197), granting final approval of the

Memorandum of Law in Support of Motion to Distribute – No. 2:20-cv-08235-SVW-AFM

Settlements as fair, reasonable, and adequate.  The Final Judgment also approved the Plan of Allocation, which was explained in the Notice sent to potential Settlement Class Members, as fair, reasonable, and adequate.  ECF No. 197 at ¶ 12. Claim Forms have now been processed and the Net Settlement Fund is ready to be distributed to Authorized Claimants.  Accordingly, Plaintiffs respectfully ask the Court to enter the Distribution Order.

## II.    CLAIMS ADMINISTRATION

As set forth in the accompanying Ewashko Declaration, through November 30, 2022, A.B. Data has received 325 Claim Forms, all of which have been fully processed in accordance with the Court-approved Plan of Allocation.  Ewashko Decl. at ¶¶ 7 and 32.  A.B. Data has identified 325 properly documented valid claims which were submitted for audit.  *Id*. at ¶ 32.  A total of 142 of the claims received were deficient, inadequately documented, or ineligible for one or more reasons.  *Id*. at ¶ 35.  The Claims Administrator addressed all non-conforming claims through a comprehensive process.  *Id*. at ¶¶ 19-26. For paper or online deficient claims, A.B. Data mailed letters to each of these claimants, advising them of the nature of their inadequacy and providing them an opportunity to cure. *Id.* at ¶ 20. For electronic deficient claims, A.B. Data sent emails to each of these claimants advising them of the nature of their inadequacy and providing them an opportunity to cure.  *Id.* at ¶¶ 22-26. A.B. Data also responded to communications from all claimants by email

Memorandum of Law in Support of Motion to Distribute – No. 2:20-cv-08235-SVW-AFM

and/or telephone. *Id.* at ¶¶ 19 and 22. To date, none of the 142 inadequate claimants has objected to or contested this determination. *Id.* at ¶ 36.

For ineligible claims, A.B. Data communicated with these 142 claimants and advised them of the determination, providing ineligibility notices. *Id.* at ¶ 36. To date, none of these ineligible claimants have contested that determination. *Id.* Plaintiffs respectfully request that the Court approve the Claims Administrator's administrative determination to reject these claims.

The claims administration process is now complete, and A.B. Data has determined that out of the 325 Claim Forms Proofs of Claim submitted through November 30, 2022, 183 are acceptable in whole or in part (165 timely and valid Claims and 18 untimely but otherwise valid Claims), and 142 should be rejected. *Id.* at ¶¶ 32-37 and Exhibits D-F attached thereto.  Included in this final category are: (i) claims that had no purchase(s) of Yayyo common stock during the Class Period; (ii) claims that did not result in a recognized claim; (iii) Claims that were duplicates or replaced; and (iv) claims that had uncured conditions of ineligibility. *Id.* at ¶ 35. Plaintiffs respectfully request that the Court approve the Claims Administrator's recommendation to accept the timely and valid claims set forth in Exhibit D to the Ewashko Declaration, accept the late but otherwise eligible Claims set forth in Exhibit E to the Ewashko Declaration, and reject those listed in Exhibit F.  Ewashko Decl. at ¶ 38 and Exhibits D, E, and F.

