UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IN RE YAYYO, INC. SECURITIES LITIGATION,

Case No. 2:20-08235-AFM

**DECLARATION OF JACK EWASHKO IN SUPPORT OF
LEAD PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL
OF DISTRIBUTION TO ELIGIBLE CLAIMANTS**

I, JACK EWASHKO, hereby declare under penalty of perjury as follows:

1.      I am a Client Services Director of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), which has its corporate office in Milwaukee, Wisconsin. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2.      A.B. Data was retained by Lead Counsel to serve as the Claims Administrator in connection with the Settlement of the above-captioned action (the "Action").[1] Pursuant to the Court's January 13, 2022 Order Granting Motion for Preliminarily Approval of Settlement (ECF No. 173) ("Preliminary Approval Order"), A.B. Data was authorized to act as the Claims Administrator in connection with the Settlement of the above-captioned action. As Claims Administrator, A.B. Data has, among other things: (i) mailed the Notice of Pendency  and Proposed Settlements of Class Action (the "Notice") and the Proof of Claim and Release Form (the "Claim Form" and, collectively with the Notice, the "Notice Packet") to potential Class Members, brokers, and other nominees; (ii) created and continues to maintain a toll-free helpline for inquiries during the course of the administration; (iii) created and continues to maintain a Settlement website and posted case-specific documents on it; (iv) caused the Summary Notice to be

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated November 19, 2021 (ECF No. 168-1) (the "Stipulation").

{00532111;7 }    EWASHKO DECLARATION REGARDING          Case No. 2:20-08235-AFM
APPROVAL OF DISTRIBUTION PLAN          1

published; (v) provided, upon request, additional copies of the Notice Packet to potential Class Members, brokers, and other nominees; and (vi) received and processed Claims.

3. On July 12, 2022, the Court entered the Order and Judgment Approving Class Action Settlements, Attorneys' Fees and Expenses, and Awards to Plaintiffs (ECF No. 197) ("Final Judgment Order"). A.B. Data has completed processing all Claims received through May 13, 2022, in accordance with the terms of the Stipulation and the Court-approved Plan of Allocation set forth in the Notice, and hereby submits its administrative determinations accepting and rejecting the Claims in preparation for a distribution of the Net Settlement Fund to Authorized Claimants. A.B. Data also presents this declaration in support of Lead Plaintiffs' Unopposed Motion for Approval of Distribution to Eligible Claimants.

### DISSEMINATION OF NOTICE

4. As more fully described in the Declaration of Jack Ewashko Regarding (A) Mailing of Notice and Claim Form; (B) Proof of Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date (ECF No. 184-2) (the "Initial Mailing Declaration") and the Supplemental Declaration of Jack Ewashko Concerning Notice and Administration Expenses (ECF No. 193-1) (the "Supplemental Mailing Declaration"), as of May 13, 2022, A.B. Data had mailed 9,562 Notice Packets to potential Class Members and their nominees. To date, A.B. Data has mailed 9,562 Notice Packets to potential Class Members and their nominees.

5. A.B. Data established and continues to maintain a website (www.YayyoSecuritiesLitigation.com) and a toll-free telephone helpline (1-877-331-1068) to assist potential Class Members. The Settlement website (which provides access to important documents relevant to the Settlement) and the telephone helpline enable Class Members to obtain information about the Settlement.

6. In accordance to the Preliminary Approval Order, on March 21, 2022, A.B. Data caused the Summary Notice to be published in *Investors Business Daily* and released via *PR Newswire*. Initial Mailing Decl. ¶ 9.

## PROCEDURES FOLLOWED IN PROCESSING CLAIMS

7.     Under the terms of the Preliminary Approval Order and as set forth in the Notice, each Class Member who wished to be eligible to receive a distribution from the Net Settlement Fund was required to complete and submit to A.B. Data a properly executed Claim Form postmarked no later than May 13, 2022, together with adequate supporting documentation for the transactions and holdings reported in the Claim Form. Through November 30, 2022, A.B. Data has received and fully processed 325[2] Claims (the "Presented Claims").

8.     In preparation for receiving and processing Claims, A.B. Data: (i) conferred with Lead Counsel to define the project guidelines for processing Claims; (ii) created a unique database to store Claim details, images of Claims, and supporting documentation; (iii) trained staff in the specifics of the project so that Claims would be properly processed; (iv) formulated a system so that telephone and email inquiries would be properly responded to; (v) developed various computer programs and screens for entry of Class Members' identifying information and their transactional information; and (vi) developed a proprietary "calculation module" that would calculate Recognized Claims pursuant to the Court-approved Plan of Allocation of the Net Settlement Fund stated in the Notice.

9.     Class Members seeking to share in the Net Settlement Fund were directed in the Notice to submit their Claims to a post office box address specifically designated for the Settlement. Notice Packets returned by the United States Postal Service as undeliverable were reviewed for updated addresses and, where available, updated addresses were entered into the database and Notice Packets were mailed to the updated addresses. Any correspondence received at the post office box was reviewed and, when necessary, appropriate responses were provided to the senders.

---

[2] While Paragraph 3 of the Supplemental Mailing Declaration stated that 344 Claims were received as of June 30, 2022, the further standard review referenced in Paragraph 4 of that declaration showed that 30 of those submissions were "Master Claim" placeholders for Electronic-filers, which are claims created before the filing deadline in order to provide transactions at a later date, and should therefore be excluded.

{00532111;7 }    EWASHKO DECLARATION REGARDING    Case No. 2:20-08235-AFM
APPROVAL OF DISTRIBUTION PLAN    3

# PROCESSING CLAIMS

### A.     Paper and Online Claims

10.     Of the 325 Presented Claims, 150 are paper and online Claims. Once received, the paper Claims were opened and prepared for scanning. This process included unfolding documents, removing staples, copying nonconforming-sized documents, and sorting documents. This manual task of preparing the paper Claims is very laborious and time-intensive. Once prepared, paper Claims were scanned into a database together with all submitted documentation. Subsequently, each Claim was assigned a unique Claim number. Once scanned, the information from each Claim Form (including the Claimant's name, address, account number/information from the supporting documentation, and the Claimant's purchase/acquisition transactions, sale transactions, and holdings listed on the Claim Form) was entered into a database developed by A.B. Data to process Claims submitted for the Settlement. Once entered into the database, each Claim was reviewed to verify that all required information had been provided. The documentation provided by the Claimant in support of the Claim was reviewed for authenticity and compared to the information provided in the Claim to verify the Claimant's identity and the purchase/acquisition transactions, sale transactions, and holdings listed on the Claim Form.