## III.    THE COURT SHOULD APPROVE ACCEPTANCE OF UNTIMELY BUT OTHERWISE ELIGIBLE CLAIMS

It is well settled that a district court has discretion to allow late claims to a settlement fund. *See Lemus v. H & R Block Enters., LLC*, No. C 09-03179 SI, 2013 WL 3831866, at *2 (N.D. Cal. July 23, 2013) (citing *In re Valdez*, 289 F. App'x 204, 206 (9th Cir. 2008)) ("A district court has discretion to allow late claims to a settlement fund."); *see also In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977).  Multiple circuits have held that the court maintains an inherent equitable power to "allow late-filed proofs of claim and late-cured proofs of claim." *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 195 (3d Cir. 2000); *accord Burns v. Elrod*, 757 F.2d 151, 155 (7th Cir. 1985); *Zients v. LaMorte*, 459 F.2d 628, 630 (2d Cir. 1972); *cf. Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1993) (recognizing that "the district court has discretion to extend a class member's time to opt out" of a class settlement). *The Manual for Complex Litigation* also recommends that "[t]he court should allow adequate time for late claims before any refund or other disposition of settlement funds occurs." *Manual for Complex Litigation (Fourth)* § 21.662 (2004). Courts regularly permit late-filed claims for "excusable neglect" or "good cause." *See Silber*, 18 F.3d at 1455; *Gypsum*, 565 F.2d at 1128; *see also Valdez*, 289 F. App'x at 206 (noting that district court permitted late-filed claims by claimants with "plausible excuses for not filing timely"). The excusable neglect analysis involves equitable consideration, and the Court may consider factors

6

including the danger of prejudice, the length of time delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, eighteen (18) of the Proofs of Claim recommended for approval and distribution were postmarked or received after the May 13, 2022 submission deadline, but were otherwise valid.  Ewashko Decl. at ¶¶ 34 and 37.  The total recognized loss amount for these untimely filed, but otherwise valid claims, is $111,237.27.  *Id.* at Ex. E.  No Proof of Claim was rejected by A.B. Data solely because it was received after the submission deadline and the Proofs of Claim have not caused significant delay in the processing or distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant or Defendant.  *Id.* at ¶ 28. Indeed, when the equities are balanced, it would be unfair to prevent an otherwise valid Proof of Claim from recovering from the Net Settlement Fund solely because it was submitted after the cut-off date but while claims were still being processed. *Id.*; *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 (CPS) (SMG), 2009 WL 803382, at *6 (E.D.N.Y. March 25, 2009) ("Because there is no showing of delay or prejudice, the late filed claims should be included in the class for settlement disbursement").  Therefore, Plaintiffs respectfully request that the Court approve the

Memorandum of Law in Support of Motion to Distribute – No. 2:20-cv-08235-SVW-AFM

eighteen (18) untimely but otherwise valid claims listed in Exhibit E of the Ewashko Declaration.  Ewashko Decl. at ¶ 28, Exhibit E.

To facilitate the efficient distribution of the Net Settlement Fund, however, there must be a final cut-off date for claims. *See In re TASER Int'l, Inc. Sec. Litig.*, No. CV-05-115-PHX-SRB, 2009 WL 10707825, at *2 (D. Ariz. July 15, 2009) ("[I]n the distribution of a large class action settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'" *Id.* at 1127 (quoting *Reports of the Conference for District Court Judges*, 63 F.R.D. 231, 262 (1973)). Accordingly, it is respectfully requested that the distribution order provide that no untimely claim received or rejected claim adjusted after November 30, 2022 be accepted for any reason whatsoever.  Ewashko Decl. at ¶ 29.

For the foregoing reasons, as well as those set forth in the Ewashko Declaration, it is respectfully requested that the Court approve A.B. Data's administrative determinations accepting and rejecting claims.

## IV.    THE COURT SHOULD BAR CLAIMS AGAINST THE SETTLEMENT FUND AND THOSE ADMINISTERING THE SETTLEMENT

It is also respectfully requested that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxations of the Net Settlement Fund, including Plaintiffs, Lead Counsel, additional counsel,

Memorandum of Law in Support of Motion to Distribute – No. 2:20-cv-08235-SVW-AFM

Plaintiffs' damages expert, and A.B. Data (collectively, "Released Persons"), be released and discharged from any and all claims arising out of such involvement, and all Class Members be barred from making any further claim against the Net Settlement Fund or the Released Persons beyond the amount allocated to them. *See* Stipulation ¶ 5.16

## V.    DISTRIBUTION OF THE NET SETTLEMENT FUND

The Claims Administrator has now finished processing all claims. Plaintiffs request that the Court approve A.B. Data's administrative recommendations to accept the 183 claims deemed acceptable (including the 18 late, but otherwise valid claims) listed in Exhibits D and E to the Ewashko Declaration, and to reject the 142 claims that A.B. Data has determined are inadequate or ineligible listed in Exhibit F to the Ewashko Declaration.  Ewashko Decl. at ¶¶ 32-37 and Exhibits D-F.