11.     To process the transactions detailed in the Claims, A.B. Data utilized internal codes ("flags") to identify and classify deficiency or ineligibility conditions existing within those Claims. Appropriate flags were assigned to the Claims as they were processed. For example, where a Claim was submitted by a Claimant who did not have any eligible transactions in Yayyo common stock during the Class Period (*e.g.*, the Claimant purchased Yayyo common stock only before or after the Class Period), that Claim would receive a flag that denoted ineligibility. Similar defect flags were used to denote other ineligible conditions, such as duplicate Claims. These flags would indicate to A.B. Data that the Claimant was not eligible to receive any payment from the Net Settlement Fund with respect to that Claim unless the deficiency was cured in its entirety.

12.     Because a Claim may be deficient only in part, but otherwise acceptable, A.B. Data utilized flags that were applied only to specific transactions within a Claim. For example, if a

Claimant submitted a Claim with supporting documentation for all but one purchase transaction, that one transaction would receive a defect flag. The flag indicated that although the transaction was deficient, the Claim was otherwise eligible for payment if other transactions in the Claim calculated to a Recognized Claim according to the Court-approved Plan of Allocation. Thus, even if the deficiency was never cured, the Claim could still be partially accepted.

### B.   Electronic Claims

13.   Of the 325 Presented Claims, 175 were filed electronically ("Electronic Claims"). The filers of Electronic Claims ("Electronic Claim Filers" or "E-Claim Filers") are typically institutional investors who may have hundreds or thousands of transactions during the Class Period or entities such as custodian banks and third-party claim filers who have been authorized to submit claims on behalf of numerous beneficial owners of the stock. Rather than provide reams of paper requiring data entry, the E-Claim Filers submitting Electronic Claims either mail a computer disc or electronically submit a file to A.B. Data so that A.B. Data can upload all transactions to its proprietary database developed for the Settlement.

14.   A.B. Data maintains an Electronic Claim Filing Team ("ECF Team") to coordinate and supervise the receipt and handling of all Electronic Claims. In this case, the ECF Team reviewed and analyzed each electronic file to ensure that it was formatted in accordance with A.B. Data's required format and to identify any potential data issues or inconsistencies within the file. If any issues or inconsistencies arose, A.B. Data notified the filer. If the electronic file was deemed to be in an acceptable format, it was then loaded to A.B. Data's database.

15.   Once each electronic file was loaded, the Electronic Claims were flagged to denote any deficient or ineligible conditions that existed within them. These flags are similar to those applied to paper Claims. In lieu of manually applying flags, the ECF Team performed programmatic reviews on Electronic Claims to identify deficient and ineligible conditions such as, but not limited to, price out-of-range issues, out-of-balance conditions, and transactions outside the Class Period. The output was thoroughly verified and confirmed as accurate.

16.     The review process also included flagging any Electronic Claims that were not accompanied by a signed Claim Form, which serves as a "Master Proof of Claim Form" for all Claims referenced on the electronic file submitted. This process was reviewed by A.B. Data's ECF Team and, when appropriate, A.B. Data contacted the E-Claim Filers whose submissions were missing information. This ensured that only fully completed Claims, submitted by properly authorized representatives of the Claimants, were considered eligible for payment from the Net Settlement Fund.

17.     Finally, at the end of the process, A.B. Data performed various targeted reviews of Electronic Claims. Specifically, A.B. Data used criteria such as the calculated Recognized Claims and other identified criteria to flag and reach out to a number of E-Claim Filers and request that various sample purchases, sales, and holdings selected by A.B. Data be documented by providing confirmation slips or other transaction-specific supporting documentation. These targeted reviews help to ensure that electronic data supplied by Claimants does not contain inaccurate information.

## EXCLUDED PERSONS

18.     A.B. Data also reviewed all Claims to ensure that they were not submitted by, or on behalf of, "Excluded Persons," to the extent that the identities of such persons or entities were known to A.B. Data through the list of Defendants and other excluded persons and entities set forth in the Stipulation and the Notice and from the Claimants' certifications on the Claim Form. A.B. Data also reviewed all Claims against the list of persons who were excluded from the Class pursuant to request.

## THE DEFICIENCY PROCESS

### A.     Paper Claims and Online Claims

19.     Many paper Claims submitted were incomplete or had one or more defects or conditions of ineligibility, such as the Claim not being signed, not being properly documented, or indicating no eligible transactions in Yayyo common stock during the Class Period. The "Deficiency Process," which primarily involved mailing letters to Claimants and responding to communications from Claimants by email and/or telephone, was intended to assist Claimants in

properly completing their otherwise deficient submissions so that they could be eligible to participate in the Settlement.

20.    If paper Claims were determined to be defective, letters were sent to Claimants describing the defect(s) in these Claims and what, if anything, was necessary to cure the defect(s) in these Claims (the "Deficiency Letter"). The Deficiency Letter advised Claimants that submission of appropriate information and/or documentary evidence to complete the Claim had to be sent within twenty (20) days from the date of the letter, or the Claim would be recommended for rejection to the extent that the deficiency or condition of ineligibility was not cured. The Deficiency Letters also advised Claimants that to contest these administrative determinations, they were required to submit written statements to A.B. Data requesting Court review of their Claims and setting forth the basis for such requests. A.B. Data sent a total of 96 Deficiency Letters to Claimants who filed paper or online Claims that A.B. Data determined to be defective. Attached hereto as Exhibit A is an example of the Deficiency Letter.

21.    Claimants' responses to Deficiency Letters were scanned into A.B. Data's database and associated with the corresponding Claims. The responses were then carefully reviewed and evaluated by A.B. Data's team of processors. If a Claimant's response corrected the defect(s), A.B. Data updated the database manually to reflect the changes in the status of the Claim. Of the paper and online claims, a total of 41 deficient claims have been successfully cured and the remaining 55 deficient claimants either did not respond to the Deficiency Letter or responded with inadequate documentation and were sent a rejection notice setting forth the reason for their inadequacy.