Upon the issuance of the Court's order authorizing distribution, A.B. Data will distribute the entire available balance of the Net Settlement Fund to Authorized Claimants, after deducting the payments previously allowed and requested herein, and after the payment of any estimated taxes and the costs of preparing appropriate tax returns and any escrow fees. *Id.* at ¶ 39.  Each Authorized Claimant's *pro rata* share of the Net Settlement Fund will be based on each Authorized Claimant's recognized claim as compared to the total recognized Claims of all Authorized Claimants. *Id* at ¶ 39(a).  No distribution will be made on a claim where the potential

Memorandum of Law in Support of Motion to Distribute – No. 2:20-cv-08235-SVW-AFM

distribution amount is less than $10.00 in cash. *Id.* The Net Settlement Fund will be allocated among the authorized claimants mentioned in the paragraph above whose prorated payment is $10.00 or greater and any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater. *Id.* To encourage Authorized Claimants to promptly cash their distributions and to avoid or reduce future expenses relating to unpaid distributions, Plaintiffs propose that all the distribution checks bear the notation: "DEPOSIT PROMPTLY; VOID AND SUBJECT TO REDISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF DISTRIBUTION." *Id.* at ¶ 39(a)(6).

If there is any balance remaining in the Net Settlement Fund after seven (7) months from the initial distribution date (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel recommends that, if economically feasible, such remainder be allocated in a re-distribution, after payment of any unpaid fees and expenses incurred in administering the Settlements, including for such re-distribution, to Authorized Claimants who cashed their checks from the initial distribution, and who would receive at least $10.00 from such re-distribution. *Id.* at ¶ 38(e).

If any balance still remains in the Net Settlement Fund after such re-distribution which is not cost-effective to reallocate, the remaining balance, after payment of any unpaid fees and expenses incurred in administering the Settlement,

shall be donated to the Institute for Law and Economic Policy, an appropriate 501(c)(3) non-profit organization selected by Lead Counsel.[2]

## VI.   THE CLAIMS ADMINISTRATOR'S FEES AND EXPENSES

A.B. Data was responsible for mailing Class Notices, maintaining a website and Claimant call hotline, processing claims, and preparing tax returns for the Settlement Fund, and is responsible for distributing the Net Settlement Fund to accepted Claimants.  A.B. Data's total fees and expenses for this matter through this date are $88,504.83.  *Id.* at ¶ 41.  These fees and expenses fall within A.B. Data's estimate of $90,415.02 in the Supplemental Ewashko Decl., which it has agreed not to exceed through the first distribution of the settlement fund (*id.*; ECF No. 193-1 ¶ 2) and is well below the amount of notice and administration expenses permitted without further approval of the Court (ECF Nos. 168-1 ¶ 2.8, 168-2 ¶ 24, and 173 at 3).  If any re-distribution of the Net Settlement Fund is required, A.B. Data may incur additional reasonable fees and expenses. Ewashko Decl. at ¶ 42.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the Distribution Order submitted herewith.

Dated: January 19, 2023

---

[2] The Institute for Law and Economic Policy is "a public policy research and educational foundation whose mission is to preserve, study, and enhance investor and consumer access to the civil justice system." *See* https://www.ilep.org/.

Memorandum of Law in Support of Motion to Distribute – No. 2:20-cv-08235-SVW-AFM

Respectfully submitted,

**POMERANTZ LLP**
By: */s/ Michael Grunfeld*
Michael Grunfeld (admitted *pro hac vice*)
600 Third Ave., 20th Fl.
New York, NY 10016
(212) 661-1100
mgrunfeld@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
Ari Basser (SBN 272618)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com
abasser@pomlaw.com

*Lead Counsel for Plaintiffs and the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

12

Memorandum of Law in Support of Motion to Distribute – No. 2:20-cv-08235-SVW-AFM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 19th day of January, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/Michael Grunfeld*
Michael Grunfeld

Memorandum of Law in Support of Motion to Distribute – No. 2:20-cv-08235-SVW-AFM