### B.    Electronic Claims

22.    In addition, for Electronic Claims, A.B. Data used the following process to contact the banks, brokers, nominees, and other E-Claim Filers who submitted their data electronically to confirm receipt of their submissions and to notify the filers of any deficiencies or Electronic Claims that were ineligible. These E-Claim Filers were sent an email ("Status Email") with an attached Excel spreadsheet, which contained detailed information associated with the Claims and

indicated which of those Claims within the filing were deficient and/or rejected ("Status Spreadsheet").

23.    The Status Email sent to the email address of record provided with the Claim Form:

(a)    Notified the filer that any Claims with deficiencies not corrected within twenty (20) days from the date of the Status Email may be rejected;

(b)    Advised the filer of the right to contest the rejection of the Claim(s) and request this Court's review of A.B. Data's administrative determination within twenty (20) days from the date of the Status Email; and

(c)    Provided instructions for how to submit corrections.

24.    The Status Spreadsheet attached to the Status Email contained the following information:

(a)    A listing of all Claims associated with the filing and their unique identification numbers;

(b)    Identification of individual Claims that were found to be deficient or ineligible;

(c)    The current status of each Claim in A.B. Data's database; and

(d)    The current Recognized Claim calculation associated with each Claim.

25.    A.B. Data has mailed a Status Email and Status Spreadsheet to 28 E-Claim Filers. Samples of the Status Email and the Status Spreadsheet are attached hereto as Exhibit B and Exhibit C, respectively.

26.    The E-Claim Filers' responses were reviewed by A.B. Data's Electronic Claim Filing Team, scanned and/or loaded into A.B. Data's database, and associated with the corresponding Electronic Claims. If a response corrected the defect(s) or affected an Electronic Claim's status, A.B. Data manually and/or programmatically updated the database to reflect such change in status of the Electronic Claim.

## NO DISPUTED CLAIMS

27.    As noted above, Claimants were advised that they had the right to contest A.B. Data's administrative determination of deficiencies or ineligibility within twenty (20) days from the date of notification and that they could request that the dispute be submitted to the Court for review. More specifically, Claimants were advised in the Deficiency Letter or Status Email that, if they disputed A.B. Data's determination, they had to provide a statement of reasons indicating the grounds for contesting the determination, along with supporting documentation, and if the dispute concerning the Claim could not otherwise be resolved, Lead Counsel would thereafter present the request for review to the Court for a final determination. No Claimants requested Court review of the rejection of their Claims.

## LATE BUT OTHERWISE ELIGIBLE CLAIMS

28.    Of the Presented Claims, 31 were received or postmarked after the May 13, 2022, Claim submission deadline established by the Court. A.B. Data processed all late Claims received through November 30, 2022, and 18 have been found to be otherwise eligible in whole or in part (the "Late But Otherwise Eligible Claims"). A.B. Data has not rejected any Claim received through November 30, 2022, solely based on its late submission, and A.B. Data believes no delay has resulted from the provisional acceptance of these Late But Otherwise Eligible Claims because the processing of timely received Claims was still ongoing. Thus, to the extent these Claims are eligible but for the fact that they were late, they are recommended for payment.

29.    However, there must be a final cut-off date after which no more Claims will be accepted so that there may be a proportional allocation of the Net Settlement Fund and the distribution may be accomplished. Acceptance of additional Claims or responses to notices of deficiency received during the finalization of the administration and the preparation of this application would necessarily require a delay in the distribution. Accordingly, A.B. Data also respectfully requests that this Court order that no Claim received or rejected Claim adjusted after November 30, 2022, be eligible for payment for any reason whatsoever subject only to the provision of paragraph 37 of the proposed distribution plan discussed below. If the Court adopts

the proposed distribution plan, then, after Lead Counsel has determined that further distributions are not cost-effective and before any contribution of the residual funds to charity, if sufficient funds remain to warrant the processing of Claims received after May 13, 2022, these Claims will be processed and, if any would have been eligible if timely received, these Claimants may be paid the distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent permitted by the amount of remaining funds. *See* ¶ 37(c) below. With respect to previously-filed Claims that are cured or adjusted after May 13, 2022, such Claims will be reevaluated upon receipt of the adjustment and, to the extent that they are found eligible for a distribution or additional distribution, they will be treated in the same manner as Claims received after May 13, 2022. However, should an adjustment be received that results in a lower Recognized Claim amount, that adjustment will be made and the Recognized Claim amount will be reduced accordingly prior to a distribution to that Claimant.

## QUALITY ASSURANCE

30.     An integral part of the claims administration process is the Quality Assurance review. Throughout the administration process, A.B. Data's Quality Assurance Department worked to verify that Claims were processed properly by ensuring that information was entered correctly into the database, deficiency and/or rejection flags were assigned accurately, and deficiency and/or rejection notification was sent appropriately. After all Claims were processed, deficiency and/or rejection notification was sent, and Claimants' responses to the deficiency and/or rejection notification were rreviewed and processed, the supervisors and managers in A.B. Data's Quality Assurance Department performed additional Quality Assurance reviews. These final Quality Assurance reviews further ensured the correctness and completeness of all Claims processed prior to preparing this declaration and all A.B. Data's final documents in support of distribution of the Net Settlement Fund. As part of the Quality Assurance reviews, A.B. Data:

(a)     Verified that all Claim Forms had signatures of authorized individuals;

(b)     Verified that true duplicate Claims were identified, verified, and rejected;

(c)     Verified that Tax Identification Numbers were provided;

(d)     Verified that persons and entities excluded from the Class did not file Claims or their Claims were rejected upon review;

(e)     Performed a final Quality Assurance audit of Claims and all supporting documentation to ensure completeness of Claims;

(f)     Determined that all Claimants requiring deficiency and/or rejection notification were sent such notification;

(g)     Performed an audit of deficient Claims;

(h)     Performed additional review of Claims with high Recognized Claim amounts;

(i)     Audited Claims that were designated invalid;

(j)     Audited Claims with a Recognized Claim amount equal to zero;

(k)     Performed other auditing based on Claims completion requirements and the approved calculation specifications based on the Court-approved Plan of Allocation; and

(l)     Re-tested the accuracy of the Recognized Claim amount calculation program.

31.     As part of its due diligence in processing the Claims, A.B. Data conducted a Questionable Claim Filer search of all Claims filed in the Settlement as follows. A.B. Data maintains a database of known questionable filers. This Questionable Claim Filer Database contains names, addresses, and aliases of individuals or entities that have been investigated by government agencies for questionable claim filing, as well as names and contact information compiled from previous settlements administered by A.B. Data in which fraudulent claims were received. A.B. Data updates this Questionable Claim Filer Database on a regular basis. The Settlement database was searched for all individuals identified in the Questionable Claim Filer Database. A.B. Data performs searches based on names, aliases, addresses, and city/zip codes. In addition, A.B. Data's claim processors are trained to identify any potentially inauthentic documentation when processing claims, including claims submitted by Claimants not previously

captured in the Questionable Claim Filer Database. Processors are instructed to flag any Questionable Claims and escalate them to management for review. No Claim(s) were identified as questionable for this Settlement.

### RECOMMENDATIONS FOR APPROVAL AND REJECTION

32.     A.B. Data has received 325 Claim Forms, all of which have been fully processed in accordance with the Court-approved Plan of Allocation. The number of properly documented valid claims submitted for audit on this motion is therefore 325.

### Timely Submitted and Valid Claims

33.     A total of 294 Claims were received or postmarked on or before the Court-approved Claim submission deadline of May 13, 2022, of which 294 were determined by A.B. Data to be eligible and recommended for audit ("Timely Eligible Claims").

### Late But Otherwise Eligible Claims

34.     A total of 31 Claims were received or postmarked after the Court-approved Claim submission deadline of May 13, 2022, but received through November 30, 2022. Of those, 31 were determined by A.B. Data to be otherwise eligible and recommended for audit ("Late But Otherwise Eligible Claims").

### Rejected Claims

35.     Of the 325 claims submitted for audit, after the responses to notices of deficiencies were processed, a total of 142 Claims remain recommended for rejection by the Court ("Rejected Claims") for the following reasons:

(a)     12 Claims had no purchase(s) of Yayyo common stock during the Class Period;

(b)     116 Claims did not result in a Recognized Claim;

(c)     5 Claims were duplicates or replaced; and

(d)     9 Claims had uncured conditions of ineligibility.

36. For ineligible claims, A.B. Data communicated with these 142 claimants and advised them of the determination, providing ineligibility notice. To date, none of the 142 rejected claimants have objected to or contested this determination.

**Lists of All Presented Claims**

37. After subtracting the 142 Rejected Claims from the 325 total claims, there remains 183 claims that are recommended for approval and distribution. Of these 183 claims recommended for approval and distribution, 165 of them are Timely Eligible Claims while 18 of them are Late But Otherwise Eligible Claims.

38. Attached hereto as Exhibits D through F are listings of all the Presented Claims:

(a) Exhibit D lists the Timely Eligible Claims;

(b) Exhibit E lists the Late But Otherwise Eligible Claims; and

(c) Exhibit F lists the Rejected Claims and the reasons for rejection.

**DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND**

39. Should the Court concur with A.B. Data's determinations concerning the provisionally accepted and rejected Claims, including the Late But Otherwise Eligible Claims, A.B. Data recommends the following distribution plan (the "Distribution Plan"):

(a) A.B. Data will conduct an Initial distribution (the "Initial Distribution") of the Net Settlement Fund, after deducting all payments previously approved by the Court, and those requested in Class Representatives' motion, and after deducting any taxes, the costs of preparing appropriate tax returns, and any escrow fees, as follows:

(1) A.B. Data will calculate award amounts for all Authorized Claimants by calculating each Authorized Claimant's *pro rata* shares of the Net Settlement Fund in accordance with the Court-approved Plan of Allocation.

(2) A.B. Data will eliminate, pursuant to the terms of the Plan of Allocation, any Authorized Claimant whose distribution payment calculates to less than $10.00. Such Claimants will not receive any distribution from the Net Settlement Fund and A.B. Data will send postcards to those Authorized Claimants advising

them of that fact.

(3)     After eliminating Claimants who would have received less than $10.00, A.B. Data will recalculate, in accordance with the Court-approved Plan of Allocation, the *pro rata* distribution payments for Authorized Claimants who would have received $10.00 or more.

(4)     To date, A.B. Data after the deduction of fees and expenses, will fully pay 164 claims at an approximate rate of $0.65 per damaged share.

(5)     A.B. Data will then conduct the Initial Distribution of the Net Settlement Fund in accordance with the Court's Order.

(6)     In order to encourage Authorized Claimants to promptly deposit their payments, and to avoid or reduce future expenses relating to uncashed checks, all Initial Distribution checks will bear a notation: "DEPOSIT PROMPTLY; VOID AND SUBJECT TO REDISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF DISTRIBUTION."[3]

---

[3] In an effort to have as many Authorized Claimants as possible cash their checks, A.B. Data will perform follow-up with those Authorized Claimants whose checks are initially uncashed, either because they are returned to A.B. Data as undeliverable or because the Authorized Claimant simply did not cash the check after a period of time elapses. For Authorized Claimants whose checks are returned as undeliverable, A.B. Data will endeavor to locate new addresses by running the undeliverable addresses through address lookup services. Where a new address is located, A.B. Data will update the Settlement Database accordingly and reissue a distribution check to the Authorized Claimant at the new address. In the event an Authorized Claimant loses or damages his, her, or its check, or otherwise requires a new check, A.B. Data will issue replacements. Distribution reissues will be undertaken only upon written instructions from the Authorized Claimant, provided that the Authorized Claimant returns the previous check where appropriate. For all checks, A.B. Data will void the initial payment prior to reissuing a payment. Authorized Claimants requesting reissuance of checks will be informed that if they do not cash their Initial Distribution checks within 30 days of the mailing of such reissued checks, their check will lapse, their entitlement to recovery will be irrevocably forfeited, and the funds will be reallocated to other Authorized Claimants. Reissue requests for lost or damaged checks will be granted after the void date on the checks; however, void dates on such reissues will be adjusted so as not to delay future redistributions. Requests for reissued checks in connection with the Second Distribution and any subsequent distributions will be handled in the same manner.

(7)    Authorized Claimants that do not negotiate their Initial Distribution checks within the time allotted or according to the conditions set forth in footnote 3 will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available for redistribution to other Authorized Claimants in the Second Distribution described below.

(b)    After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants deposit their Initial Distribution checks then, in accordance with the Court-approved Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, six (6) months after the Initial Distribution, A.B. Data, in consultation with Class Counsel, will, if cost-effective to do so, redistribute such funds to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $10.00 from such redistribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution.

(c)    Additional redistributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional redistribution may occur thereafter if Lead Counsel, in consultation with A.B. Data, determines that additional redistributions, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

(d)    If any balance still remains in the Net Settlement Fund after further redistribution which is not cost-effective to reallocate, the remaining balance, after payment of any unpaid fees and expenses incurred in administering the Settlement, shall be

donated to an appropriate 501(c)(3) non-profit organization selected by lead counsel.  Judgment, ¶5.14.

(e)    Consistent with the Court-approved Plan of Allocation, after A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks, which efforts shall consist of the follow-up efforts described in footnote 3, but not earlier than seven (7) months after the Initial Distribution, A.B. Data will, after consulting with Lead Counsel, conduct a second distribution of the Net Settlement Fund (the "Second Distribution") in a reasonable period of time. Any amounts remaining in the Net Settlement Fund after the Initial Distribution (including the funds allocated for all void stale-dated checks), after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, any escrow fees, and appropriate reserves, will be distributed to all Authorized Claimants in the Initial Distribution who cashed their first distribution check and who would receive at least $10.00 from such distribution based on their *pro rata* share of the remaining funds. Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur after a reasonable period of time until Lead Counsel, in consultation with A.B. Data, determines that further distribution is not cost-effective.

(f)    Unless otherwise ordered by the Court, one year after the Second Distribution A.B. Data is permitted to no longer retain paper copies of the Claims and all supporting documentation, and one year after all funds have been distributed is permitted to no longer retain electronic copies of the same.

40.     After conducting the standard audit process described in this declaration, which resulted in the rejection of 142 claims, the distribution to the class will reflect an even higher portion of their recognized loss than was estimated in the Supplemental Mailing Declaration as of June 30, 2022.

### FEES AND EXPENSES

41.     To date, A.B. Data has incurred and has been paid $88,504.83 for fees and expenses. These fees and expenses fall within A.B. Data's estimate of $90,415.02 in the Supplemental Mailing Declaration and are within the range approved by the Court in its Preliminary Approval Order. ECF Nos. 168-1 ¶ 2.8, 168-2 ¶ 24, 173 at 3, and 193-1 at ¶ 2.

42.     A.B. Data agrees to cap its fees and expenses at $90,415.02 through the first distribution of the settlement fund but may incur additional reasonable fees and expenses if any subsequent distributions are required.

### CONCLUSION

43.     A.B. Data respectfully requests that the Court enter an Order approving its administrative determinations accepting and rejecting the Claims submitted herein and approving the proposed Distribution Plan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on January 19, 2023.

_____
Jack Ewashko

# EXHIBIT A

YAYYO SECURITIES SETTLEMENT
C/O A.B. DATA, LTD.
P.O. BOX 173083
MILWAUKEE, WI  53217

FIRST CLASS MAIL
US POSTAGE
PAID
MILWAUKEE, WI
PERMIT 3780

XXXXXXXXX
XXXXXXXXXXXXXX
XXXXXXXXXXXXXX

**NOTICE OF REJECTION OF CLAIM**

| | |
|---|---|
| **DATE:** | **October 04, 2022** |
| **RE:** | ***YAYYO SECURITIES SETTLEMENT*** |
| **CLAIM NUMBER:** | **XXXXXXXX** |
| **RESPONSE DEADLINE:** | **October 24, 2022** |

Dear Claimant:

We have processed the Proof of Claim and Release Form ("Claim Form") that you submitted in connection with the Settlement achieved in the above-noted litigation.  Your Claim, based on our review, is ineligible for a recovery for the reason(s) listed below.  Please note that some reasons for ineligibility are curable.  To resolve the identified curable condition(s) of ineligibility, please follow the instructions below.

In order for this Claim to be eligible, the identified curable conditions of ineligibility must be resolved, and the Claim must then calculate to a Recognized Claim under the Court-approved Plan of Allocation.  Please include a copy of this notice with your response.  If you fail to respond by the response deadline printed above, or if your response fails to cure the condition(s) identified below, your Claim will be rejected in its entirety. Please note that this is the only notice you will receive with respect to this Claim.

**Inadequate or Missing Documentation for Entire Claim**

This Claim did not include any documentation to support the information you provided, or the documentation previously provided was deemed inadequate.

To resolve this deficiency, please submit acceptable documentation to support your transactions and closing position in YayYo Inc. common stock for your entire Claim.  Please do not merely resubmit the same documentation that you previously submitted.  Acceptable documentation consists of copies of brokerage confirmation slips or monthly brokerage account statements or an authorized statement from your broker containing the transactional and holding position information found in a broker confirmation slip or account statement.  Examples of unacceptable documentation include:  spreadsheets from your personal records; statements that are missing pertinent information or missing the account holder's name; and printouts from broker websites that do not include the required information.

**No "Recognized Claim" Pursuant to Court-Approved Plan of Allocation**

In accordance with the Court-approved Plan of Allocation set forth in the Settlement Notice (which was previously provided to you and is available for review on the Settlement website), we have determined that this Claim calculates to a "Recognized Claim" of zero and therefore is not eligible to receive any distribution from the Net Settlement Fund.

This is NOT a curable deficiency unless you had additional transactions in YayYo Inc. common stock pursuant or traceable to the registration statement and related prospectuses issued in connection with YayYo's November 13, 2019 initial public offering (the "IPO"), and/or purchased or otherwise acquired YayYo stock during the period from November 13, 2019 through April 28, 2020, inclusive (the "Class Period), that are not reflected in your Claim.  Please note, your Claim may also have other ineligible conditions listed in this notice.  If the ineligible conditions listed in this notice are not cured, the Claim will not be recommended for approval and, therefore, will not be eligible to receive any recovery.  If other ineligible conditions are resolved but the Claim still does not calculate to a Recognized Claim under the Plan of Allocation, the Claim will remain ineligible.  Please note, as set forth in the Claim Form, purchases or acquisitions of YayYo Inc. common stock made during April 29, 2020 through the filing of this claim, are not eligible to be included in the calculation of the Recognized Claim.

**Claims that are not cured by the response deadline above will be rejected.** If you believe your Claim has been rejected in error, you may contact us for assistance and/or request Court review of our determination. To request Court review of your Claim, you must send us a signed written statement that (a) states your reason(s) for contesting the rejection of this Claim, along with any and all documentation supporting your argument(s); (b) specifically states that you "request that the Court review the rejection of this Claim"; and (c) include a copy of this notice, postmarked no later than the response deadline set forth above. If the dispute concerning your Claim cannot be resolved, you may request that your Claim be presented to the Court for review, which will include public filing of your Claim and supporting documentation with the Court. If your Disputed Claim is presented to the Court, your Claim Form and supporting documentation will be partially redacted to protect your privacy. Court review should only be sought if you disagree with our determination regarding this Claim.

If you have any questions about this notice or if you want to confirm the status of your Claim after you submit a response to this notice, please contact us at 877-331-1068 or email us at info@YayyoSecuritiesLitigation.com. Please reference the Claim number listed above in any communication. If you would like to view or download the Settlement Notice, which contains the Plan of Allocation, you may do so by visiting www. YayyoSecuritiesLitigation.com.

Very truly yours,

A.B. DATA, LTD.
Claims Administrator

# EXHIBIT B

Dear Electronic Filer:

Please see the attached spreadsheet containing the status of all accounts received with your electronic filing in regards to the YayYo Securities Litigation as of October 4, 2022.

The information contained in the attached spreadsheet serves as notification of all deficiencies and rejections for all accounts. The first tab of the spreadsheet contains the Deficiency Key, which provides detailed descriptions and resolutions for further assistance. The current status of all claims can be located on the Claim Summary tab in column I, titled Claim Status:

A.  Full: If you fail to respond within twenty (20) days after the date of this notice, or if your response fails to resolve the curable condition(s) identified on the attached file, your Claim will be rejected in its entirety.
B.  Partial: If you fail to respond within twenty (20) days after the date of this notice, or if your response fails to cure the condition(s) identified on the attached file, your Claim will be rejected to the extent that those condition(s) remain uncured.
C.  Accepted: Claim is currently in good standing.

Revisions must be received in the same format as the original file in accordance with the Electronic Claims Filing Guidelines for the case.

If you believe your Claim has been rejected in error, you may request Court review of the determination. To do so, you must - within twenty (20) days after the date of this notice - send us a signed written statement that (a) states your reasons for contesting the rejection of your Claim, along with any supporting documentation, and (b) specifically states that you **request that the Court review the rejection of this Claim**. If the dispute concerning your Claim cannot be resolved, your Claim will be presented to the Court for review, which may include public filing of your Claim and supporting documentation with the Court (with financial account numbers and certain other information redacted). Please note: Court review should only be sought if you disagree with our determination about this Claim. If the dispute concerning your Claim cannot be resolved, your Claim will be presented to the Court for review, which may include public filing of your Claim and supporting documentation with the Court (with financial account numbers and certain other information redacted). Please note: Court review should only be sought if you disagree with our determination about this Claim.

All responses should be sent to the address listed below, or emailed to efiling@abdata.com. Please reference your claim number(s) in all correspondence. You may contact the YayYo Litigation Helpline at 1-877-331-1068 with any inquiries.

The address for mailed responses via standard mail is:

YAYYO SECURITIES SETTLEMENT
c/o A.B. DATA, LTD.
PO BOX 173083
MILWAUKEE, WI 53217

The address for mailed response via courier is:

YAYYO SECURITIES SETTLEMENT
C/O A.B. DATA, LTD.
3410 WEST HOPKINS STREET
MILWAUKEE, WI 53217

Regards,
Claims Administrator

# EXHIBIT C

| Filer ClaimNumber | ClaimNumber | Name1 | AccountID | Duplicate ClaimNumber | Recognized Claim Amount | Claim Status | Deficient Flags |
|---|---|---|---|---|---|---|---|
| 186872677 | 76332367 | xxxxxxxxxxxx | xxxxx | | 0 | Full Rejection | NOLOS, TRNI |
| 186872677 | 76332368 | xxxxxxxxxxxx | xxxxx | | 0 | Full Rejection | NOLOS |
| 186872677 | 76332369 | xxxxxxxxxxxx | xxxxx | | 79.84 | Accepted | |
| 186872677 | 76332370 | xxxxxxxxxxxx | xxxxx | | 1133.9 | Accepted | |
| 186872677 | 76332371 | xxxxxxxxxxxx | xxxxx | | 0 | Full Rejection | NOLOS |
| 186872677 | 76332372 | xxxxxxxxxxxx | xxxxx | | 0 | Full Rejection | NOLOS |
| 186872677 | 76332373 | xxxxxxxxxxxx | xxxxx | | 0 | Full Rejection | NOLOS |
| 186872677 | 76332374 | xxxxxxxxxxxx | xxxxx | | 24797.602 | Accepted | |
| 186872677 | 76332375 | xxxxxxxxxxxx | xxxxx | | 3750 | Accepted | |
| 186872677 | 76332376 | xxxxxxxxxxxx | xxxxx | | 20809.4666 | Accepted | |
| 186872677 | 76332377 | xxxxxxxxxxxx | xxxxx | | 0 | Full Rejection | NOLOS |
| 186872677 | 76332378 | xxxxxxxxxxxx | xxxxx | | 0 | Full Rejection | NOLOS |
| 186872677 | 76332379 | xxxxxxxxxxxx | xxxxx | | 0 | Full Rejection | NOLOS |
| 186872677 | 76332380 | xxxxxxxxxxxx | xxxxx | | 0 | Full Rejection | NOLOS |
| 186872677 | 76332381 | xxxxxxxxxxxx | xxxxx | | 162.6 | Accepted | |
| 186872677 | 76332382 | xxxxxxxxxxxx | xxxxx | | 0 | Full Rejection | NOLOS |
| 186872677 | 76332383 | xxxxxxxxxxxx | xxxxx | | 1571.75 | Accepted | |
| 186872677 | 76332384 | xxxxxxxxxxxx | xxxxx | | 1133.9 | Accepted | |

# EXHIBIT D

EXHIBIT D

Exhibit Summary - Total Claims: 165; Total Recognized Claim:  $1,560,211.73

| Claim # | Recognized Claim | Claim # | Recognized Claim | Claim # | Recognized Claim | Claim # | Recognized Claim |
|---|---|---|---|---|---|---|---|
| 76303794 | $0.03 | 76332147 | $11.28 | 76332212 | $5.37 | 186341665 | $20,726.36 |
| 76303795 | $98.69 | 76332148 | $4,675.00 | 76332213 | $180.00 | 186341666 | $18,550.00 |
| 76303800 | $319.00 | 76332154 | $325.00 | 76332214 | $141.60 | 186341668 | $253.50 |
| 76303801 | $2,654.15 | 76332155 | $36.50 | 76332218 | $600.07 | 186341670 | $4,637.50 |
| 76303802 | $446.99 | 76332156 | $3,008.52 | 76332220 | $11.80 | 186341671 | $124.11 |
| 76303804 | $992.31 | 76332160 | $340.10 | 76332221 | $25.38 | 186341672 | $830.71 |
| 76303808 | $1.84 | 76332162 | $44.00 | 76332222 | $64.00 | 186341675 | $1,730.20 |
| 76303809 | $519.84 | 76332163 | $696.00 | 76332223 | $119.89 | 186341676 | $179.00 |
| 76308820 | $1,226.74 | 76332165 | $1,474.23 | 76332227 | $349.50 | 186341677 | $2,374.40 |
| 76308821 | $930.34 | 76332170 | $629.86 | 76332369 | $79.84 | 186341679 | $1,864.85 |
| 76308822 | $45,745.60 | 76332171 | $10.00 | 76332370 | $1,133.90 | 186341681 | $10.90 |
| 76315737 | $45.00 | 76332172 | $131.89 | 76332374 | $24,797.60 | 186341683 | $356.45 |
| 76315738 | $4.50 | 76332175 | $20.50 | 76332375 | $3,750.00 | 186341685 | $1,855.00 |
| 76315739 | $881.91 | 76332179 | $919.95 | 76332376 | $20,809.47 | 186341687 | $93.13 |
| 76315814 | $2,010.96 | 76332180 | $310.75 | 76332381 | $162.60 | 186341688 | $58.97 |
| 76315815 | $50.70 | 76332183 | $19.73 | 76332383 | $1,571.75 | 186341690 | $463,750.00 |
| 76329439 | $460.56 | 76332184 | $49.50 | 76332384 | $1,133.90 | 186341691 | $3,710.00 |
| 76331289 | $2,971.00 | 76332185 | $175.10 | 186341627 | $7.48 | 186341692 | $5,154.25 |
| 76331290 | $1,178.12 | 76332187 | $900.00 | 186341628 | $1,271.11 | 186341693 | $2,226.00 |
| 76331293 | $655.20 | 76332188 | $8,973.00 | 186341629 | $2.14 | 186341694 | $1,855.00 |
| 76331294 | $5.33 | 76332191 | $20.40 | 186341632 | $2,612.33 | 186341695 | $500.00 |
| 76331295 | $4,507.10 | 76332193 | $22.49 | 186341636 | $897.12 | 186341696 | $115.87 |
| 76331297 | $3,600.00 | 76332194 | $7.43 | 186341637 | $0.95 | 186341697 | $359.64 |
| 76331298 | $2,234.73 | 76332195 | $233.82 | 186341638 | $4.44 | 186341698 | $2,834.28 |
| 76331299 | $1,300.80 | 76332197 | $20.00 | 186341639 | $3.00 | 186341699 | $24,095.00 |
| 76331300 | $984.90 | 76332198 | $39.20 | 186341643 | $235.00 | 186341700 | $3,071.00 |
| 76331301 | $360.00 | 76332201 | $27.50 | 186341644 | $2,352.39 | 186341701 | $1,200.00 |
| 76331302 | $1,461.65 | 76332203 | $614.65 | 186341646 | $146.65 | 186341702 | $1,855.00 |
| 76331303 | $1,068.00 | 76332204 | $168.80 | 186341647 | $114.90 | 186341703 | $45.60 |
| 76331304 | $26.50 | 76332206 | $460.00 | 186341649 | $276.40 | 186341704 | $2,498.75 |
| 76331305 | $1,027.08 | 76332207 | $25.00 | 186341654 | $1,088.16 | 186341706 | $51.84 |
| 76331308 | $861.72 | 76332208 | $158.92 | 186341656 | $2,194.00 | 186341707 | $3,710.00 |
| 76331310 | $1,379.90 | 76332210 | $496.68 | 186341657 | $160.44 | 186341708 | $4.35 |
| 76332146 | $2,960.81 | 76332211 | $11,166.87 | 186341664 | $672.38 | 186872643 | $1,665.00 |
| 186872645 | $185.50 | 186872655 | $5,932.00 | 186872664 | $690.06 | 186947054 | $290.22 |
| 186872646 | $3,710.00 | 186872656 | $2,674.02 | 186872666 | $675,272.13 | 186947060 | $37,503.55 |
| 186872647 | $2,318.75 | 186872657 | $2,055.30 | 186872667 | $25,332.38 | | |
| 186872649 | $25,773.00 | 186872658 | $1,469.20 | 186872668 | $19.49 | | |
| 186872650 | $1,705.20 | 186872659 | $432.72 | 186872671 | $516.60 | | |
| 186872651 | $342.00 | 186872660 | $5.01 | 186872672 | $788.70 | | |
| 186872652 | $88.00 | 186872661 | $2,917.75 | 186872675 | $184.05 | | |
| 186872653 | $9,271.50 | 186872662 | $869.58 | 186872678 | $839.93 | | |
| 186872654 | $66.30 | 186872663 | $55.73 | 186872681 | $396.25 | | |

# EXHIBIT E

EXHIBIT E

Exhibit Summary - Total Claims: 18; Total Recognized Claim:  $111,237.27

| Claim # | Recognized Claim | Claim # | Recognized Claim | Claim # | Recognized Claim | Claim # | Recognized Claim |
|---------|------------------|---------|------------------|---------|------------------|---------|------------------|
| 76371711 | $6,406.83 | 186341713 | $4.40 | 186341722 | $34.49 | 186872688 | $2,798.60 |
| 76403286 | $44,378.52 | 186341717 | $148.00 | 186341723 | $1,864.85 | 186872689 | $3,710.00 |
| 76606784 | $3,284.10 | 186341719 | $21.00 | 186872680 | $1,658.56 | 186947059 | $1,853.75 |
| 186341711 | $3,710.00 | 186341720 | $11,358.15 | 186872685 | $15,288.50 | | |
| 186341712 | $358.12 | 186341721 | $9,275.00 | 186872686 | $5,084.40 | | |

Exhibit E: Page 1 of 1

# EXHIBIT F

EXHIBIT F

Exhibit Summary - Total Claims: 142

| Claim # | Rejection Reason | Claim # | Rejection Reason | Claim # | Rejection Reason | Claim # | Rejection Reason |
|---|---|---|---|---|---|---|---|
| 76301039 | NO PURCHASE | 76332151 | NO LOSS | 76332225 | NO LOSS | 186341658 | NO PURCHASE |
| 76303796 | NO LOSS | 76332152 | NO LOSS | 76332226 | NO LOSS | 186341659 | NO LOSS |
| 76303797 | NO LOSS | 76332153 | NO LOSS | 76332367 | NO LOSS | 186341660 | NO LOSS |
| 76303798 | NO LOSS | 76332157 | NO LOSS | 76332368 | NO LOSS | 186341661 | NO LOSS |
| 76303799 | NO LOSS | 76332158 | NO LOSS | 76332371 | NO LOSS | 186341662 | NO LOSS |
| 76303803 | NO LOSS | 76332159 | NO LOSS | 76332372 | NO LOSS | 186341663 | NO LOSS |
| 76303805 | NO LOSS | 76332161 | NO LOSS | 76332373 | NO LOSS | 186341667 | NO LOSS |
| 76303806 | NO LOSS | 76332164 | NO LOSS | 76332377 | NO LOSS | 186341669 | MISSING DOCUMENTATION |
| 76303807 | NO LOSS | 76332166 | NO LOSS | 76332378 | NO LOSS | 186341673 | NO LOSS |
| 76308819 | NO PURCHASE | 76332167 | NO LOSS | 76332379 | NO LOSS | 186341674 | NO LOSS |
| 76315731 | NO LOSS | 76332168 | NO LOSS | 76332380 | NO LOSS | 186341678 | DUPLICATE |
| 76315732 | NO PURCHASE | 76332169 | NO LOSS | 76332382 | NO LOSS | 186341680 | MISSING DOCUMENTATION |
| 76315733 | NO LOSS | 76332173 | NO LOSS | 76353186 | NO LOSS | 186341682 | NO LOSS |
| 76315734 | NO LOSS | 76332174 | NO LOSS | 76353187 | NO LOSS | 186341684 | NO LOSS |
| 76315735 | NO PURCHASE | 76332176 | NO LOSS | 76371710 | NO LOSS | 186341686 | NO LOSS |
| 76315736 | NO PURCHASE | 76332177 | NO LOSS | 76371712 | NO LOSS | 186341689 | NO LOSS |
| 76315740 | NO PURCHASE | 76332178 | NO LOSS | 76371713 | NO LOSS | 186341705 | NO LOSS |
| 76315812 | NO LOSS | 76332181 | NO LOSS | 76402342 | NO LOSS | 186341709 | NOTRADE |
| 76315813 | NO LOSS | 76332182 | NO LOSS | 76499272 | NO LOSS | 186341710 | NOTRADE |
| 76329438 | NO LOSS | 76332186 | NO LOSS | 186341630 | NO LOSS | 186341714 | NO LOSS |
| 76329440 | NO LOSS | 76332189 | NO PURCHASE | 186341631 | NO LOSS | 186341715 | NO LOSS |
| 76331291 | NO LOSS | 76332190 | NO LOSS | 186341633 | NO LOSS | 186341716 | NO LOSS |
| 76331292 | NO LOSS | 76332192 | NO LOSS | 186341634 | NO LOSS | 186341718 | NOTRADE |
| 76331296 | NO PURCHASE | 76332196 | NO LOSS | 186341635 | NO LOSS | 186872642 | NOTRADE |
| 76331306 | NO LOSS | 76332199 | NO LOSS | 186341640 | NO LOSS | 186872644 | NO LOSS |
| 76331307 | NO LOSS | 76332200 | NO LOSS | 186341641 | NO PURCHASE | 186872648 | NO LOSS |
| 76331309 | NO LOSS | 76332202 | NO LOSS | 186341642 | DUPLICATE | 186872665 | NO PURCHASE |
| 76331311 | NO LOSS | 76332205 | NO LOSS | 186341645 | NO LOSS | 186872669 | MISSING DOCUMENTATION |
| 76331312 | NO LOSS | 76332209 | NO LOSS | 186341648 | NO LOSS | 186872670 | NO PURCHASE |
| 76331313 | NO LOSS | 76332215 | NO LOSS | 186341650 | NO LOSS | 186872673 | NO LOSS |
| 76332144 | NO LOSS | 76332216 | NO LOSS | 186341651 | NO LOSS | 186872674 | NOTRADE |
| 76332145 | NO LOSS | 76332217 | NO LOSS | 186341652 | NO LOSS | 186872676 | DUPLICATE |
| 76332149 | NO LOSS | 76332219 | NO LOSS | 186341653 | NO LOSS | 186872679 | NO LOSS |
| 76332150 | NO LOSS | 76332224 | NO LOSS | 186341655 | NO LOSS | 186872683 | NO LOSS |
| 186872684 | DUPLICATE | 186872690 | NO LOSS | 186947053 | NO LOSS | 187624828 | NOTRADE |
| 186872687 | DUPLICATE | 186947051 | NO LOSS | | | | |